# EXHIBIT 13

```
NO:   NNH-CR92-0352995-T            :  SUPERIOR COURT

STATE OF CONNECTICUT                :  JUDICIAL DISTRICT
                                       OF NEW HAVEN

v.                                  :  AT NEW HAVEN, CONNECTICUT

STEFON MORANT                       :  JUNE 17, 2015
```


BEFORE THE HONORABLE PATRICK J. CLIFFORD, JUDGE


A P P E A R A N C E S :


   Representing the State of Connecticut:

        ATTORNEY MICHAEL DEARINGTON
        Office of the State's Attorney
        235 Church Street
        New Haven, CT 06510


   Representing the defendant:

        ATTORNEY WILLIAM M. BLOSS
        Koskoff, Koskoff & Bieder
        350 Fairfield Ave.
        Bridgeport, CT 06604


                          Recorded and Transcribed By:
                          Christine Bachman
                          Court Recording Monitor
                          235 Church Street
                          New Haven, CT 06510

SM011259

THE COURT: The Stefon Morant matter. Morant. I have before me a -- you might have the original on this -- a sentence modification that was filed by the defense, and obviously based on a sentence being over three years it needs the State's agreement to -- you know, at least to have a hearing, and the State has agreed to that. And apparently the defendant on two felony murder counts received a sentence in, I guess, 1994 of 35 years on each of those counts to run consecutive. So since '94 or around then he's been serving a sentence of 70 years; correct?

THE CLERK: That's correct, your Honor.

THE COURT: And so who wants to address me in regards to this?

ATTY. BLOSS: I can start off, your Honor, just with some procedural background.

THE COURT: Sure. Go ahead.

ATTY. BLOSS: And then maybe Mr. Dearington can talk about --

THE COURT: Whoever wants to go.

ATTY. DEARINGTON: We're in agreement as to the resolution, your Honor.

THE COURT: Okay.

ATTY. BLOSS: The -- Mr. Morant was arrested in '92, convicted in '94 for a felony murder regarding a pair of homicides that occurred in 1990. He was sentenced, as your Honor indicated. He exhausted his

SM011260

direct appeal and state habeas remedies, and then in 2009 filed a federal habeas corpus application. In roughly the same time frame, the codefendant, Scott Lewis, who was also tried and convicted relating to the same homicides also exhausted -- but separately, which is important, your Honor -- separately tried, separately pursued habeas remedies, and separately pursued a federal habeas remedy. The key event recently, your Honor, is that Mr. Lewis's federal habeas application was granted by Federal District Judge Haight in New Haven and in 2013, and then last month the U.S. Court of Appeals for the Second Circuit affirmed the grant of habeas relief and ordered Mr. Lewis immediately either retried or freed, and in fact now he has been freed. The findings of both Judge Haight and the Second Circuit have a substantial impact. I think we agree on Mr. Morant's case. Although, the cases are somewhat different because they were tried separately. The application, your Honor, the -- my motion is that -- in that the Court resentence Mr. Morant to 25 years, the minimum statutory term on each count to run currently. It's our belief that with statutory good time and the amount of credit that he has to date, that he will be effectively immediately released. This will result, your Honor, in a resolution of a pending federal habeas application, which I have

SM011261

discussed with the Chief State's Attorney Office who is representing the Commissioner in that matter.  So that, I think, your Honor, summarizes the procedural setting that we're in.

THE COURT:  State.

ATTY. DEARINGTON:  That's a pretty good summary of what's happened in this case, your Honor.  I know your Honor is fully aware of the fact that at some point in time it was determined that the key witness in this case was not honest in his testimony with respect to both trials, and it's public information that a certain police officer involved in this had put him up to contriving a story.  Although he had some familiarity with the homicide, he was not a direct observant of it.  And there have been numerous hearings, and as Mr. Bloss has pointed out, this has been in the federal and state court system for some time.  But the State does agree to that resolution in terms of time served.

THE COURT:  All right.  So those are the -- the only two counts he was convicted of and was sentenced on.

ATTY. BLOSS:  Correct.  He was acquitted, your Honor, of murder and convicted of felony murder.

THE COURT:  Oh, okay.  Thank you.  Two counts of felony murder.

ATTY. BLOSS:  Correct, two counts of felony

SM011262

murder.  And if your Honor -- I should just state, the Second Circuit found a Brady violation and in relation to a detective's relationship with the -- with the chief complaining witness.  However, the Second Circuit was very careful to say that the Brady violation was not that of the State's Attorney's Office, and I do want to -- I do want to emphasize that.  The Second Circuit found that the violation was rather from this specific detective.

THE COURT:  All right.

ATTY. BLOSS:  Rather than the prosecutor.

THE COURT:  All right.  Well, based on the agreement -- And that is the minimum sentence, even when obviously he was sentenced back in '94.  So based on the agreement, I will impose a sentence of -- and modify the sentence to 25 years on each of the felony murder counts.  Those are to run concurrently.  So the total effective modified sentence is now 25 years.

ATTY. BLOSS:  And we'll see what the sentence calculation is.

THE COURT:  Correct.

ATTY. BLOSS:  And if there's a problem, obviously, we'll come back.

THE COURT:  I'm sure you will.

ATTY. BLOSS:  I'll do something else.  But in any event, we're -- we expect this to result in his

SM011263

immediate release.

THE COURT:  Okay.

ATTY. BLOSS:  Thank you, your Honor.

THE COURT:  All right.

                    *                *                *

SM011264

NO:   NNH-CR92-0352995-T          :   SUPERIOR COURT

STATE OF CONNECTICUT             :   JUDICIAL DISTRICT
                                     OF NEW HAVEN

V.                               :   AT NEW HAVEN, CONNECTICUT

STEFON MORANT                    :   JUNE 17, 2015


C E R T I F I C A T I O N


        I hereby certify the foregoing pages are a true and correct transcription of the audio recording of the above-referenced case, heard in Superior Court, Judicial District of New Haven, New Haven, Connecticut, before the Honorable Patrick J. Clifford, Judge, on the 17th day of June, 2015.


        Dated this 26th day of June, 2015 in New Haven, Connecticut.


                                  _____
                                  Christine Bachman
                                  Court Recording Monitor


**SM011265**