# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | |
|---|---|
| **STEFON MORANT** | **CIV ACTION NO.: 3:22-CV-00630-SVN** |
| **Plaintiff,** | |
| **v.** | |
| **CITY OF NEW HAVEN,** *ET AL* | **OCTOBER 10, 2025** |
| **Defendants.** | |

## <u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MICHAEL SWEENEY'S MOTION FOR RECONSIDERATION</u>

The undersigned Defendant, Michael Sweeney, respectfully moves this Court to reconsider its Order (Doc. 210) granting the Partial Motion for Summary Judgment (Doc. 73) filed by the Plaintiff, Stefon Morant. In analyzing the Plaintiff's motion regarding Count 3 of the operative complaint, which in relevant part, alleges that Sweeney violated the Plaintiff's constitutional rights under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), by withholding exculpatory evidence from him, this Court failed to construe the facts in the light most favorable to the non-moving party and failed to draw all reasonable inferences against the moving party, the Plaintiff. These shortcomings are highlighted by this Court's Order, which overlooked the Plaintiff's Connecticut habeas corpus proceeding, *Morant v. Comm'r of Corr.*, 2007 Conn. Super. LEXIS 1489 (Conn. Super. Ct., June 12, 2007), affirmed, 117 Conn. App. 279, 979 A.2d 507

1

(2009), wherein the Plaintiff failed to prevail on his habeas petition that set forth, *inter alia*, an allegation that his constitutional rights under *Brady* had been violated.[1]

## I.    APPLICABLE LEGAL STANDARD

"The standard for granting [a motion for reconsideration] is strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The movant must "point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quotation marks omitted). In addition, a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." (Internal quotation marks omitted.) *Analytical Surveys., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012); see also, e.g., *Doe v. Winchester Bd. of Educ.*, No. 10-CV-1179 (VAB), 2017 U.S. Dist. LEXIS 22899, 2017 WL 662898, at *2 (D. Conn. Feb. 17, 2017) ("A motion for reconsideration is not a means to reargue those issues already considered when a party does not like the way the original motion was resolved.") (citation omitted).

## II.    GROUNDS FOR RECONSIDERATION

In considering a motion for summary judgment, a court "must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable

---

[1] This matter is referenced in the papers (Doc. 135-1) of codefendant, Vincent Raucci, discussed at oral argument, and addressed by the Court in footnote 13 of the Order (Doc. 210). The Connecticut Superior Court decision and the decision of the Connecticut Appellate Court affirming it, may not presently serve as controlling authority due to the current status of dispositive motions practice, however, the conclusions of law and fact reached by the Connecticut Superior Court and Connecticut Appellate Court, certainly play a role in the examination of the Plaintiff's Partial Motion for Summary Judgment as to his claim against Sweeney in Count Three.

inferences against the movant." *Kee v. City of New York*, 12 F.4th 150, 158 (2d Cir. 2021) (citation and internal quotation marks omitted). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991).

In granting the Plaintiff's Partial Motion for Summary Judgment (Doc. 210), this Court failed to examine the Plaintiff's arguments in the light most favorable to Sweeney, the non-moving party. If this Court had done so, it would have concluded that the Plaintiff was not entitled to summary judgment because the Plaintiff failed to meet his burden as a genuine issue of material fact exists as to the materiality of the evidence in question and its possible exculpatory value under *Brady*.

In viewing the facts and evidence presented in the light most favorable to Sweeney, this Court would have taken judicial notice of the decisions of the Connecticut Superior Court and Connecticut Appellate Court, and reached the conclusion that genuine issues of material fact exist regarding the plaintiff's alleged *Brady* violation. This Court would have also concluded that reasonable minds could differ over whether or not the evidence presented by the Plaintiff rises to the level of a *Brady* violation.

To establish a *Brady* violation, the Plaintiff "must show that: (1) the government, either willfully or inadvertently, suppressed evidence; (2) the evidence at issue is favorable to the [accused]; and (3) the failure to disclose this evidence resulted in prejudice." *Kirk Tang Yuk*, 885 F.3d at 86 (quoting *United States v. Coppa*, 267 F.3d 132, 140 (2d Cir. 2001)). As to the first element, the Second Circuit has "suggested, though without so concluding, that a civil *Brady* claim requires a showing that the non-disclosure was intentional." *Bellamy v. City of New York*, 914 F.3d 727, 751 n.23 (2d Cir. 2019). Additionally, "[e]vidence that is not disclosed is suppressed for

*Brady* purposes even when it is 'known only to the police investigators and not to the prosecutor.'" *United States v. Triumph Cap. Grp., Inc.*, 544 F.3d 149, 161 (2d Cir. 2008) (quoting *Kyles v. Whitley*, 514 U.S. 419, 438 (1995)). With respect to the second element, evidence is "favorable if it is either exculpatory or impeaching." *Id.* Finally, evidence is "material" if "there is a 'reasonable probability' that disclosure would have changed the outcome of the case, or where the suppressed evidence 'could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.'" *Kirk Tang Yuk*, 885 F.3d at 86 (quoting *Kyles*, 514 U.S. at 434–35).

In 1994, the Plaintiff was convicted following a jury trial, of two counts of felony murder. The conviction was then affirmed by the Connecticut Supreme Court. *State v. Morant*, 242 Conn. 666, 667 (1997). Following an unsuccessful direct appeal and the trial court's denial of a petition for a new trial, the plaintiff filed an amended petition for a writ of habeas corpus in Connecticut Superior Court, claiming, among other things, that he was entitled to a new trial, because, at his criminal trial, the state had withheld material evidence in violation of *Brady v. Maryland*, supra, 373 U.S. at 83. After a trial, the habeas court denied the petition for a writ of habeas corpus. The plaintiff then requested certification to appeal, which the court granted and on September 22, 2009 the Connecticut Appellate Court issued a decision affirming the judgment of the habeas court.

At the habeas trial, the Plaintiff introduced as a full exhibit the testimony of Sweeney, which had been given at the Plaintiff's hearing on a petition for a new trial in lieu of his live testimony. In affirming the trial court's finding that Sweeney's testimony was not material, the Connecticut Appellate Court provided a detailed summary and analysis of Sweeney's testimony. This analysis included similar information concerning the interviews of Ruiz that this Court found to be favorable to the Plaintiff. *Morant*, 117 Conn. App. at 292-94. After reviewing Sweeney's testimony in light of the plaintiff's entire criminal trial, the Appellate Court determined "that such

evidence is not material in the Brady sense." *Id.*, at 296. The court explained that "[i]n determining whether evidence is material for Brady purposes, 'the focus is not whether, based upon a threshold standard, the result of the trial would have been different if the evidence had been admitted. We instead concentrate on the overall fairness of the trial and whether nondisclosure of the evidence was so unfair as to undermine our confidence in the jury's verdict.'" (Citations omitted.) *Id.*, at 300. In particular, in analyzing Sweeney's testimony, the court noted the following:

> "the evidence provided through the testimony of Sweeney and Pettola and the information contained in the FBI report does not pertain to the petitioner's January 16, 1991 statement and that any effect the evidence would have had on the statement would have been neutralized by the testimony of Detective Vaughn Maher. Although Maher did not testify at the petitioner's criminal trial, he did testify at a hearing regarding the suppression of the petitioner's January 16 statement, which was held before the petitioner's criminal trial. At the suppression hearing, Maher testified that the petitioner was brought to the police station to be interviewed. Initially, Sweeney was in the interrogation room along with the petitioner, Maher and Raucci but left before the taped portion of the statement commenced, thereby leaving only the petitioner, Maher and Raucci in the interrogation room. Maher testified that he did not observe any irregularities during the interview; the petitioner was only given the location and names of the victims; Raucci did not summarize any of the facts provided by Ruiz to the petitioner; the petitioner was not told what to say in his statement; and the petitioner was not threatened with arrest if he did not cooperate. On the basis of the foregoing, it is clear that the state would have been able to rehabilitate the evidence that the petitioner claims would have called into question the circumstances surrounding the taking of his January 16 statement; therefore, such evidence is not material."

*Id.*, at 297. For various reasons, the Connecticut Appellate Court went on to conclude that the evidence provided through the testimony of Sweeney was not material and that accordingly, the plaintiff's Brady claim failed. *Id.*

In reviewing the Plaintiff's motion, if this Court had considered the issue of materiality of the evidence the plaintiff submitted in the light most favorable to Sweeney, it would have been

compelled to take judicial notice of the Connecticut Appellate Court and conclude that a genuine issue of material fact exists and thus, denied the Plaintiff's motion.[2]

Finaly, when examining the evidence submitted by the Plaintiff in support of his alleged *Brady* violation, an examination which involves a mixed question of law and fact, especially in the context of the materiality element, this Court should have concluded that such an inquiry involved "delicate assessments of the inferences a reasonable [decisionmaker] would draw from a given set of facts and the significance of those inferences to him, . . . [is] peculiarly one for the trier of fact." (Internal quotation marks omitted.) *United States v. Gaudin*, 515 U.S. 506, 512, 115 S. Ct. 2310, 132 L. Ed. 2d 444 (1995).

For the reasons set forth herein, it is clear that reasonable minds can and have differed as to the issues presented by the Plaintiff's motion and thus, summary judgment is not proper. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991). Accordingly, the defendant, Michael Sweeney, respectfully requests that this Court reconsider its Order (Doc. 210) granting the Plaintiff's Partial Motion for Summary Judgment and enter an Order denying the same in order to allow the plaintiff's allegations to be presented to and determined by the trier of fact.

---

[2] Even if not controlling, the Connecticut Appellate Court's decision, viewed in the light most favorable to Sweeney, must serve as a bar to the Plaintiff's motion for summary judgment as it exhibits that genuine issues of material fact exist because "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

THE DEFENDANT,
MICHAEL SWEENEY


By: _____/s/ ct31590_____
      Michael T. Ryan, Esq.(ct05685)
      Ryan V. Nobile, Esq.(ct31590)
      Ryan Ryan Deluca LLP
      1000 Lafayette Blvd., Suite 800
      Bridgeport, CT 06604
      Phone:  203-549-6650
      mtryan@ryandelucalaw.com
      rvnobile@ryandelucalaw.com


## CERTIFICATE OF SERVICE


     I hereby certify that on October 10, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


         /s/ ct31590_____
         Ryan V. Nobile, Esq.(ct31590)

Document1
6532.002