**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| STEFON MORANT,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NEW HAVEN, et. al.,<br><br>Defendants. | Civil Action No. 3:22-cv-00630 (SVN) |

**INTEGRATED JOINT PRETRIAL MEMORANDUM**

In accordance with this Court's Individual Rules, the parties jointly submit the following

memorandum and accompanying attachments and exhibits:

1. **Trial Counsel**

Plaintiff's counsel:

| Name | Address | Phone Number | Email |
|---|---|---|---|
| Nick Brustin | Neufeld Scheck Brustin Hoffmann & Freudenberger, LLP 200 Varick Street, Ste 800 New York, NY 10014 | 212-965-9081 | nick@nsbhf.com |
| Emma Freudenberger | Neufeld Scheck Brustin Hoffmann & Freudenberger, LLP 200 Varick Street, Ste 800 New York, NY 10014 | 212-965-9081 | emma@nsbhf.com |
| Amelia Green | Neufeld Scheck Brustin Hoffmann & Freudenberger, LLP 200 Varick Street, Ste 800 New York, NY 10014 | 212-965-9081 | amelia@nsbhf.com |
| Anna Benvenutti Hoffmann | Neufeld Scheck Brustin Hoffmann & Freudenberger, LLP 200 Varick Street, Ste 800 New York, NY 10014 | 212-965-9081 | anna@nsbhf.com |
| Elsa Mota | Neufeld Scheck Brustin Hoffmann & Freudenberger, LLP | 212-965-9081 | elsa@nsbhf.com |

1

|  | 200 Varick Street, Ste 800<br>New York, NY 10014 |  |  |
|---|---|---|---|
| Grace Paras | Neufeld Scheck Brustin<br>Hoffmann & Freudenberger, LLP<br>200 Varick Street, Ste 800<br>New York, NY 10014 | 212-965-9081 | grace@nsbhf.com |
| Katie Cion | Neufeld Scheck Brustin<br>Hoffmann & Freudenberger, LLP<br>200 Varick Street, Ste 800<br>New York, NY 10014 | 212-965-9081 | kcion@nsbhf.com |
| Kenneth Rosenthal | Law Office of Kenneth Rosenthal<br>1 Audobon Street, Third Floor<br>New Haven, CT 06511 | 203-915-4235 | krosenthal@gs-lawfirm.com |

Counsel for Defendant City of New Haven:[1]

| Name | Address | Phone Number | Email |
|---|---|---|---|
| Thomas R. Gerarde | Howd & Ludorf, LLC<br>100 Great Meadow Road, Ste 201<br>Wethersfield, CT 06109 | 860-249-1361 | tgerarde@hl-law.com |
| Alan Raymond Dembiczak | Howd & Ludorf, LLC<br>100 Great Meadow Road, Ste 201<br>Wethersfield, CT 06109 | 860-249-1361 | adembiczak@hl-law.com |
| Amanda Stone | Howd & Ludorf, LLC<br>100 Great Meadow Road, Ste 201<br>Wethersfield, CT 06109 | 860-249-1361 | astone@hl-law.com |
| Lidia M Michols | Howd & Ludorf, LLC<br>100 Great Meadow Road, Ste 201<br>Wethersfield, CT 06109 | 860-249-1361 | lmichols@hl-law.com |
| Abigail R Willauer | Howd & Ludorf, LLC<br>100 Great Meadow Road, Ste 201<br>Wethersfield, CT 06109 | 860-249-1361 | awillauer@hl-law.com |

Counsel for Defendant Vincent Raucci:

| Name | Address | Phone Number | Email |
|---|---|---|---|
| James N. Tallberg | Karsten & Tallberg, LLC<br>500 Enterprise Drive, Suite 4B<br>Rocky Hill, CT 06067 | 860-233-5600 | jtallberg@kt-lawfirm.com |

---

[1] All parties agree that, as Plaintiff's sole remaining claim against Nicholas Pastore is in his official capacity, the claim is, in effect, against the City of New Haven. Thus, the parties agree that there is no need for counsel for Pastore to participate at trial and do not list him. Counsel for Pastore agrees as well.

2

| Kimberly A. Bosse | Karsten & Tallberg, LLC<br>500 Enterprise Drive, Suite 4B<br>Rocky Hill, CT 06067 | 860-233-5600 | kbosse@kt-lawfirm.com |

Counsel for Defendants Robert Lawlor and Vaughn Maher:

| Name | Address | Phone Number | Email |
| --- | --- | --- | --- |
| William J. Melley, III | Law Offices of William J. Melley III<br>250 Hudson Street<br>Hartford, CT 06106 | 860-247-9933 | wjmelley@wjmelley.com |
| | | | |

Counsel for Defendant Michael Sweeney:

| Name | Address | Phone Number | Email |
| --- | --- | --- | --- |
| Michael T. Ryan | Ryan Ryan Deluca LLP<br>1000 Lafayette Boulevard, Ste 800<br>Bridgeport, CT 06604 | 203-357-9200 | mtryan@ryandelucalaw.com |
| Jonathan C. Zellner | Ryan Ryan Deluca LLP<br>1000 Lafayette Boulevard, Ste 800<br>Bridgeport, CT 06604 | 203-357-9200 | jczellner@ryandelucalaw.com |
| Ryan Vincent Nobile | Ryan Ryan Deluca LLP<br>1000 Lafayette Boulevard, Ste 800<br>Bridgeport, CT 06604 | 203-549-6655 | rvnobile@ryandelucalaw.com |
| Norm A. Pattis | Pattis & Paz, LLC<br>383 Orange Street, 1st Floor<br>New Haven, CT 06511 | 203-393-9745 | npattis@pattispazlaw.com |

## 2. Jury Trial

The case is to be tried to a jury.

## 3. Length of Trial

Plaintiff estimates that his case-in-chief and any rebuttal, as well as his closing arguments, will take three weeks of trial time based on the current trial schedule.

Defendant, City of New Haven, estimates it will take two to three weeks of trial time to cross-examine plaintiff's witnesses and put on its own case.  Defendant Raucci agrees with the City's estimate. Defendants Lawlor and Maher agree with the City's estimate.

**4.  Further Proceedings**

The parties do not at this point anticipate the need for further proceedings prior to trial, aside from pretrial conferences. Should an unforeseen need arise, the parties will raise it immediately with the Court.

**5.  Nature of Case**

The nature of each of Plaintiff's causes of actions and relief sought is laid out in the following table:

| Defendant | Claim Pursued | Legal Basis for Claim | Relief Sought |
|---|---|---|---|
| | | | |
| Vincent Raucci | COUNT I: Malicious Prosecution | § 1983 (Fourth Amendment) | Compensatory & Punitive Damages |
| | | § 1983 (Fourteenth Amendment) | |
| | COUNT II: Civil Rights Conspiracy | § 1983 (Fourth Amendment) | |
| | | § 1983 (Fourteenth Amendment) | |
| | COUNT III: Failure to Disclose Exculpatory Evidence | *Brady v. Maryland*, 373 U.S. 83 (1963) | |
| | COUNT IV: Fabrication of Evidence | § 1983 (Fourteenth Amendment) | |
| | COUNT V: Coercion of Statements | § 1983 (Fifth Amendment) | |
| | | § 1983 (Fourteenth Amendment) | |
| | COUNT VIII: Negligence | Connecticut State Law | Compensatory Damages |
| | | | |
| Vaughn Maher | COUNT I: Malicious Prosecution | § 1983 (Fourth Amendment) | Compensatory & Punitive Damages |
| | | § 1983 (Fourteenth Amendment) | |
| | COUNT II: Civil Rights Conspiracy | § 1983 (Fourth Amendment) | |
| | | § 1983 (Fourteenth Amendment) | |

|  | COUNT III: Failure to Disclose Exculpatory Evidence | *Brady v. Maryland*, 373 U.S. 83 (1963) |  |
|  | COUNT V: Coercion of Statements | § 1983 (Fifth Amendment) |  |
|  |  | § 1983 (Fourteenth Amendment) |  |
|  | COUNT VI: Failure to Intercede | § 1983 (Fourth, Fifth, Fourteenth Amendments) |  |
|  | COUNT VIII: Negligence | Connecticut State Law | Compensatory Damages |
|  |  |  |  |
| Robert Lawlor[2] | COUNT II: Civil Rights Conspiracy | § 1983 (Fourth Amendment) | Compensatory Damages |
|  |  | § 1983 (Fourteenth Amendment) |  |
|  | COUNT III: Failure to Disclose Exculpatory Evidence | *Brady v. Maryland*, 373 U.S. 83 (1963) |  |
|  | COUNT VI: Failure to Intercede | § 1983 (Fourth, Fifth, Fourteenth Amendments) |  |
|  | COUNT VIII: Negligence | Connecticut State Law |  |
|  |  |  |  |
| Michael Sweeney[3] | COUNT III: Failure to Disclose Exculpatory Evidence | *Brady v. Maryland*, 373 U.S. 83 (1963) | Compensatory Damages |
|  | COUNT VIII: Negligence | Connecticut State Law |  |

---

[2] Robert Lawlor is recently deceased. The probate court is in the process of appointing Gail A. Lawlor as Executrix of the Estate of Robert Lawlor. Counsel for Lawlor will move to substitute thereafter, but will continue to represent the Estate of Robert Lawlor at trial.

[3] Plaintiff has have agreed to dismiss all claims remaining against Sweeney following summary judgment beyond the *Brady* claim—on which the Court granted Plaintiff summary judgment as to liability—and the negligence claim listed here. Plaintiff has also agreed to dismiss the claim for punitive damages against Sweeney.

| | COUNT VII: *Monell* Liability | § 1983 | Compensatory Damages |
|---|---|---|---|
| City of New Haven | COUNT IX: Indemnification | Conn. Gen. Stat § 7-465 | Indemnification |
| | COUNT X: Direct Action | Conn. Gen. Stat § 52-577n | Compensatory Damages |

Defendants' Affirmative Defenses:

**City of New Haven**

**The City of New Haven acknowledges that some of the defenses set forth below will not be presented to the jury but the City expects to raise the defenses, either in a motion hearing, in a Rule 50 motion or on appeal:**

1. The plaintiff's claims are barred by the doctrine of governmental immunity, pursuant to common law.
2. The plaintiff's claims are barred by the doctrine of absolute immunity.
3. The plaintiff's claims are barred by the applicable statute of limitations, C.G.S. §52-577, C.G.S. §52-584 and/or C.G.S. §7-465.
4. The plaintiff's claims are barred by the applicable statute of repose C.G.S. §52-584 and/or C.G.S. §7-465.
5. The defendant claims the protection of the doctrine of collateral estoppel, to the extent claims or issues were conclusively determined in prior proceedings.
6. The City of New Haven has no indemnification obligation pursuant to C.G.S. §7-465 because plaintiff did not file a written notice of intention to sue with the City Clerk within six months after one or more of the causes of action pled in the complaint accrued, and/or because the individual employee/defendants were not acting in the performance of their duties and/or within the scope of employment at the relevant times alleged in the Complaint, and/or because the alleged injury was the result or a wilful or wanton act of any such employee/defendant in the discharge of such duty.
7. The City of New Haven has no liability under C.G.S. §52-557n because the actions of the individual employee/defendants as alleged were not within the scope of employment or official duties, and/or the acts or omissions of any such individual employee/defendant constituted criminal conduct, fraud, actual malice or wilful

6

misconduct and/or the actions of any such individual employee/defendant as alleged were negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law.

8. The plaintiff's claims, or some of them, are barred by the immunities set forth in C.G.S. §52-557n(a)(2)(A) and C.G.S. §52-557n(a)(2)(B).

9. The plaintiff's claims, or some of them, are barred by C.G.S. §52-557n(b)(6).

10. If plaintiff suffered the injuries and damages as alleged, such injuries and damages were caused by the plaintiff's own contributory negligence or that of plaintiff's agents acting on plaintiff's behalf.

11. If plaintiff suffered the injuries and damages as alleged, such injuries and damages were the result of and caused by the unforeseen criminal conduct of another person, and the plaintiff's claims, or some of them, against the City of New Haven, are barred by the doctrine of superseding cause.

## DEFENDANTS LAWLOR AND MAHER

1.     The plaintiff's complaint or specific portions thereof, fail(s) to state a claim upon which relief can be granted.

2.     The actions and conduct of the defendants Lawlor and Maher, individually, to the extent that they occurred as alleged, were objectively reasonable under the circumstances of which they were aware, and therefore, they enjoy qualified immunity from all liability.

3.     The actions and conduct of the defendants Lawlor and Maher, individually, did not violate any clearly established constitutional or federal statutory right of which the defendants Lawlor and Maher, individually, reasonably should have been aware, and they are therefore entitled to qualified immunity.

4.     Some or all of the claims brought against the defendants Lawlor and Maher, individually, are barred by the applicable statute of limitations.

5.     The plaintiff's complaint is barred by the applicable statue of repose.

6.     Should plaintiff obtain a verdict against Defendants Lawler and/or Maher, then these defendants are entitled to a set off against such verdict any sums received by plaintiff for collateral sources

7.     Plaintiff cannot recover punitive damages because defendants Lawlor and Maher did not act with malice, and/or with reckless disregard to plaintiff's rights.

7

8.     The plaintiff's claims are barred by the doctrine of absolute immunity.

9.     The plaintiff's claims are barred by the doctrine of laches.

10.    The defendants claim the protection of the doctrine of res judicata, to the extent claims or issues were conclusively determined in prior proceedings.

11.    The defendants claim the protection of the doctrine of collateral estoppel, to the extent claims or issues were conclusively determined in prior proceedings.

12.    The plaintiff's claims, or some of them, are barred by the immunities set forth in C.G.S. §52-557n(a)(2)(A) and C.G.S. §52-557n(a)(2)(B).

13.    The plaintiff claims, or some of them, are barred by C.G.S. §52-557n(b)(6).

14.    If plaintiff suffered by the injuries and damages as alleged, such injuries and damages were caused by the plaintiff's own contributory negligence or that of plaintiff's agent acting on plaintiff's behalf.

15.    If the plaintiff suffered the injuries and damages as alleged, such injuries and damages were the result of and caused by the unforeseen criminal conduct of another person, and the plaintiff's claims, or some of them against defendants Lawlor and Maher are barred by the doctrine of superseding cause.

16.    The defendants Lawlor and Maher claim the protection of absolute witness or testimonial immunity concerning their testimony in Court proceedings and concerning their preparation for such testimony.

**Defendant Vincent Raucci**

1. The plaintiff's claims are barred by the applicable statute of limitations, C.G.S. §52-577, C.G.S. §52-584 and/or C.G.S. §7-465.
2. The plaintiff's claims are barred by the applicable statute of repose C.G.S. §52-584 and/or C.G.S. §7-465.
3. The plaintiff's claims are barred by the doctrine of laches.
4. The plaintiff's claims, or some of them, are barred by the immunities set forth in C.G.S. §52-577n(a)(2)(A) and C.G.S. §52-557n(a)(2)(B).
5. The plaintiff's claims, or some of them, are barred by C.G.S. §52-557n(b)(6).
6. The actions and conduct of defendant Raucci, to the extent that they occurred as alleged, were objectively reasonable under the circumstances of which he was aware, and therefore, he enjoys qualified immunity from all liability.
7. The actions and conduct of defendant Raucci individually, did not violate any clearly established constitutional or federal statutory right of which he reasonably should have been aware, and he is therefore entitled to qualified immunity.
8. The plaintiff's claims are barred by the doctrine of governmental immunity, pursuant to common law.

9. The defendant claims the protection of absolute witness or testimonial immunity concerning his testimony in court proceedings and concerning his preparation for such testimony.

10. If plaintiff suffered the injuries and damages as alleged, such injuries and damages were caused by the plaintiff's own contributory negligence or that of the plaintiff's agents acting on plaintiff's behalf.

11. If plaintiff suffered the injuries and damages as alleged, such injuries and damages were the result of and caused by the unforeseen criminal conduct of another person, and the plaintiff's claims, or some of them, against the defendant are barred by the doctrine of superseding cause.

12. The defendant claims the protection of the doctrine of collateral estoppel, to the extent claims or issues were conclusively determined in prior proceedings.

13. The defendant claims the protection of the doctrine res judicata, to the extent claims or issues were conclusively determined in prior proceedings.

**Defendant Michael Sweeney**

1. The plaintiff's claims are barred by the doctrine of governmental immunity, pursuant to common law.

2. The plaintiff's claims are barred by the applicable statute of limitations, C.G.S. §52-577, C.G.S. §52-584 and/or C.G.S. §7-465.

3. The plaintiff's claims are barred by the applicable statute of repose C.G.S. §52-584 and/or C.G.S. §7-465.

4. The plaintiff's claims, or some of them, are barred by the immunities set forth in C.G.S. §52-557n(a)(2)(A) and C.G.S. §52-557n(a)(2)(B).

5. The plaintiff's claims, or some of them, are barred by C.G.S. §52-557n(b)(6).

## 6. Trial by Magistrate Judge

The parties have not agreed to a trial by a Magistrate Judge.

## 7. Evidence

The parties' Witness Lists, objections thereto, and counter-statements are appended to this memorandum as Attachment A. The parties' expert reports and CVs are attached as exhibits to this filing.

The parties' Exhibit Lists, objections thereto, and counter-statements are appended to this memorandum as Attachment B.

9

The parties' lists of designations, counter-designations, and objections thereto are appended to this memorandum as Attachment C. Marked up versions of each transcript to be designated are attached as exhibits to this filing.

### 8.  Motions *in Limine*

The parties have filed/will file all motions *in limine* on the docket on the same date as this filing, March 3, 2026.

### 9.  Stipulations

The parties' stipulations as to uncontroverted facts are appended to this memorandum as Attachment D. The parties continue to be in conversation regarding additional factual matters to which they may stipulate. Should additional factual stipulations arise, the parties will inform the Court immediately.

Further, the parties jointly propose the following arrangements to govern in the lead-up to and during trial in this matter:

First, the parties propose to exchange any substantial demonstratives requiring input from the Court prior to the beginning of trial by April 10, 2026, one week before the Final Pretrial Conference on April 17, 2026. The parties will then raise any disputes over any such demonstratives with the Court at the Final Pretrial Conference, to attempt to resolve the disputes before trial. The parties will exchange all other demonstratives three days before they plan to use them at trial, giving the other side time to review and raise any objections with the Court before the demonstrative is used.

Second, while Plaintiff has agreed to provide defense counsel with a projection of the window in which he expects to call each Defendant-witness for trial planning purposes, as a default at trial, the parties will do their best to provide three days' notice before a witness is

planned to be called, with confirmation at the end of each trial day as to the plan for the following day.

Third, as discussed at the status conference held on February 4, 2026, there are certain larger exhibits on the parties' exhibit lists the complete admissibility of which may not be determined before trial. The parties are continuing to discuss a mutually agreeable system for dealing with any such exhibits but have not to this point reached an agreement.

**10. Proposed Findings of Fact and Conclusions of Law**

N/A

**11. Jury Trials**

a.  The parties' descriptions of the case and parties are appended to this memorandum as Attachment E.

b.  The parties' respective proposed *voir dire* questions are appended to this memorandum as Attachment F.

c.  A list of parties, counsel, and witnesses is appended to this memorandum as Attachment G.

d.  The parties' respective proposed jury instructions, are appended to this memorandum as Attachment H.

e.  The parties' respective proposed verdict forms are appended to this memorandum as Attachment I.

f.  The parties' respective positions on special interrogatories regarding qualified immunity are appended to this memorandum as Attachment J.

**12. Courtroom Technology**

11

Plaintiff, with the assistance of a trial technician, intends to display exhibits, videos, and/or demonstratives using a laptop and external monitor, as well as any necessary adapter/dongle compatible with the courtroom's connection hardware.

Defendant, City of New Haven, will require a document camera/Elmo camera, to connect via laptop to the Court's display system, and to play audio to the jury. Our understanding is that the Court has all the above capability and the City will utilize the Court's equipment.

Dated: March 3, 2026                                    Respectfully submitted,


*/s/* Katie Cion
Katie Cion, phv20899
Nick Brustin, phv08609
Anna Benvenutti Hoffmann,
phv208203
Emma Freudenberger, phv08602
Amelia Green, phv208992
Elsa Mota, phv208184
Grace Paras, phv208762
Neufeld Scheck Brustin
Hoffmann & Freudenberger, LLP
200 Varick Street, Suite 800
New York, NY 10014
Tel: (212) 965-9081
Fax: (212) 965-9084
kcion@nsbhf.com
anna@nsbhf.com
nick@nsbhf.com
emma@nsbhf.com
amelia@nsbhf.com
elsa@nsbhf.com
grace@nsbhf.com


Kenneth Rosenthal, ct05944
Law Office of Kenneth Rosenthal
One Audubon Street, 3d Fl.
New Haven, CT 06511
(203) 915-4235

krosenthal@gs-lawfirm.com

*Attorneys for Plaintiff Stefon Morant*

/s/Thomas R. Gerarde
Thomas R. Gerarde, ct05640
Amanda E. Stone, ct31531
Alan R. Dembiczak, ct25755
Lidia M. Michols, ct31789
Abigail R. Willauer, ct31834
Howd & Ludorf
100 Great Meadow Road, Suite 201
Wethersfield, CT  06109
Cell: 860-992-3469
Fax: 860-249-7665
tgerarde@hl-law.com
astone@hl-law.com
adembiczak@hl-law.com
lmichols@hl-law.com
awillauer@hl-law.com

*Attorneys for Defendant City of New Haven*

/s/James N. Tallberg
James Newhall Tallberg, ct17849
Kimberly A. Bosse, ct31063
Karsten & Tallberg LLC
500 Enterprise Drive, Suite 4B
Rocky Hill, CT 06067
Tel: 860-233-5600
jtallberg@kt-lawfirm.com
kbosse@kt-lawfirm.com

*Attorneys for Defendant Vincent Raucci*

/s/ William J. Melley, III
William J. Melley, III, ct06355
Law Offices of William J. Melley III
250 Hudson Street
Hartford, CT 06106
Tel: 860-247-9933
wjmelley@wjmelley.com

13

*Attorneys for Defendants Robert Lawlor and Vaughn Maher*

<u>/s/Jonathan Zellner</u>
Michael T. Ryan, ct05685
Jonathan Zellner, ct29294
Ryan Vincent Nobile, ct31590
Ryan Ryan Deluca LLP
1000 Lafayette Boulevard
Suite 800
Bridgeport, CT 06604
Tel: 203-549-6650
mtryan@ryandelucalaw.com
jczellner@ryandelucalaw.com
rvnobile@ryandelucalaw.com

Norman A. Pattis, ct13120
Pattis & Paz, LLC
383 Orange Street, 1st Floor
New Haven, CT 06511
Tel: 203-393-9747
npattis@pattispazlaw.com

*Attorneys for Defendant Michael Sweeney*

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 3, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

<p align="right"><em>/s/Priya Anand</em></p>

# Attachment A
## Witness Lists

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

STEFON MORANT,

        Plaintiff,

    v.                                                          Civil Action No. 3:22-cv-00630 (SVN)

CITY OF NEW HAVEN, et. al.,

        Defendants.

**PLAINTIFF'S LIST OF TRIAL WITNESSES**

| Witness | Address | Expected Duration | Subject of Testimony | Defendants' Objections | Plaintiff's Counter-Statement |
|---|---|---|---|---|---|
| Stefon Morant | c/o counsel | 2-3 hours | Plaintiff's innocence, alibi; interactions with police and misconduct observed during Turner-Fields homicide investigation and prosecution; damages. | | |
| Scott Lewis | c/o Richard Emanuel Law Offices of Richard Emanuel 246 Goose Lane, Suite 106 | 1 hour | Plaintiff's innocence; interactions with police and misconduct observed during Turner-Fields homicide investigation, trial, and post-trial; damages; observations of Plaintiff before, during, and after arrest and prosecution. | Post trial activity is irrelevant FRE 402, confusing, prejudicial FRE 403 | There is no dividing line for relevance at trial's end; Mr. Lewis is expected to give relevant and probative testimony concerning, among other things, the FBI investigation that post-dated both trials, including Mr. Lewis's direct interactions with |

1

| | Guilford, CT 06437 | | | | NHPD Chief Pastore, and observations of Plaintiff during and after his incarceration, all of which occurred after Plaintiff's criminal trial. He is also expected to testify as to his efforts to prove innocence. |
|---|---|---|---|---|---|
| Nicholas Pastore | c/o counsel | By designation | Pattern and practice of misconduct at the NHPD. | Designations and objections noted | |
| Vincent Raucci | c/o counsel | 6 hours | Facts and circumstances surrounding Turner-Fields homicide investigation and prosecution of Plaintiff; misconduct in other NHPD investigations; criminal misconduct. | | |
| Robert Lawlor | c/o counsel | By Designation | Facts and circumstances surrounding Turner-Fields homicide investigation and prosecution of Plaintiff; observations of New Haven Police Department patterns, practices, policies, and customs. | Designations and objections noted under separate filing | |
| Vaughn Maher | c/o counsel | 4 hours | Facts and circumstances surrounding Turner-Fields homicide investigation and prosecution of Plaintiff; observations of New Haven Police Department patterns, practices, policies, and customs. | | |
| Joseph Pettola | c/o counsel | 1-2 hours | Facts and circumstances surrounding Turner-Fields homicide investigation and | Defendant Raucci: (in part) irrelevant FRE 402; prejudicial and | |

| | | | | | |
|---|---|---|---|---|---|
| | | | prosecution of Plaintiff; observations of New Haven Police Department patterns, practices, policies, and customs. | confusing FRE 403; character evidence/propensity FRE 404 | |
| Michael Sweeney | c/o counsel | 2-3 hours | Facts and circumstances surrounding Turner-Fields homicide investigation and prosecution of Plaintiff; observations of New Haven Police Department patterns, practices, policies, and customs. | | |
| Hon. David Gold | Connecticut Superior Court,J.D. & G.A. 9 Courthouse 1 Court Street Middletown, CT 06457 | Less than 1 hour | Facts and circumstances surrounding Turner-Fields homicide investigation and prosecution of Plaintiff; observations of New Haven Police Department patterns, practices, policies, and customs. | | |
| Agustin Castro a/k/a Ovil Ruiz | ███████ | Less than 1 hour | Interactions with police and misconduct observed during Turner-Fields homicide investigation. | | |
| Jose Roque | ███████ | Less than 1 hour | Interactions with police and misconduct observed during Turner-Fields homicide investigation. | | |
| Francisco Ortiz | ███████ | By Designation | Facts and circumstances surrounding Turner-Fields homicide investigation and prosecution of Plaintiff; observations of New Haven | Post trial activity is irrelevant FRE 402, confusing, prejudicial FRE 403 | There is no dividing line for relevance at trial's end; Mr. Ortiz is expected to testify concerning personal observations probative of both |

3

| | | | | | |
|---|---|---|---|---|---|
| | | | Police Department patterns, practices, policies, and customs. | | claims of misconduct and municipal liability following the conclusion of trial, including related to the FBI investigation. Mr. Ortiz is also expected to testify about the NHPD's chain of command and its relevant customs and practices. |
| Millie Martinez | ███████ | Less than 1 hour | Interactions with police and misconduct observed during Turner-Fields homicide investigation. | | |
| Hector Ortiz | | By Designation | Interactions with police and misconduct observed during Turner-Fields homicide investigation. | | |
| Melvin Wearing | | By designation | Will testify about the pattern and practice of misconduct at the NHPD. | Post trial activity is irrelevant FRE 402, confusing, prejudicial FRE 403; objections to designations noted in separate filing | Relevant to Plaintiff's *Monell* claims in order to illustrate a pattern and practice of unconstitutional misconduct by NHPD officers before, during, and after Plaintiff's wrongful conviction. |
| Anthony DiLullo | | By designation | Will testify about the pattern and practice of misconduct at the NHPD. | Irrelevant FRE 402, confusing, prejudicial FRE 403 | Exception to hearsay because DiLullo is deceased, 804. He was cross-examined with the goal of ascertaining the truth of his actions as an NHPD officer during the investigation of the Golino and Valentine cases. As the Court found on summary judgment, other NHPD misconduct from the same time |

4

| | | | | | period is relevant to prove Plaintiff's *Monell* claims. |
|---|---|---|---|---|---|
| Brian Sullivan | ███████ | 2-3 hours | Facts and circumstances surrounding Turner-Fields homicide investigation and prosecution of Plaintiff; observations of New Haven Police Department patterns, practices, policies, and customs. | Post trial activity is irrelevant FRE 402, confusing, prejudicial FRE 403 | Relevant to all three theories of Plaintiff's *Monell* claims. Sullivan's testimony is expected to illustrate a pattern and practice of unconstitutional misconduct by NHPD officers before, during, and after Plaintiff's wrongful conviction. |
| Lisa Bull | c/o FBI | Less than 1 hour | Facts and circumstances surrounding FBI Investigation on Raucci misconduct and Turner-Fields homicide investigation | Post trial activity is irrelevant FRE 402, confusing, prejudicial FRE 403 | There is no dividing line for relevance at trial's end; the FBI investigation Ms. Bull took part in is obviously relevant to both individual misconduct claims and municipal liability. Ms. Bull is also expected to testify as to her observations of misconduct by her husband, DiLullo. |
| Charles Drago | c/o counsel | 2-3 hours | Police practices expert. Presented with the actions that Defendants and other officers are reported to have taken, Drago will compare those actions to accepted practice and training in the law-enforcement profession to opine whether those reported actions were consistent with accepted police practices as to suspect and witness interrogation/interview, criminal-investigation | | |

5

| | | | | | |
|---|---|---|---|---|---|
| | | | procedures, production of exculpatory evidence, supervision, training, and general police procedures. For additional details, see Drago's prepared report, deposition transcript, and supporting documents. | | |
| Bruce Koenig | c/o counsel | 1-2 hours | Forensic Audio expert. Will testify to the forensic audio analysis of several audio tapes of witness and suspect interviews relevant to this case. Based on expert scientific methods including waveform analysis, spectrum analysis, spectrographic analysis, and expert critical listening and physical inspection, will explain that the audio tapes of interviews of Jose Roque, Stefon Morant, Hector Ortiz, show evidence that the tapes were stopped, rewound, and restarted, without the interviewers acknowledging on the tape that this was happening. Will also rebut and respond to opinions offered by Nicholas Barreiro. For additional details, see Koenig's prepared reports, deposition transcript, and supporting documents. | | |

| Adeyinka Akinsulure-Smith | c/o counsel | 1-2 hours | Psych expert. Will testify to the trauma-informed psychological assessment she conducted of Mr. Morant and her assessment of other individuals such as family members, to evaluate and describe the psychological impact of being wrongfully accused and incarcerated on Mr. Morant and his close relations. Will also testify regarding Mr. Morant' present psychological functioning. This report serves to memorialize those opinions, to a reasonable degree of psychological certainty. | | |

| Will Call if Need Arises | | | | | |
|---|---|---|---|---|---|
| **Witness** | **Address** | **Expected Duration** | **Subject of Testimony** | **Defendants' Objections** | **Plaintiff's Counter-Statement** |
| Mike Fitzpatrick | 10 Middle Street, Floor 7, Bridgeport, CT 06604 | Less than 1 hour | Plaintiff's innocence; Plaintiff's criminal trial, non-disclosures and representation by police. | Post trial activity is irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception applies FRE 801-806; not factual FRE 701, improper opinion 702 | There is no dividing line for relevance at trial's end; Defendants' remaining objections are inappropriately raised as against Mr. Fitzpatrick's testimony wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of Mr. Fitzpatrick's testimony, it is best addressed in a motion *in limine*. Otherwise, the |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | objections here raised are more appropriate at or around the time of Mr. Fitzpatrick's testimony, if it occurs. |
| Danny Markle | ■ | Less than 1 hour | Admissions witnessed from Hector Ortiz regarding misconduct in the Turner-Fields homicide investigation; inability to locate Doreen Stiles. | Post trial activity is irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception applies FRE 801-806; not factual FRE 701 | There is no dividing line for relevance at trial's end. Further, Hector Ortiz made statements to Mr. Markle when Mr. Ortiz was extremely ill (such that Plaintiff was unable to depose Mr. Ortiz); Ortiz's statements are exceptions to hearsay under FRE 804(b)(2). Mr. Markle's expected testimony is also admissible under FRE 801(d)(1)(B) as a prior consistent statement and under FRE 807 as a residual exception to hearsay. Defendants' remaining objections are inappropriately raised as against Mr. Markle's testimony wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of Mr. Markle's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of Mr. Markle's testimony, if it occurs. |

| Richard Emanuel | 61 Grist Mill Circle Guilford CT, 06437 | Less than 1 hour | Plaintiff's post-conviction criminal proceedings and interactions with witnesses. | Post trial activity is irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception applies FRE 801-806; not factual FRE 701, improper opinion 702 | There is no dividing line for relevance at trial's end; Defendants' remaining objections are inappropriately raised as against Mr. Emanuel's testimony wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of Mr. Emanuel's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of Mr. Emanuel's testimony, if it occurs. |
| Brett Dignam | Columbia Law School, New York, York | Less than 1 hour | Plaintiff's post-conviction criminal proceedings and interactions with witnesses. | Post trial activity is irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception applies FRE 801-806; not factual FRE 701, improper opinion 702 | There is no dividing line for relevance at trial's end; Defendants' remaining objections are inappropriately raised as against Ms. Dignam's testimony wholesale. Ms. Dignam is also expected to testify as to Plaintiff's attempts to prove innocence. To the extent Defendants have at this time a specific objection to an anticipated category of Ms. Dignam's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of Ms. |

| | | | | | Dignam's testimony, if it occurs. |
|---|---|---|---|---|---|
| Diane Basilicato | | By Designation | Interactions with police and misconduct observed during Turner-Fields homicide investigation. | Cross designation/ objection noted in separate filing | Relevant to Plaintiff's misconduct claims as directly concerns police investigation. Exception to hearsay under 804 as witness is unavailable. |
| Michael Cardwell | ███ | 1 hour | Plaintiff's innocence; facts and circumstances surrounding the Turner-Fields homicide | | |
| Herman Badger | | Less than 1 hour | Observations of New Haven Police Department patterns, practices, policies, and customs. | Post trial activity is irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception applies FRE 801-806; not factual FRE 701, improper opinion 702 | Relevant to Plaintiff's *Monell* claims in order to illustrate a pattern and practice of unconstitutional misconduct by NHPD officers before, during, and after Plaintiff's wrongful conviction. |
| Rachel Cain | c/o counsel | By Designation; if live, less than 1 hour | Observations of New Haven Police Department patterns, practices, policies, and customs. | Post trial activity is irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception applies FRE 801-806; not factual FRE 701, improper opinion 702 | Testimony in her capacity as a 30(b)(6) representative of Defendant City of New Haven is relevant to Plaintiff's *Monell* claims against the City. Defendants' wholesale objection on hearsay grounds is improper and specific objections should be made instead at the time of testimony or in a motion in *limine*. Further, Cain's testimony was obtained in her capacity as a representative for the City and |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | therefore, her testimony is admissible under 801(d)(2) if offered by Plaintiff. |
| Rose Dell | c/o counsel | By Designation; if live, less than 1 hour | Observations of New Haven Police Department patterns, practices, policies, and customs. | Post trial activity is irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception applies FRE 801-806; not factual FRE 701, improper opinion 702 | Testimony in her capacity as a 30(b)(6) representative of Defendant City of New Haven is relevant to Plaintiff's *Monell* claims against the City. Further, Dell's testimony was obtained in her capacity as a representative for the City and therefore, her testimony is admissible under 801(d)(2) if offered by Plaintiff. |
| Leroy Dease | | By Designation | Pattern and practice of misconduct at the NHPD. | FRE 402, confusing, prejudicial FRE 403; designation/objection noted in separate filing | Exception to hearsay because Dease is deceased, 804. He was cross-examined with the goal of ascertaining the truth of his actions as an NHPD officer during the investigation of the Horn/Jackson case. As the Court found on summary judgment, other NHPD misconduct with witness interactions from the same time period is relevant to prove Plaintiff's *Monell* claims. |
| John Datillo | | 1 hour | Observations of New Haven Police Department patterns, practices, policies, and customs. | Relevance FRE 402, confusing, prejudicial FRE 403; | Relevant to Plaintiff's *Monell* claims in order to illustrate a pattern and practice of unconstitutional misconduct by NHPD officers before, during, |

11

| | | | | | and after Plaintiff's wrongful conviction. |
|---|---|---|---|---|---|
| Joseph Greene | c/o Kristan M. Maccini, Esq. Maccini Voccio & Jordan, LLC 101 Centerpoint Drive, Suite 232 Middletown, CT 06457 | Less than 1 hour | Observations of New Haven Police Department patterns, practices, policies, and customs. | RelevanceFRE 402, confusing, prejudicial FRE 403; | Relevant to Plaintiff's *Monell* claims in order to illustrate a pattern and practice of unconstitutional misconduct by NHPD officers before, during, and after Plaintiff's wrongful conviction. |
| John Minardi | c/o counsel | Less than 1 hour | Observations of New Haven Police Department patterns, practices, policies, and customs. | Post trial activity is irrelevant FRE 402, confusing, prejudicial FRE 403; | Relevant to Plaintiff's *Monell* claims in order to illustrate a pattern and practice of unconstitutional misconduct by NHPD officers before, during, and after Plaintiff's wrongful conviction. |
| Kristina Higgins | ████████ | Less than 1 hour | Facts and circumstances surrounding interactions with NHPD in the investigation of Daryl Valentine. | irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception applies FRE 801-806; not factual FRE 701, | Relevant to Plaintiff's *Monell* claims in order to illustrate a pattern and practice of unconstitutional misconduct; testimony would include personal observations of NHPD misconduct pre-dating Plaintiff's wrongful conviction. The Court has already held on summary judgment that Plaintiff's *Monell* claim may be supported through the introduction of other cases |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | involving police misconduct. Defendants' wholesale objection on hearsay grounds for a live-testifying witness is improper and specific objections should be made instead at the time of testimony or in a motion in *limine*. |
| Regina Coleman | | Less than 1 hour | Facts and circumstances surrounding interactions with NHPD in the investigation of Daryl Valentine. | irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception applies FRE 801-806; not factual FRE 701, | Relevant to Plaintiff's *Monell* claims in order to illustrate a pattern and practice of unconstitutional misconduct; testimony would include personal observations of NHPD misconduct pre-dating Plaintiff's wrongful conviction. The Court has already held on summary judgment that Plaintiff's *Monell* claim may be supported through the introduction of other cases involving police misconduct. Defendants' wholesale objection on hearsay grounds for a live-testifying witness is improper and specific objections should be made instead at the time of testimony or in a motion in *limine*. |
| Tara Brock | | Less than 1 hour | Facts and circumstances surrounding interactions with NHPD in the investigation of Daryl Valentine. | irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception | Relevant to Plaintiff's *Monell* claims in order to illustrate a pattern and practice of unconstitutional misconduct; |

13

| | | | | | |
|---|---|---|---|---|---|
| | | | | applies FRE 801-806; not factual FRE 701, | testimony would include personal observations of NHPD misconduct pre-dating Plaintiff's wrongful conviction. The Court has already held on summary judgment that Plaintiff's *Monell* claim may be supported through the introduction of other cases involving police misconduct. Defendants' wholesale objection on hearsay grounds for a live-testifying witness is improper and specific objections should be made instead at the time of testimony or in a motion in *limine*. |
| Daryl Valentine | c/o Alexander T. Taubes, Esq. 470 James Street, Suite 007 New Haven, CT 06513 | Less than 1 hour | Observations of the NHPD misconduct that resulted in his arrest and conviction. | irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception applies FRE 801-806; not factual FRE 701, improper opinion 702 | Relevant to Plaintiff's *Monell* claims in order to illustrate a pattern and practice of unconstitutional misconduct; testimony would include personal observations of NHPD misconduct pre-dating Plaintiff's wrongful conviction. The Court has already held on summary judgment that Plaintiff's *Monell* claim may be supported through the introduction of other cases involving police misconduct. Defendants' wholesale objection on hearsay grounds |

14

| | | | | | |
|---|---|---|---|---|---|
| | | | | | for a live-testifying witness is improper and specific objections should be made instead at the time of testimony or in a motion in *limine*. |
| Joseph Timothy Davis | ⬛ | Less than 1 hour | Facts and circumstances surrounding interactions with NHPD in the investigation of Eric Ham. | irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception applies FRE 801-806; not factual FRE 701, improper opinion 702 | Relevant to Plaintiff's *Monell* claims in order to illustrate a pattern and practice of unconstitutional misconduct; testimony would include personal observations of NHPD misconduct pre-dating Plaintiff's wrongful conviction. The Court has already held on summary judgment that Plaintiff's *Monell* claim may be supported through the introduction of other cases involving police misconduct. Defendants' wholesale objection on hearsay grounds for a live-testifying witness is improper and specific objections should be made instead at the time of testimony or in a motion in *limine*. |
| Linwood Cypress | ⬛ | Less than 1 hour | Facts and circumstances surrounding interactions with NHPD in the investigation of Eric Ham. | irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception applies FRE 801-806; not factual FRE 701, | Relevant to Plaintiff's *Monell* claims in order to illustrate a pattern and practice of unconstitutional misconduct; testimony would include personal observations of NHPD misconduct pre-dating |

15

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiff's wrongful conviction. The Court has already held on summary judgment that Plaintiff's *Monell* claim may be supported through the introduction of other cases involving police misconduct. Defendants' wholesale objection on hearsay grounds for a live-testifying witness is improper and specific objections should be made instead at the time of testimony or in a motion in *limine*. |
| Doreen Stiles | | Less than 1 hour; Likely by designation | Facts and circumstances surrounding interactions with NHPD in the investigations of George Gould and Ronald Taylor. | irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception applies FRE 801-806; not factual FRE 701, designation and objection noted in separate filing | Exception to hearsay because Stiles cannot be located after investigative effort, and was cross-examined with the goal of ascertaining the truth of her testimony on her interactions with police during the criminal investigation of two other wrongfully convicted individuals during the time period at issue in Plaintiff's case. *See* FRE 804. As the Court found on summary judgment, other NHPD misconduct with witness interactions from the same time period is relevant to prove Plaintiff's *Monell* claims. |

16

| Anthony Stevenson | | By designation | Facts and circumstances surrounding interactions with NHPD in the investigation of Adam Carmon. | Post trial activity is irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception applies FRE 801-806; not factual FRE 701, designation and objection noted in separate filing | Exception to hearsay because Stevenson is outside the scope of subpoena power, FRE 804, and was cross-examined with the goal of ascertaining the truth of his testimony on his interactions with police during the criminal investigation of another wrongfully convicted individual during the time period at issue in Plaintiff's case. As the Court found on summary judgment, other NHPD misconduct with witness interactions from the same time period is relevant to prove Plaintiff's *Monell* claims. |
| Adam Carmon | c/o counsel Doug Lieb and Ali Frick, Kaufman Lieb Lebowitz & Frick LLP 18 E. 48th St., Suite 802 New York, NY 10017 | Less than 1 hour | Observations of NHPD misconduct that resulted in his arrest and conviction. | Post trial activity is irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception applies FRE 801-806; not factual FRE 701, improper opinion 702 | Relevant to Plaintiff's *Monell* claims in order to illustrate a pattern and practice of unconstitutional misconduct; testimony would include personal observations of NHPD misconduct pre-dating Plaintiff's wrongful conviction. The Court has already held on summary judgment that Plaintiff's *Monell* claim may be supported through the introduction of other cases involving police misconduct. Defendants' wholesale objection on hearsay grounds |

17

| | | | | | for a live-testifying witness is improper and specific objections should be made instead at the time of testimony or in a motion in *limine*. |
|---|---|---|---|---|---|
| Andre Edwards | | Less than 1 hour | Facts and circumstances surrounding interactions with NHPD in the investigation of James Fleming. | Post trial activity is irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception applies FRE 801-806; not factual FRE 701, | Relevant to Plaintiff's *Monell* claims in order to illustrate a pattern and practice of unconstitutional misconduct; testimony would include personal observations of NHPD misconduct pre-dating Plaintiff's wrongful conviction. The Court has already held on summary judgment that Plaintiff's *Monell* claim may be supported through the introduction of other cases involving police misconduct. Defendants' wholesale objection on hearsay grounds for a live-testifying witness is improper and specific objections should be made instead at the time of testimony or in a motion in *limine*. |
| Randall Fleming | | Less than 1 hour | Facts and circumstances surrounding interactions with NHPD in the investigation of James Fleming. | Post trial activity is irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception applies FRE 801-806; not factual FRE 701, | Relevant to Plaintiff's *Monell* claims in order to illustrate a pattern and practice of unconstitutional misconduct; testimony would include personal observations of NHPD misconduct pre-dating |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiff's wrongful conviction. The Court has already held on summary judgment that Plaintiff's *Monell* claim may be supported through the introduction of other cases involving police misconduct. Defendants' wholesale objection on hearsay grounds for a live-testifying witness is improper and specific objections should be made instead at the time of testimony or in a motion in *limine*. |
| James Fleming | ■■■■ | Less than 1 hour | Observations of the NHPD misconduct that resulted in his arrest and conviction. | Post trial activity is irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception applies FRE 801-806; not factual FRE 701, | Relevant to Plaintiff's *Monell* claims in order to illustrate a pattern and practice of unconstitutional misconduct; testimony would include personal observations of NHPD misconduct pre-dating Plaintiff's wrongful conviction. The Court has already held on summary judgment that Plaintiff's *Monell* claim may be supported through the introduction of other cases involving police misconduct. Defendants' wholesale objection on hearsay grounds for a live-testifying witness is improper and specific objections should be made |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | instead at the time of testimony or in a motion in *limine*. |
| Carol Cheek | | By designation | Facts and circumstances surrounding interactions with NHPD in the investigation of Maceo Streater. | Post trial activity is irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception applies FRE 801-806; not factual FRE 701, designation and objection noted in separate filing | Exception to hearsay because Cheek is deceased, and was cross-examined with the goal of ascertaining the truth of her testimony on her interactions with police as part of an investigation leading to wrongful conviction during the time period at issue in Plaintiff's case. *See* FRE 804. As the Court found on summary judgment, other NHPD misconduct with witness interactions from the same time period is relevant to prove Plaintiff's *Monell* claims. |
| Donny Andrews | | Less than 1 hour | Facts and circumstances surrounding interactions with NHPD in the investigation of Maceo Streater. | Post trial activity is irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception applies FRE 801-806; not factual FRE 701, | Relevant to Plaintiff's *Monell* claims in order to illustrate a pattern and practice of unconstitutional misconduct; testimony would include personal observations of NHPD misconduct pre-dating Plaintiff's wrongful conviction. The Court has already held on summary judgment that Plaintiff's *Monell* claim may be supported through the introduction of other cases involving police misconduct. Defendants' wholesale |

| | | | | | objection on hearsay grounds for a live-testifying witness is improper and specific objections should be made instead at the time of testimony or in a motion in *limine*. |
|---|---|---|---|---|---|
| Joseph Preston | | Less than 1 hour | Facts and circumstances surrounding interactions with NHPD in the investigation of Maceo Streater. | Post trial activity is irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception applies FRE 801-806; not factual FRE 701 | Relevant to Plaintiff's *Monell* claims in order to illustrate a pattern and practice of unconstitutional misconduct; testimony would include personal observations of NHPD misconduct pre-dating Plaintiff's wrongful conviction. The Court has already held on summary judgment that Plaintiff's *Monell* claim may be supported through the introduction of other cases involving police misconduct. Defendants' wholesale objection on hearsay grounds for a live-testifying witness is improper and specific objections should be made instead at the time of testimony or in a motion in *limine*. |
| Maceo Streater | c/o Alexander T. Taubes, Esq. 470 James Street, Suite 007 | Less than 1 hour | Observations of the NHPD misconduct that resulted in his arrest and conviction. | Post trial activity is irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception | Relevant to Plaintiff's *Monell* claims in order to illustrate a pattern and practice of unconstitutional misconduct; testimony would include personal observations of NHPD |

| | | | | | |
|---|---|---|---|---|---|
| | New Haven, CT 06513 | | | applies FRE 801-806; not factual FRE 701, | misconduct pre-dating Plaintiff's wrongful conviction. The Court has already held on summary judgment that Plaintiff's *Monell* claim may be supported through the introduction of other cases involving police misconduct. Defendants' wholesale objection on hearsay grounds for a live-testifying witness is improper and specific objections should be made instead at the time of testimony or in a motion in *limine*. |
| Melanie Carr | | Less than 1 hour | Interactions with witnesses. | irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception applies FRE 801-806; not factual FRE 701, | Relevant to Plaintiff's *Monell* claims in order to illustrate a pattern and practice of unconstitutional misconduct by NHPD officers based on her personal observations and interactions with *Monell* witnesses. Defendants' wholesale objection on hearsay grounds for a live-testifying witness is improper and specific objections should be made instead at the time of testimony or in a motion in *limine*. |
| Mattie Dixon | | Less than 1 hour | Facts and circumstances surrounding interactions with NHPD in the investigation of Derrick Hamilton. | irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception | Relevant to Plaintiff's *Monell* claims in order to illustrate a pattern and practice of unconstitutional misconduct; |

| | | | | applies FRE 801-806; not factual FRE 701, | testimony would include personal observations of NHPD misconduct pre-dating Plaintiff's wrongful conviction. The Court has already held on summary judgment that Plaintiff's *Monell* claim may be supported through the introduction of other cases involving police misconduct. Defendants' wholesale objection on hearsay grounds for a live-testifying witness is improper and specific objections should be made instead at the time of testimony or in a motion in *limine*. |
| Taseem Douglas | | Less than 1 hour | Facts and circumstances surrounding interactions with NHPD in the investigation of Derrick Hamilton. | Post trial activity is irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception applies FRE 801-806; not factual FRE 701, | Relevant to Plaintiff's *Monell* claims in order to illustrate a pattern and practice of unconstitutional misconduct; testimony would include personal observations of NHPD misconduct pre-dating Plaintiff's wrongful conviction. The Court has already held on summary judgment that Plaintiff's *Monell* claim may be supported through the introduction of other cases involving police misconduct. Defendants' wholesale objection on hearsay grounds |

23

| | | | | | |
|---|---|---|---|---|---|
| | | | | | for a live-testifying witness is improper and specific objections should be made instead at the time of testimony or in a motion in *limine*. |
| Kendell Thompson | | Less than 1 hour | Facts and circumstances surrounding interactions with NHPD in the investigations of Vernon Horn and Marquis Jackson. | Post trial activity is irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception applies FRE 801-806; not factual FRE 701, designation and objection noted in separate filing | Relevant to Plaintiff's *Monell* claims in order to illustrate a pattern and practice of unconstitutional misconduct; testimony would include personal observations of NHPD misconduct pre-dating Plaintiff's wrongful conviction. The Court has already held on summary judgment that Plaintiff's *Monell* claim may be supported through the introduction of other cases involving police misconduct. Defendants' wholesale objection on hearsay grounds for a live-testifying witness is improper and specific objections should be made instead at the time of testimony or in a motion in *limine*. |
| Marcus Pearson | | Less than 1 hour | Facts and circumstances surrounding interactions with NHPD in the investigations of Vernon Horn and Marquis Jackson. | Post trial activity is irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception applies FRE 801-806; not factual FRE 701, | Relevant to Plaintiff's *Monell* claims in order to illustrate a pattern and practice of unconstitutional misconduct; testimony would include personal observations of NHPD misconduct pre-dating |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiff's wrongful conviction. The Court has already held on summary judgment that Plaintiff's *Monell* claim may be supported through the introduction of other cases involving police misconduct. Defendants' wholesale objection on hearsay grounds for a live-testifying witness is improper and specific objections should be made instead at the time of testimony or in a motion in *limine*. |
| Brian Donnelly | c/o FBI | Less than 1 hour | Facts and circumstances surrounding FBI Investigation on Raucci misconduct and Turner-Fields homicide investigation. | Defendant Raucci: (in part) irrelevant FRE 402; prejudicial and confusing FRE 403; character evidence/propensity FRE 404 | |
| Christopher DeMarco | | Less than 1 hour | Pattern and practice of misconduct at the NHPD. | Post trial activity is irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception applies FRE 801-806; not factual FRE 701, improper opinion 702 | There is no dividing line for relevance at trial's end; Defendants' remaining objections are inappropriately raised as against Mr. DeMarco's testimony wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of Mr. DeMarco's testimony, it is best addressed in a motion *in limine*. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Otherwise, the objections here raised are more appropriate at or around the time of Mr. DeMarco's testimony, if it occurs. |
| Lawrence Hermann | | Less than 1 hour | Facts and circumstances surrounding Turner-Fields homicide investigation and prosecution of Plaintiff; observations of New Haven Police Department patterns, practices, policies, and customs. | irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception applies FRE 801-806; not factual FRE 701, improper opinion 702 | Mr. Hermann's expected testimony is centrally relevant to both the individual misconduct and municipal liability claims in this case. Defendants' remaining objections are inappropriately raised as against Mr. Hermann's testimony wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of Mr. Hermann's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of Mr. Hermann's testimony, if it occurs. |
| Donna Desai | | Less than 1 hour | Observations of misconduct by Vincent Raucci in role as New Haven Police Officer | Defendant Raucci: irrelevant FRE 402; prejudicial and confusing FRE 403; character evidence/propensity FRE 404 | |

26

| Patricia Roberts | | By designation | Observations of misconduct by Vincent Raucci in role as New Haven Police Officer | Post trial activity is irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception applies FRE 801-806; not factual FRE 701, designation and objection noted in separate filing filed by another defendant, which is joined | There is no dividing line for relevance at trial's end; Defendants' remaining objections are inappropriately raised as against Ms. Roberts' testimony wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of Ms. Roberts's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of Ms. Roberts's testimony, if it occurs. |
| Jeff Rochler | | Less than 1 hour or by designation | Plaintiff's innocence, alibi. | irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception applies FRE 801-806; not factual FRE 701, designation and objection noted in separate filing | Testimony expected to bear directly on Mr. Lewis's whereabouts during the Turner-Fields homicide which in turn bears directly on Plaintiff's innocence is clearly relevant, and has little if any potential to confuse or prejudice. Defendants' remaining objections are inappropriately raised as against Mr. Rochler's testimony wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of Mr. Rochler's testimony, it is best addressed in a motion *in limine*. |

27

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Otherwise, the objections here raised are more appropriate at or around the time of Mr. Rochler's testimony, if it occurs. |
| Christopher Corcoran | ■ | Less than 1 hour | Plaintiff's innocence, alibi. | Post trial activity is irrelevant FRE 402, confusing, prejudicial FRE 403; Hearsay to which no exception applies FRE 801-806; not factual FRE 701, | Testimony expected to bear directly on Mr. Lewis's whereabouts during the Turner-Fields homicide which in turn bears directly on Plaintiff's innocence is clearly relevant, and has little if any potential to confuse or prejudice. Defendants' remaining objections are inappropriately raised as against Mr. Corcoran's testimony wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of Mr. Corcoran's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of Mr. Corcoran's testimony, if it occurs. |
| Custodian of records | | | To the extent needed for authenticity of exhibits. | | |
| Kimberly Morant | c/o Plaintiff's counsel | Less than 1 hour | Plaintiff's damages; observations of Plaintiff before, during, and after incarceration. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay | There is no legitimate 402 or 403 objection to testimony from Plaintiff's family and friends regarding their firsthand |

28

| | | | | 801-806 to which no exception applies | observations of his damages. Defendants' remaining objections are inappropriately raised as against any damages witness wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of a witness's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of the witness's testimony, if it occurs. |
| Linda Morant | ■■■ | Less than 1 hour | Plaintiff's damages; observations of Plaintiff before, during, and after incarceration; Plaintiff's whereabouts at the time of the Turner-Fields homicide. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay 801-806 to which no exception applies | There is no legitimate 402 or 403 objection to testimony from Plaintiff's family and friends regarding their firsthand observations of his damages, or about his alibi.Defendants' remaining objections are inappropriately raised as against any damages witness wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of a witness's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of the witness's testimony, if it occurs. |

| Leander Morant | | Less than 1 hour | Plaintiff's damages; observations of Plaintiff before, during, and after incarceration. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay 801-806 to which no exception applies | There is no legitimate 402 or 403 objection to testimony from Plaintiff's family and friends regarding their firsthand observations of his damages. Defendants' remaining objections are inappropriately raised as against any damages witness wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of a witness's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of the witness's testimony, if it occurs. |
|---|---|---|---|---|---|
| Reverend William J. McKissick, Jr. | | Less than 1 hour | Plaintiff's damages; observations of Plaintiff during and after incarceration. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay 801-806 to which no exception applies | There is no legitimate 402 or 403 objection to testimony from Plaintiff's family and friends regarding their firsthand observations of his damages. Defendants' remaining objections are inappropriately raised as against any damages witness wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of a witness's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here |

30

| | | | | | |
|---|---|---|---|---|---|
| | | | | | raised are more appropriate at or around the time of the witness's testimony, if it occurs. |
| Karen Wolff | ■ | Less than 1 hour | Plaintiff's damages; observations of Plaintiff after incarceration. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay 801-806 to which no exception applies | There is no legitimate 402 or 403 objection to testimony from Plaintiff's family and friends regarding their firsthand observations of his damages. Defendants' remaining objections are inappropriately raised as against any damages witness wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of a witness's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of the witness's testimony, if it occurs. |
| Frank Morant | ■ | Less than 1 hour | Plaintiff's damages; observations of Plaintiff before, during, and after incarceration. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay 801-806 to which no exception applies | There is no legitimate 402 or 403 objection to testimony from Plaintiff's family and friends regarding their firsthand observations of his damages. Defendants' remaining objections are inappropriately raised as against any damages witness wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of a |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | witness's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of the witness's testimony, if it occurs. |
| Fawaz F. Syed | ▉ | Less than 1 hour | Plaintiff's damages; observations of Plaintiff during incarceration. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay 801-806 to which no exception applies | There is no legitimate 402 or 403 objection to testimony from Plaintiff's family and friends regarding their firsthand observations of his damages. Defendants' remaining objections are inappropriately raised as against any damages witness wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of a witness's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of the witness's testimony, if it occurs. |
| Twyla Washington | ▉ | Less than 1 hour | Plaintiff's damages; observations of Plaintiff before, during, and after incarceration. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay 801-806 to which no exception applies | There is no legitimate 402 or 403 objection to testimony from Plaintiff's family and friends regarding their firsthand observations of his damages. Defendants' remaining objections are inappropriately raised as against any damages witness wholesale. To the |

32

| | | | | | |
|---|---|---|---|---|---|
| | | | | | extent Defendants have at this time a specific objection to an anticipated category of a witness's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of the witness's testimony, if it occurs. |
| Stefon Washington, Jr. | ████ | Less than 1 hour | Plaintiff's damages; observations of Plaintiff before, during, and after incarceration. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay 801-806 to which no exception applies | There is no legitimate 402 or 403 objection to testimony from Plaintiff's family and friends regarding their firsthand observations of his damages. Defendants' remaining objections are inappropriately raised as against any damages witness wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of a witness's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of the witness's testimony, if it occurs. |
| Julian Sobin | ████ | Less than 1 hour | Plaintiff's damages; observations of Plaintiff before, during, and after incarceration. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay 801-806 to which no exception applies | There is no legitimate 402 or 403 objection to testimony from Plaintiff's family and friends regarding their firsthand observations of his damages. Defendants' remaining |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | objections are inappropriately raised as against any damages witness wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of a witness's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of the witness's testimony, if it occurs. |
| Mia Smokes-Boyd | ▉ | Less than 1 hour | Plaintiff's damages; observations of Plaintiff during and after incarceration. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay 801-806 to which no exception applies | There is no legitimate 402 or 403 objection to testimony from Plaintiff's family and friends regarding their firsthand observations of his damages. Defendants' remaining objections are inappropriately raised as against any damages witness wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of a witness's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of the witness's testimony, if it occurs. |
| Jalaa Smokes-Boyd | ▉ | Less than 1 hour | Plaintiff's damages; observations of Plaintiff during and after incarceration. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay | There is no legitimate 402 or 403 objection to testimony from Plaintiff's family and friends |

| | | | | 801-806 to which no exception applies | regarding their firsthand observations of his damages. Defendants' remaining objections are inappropriately raised as against any damages witness wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of a witness's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of the witness's testimony, if it occurs. |
| Prince James Boyd, Jr. | ■ | Less than 1 hour | Plaintiff's damages; observations of Plaintiff during and after incarceration. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay 801-806 to which no exception applies | There is no legitimate 402 or 403 objection to testimony from Plaintiff's family and friends regarding their firsthand observations of his damages. Defendants' remaining objections are inappropriately raised as against any damages witness wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of a witness's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of the witness's testimony, if it occurs. |

35

| Virnell Frasier | | Less than 1 hour | Plaintiff's damages; observations of Plaintiff before, during, and after incarceration; Plaintiff's whereabouts at the time of the Turner-Fields homicide. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay 801-806 to which no exception applies | There is no legitimate 402 or 403 objection to testimony from Plaintiff's family and friends regarding their firsthand observations of his damages, or about his alibi. Defendants' remaining objections are inappropriately raised as against any damages witness wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of a witness's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of the witness's testimony, if it occurs. |
| Robert Michaud | | Less than 1 hour | Plaintiff's damages; observations of Plaintiff before, during, and after incarceration; Plaintiff's whereabouts at the time of the Turner-Fields homicide. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay 801-806 to which no exception applies | There is no legitimate 402 or 403 objection to testimony from Plaintiff's family and friends regarding their firsthand observations of his damages, or about his alibi. Defendants' remaining objections are inappropriately raised as against any damages witness wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of a witness's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here |

36

| | | | | | |
|---|---|---|---|---|---|
| | | | | | raised are more appropriate at or around the time of the witness's testimony, if it occurs. |
| Peggy Lyons | ■ | Less than 1 hour | Plaintiff's damages; observations of Plaintiff before, during, and after incarceration. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay 801-806 to which no exception applies | There is no legitimate 402 or 403 objection to testimony from Plaintiff's family and friends regarding their firsthand observations of his damages. Defendants' remaining objections are inappropriately raised as against any damages witness wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of a witness's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of the witness's testimony, if it occurs. |
| Diane Austin | ■ | Less than 1 hour | Plaintiff's damages; observations of Plaintiff before, during, and after incarceration. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay 801-806 to which no exception applies | There is no legitimate 402 or 403 objection to testimony from Plaintiff's family and friends regarding their firsthand observations of his damages. Defendants' remaining objections are inappropriately raised as against any damages witness wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of a |

37

| | | | | | |
|---|---|---|---|---|---|
| | | | | | witness's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of the witness's testimony, if it occurs. |
| Carol Pace | | Less than 1 hour | Plaintiff's damages; observations of Plaintiff after incarceration. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay 801-806 to which no exception applies | There is no legitimate 402 or 403 objection to testimony from Plaintiff's family and friends regarding their firsthand observations of his damages. Defendants' remaining objections are inappropriately raised as against any damages witness wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of a witness's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of the witness's testimony, if it occurs. |
| Albertha Linnen | | Less than 1 hour | Plaintiff's damages; observations of Plaintiff before, during, and after incarceration; Plaintiff's whereabouts at the time of the Turner-Fields homicide. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay 801-806 to which no exception applies | There is no legitimate 402 or 403 objection to testimony from Plaintiff's family and friends regarding their firsthand observations of his damages, or about his alibi. Defendants' remaining objections are inappropriately raised as against any damages witness wholesale. |

| | | | | | To the extent Defendants have at this time a specific objection to an anticipated category of a witness's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of the witness's testimony, if it occurs. |
|---|---|---|---|---|---|
| Darcy McGraw | ■ | Less than 1 hour | Plaintiff's damages; observations of Plaintiff after and during incarceration. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay 801-806 to which no exception applies | There is no legitimate 402 or 403 objection to testimony from Plaintiff's family and friends regarding their firsthand observations of his damages. Defendants' remaining objections are inappropriately raised as against any damages witness wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of a witness's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of the witness's testimony, if it occurs. |
| Michael Dorsey | ■ | Less than 1 hour | Plaintiff's damages; observations of Plaintiff after incarceration. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay 801-806 to which no exception applies | There is no legitimate 402 or 403 objection to testimony from Plaintiff's family and friends regarding their firsthand observations of his damages. Defendants' remaining |

| | | | | | objections are inappropriately raised as against any damages witness wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of a witness's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of the witness's testimony, if it occurs. |
|---|---|---|---|---|---|
| Angel Rodriguez | | Less than 1 hour | Plaintiff's damages; observations of Plaintiff during and after incarceration. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay 801-806 to which no exception applies | There is no legitimate 402 or 403 objection to testimony from Plaintiff's family and friends regarding their firsthand observations of his damages. Defendants' remaining objections are inappropriately raised as against any damages witness wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of a witness's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of the witness's testimony, if it occurs. |
| James Jeter | | Less than 1 hour | Plaintiff's damages; observations of Plaintiff during and after incarceration. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay | There is no legitimate 402 or 403 objection to testimony from Plaintiff's family and friends |

| | | | | 801-806 to which no exception applies | regarding their firsthand observations of his damages. Defendants' remaining objections are inappropriately raised as against any damages witness wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of a witness's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of the witness's testimony, if it occurs. |
|---|---|---|---|---|---|
| Darius Gaines | | Less than 1 hour | Plaintiff's damages; observations of Plaintiff after incarceration. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay 801-806 to which no exception applies | There is no legitimate 402 or 403 objection to testimony from Plaintiff's family and friends regarding their firsthand observations of his damages. Defendants' remaining objections are inappropriately raised as against any damages witness wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of a witness's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of the witness's testimony, if it occurs. |

| Joe Dease, Jr. | | Less than 1 hour | Plaintiff's damages; observations of Plaintiff before, during, and after incarceration; Plaintiff's whereabouts at the time of the Turner-Fields homicide. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay 801-806 to which no exception applies | There is no legitimate 402 or 403 objection to testimony from Plaintiff's family and friends regarding their firsthand observations of his damages, or about his alibi. Defendants' remaining objections are inappropriately raised as against any damages witness wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of a witness's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of the witness's testimony, if it occurs. |
| Clayton Drayton | | Less than 1 hour | Plaintiff's damages; observations of Plaintiff before, during, and after incarceration. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay 801-806 to which no exception applies | There is no legitimate 402 or 403 objection to testimony from Plaintiff's family and friends regarding their firsthand observations of his damages. Defendants' remaining objections are inappropriately raised as against any damages witness wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of a witness's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here |

42

| | | | | | raised are more appropriate at or around the time of the witness's testimony, if it occurs. |
|---|---|---|---|---|---|
| Lisa Cannon | | Less than 1 hour | Plaintiff's damages; observations of Plaintiff before, during, and after incarceration. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay 801-806 to which no exception applies | There is no legitimate 402 or 403 objection to testimony from Plaintiff's family and friends regarding their firsthand observations of his damages. Defendants' remaining objections are inappropriately raised as against any damages witness wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of a witness's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of the witness's testimony, if it occurs. |
| Reverend Willis Miller | Rock Tabernacle Ministries, 94 Webster Street, New Haven, CT 06511 | Less than 1 hour | Plaintiff's damages; observations of Plaintiff after incarceration. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay 801-806 to which no exception applies | There is no legitimate 402 or 403 objection to testimony from Plaintiff's family and friends regarding their firsthand observations of his damages. Defendants' remaining objections are inappropriately raised as against any damages witness wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of a |

43

| | | | | | |
|---|---|---|---|---|---|
| | | | | | witness's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of the witness's testimony, if it occurs. |
| Frank Redente | ■ | Less than 1 hour | Plaintiff's damages; observations of Plaintiff before, during, and after incarceration. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay 801-806 to which no exception applies | There is no legitimate 402 or 403 objection to testimony from Plaintiff's family and friends regarding their firsthand observations of his damages. Defendants' remaining objections are inappropriately raised as against any damages witness wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of a witness's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of the witness's testimony, if it occurs. |
| Vanessa Potkin | 40 Worth Street, New York, NY 10013 | Less than 1 hour | Plaintiff's damages; observations of Plaintiff after incarceration. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay 801-806 to which no exception applies | There is no legitimate 402 or 403 objection to testimony from Plaintiff's family and friends regarding their firsthand observations of his damages. Defendants' remaining objections are inappropriately raised as against any damages witness wholesale. To the |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | extent Defendants have at this time a specific objection to an anticipated category of a witness's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of the witness's testimony, if it occurs. |
| Ummer Ali | 40 Worth Street, New York, NY 10013 | Less than 1 hour | Plaintiff's damages; observations of Plaintiff after incarceration. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay 801-806 to which no exception applies | There is no legitimate 402 or 403 objection to testimony from Plaintiff's family and friends regarding their firsthand observations of his damages. Defendants' remaining objections are inappropriately raised as against any damages witness wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of a witness's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of the witness's testimony, if it occurs. |
| Eunice Pickett Johnson | █████████ | Less than 1 hour | Plaintiff's innocence, alibi. | 402 relevance, 403 confusing prejudicial, cumulative, hearsay 801-806 to which no exception applies | Testimony expected to bear directly on Mr. Morant's whereabouts during the Turner-Fields homicide which in turn bears directly on Plaintiff's innocence is clearly relevant, |

| | | | | | and has little if any potential to confuse or prejudice. Defendants' remaining objections are inappropriately raised as against Ms. Johnson's testimony wholesale. To the extent Defendants have at this time a specific objection to an anticipated category of Ms. Johnson's testimony, it is best addressed in a motion *in limine*. Otherwise, the objections here raised are more appropriate at or around the time of Ms. Johnson's testimony, if it occurs. |

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| STEFON MORANT,<br><br>      Plaintiff,<br><br>  v.<br><br>CITY OF NEW HAVEN, et. al.,<br><br>      Defendants. | Civil Action No. 2:22-cv-00630<br>(SVN)<br><br><br>February 17, 2026 |

**WITNESS LIST-DEFENDANT CITY OF NEW HAVEN'S PRELIMINARY WITNESS LIST—ALL RIGHTS RESERVED TO MAKE ADDITIONS OR DELETIONS**

***Plaintiff's General Objections:***

      Plaintiff objects to the use of any witness's prior sworn testimony unless the witness is proven to be unavailable.

      Defendants indicate in their Witness List that a number of witnesses will be called live and/or through sworn testimony. To the extent that Defendants plan to designate prior sworn testimony upon learning a witness is unavailable, Plaintiff requests sufficient advanced notice such that he may counter-designate Defendants' designations and/or properly object to the designated testimony.

| WITNESS NAME | WILL/MAY CALL | LENGTH (FOR CITY) | SUBJECT MATTER OF TESTIMONY | PLAINTIFF'S OBJECTIONS | REPLY TO OBJECTION | INDVIDUAL DEFENDANTS' OBJECTIONS |
|---|---|---|---|---|---|---|
| Nicholas Pastore, through depositions | WILL | 5hrs | NHPD policies/practices, all topics raised in depositions, involvement | See Plaintiff's designations and | | |

1

| | | | in Turner/Fields investigation, involvement with Det. Raucci | designation objections. | | |
|---|---|---|---|---|---|---|
| Vincent Raucci | WILL | 3 hrs | Turner Fields homicide investigation, all activity related to witness interviews, all issues raised in his depositions, the arrest of Scott Lewis and Stefon Morant, prosecution, criminal trial and post- trial activity, all prior statements and testimony experience and conduct as NHPD police detective, NHPD training, policies, practices | | | |
| Vaughn Maher | WILL | 1 hour | Turner Fields homicide investigation, experience and conduct as NHPD police detective, NHPD training, policies, practices | | | |
| Robert Lawlor-through deposition | WILL | 3 hours | Turner Fields homicide investigation, experience and conduct as NHPD police detective, NHPD training, policies, practices | See Plaintiff's designations and designation objections. | | |
| Michael Sweeney Live and/or through sworn former testimony and/or deposition testimony | WILL | 3 hours | Turner Fields homicide investigation, experience and conduct as NHPD police detective, NHPD training, policies, practices | | | |

2

| | | | | | | |
|---|---|---|---|---|---|---|
| Joseph Pettola Live and/or through sworn former testimony and/or deposition testimony | WILL | 2 hours | Turner Fields homicide investigation, experience and  conduct as NHPD police detective, NHPD training, policies, practices | | | Raucci Objection: irrelevant FRE 402; prejudicial and confusing FRE 403; character evidence/propensity FRE 404 |
| Brian Sullivan, live or through sworn deposition and or former testimony | WILL | 2 hours | Turner Fields homicide investigation, experience and  conduct as NHPD police detective, NHPD training, policies, practices | | | |
| Scott Lewis Live and/or through sworn former testimony and/or deposition testimony | WILL | 2 hours | Turner Fields homicide involvement, involvement in other illegal activity, contacts with NHPD, FBI, all issues raised in his deposition, his arrest, prosecution, criminal trial and post- trial activity, all prior statements and testimony | Plaintiff objects to some areas of Defendants' proposed examination under Federal Rules of Evidence 403, 404(b), and 608, as described in Plaintiff's pending *motion in limine* to exclude prior bad acts evidence. | Will respond to MIL | |

3

| Stefon Morant Live and/or through sworn former testimony and/or deposition testimony | WILL | 6 hours | Turner Fields homicide involvement, involvement in other illegal activity, all contacts with NHPD, FBI, all issues raised in his deposition, his arrest, prosecution, criminal trial and post- trial activity, all prior statements and testimony, all liability and all damages issues | Plaintiff objects to some areas of Defendants' proposed examination under Federal Rules of Evidence 403, 404(b), and 608, as described in Plaintiff's pending *motion in limine* to exclude prior bad acts evidence. | Will respond to MIL | |
| Michael Cardwell live and/or through sworn former testimony | WILL | 2 hours | Turner Fields homicide involvement, involvement in other illegal activity, all contacts with NHPD, FBI. | | | |
| Augustin Castro aka Ovil Ruiz Live and/or through sworn former testimony and/or deposition testimony | WILL | 3 hours | Turner Fields homicide involvement, involvement in other illegal activity, all contacts with NHPD, FBI, all issues raised in his deposition, his giving of statements and involvement in the arrest, | | | |

4

| | | | prosecution, criminal trials and post- trial activity regarding Scott Lewis and Stefon Morant, all prior statements and testimony. | | | |
|---|---|---|---|---|---|---|
| Michael Moskowitz Live and/or through sworn former testimony and/or deposition testimony | WILL | 2 hours | Attorney for Ovil Ruiz, will testify about his involvement with Ruiz during interviews by Detective Raucci, during trial testimony, and regarding Ruiz' involvement with FBI and US attorney's office. Also as to all topics covered at his deposition | Plaintiff objects to some of the anticipated examination to the extent Defendants seek to introduce credibility determinations under Federal Rule of Evidence 403 and as described in Plaintiff's pending *motion in limine* under *Cameron v. New York*, 598 F.3d 50 (2d Cir. 2010). | Will respond to MIL | |
| Diane Basilicato, Live or through Former Testimony | MAY | 1 | Her knowledge of Turner Fields homicide, as | | | |

| | | | related to the jury at the criminal trial | | | |
|---|---|---|---|---|---|---|
| Helen Gray, Live or through Former Testimony | MAY | 1 | Her knowledge of Stefon Morant's association with Lamont Fields, as related to the jury at the criminal trial | | | |
| Former NHPD Captain Rose Dell | WILL | 4 hours | Was City's FRCP 30(b)(6) designee on policies, practices, training, and discipline at NHPD, will testify to the above issues, including training policies and practices regarding the handling of evidence, the NHPD code of conduct, incidences of misconduct, and all issues addressed at her deposition taken by Plaintiff | Plaintiff objects to any testimony outside Dell's personal knowledge or to the extent Defendants seek to have Dell testify as the City's representative or expert under Federal Rules of Evidence 403, 601, 602, 701, 801, 802, and 805 and Federal Rule of Civil Procedure 26. | Dell will testify to matters within personal knowledge, on some occasions utilizing and referencing City business records.  She will not provide any expert tstimony | |

6

| | | | | | | |
|---|---|---|---|---|---|---|
| Atty. Elliot Spector—fact witness | MAY | 1 hour | Trainer of NHPD officers on legal issues, including Brady/Giglio obligations | Plaintiff objects to Elliot Spector's proposed examination under Federal Rules of Evidence 403, 602, and 701. | Elliot Spector will not provide expert testimony. He has personal knowledge of training provided to NHPD officers on Brady Giglio obligations | |
| FBI SA (ret.) Brian Donnelly Fact and non-retained expert | WILL | 2 hours | He is a retired Connecticut FBI Special Agent who will testify as to his involvement in the investigation of Vincent Raucci, conversations with Ovil Ruiz aka Augustin Castro and his attorney Michael Moscowitz— ALSO Non-retained expert who will testify as to certain accepted law enforcement practices in Connecticut in the 1990s, as contained in his disclosure and attached to the joint Trial Memorandum.: | Plaintiff does not object to testimony consistent with that offered at Donnelly's deposition, however, Defendants' disclosures do not accurately describe the deposition testimony and the opinions Defendants | Defendant disagrees with Plaintiffs characterizati on that the areas of inquiry were not topics at the Donnelly deposition | Raucci Objection: irrelevant FRE 402; prejudicial and confusing FRE 403; character evidence/propensity FRE 404 |

| | | | | describe in their disclosures would be objectionable under Federal Rules of Evidence 602, 701, 702, and 703. | | |
|---|---|---|---|---|---|---|
| Lisa Bull-DiLullo, fact witness, live or through sworn deposition testimony | MAY | 1 hour | Her involvement in the FBI investigation of Vincent Raucci, including contacts with Scott Lewis and other FBI Special Agents. | | | |
| Hon.David Gold (then-ASA David Gold)—fact witness, Live and/or through sworn former testimony and/or deposition testimony | WILL | 2 hours | All activities regarding his prosecution as ASA Gold of Stefon Morant, contacts with witnesses including Ovil Ruiz and counsel and NHPD; knowledge and experience with Det. Raucci and other NHPD officers, including Chief Pastore | Plaintiff objects to the extent Defendants seek to introduce credibility determinations through David Gold's testimony, pending Plaintiff's pending MIL under *Cameron v. New York*, | Defendant will respond to Plaintiff's MIL | |

8

| | | | | 598 F.3d 50 (2d Cir. 2010). | | |
|---|---|---|---|---|---|---|
| Donna Desai fact witness Live and/or through sworn former testimony and/or deposition testimony | WILL | 2 hours | Former wife of Det. Raucci will testify as to his conduct prior to the arrest of the Plaintiff, of which she has personal knowledge, and any biases she has against him, and her use of illegal substances | Plaintiff objects to Defendants' proposed examination of Donna Desai under Federal Rules of Evidence 403 and 404(b). | The examination of Ms Desai is allowed in compliance with the Federal Rules | Raucci Objection: irrelevant FRE 402; prejudicial and confusing FRE 403; character evidence/propensity FRE 404 |
| Nicholas Barreiro- retained expert | WILL | 4 hours | Will testify as to his review analysis of the taped statements of witnesses in the Turner Fields homicide investigsion and his plotting on a typed transcript of said statements of the location of interferences found in the taping process, through his analysis and in some cases through Bruce Koenig's analysis, all of which has been produced to Plaintiff.  He will testify as to issues raised at his deposition utilizing documents disclosed at his | Plaintiff objects to any proffered opinions or bases not disclosed in his expert report. | All examination will be within the confines of Barreiro's expert report, as addressed in hours of deposition testimony, in a deposition taken by Plaintiff's counsel | |

9

|  |  |  | deposition; and set forth in his report which is attached to the JTM |  |  |  |
| --- | --- | --- | --- | --- | --- | --- |
| Jerry Rodriguez-retained expert | WILL | 4 hours | Retained police practices expert—will testify as to accepted police practices in Connecticut in the early 1990s, as more fully set forth in his prepared report, and his deposition and supporting documents, which is included with this JTM | Plaintiff objects to any proffered opinions or bases not disclosed in his expert report, or any proffered credibility determinations, as described in Plaintiff's pending MIL under *Cameron v. New York*, 598 F.3d 50 (2d Cir. 2010). | All examination will be within the Rodriguez expert report, as addressed in hours of deposition testimony, in a deposition taken by Plaintiff's counsel |  |
| Charles Drago non-retained expert | WILL | 4 hours | Non-retained police practices expert who will testify as to the opinions contained in his disclosure and attached to the joint Trial Memorandum.: | Plaintiff objects to Defendants' seeking to designate his retained expert as their own expert. | Defendant disagrees. Drago offered opinions at his deposition that were favorable to the Defendant and |  |

| | | | | Plaintiff further objects that Defendants' designation does not accurately describe Charles Drago's opinion or testimony. | Defendant is entitled to inquire at trial as to those opinions | |
|---|---|---|---|---|---|---|
| Adeyinka Akinsulure-Smith non-retained expert | WILL | 2 hours | Non retained damages expert who will testify as to opinions contained in her disclosure to Plaintiff and attached to the Joint Trial Memorandum | Plaintiff objects to Defendants' seeking to designate his retained expert as their own expert. Plaintiff further objects that Defendants' designation does not accurately describe Adeyinka Akinsulure-Smith's | Defendant disagrees. Dr. Akinsulure-Smith offered opinions at his deposition that were favorable to the Defendant and Defendant is entitled to inquire at trial as to those opinions | |

11

| | | | | opinion or testimony. | | |
|---|---|---|---|---|---|---|
| Robert Lawlor, Jr. | WILL | .50 | Background of Robert Lawlor, Sr. | Plaintiff objects pursuant to rules 401 and 403 (waste of time, unfairly prejudicial, cumulative, confusion, misleading the jury) as there is no relevant testimony this witness could offer, and any marginal probative value would be vastly outweighed by the foreseeable prejudice that testimony from a family member of a recently deceased Defe | | |

12

| | | | | ndant would work. | | |
|---|---|---|---|---|---|---|

13

**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

STEFON MORANT                                    CIV ACTION NO.:  3:22-CV-00630-SVN

     Plaintiff,

v.

CITY OF NEW HAVEN ET AL.                   MARCH 3, 2026

     Defendants.

## DEFENDANT MICHAEL SWEENEY'S LIST OF WITNESSES

Defendant Michael Sweeney at this time does not intend to call any witnesses in addition to those identified in the lists of witnesses provided by the Plaintiff and the City of New Haven (the "City").  Sweeney reserves the right to call at trial any witnesses identified by the Plaintiff, the City, or any other party, to cross-examine any witnesses, and to call additional witnesses for impeachment or rebuttal.

# Attachment B
## Exhibit Lists

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| STEFON MORANT,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NEW HAVEN, et. al.,<br><br>Defendants. | Civil Action No. 3:22-cv-00630 (SVN) |

**PLAINTIFF'S EXHIBIT LIST[12]**

| Trial Ex. No. | Exhibit Title/Description | Plaintiff's Objections[3] | Defendants' Objections | Plaintiff's Counter-Statement |
|---|---|---|---|---|
| 1* | Complete NHPD Turner-Fields Homicide Investigation Case File | Plaintiff objects to the admission of NH439 and the discussion of Helen Gray at NH445-46 pursuant to Rules 401 (relevance); 403 (confusion, unfairly prejudicial, misleading the jury, waste of time); 801, 802, 805 (hearsay). Plaintiff further states that certain documents throughout this file may require a | NO OBJECTION | |

[1] An asterisk next to the exhibit number represents a shared exhibit sponsored by both parties.

[2] Plaintiff object to the admission of any and all gay slurs wherever they appear throughout the exhibits here listed, as laid out in Plaintiff's MIL to exclude all reference to the same.

[3] Plaintiff reserves the right to withdraw any objections lodged herein depending on any forthcoming rulings from the Court on pending MILs from either side.

1

| | | | | |
|---|---|---|---|---|
| | | limiting instruction from the Court depending on the purpose for which they are offered. | | |
| 2* | Agustin Castro a/k/a Ovil Ruiz 2nd Statement to NHPD, May 28, 1991 | | NO OBJECTION | |
| 3 | Scott Lewis NHPD Arrest Warrant, Apr. 12, 1991 | | OBJECTION 402 relevance; 403 confusion, prejudice<br><br>801-806 hearsay, no exception applies | Relevant to and probative of Turner-Fields homicide investigation and attendant misconduct; non-hearsay as not offered for the truth, also 801(d)(2) statement of party-opponent. |
| 4 | FBI Report of Investigation Concerning Vincent Raucci, Jan. 24, 1997 | Plaintiff objects to the admission of the discussion of Diane Basilicato's alleged photo ID at PLTF-MORANT 1344, evidence of which was not introduced at trial, pursuant to Rules 401 (relevance); 403 (confusion, unfairly prejudicial, misleading the jury, waste of time); 801, 802, 805 (hearsay). Plaintiff further states that certain documents throughout this file may require a limiting instruction from the Court depending on the purpose for which they are offered. | OBJECTION<br><br>402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to and probative of Turner-Fields homicide investigation and attendant misconduct; To the extent contains bad acts/character evidence, admissible under one or more of Rules 608 and 609, and/or to show motive, opportunity, intent, preparation, plan, knowledge, identity, and/or absence of mistake; non hearsay to show notice; 801(d)(1) prior consistent and/or inconsistent statement by witness; 801(d)(2) statement of party opponent; admissible as business records 803(6); statements in public records 803(8); 803(1) present sense impression; 803(3) state of mind; 803(5) recorded recollection; 803(16) statements in ancient documents; 804(b)(3) statement against interest. Plaintiff notes that different documents within this exhibit may be admissible for different reasons but responds here to Defendants' wholesale objections. |

2

| 5 | Compilation of Vaughn Maher NHPD Documents | | OBJECTION<br><br>402 relevance;<br>403 confusion, prejudice<br>801-806 hearsay, no exception applies | Relevant to and probative of misconduct in the course of Turner-Fields homicide investigation, working relationship with Defendant Raucci, training; 801(d)(2) statement of party opponent; admissible as business records 803(6); statements in public records 803(8); Plaintiff notes that different documents within this exhibit may be admissible for different reasons, but responds here to Defendants' wholesale objections. |
| --- | --- | --- | --- | --- |
| 6 | Timeline of NHPD Police Reports | | OBJECTION<br><br>402 relevance;<br>403 confusion, prejudice<br>801-806 hearsay, no exception applies | Relevant to and probative of Turner-Fields homicide investigation and attendant misconduct; straightforward exhibit that will not engender either confusion or prejudice; 801(d)(2) statement of party opponent; admissible as business records 803(6); public records 803(8). |
| 7 | 1996-97 FBI Forensic Testing of Jose Roque Taped Statement | | OBJECTION<br><br>402 relevance;<br>403 confusion, prejudice<br>801-806 hearsay, no exception applies | Relevant to and probative of Turner-Fields homicide investigation and attendant misconduct; non hearsay to show notice; 801(d)(1) prior consistent and/or inconsistent statement by witness; admissible as business records 803(6); statements in public records 803(8); 803(16) statements in ancient documents. |
| 8 | Jackson Vacatur Transcript, May 2, 2018 [Horn_Jackson] | Plaintiff offers this exhibit solely for the legal effect of the decision. If the parties are able to stipulate to the decision's legal effect and/or if the Court were to take judicial notice of the same, Plaintiff would no longer seek to offer this exhibit. In all events, Plaintiff objects to the admission of all portions of the exhibit | | Relevant to Plaintiff's *Monell* claim that the NHPD had a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Admissible for statements with |

3

| | | | | |
|---|---|---|---|---|
| | | beyond those necessary to establish the legal effect of the decision pursuant to Rules 401 (relevance); 403 (confusion, waste of time, unfairly prejudicial); 801, 802, 805 (hearsay) | | legal effect, and as statements made in a public record, 803(8). |
| 9 | Vincent Raucci and Bobby Wilson Phone Call Transcript, Jan. 26, 1991 | | OBJECTION<br><br>402 relevance;<br>403 confusion, prejudice<br>801-806 hearsay, no exception applies | Relevant to and probative of Turner-Fields homicide investigation and attendant misconduct; non hearsay as not offered for the truth, 801(d)(2) statement of party opponent; 801(d)(1) prior consistent and/or inconsistent statement by witness; admissible as 803(1) present sense impression; 803(3) state of mind; 803(6) business record. |
| 10 | Compilation of Joseph Pettola NHPD Documents | | OBJECTION<br><br>402 relevance;<br>403 confusion, prejudice<br>801-806 hearsay, no exception applies | Relevant to and probative of misconduct in the course of Turner-Fields homicide investigation, training; admissible as business record 803(6); statements in public records 803(8). Plaintiff notes that different documents within this exhibit may be admissible for different reasons but responds here to Defendants' wholesale objections. |
| 11* | Photo of Criscuolo Park | | NO OBJECTION | |
| 12* | Excerpts from CT Division of Criminal Justice Case Preparation Guide | | NO OBJECTION | |
| 13* | NHPD Training Bulletin 8-3: Preservation of 911 Tapes and Tapes of Statements | | NO OBJECTION | |

4

| 14 | Stevenson Statement, Feb. 10, 1994 [Carmon] | | | Relevant to Plaintiff's *Monell* claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Not offered for the truth. Admissible on non-hearsay grounds for notice, statement by a party opponent under 801(d)(2); as a business record under 803(6), and statements made in a public record, 803(8). |
| 15* | State v. Morant, Trial Transcript | Plaintiff objects to portions of the trial transcript that took place outside the presence of the jury pursuant to Rules 801, 802, 805 (hearsay). Plaintiff further objects to the admission of any portions of the trial transcript concerning certain alleged prior bad acts as laid out in Plaintiff's pending MIL to exclude prior bad acts evidence. To the extent Defendants seek to offer the entirety of the trial transcript into evidence, even excepting portions not before the jury, Plaintiff objects pursuant to Rules 401 (relevance); 403 (confusion, waste of time). Both parties should instead identify specific portions of trial testimony to be admitted pursuant to the system agreed upon and laid out in the parties' JTM | NO OBJECTION TO PARTS THE JURY HEARD; OBJECTION TO PROCEEDINGS OUTSIDE PRESENCE OF JURY ABSENT SPECIFIC PROFFER<br><br>402 relevance;<br>403 confusion, prejudice<br>801-806 hearsay, no exception applies | Plaintiff notes that the parties have agreed to an iterative system for proffers of portions of the trial transcript and other large exhibits as laid out in the JTM. |
| 16 | State v. Morant, Sentencing Transcript | Plaintiff may seek to admit relevant portions of the sentencing transcript that, for example, demonstrate Plaintiff's then-state of mind. As to the remaining portions, Plaintiff objects | OBJECTION<br><br>402 relevance;<br>403 confusion, prejudice | Limited portions relevant to and probative of Plaintiff's innocence, damages; non-hearsay as prior consistent statement, to show effect on |

| | | | 801-806 hearsay, no exception applies | listener; admissible to show state of mind 803(3). |
|---|---|---|---|---|
| 17* | Millie Martinez Statement to NHPD, Feb. 4, 1992 | | NO OBJECTION | |
| 18 | Excerpts from Vincent Raucci Robbery Notebook | | OBJECTION 402 relevance; OBJECTION 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to and probative of Turner-Fields homicide investigation and attendant misconduct; To the extent contains bad acts/character evidence, admissible under to show motive, opportunity, intent, preparation, plan, knowledge, and/or absence of mistake; non hearsay not offered for the truth; 801(d)(1) prior consistent and/or inconsistent statement by witness; 801(d)(2) statement of party opponent; admissible as 803(1) present sense impression; 803(3) state of mind; 803(5) recorded recollection. |
| 19 | New Haven Advocate, The Cop and the Killer, Sept. 17, 1998 | | OBJECTION 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to and probative of Turner-Fields homicide investigation and attendant misconduct, Monell claims; To the extent contains bad acts/character evidence, admissible under one or more of Rules 608 and 609, and/or to show motive, opportunity, intent, preparation, plan, knowledge, and/or absence of mistake; non hearsay to show notice; 801(d)(1) prior consistent and/or inconsistent statement by witness; 801(d)(2) statement of party opponent; portions admissible as 803(1) present sense impression; 803(3) state of mind. |

| 20 | Excerpts from Vincent Raucci Fire Investigation Notebook | | OBJECTION 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to and probative of Turner-Fields homicide investigation and attendant misconduct; non hearsay not offered for the truth; 801(d)(1) prior consistent and/or inconsistent statement by witness; 801(d)(2) statement of party opponent. |
|----|----|----|----|----|
| 21 | Vincent Raucci Parese Notebook | | OBJECTION 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to and probative of Turner-Fields homicide investigation and attendant misconduct, *Monell* claims; To the extent contains bad acts/character evidence, admissible to show motive, opportunity, intent, preparation, plan, knowledge, and/or absence of mistake; non hearsay to show notice; 801(d)(1) prior consistent and/or inconsistent statement by witness; 801(d)(2) statement of party opponent; admissible as 803(1) present sense impression; 803(3) state of mind; 803(5) recorded recollection. |
| 22 | Audio of Vincent Raucci and Bobby Wilson Phone Call, Jan. 26, 1991 | | OBJECTION 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to and probative of Turner-Fields homicide investigation and attendant misconduct; non hearsay as not offered for the truth; 801(d)(2) statement of party opponent; 801(d)(1) prior consistent and/or inconsistent statement by witness; admissible as 803(1) present sense impression; 803(3) state of mind; 803(8) public record. |
| 23 | Francisco Ortiz Letter re Sweeney NHPD Employment History, May 20, 2003 | | OBJECTION 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to and probative of claimed misconduct and Monell claims; To the extent contains character evidence, admissible under Rule 608, as going to notice, not propensity; non hearsay as 801(d)(1) prior consistent and/or inconsistent statement by witness; |

7

| | | | | |
|---|---|---|---|---|
| | | | | 801(d)(2) statement of party opponent; 803(6) business record; 803(8) public record. |
| 24 | Compilation of Robert Lawlor NHPD Documents | | OBJECTION 402 relevance; 403 confusion, prejudice<br><br>801-806 hearsay, no exception applies | Relevant to and probative of misconduct in the course of Turner-Fields homicide investigation, training; non hearsay to show notice; 801(d)(2) statement of party opponent; admissible as 803(6) business record; statements in public records 803(8). Plaintiff notes that different documents within this exhibit may be admissible for different reasons, but responds here to Defendants' wholesale objections. |
| 25* | Audio of Jose Roque Taped Statement to NHPD, Jan. 15, 1991 | | NO OBJECTION | |
| 26 | Ham v. Greene Decision, May 4, 1999 | Plaintiff offers this exhibit solely for the legal finding(s) applicable to Defendant(s) and for any facts integral to that finding/those findings, as part of Plaintiff's collateral estoppel arguments elaborated in Plaintiff's pending MIL regarding the same. If the Court were to determine that this information is better conveyed to the jury in the form of an instruction, via judicial notice, or if the parties can reach a stipulation on key facts, then Plaintiff would not seek to introduce this exhibit. Plaintiff thus objects to the admission of all portions of this exhibit other than those necessary for collateral estoppel pursuant to Rules 401 (relevance); 403 (confusion, misleading the jury, waste of time); 801, 802, 805 (hearsay). | OBJECTION 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant on collateral-estoppel grounds to prove Plaintiff's *Monell* claims, as this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. |

| 27 | Gold Memo [Ham] | | 402 relevance;<br>403 confusion, prejudice<br>404 and 405 bad acts, character<br>801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims on the ground that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Admissible on nonhearsay grounds as statements in public records, 803(8). |
| 28 | Arrest Warrant Application, Feb. 13, 1991 [Ham] | | OBJECTION 402 relevance;<br>403 confusion, prejudice<br>404 and 405 bad acts, character<br>801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims on the ground that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Also admissible on non-hearsay grounds for notice, not offered for the truth; 801(d)(2) statement of party opponent; as statements in public records under 803(8). |
| 29 | Sweeney Testimony in Ham Civil Rights Trial | Plaintiff may seek to offer portions of this prior testimony as party admissions. If offered by Defendants, Plaintiff objects to this exhibit in its entirety pursuant to Rules 801, 802, 805 (hearsay). | OBJECTION 402 relevance;<br>OBJECTION 403 confusion, prejudice<br>404 and 405 bad acts, character<br>801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims on the ground that NHPD had a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Admissible as 801(d)(2) statement of party-opponent. |
| 30 | 1993 Ovil Ruiz Presentence Investigation Report | | OBJECTION 402 relevance;<br>403 confusion, prejudice | Relevant to and probative of Turner-Fields homicide investigation and attendant misconduct, in particular the timeline of Ruiz's |

| | | | | |
|---|---|---|---|---|
| | | | 404 and 405  bad acts, character<br>801-806 hearsay, no exception applies | intermittent incarceration overlapping in part with the investigation; To the extent contains bad acts/character evidence, admissible to show motive, opportunity, intent; non hearsay under 801(d)(1) prior consistent and/or inconsistent statement by witness; admissible as 803(1) present sense impression; 803(3) state of mind; 803(5) recorded recollection 803(8) public record; 803(16) ancient documents. |
| 31* | Audio of Stefon Morant Taped Statement to NHPD, Jan. 16, 1991 | | NO OBJECTION | |
| 32 | Ovil Ruiz Handwritten Letter, Aug. 24, 1999 | | OBJECTION 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character<br>801-806 hearsay, no exception applies | Relevant to and probative of Turner-Fields homicide investigation and attendant misconduct; To the extent contains bad acts/character evidence, admissible as going to state of mind, not propensity; non hearsay under 801(d)(1) prior consistent and/or inconsistent statement by witness; admissible as 803(1) present sense impression; 803(3) state of mind; 803(5) recorded recollection. |
| 33* | Audio of Ovil Ruiz First Taped Statement to NHPD, Jan. 14, 1991 | | OBJECTION 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character<br>801-806 hearsay, no exception applies | Relevant to and probative of Turner-Fields homicide investigation and attendant misconduct; No conceivable unfair prejudice; To the extent contains bad acts/character evidence, admissible as going to state of mind, not propensity; non hearsay not offered for the truth; under 801(d)(1) prior consistent and/or inconsistent statement by witness; 801(d)(2) statement of party opponent; admissible as |

10

| | | | | |
|---|---|---|---|---|
| | | | | 803(1) present sense impression; 803(3) state of mind; 803(5) recorded recollection; 803(8) public records. |
| 34* | Audio of Ovil Ruiz Second Taped Statement to NHPD, May 28, 1991 | | OBJECTION 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to and probative of Turner-Fields homicide investigation and attendant misconduct; No conceivable unfair prejudice; To the extent contains bad acts/character evidence, admissible as going to state of mind, not propensity; non hearsay not offered for the truth; under 801(d)(1) prior consistent and/or inconsistent statement by witness; 801(d)(2) statement of party opponent; admissible as 803(1) present sense impression; 803(3) state of mind; 803(5) recorded recollection; 803(8) public records. |
| 35 | Stefon Morant Certificate of Pardon, July 7, 2021 | | OBJECTION 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to and probative of innocence, damages; admissible to show procedural history of underlying criminal case, no plausible propensity purpose; non-hearsay to show effect on reader; admissible as public record 803(8). |
| 36 | Stefon Morant DOC Discharge, June 17, 2015 | | OBJECTION DOC discharge date stipulated to | To the extent the parties reach a final stipulation on Plaintiff's discharge date, Plaintiff will take this into account in deciding whether to seek to put this document before the jury. However, Plaintiff maintains this exhibit would still be admissible as providing probative value without being cumulative, even in the event of a final stipulation to that effect. |
| 37 | INTENTIONALLY BLANK | | | |

11

| 38 | Lisa Bull Memo re: Vincent Raucci, June 1, 1995 | | OBJECTION 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to and probative of Turner-Fields homicide investigation and attendant misconduct, Monell claims; To the extent contains bad acts/character evidence, admissible to show motive, opportunity, intent, preparation, plan, knowledge, identity, and/or absence of mistake; non hearsay to show notice; 801(d)(1) prior consistent and/or inconsistent statement by witness; 801(d)(2) statement of party opponent; admissible as statements in public records 803(8); 803(5) recorded recollection. |
|---|---|---|---|---|
| 39 | Compilation of FBI Documents from State's Attorney's Office | Plaintiff objects to certain documents pursuant to Rules 801, 802, 805 (hearsay). Plaintiff notes that certain documents throughout this file may require a limiting instruction from the Court depending on the purpose for which they are offered. | OBJECTION 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to and probative of Turner-Fields homicide investigation and attendant misconduct, Monell claims; To the extent contains bad acts/character evidence, admissible under one or more of Rules 608 and 609, and/or to show motive, opportunity, intent, preparation, plan, knowledge, identity, and/or absence of mistake; non hearsay to show notice, effect on listener; 801(d)(1) prior consistent and/or inconsistent statement by witness; 801(d)(2) statement of party opponent; admissible as statements in public records 803(8); 803(1) present sense impression; 803(3) state of mind; 803(5) recorded recollection; 803(6) business records; 804(b)(3) statement against interest. Plaintiff notes that different documents within this exhibit may be admissible for different reasons, but responds here to Defendants' wholesale objections. |

12

| 40 | Letter to NHPD Chief Wearing from Mayor DeStefano, May 12, 1999 | | OBJECTION 402 relevance; OBJECTION 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to and probative of Turner-Fields homicide investigation and attendant misconduct, notice for Monell claims; to the extent contains bad acts/character evidence, admissible to show motive, opportunity, intent, plan, knowledge, identity, and/or absence of mistake; non hearsay to show notice, effect on listener; 801(d)(2) statement of party opponent; admissible as statements in public records 803(8); 803(1) present sense impression; 803(3) state of mind; 803(5) recorded recollection; 804(b)(3) statement against interest. |
| --- | --- | --- | --- | --- |
| 41 | New Haven Independent, *A Guardian Becomes a Sergeant,* Dec. 10, 2007 | | OBJECTION 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to and probative of innocence, damages; To the extent contains character evidence admissible under Rule 608; non-hearsay as 801(d)(1) prior consistent and/or inconsistent statement by witness; admissible as 803(1) present sense impression; 803(3) state of mind; 803(6) business records. |
| 42 | Doreen Stiles NHPD Police Report, July 29, 1993 | | OBJECTION 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims on the grounds that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Also admissible on non-hearsay grounds for notice, not offered for the truth; 801(d)(2) statement of party opponent; as 803(6) business records; statements in public records 803(8). |

13

| 43 | Doreen Stiles NHPD Police Report, July 30, 1993 | | OBJECTION 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims on the grounds that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Also admissible on non-hearsay grounds for notice, not offered for the truth; 801(d)(2) statement of party opponent; as 803(6) business records; as statements in public records 803(8). |
| --- | --- | --- | --- | --- |
| 44 | Jose Roque Affidavit, Feb. 10, 2018 | | OBJECTION 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to and probative of Turner-Fields homicide investigation and attendant misconduct; no discernible character or other bad acts evidence, and to the extent present concern the allegations of misconduct in this matter, no conceivable propensity purpose; non-hearsay as prior consistent and/or inconsistent statement of a witness 801(d)(1).. |
| 45 | FBI Vincent Raucci Investigation Compilation | Plaintiff objects to the admission of pages 27-28 as pursuant to Rules 801, 802, and 805 (hearsay). Plaintiff further states that certain documents throughout this file may require a limiting instruction from the Court depending on the purpose for which they are offered. | OBJECTION 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to and probative of Turner-Fields homicide investigation and attendant misconduct, Monell claims; To the extent contains bad acts/character evidence, admissible to show motive, opportunity, intent, preparation, plan, knowledge, identity, and/or absence of mistake; non hearsay to show notice; 801(d)(1) prior consistent and/or inconsistent statement by witness; 801(d)(2) statement of party opponent; admissible as business records 803(6); statements in public records 803(8); 803(5) recorded recollection. Plaintiff notes that different documents within |

14

| | | | | this exhibit may be admissible for different reasons, but responds here to Defendants' wholesale objections. |
|---|---|---|---|---|
| 46 | Compilation of Nicholas Pastore NHPD Documents | | OBJECTION 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to and probative of misconduct in the course of Turner-Fields homicide investigation, training; to the extent contains bad acts/character evidence admissible under rule 608 and/or to show intent, knowledge, lack of mistake, opportunity; non hearsay to show notice, statement of party opponent 801(d)(2); admissible as business records 803(6); statements in public records 803(8). Plaintiff notes that different documents within this exhibit may be admissible for different reasons, but responds here to Defendants' wholesale objections. |
| 47 | Stefon Morant Sentence Modification Hearing Transcript, June 16, 2015 | Plaintiff seeks to admit only a portion of the sentencing modification hearing transcript containing statements from Michael Dearington concerning Raucci and the Turner-Fields investigation. Plaintiff objects to the admission of all other portions pursuant to Rules 401 (relevance); 403 (confusion, misleading the jury, waste of time); 801, 802, 805 (hearsay) | OBJECTION 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Specified portions relevant to innocence, Turner-Fields homicide and attendant misconduct, as well as procedural history of criminal case; no discernible character or other bad acts evidence, and to the extent present concern the allegations of misconduct in this matter, no conceivable propensity purpose; non-hearsay as notice; 801(d)(1) prior consistent/inconsistent statement of witness; admissible as statement in public record 803(8). |
| 48 | Police Chief Admits Having Child with an Ex-Prostitute, Feb. 7, 1997 | Plaintiff only seeks to admit portions of this news article going to notice and/or admissions attributable to any Defendants. Plaintiff objects to the admission of all other portions pursuant to Rules 403 (confusion, | OBJECTION 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character | Relevant to Plaintiff's *Monell* claims by illustrating notice of the then-NHPD Chief's engagement in illegal misconduct. Also contains statements from the then-mayor of |

15

| | | | | |
|---|---|---|---|---|
| | | misleading the jury, waste of time); 801, 802, 805 (hearsay) | 801-806 hearsay, no exception applies | New Haven, admissible under 801(d)(2); and as an ancient document under 803(16) |
| 49 | New Haven Police Chief Quits in Scandal over Child, Feb. 8, 1997 | Plaintiff only seeks to admit portions of this news article going to notice and/or admissions attributable to any Defendants. Plaintiff objects to the admission of all other portions pursuant to Rules 403 (confusion, misleading the jury, waste of time); 801, 802, 805 (hearsay) | OBJECTION 402 relevance; OBJECTION 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims by illustrating notice of NHPD officers' engagement in misconduct. Also admissible as an ancient document, 803(16), and under 801(d)(2), as it contains statements from Pastore and the then-mayor. |
| 50 | Fleming Police Files Compilation | | OBJECTION 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims on the ground that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as relevant to Plaintiff's claim of a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Also admissible on non-hearsay grounds for notice, not offered for the truth; 801(d)(2) statement of party opponent; as 803(6) business records and statements in public records, 803(8). |
| 51 | Compilation of Vincent Raucci Misconduct Documents | | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to and probative of Turner-Fields homicide investigation and attendant misconduct, Monell claims; To the extent contains bad acts/character evidence, admissible under one or more of Rules 608 and 609, and/or to show motive, opportunity, intent, preparation, plan, knowledge, identity, and/or absence of mistake; non hearsay to show notice, effect on listener; 801(d)(1) prior consistent and/or inconsistent statement by |

16

| | | | |
|---|---|---|---|
| | | | witness; 801(d)(2) statement of party opponent; admissible as business records 803(6); statements in public records 803(8); 803(1) present sense impression; 803(3) state of mind; 803(5) recorded recollection; 804(b)(3) statement against interest. Plaintiff notes that different documents within this exhibit may be admissible for different reasons, but responds here to Defendants' wholesale objections. |
| 52 | Compilation of Press Coverage Vincent Raucci | Plaintiff only seeks to admit portions of these news articles going to notice and/or admissions attributable to any Defendants. Plaintiff objects to the admission of all other portions pursuant to Rules 403 (confusion, misleading the jury, waste of time); 801, 802, 805 (hearsay) | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to and probative of Turner-Fields homicide investigation and attendant misconduct, Monell claims; To the extent contains bad acts/character evidence, admissible under one or more of Rules 608 and 609, and/or to show motive, opportunity, intent, preparation, plan, knowledge, and/or absence of mistake; non hearsay to show notice; 801(d)(1) prior consistent and/or inconsistent statement by witness; 801(d)(2) statement of party opponent; portions admissible as 803(1) present sense impression; 803(3) state of mind. |
| 53 | Internal Values & Ethics Memo re Raucci Misconduct, Feb 2, 1996 | | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to and probative of Turner-Fields homicide investigation and attendant misconduct, Monell claims; To the extent contains bad acts/character evidence, admissible under one or more of Rules 608 and 609, and/or to show motive, opportunity, intent, preparation, plan, knowledge, and/or absence of mistake; non hearsay to show notice; 801(d)(1) prior consistent and/or inconsistent statement by witness; 801(d)(2) |

| | | | | |
|---|---|---|---|---|
| | | | | statement of party opponent; admissible as 803(1) present sense impression; 803(3) state of mind; 803(6) business record; 803(8) public record. |
| 54 | Anthony Stevenson Statement Transcript, Feb. 15, 1994 [Carmon] | | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims on the ground that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as relevant to Plaintiff's claim of a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Also admissible on non-hearsay grounds as not offered for the truth, for notice, 801(d)(2) statement of party opponent; and as statements made in a public record, 803(8). |
| 55 | Anthony Stevenson Statement Audio, Feb. 15, 1994 | | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims on the ground that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Also admissible on non-hearsay grounds as not offered for the truth, for notice, 801(d)(2) statement of party opponent; and as statements made in a public record, 803(8). |
| 56* | Audio of Hector Ortiz Taped Statement to NHPD, Feb. 2, 1991 | | NO OBJECTION | |
| 57 | Memo from NHPD Officers to Wearing re Turner-Fields | | NO OBJECTION | |

| | | | |
|---|---|---|---|
| | Homicide, Oct. 11, 1990 | | | |
| 58 | Ovil Ruiz Inmate Health Services Progress Notes, May 29, 1991 | | 402 relevance; 403 confusion, prejudice 404 and 405  b 801-806 hearsay, no exception applies | Relevant to Turner-Fields homicide investigation and attendant misconduct; to the extent contains bad acts/character evidence admissible under Rules 608, 609, and/or as evidence of state of mind; non hearsay as prior consistent/inconsistent statement of a witness 801(d)(1); admissible as statement made for medical diagnosis 803(4); 803(6) business records; 803(8) public records. |
| 59 | Ovil Ruiz Inmate Initial Assessment, May 30, 1991 | | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 501 privilege 801-806 hearsay, no exception applies | Relevant to Turner-Fields homicide investigation and attendant misconduct; to the extent contains bad acts/character evidence admissible under Rules 608, 609, and/or as evidence of state of mind; Defendants lack standing to object on the basis of privilege, document was produced in civil discovery; non hearsay as prior consistent/inconsistent statement of a witness 801(d)(1); admissible as statement made for medical diagnosis 803(4); 803(6) business records; 803(8) public records. |
| 60 | Ovil Ruiz CT Superior Court Larceny Information Sheet, Apr. 16, 1991 | | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 501 privilege 801-806 hearsay, no exception applies | Relevant to and probative of Turner-Fields homicide investigation and attendant misconduct; To the extent contains bad acts/character evidence, admissible to show motive, opportunity, intent; Defendants lack standing to object on the basis of privilege, document was produced in civil discovery; non hearsay under 801(d)(1) prior consistent and/or inconsistent statement by witness; admissible |

19

| | | | | |
|---|---|---|---|---|
| | | | | as 803(6) business record; 803(8) public record. |
| 61* | Audio of Millie Martinez Taped Statement to NHPD, Feb. 4, 1992 | | NO OBJECTION<br><br>402 relevance;<br>403 confusion, prejudice<br>404 and 405 bad acts, character<br>801-806 hearsay, no exception applies | Plaintiff presumes Defendants objections are made in error as the parties jointly offer this exhibition its entirety. |
| 62 | Compilation of FBI Federal Grand Jury Docs | | 402 relevance;<br>403 confusion, prejudice<br>404 and 405  bad acts, character<br>801-806 hearsay, no exception applies | Relevant to Turner-Fields homicide investigation and attendant misconduct; to the extent contains bad acts/character evidence, admissible to show motive, opportunity, intent, plan, knowledge, identity, and/or absence of mistake; non-hearsay as consistent/inconsistent statement of witness 801(d)(1); admissible as 803(6) business records; 803(8) public record. |
| 63 | New Haven Advocate, Disappearing Act II | Plaintiff only seeks to admit portions of this news article going to notice and/or admissions attributable to any Defendants. Plaintiff objects to the admission of all other portions pursuant to Rules 403 (confusion, misleading the jury, waste of time); 801, 802, 805 (hearsay) | 402 relevance;<br>403 confusion, prejudice<br>404 and 405  bad acts, character<br>801-806 hearsay, no exception applies | Relevant to and probative of Turner-Fields homicide investigation and attendant misconduct, Monell claims; To the extent contains bad acts/character evidence, admissible under one or more of Rules 608 and 609, and/or to show motive, opportunity, intent, preparation, plan, knowledge, and/or absence of mistake; non hearsay to show notice; 801(d)(1) prior consistent and/or inconsistent statement by witness; 801(d)(2) statement of party opponent; portions admissible as  803(1) present sense impression; 803(3) state of mind. |

| | | | | |
|---|---|---|---|---|
| 64* | Letter to Nicholas Pastore from David Gold re Vincent Raucci Commendation, June 28, 1994 | | NO OBJECTION | |
| 65 | Vaughn Maher Deposition (Day 1) Transcript, Feb. 1, 2023 | If offered by Defendants, Plaintiff objects to this exhibit pursuant to Rules 801, 802, 805 (hearsay). | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Admissible as 801(d)(2) statement of party opponent; however, Plaintiff does not seek to admit the entirety of the transcript and will identify any limited portions he seeks to introduce should it become necessary. |
| 66 | Vaughn Maher Deposition (Day 2) Transcript, May 15, 2023 | If offered by Defendants, Plaintiff objects to this exhibit pursuant to Rules 801, 802, 805 (hearsay). | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Admissible as 801(d)(2) statement of party opponent; however, Plaintiff does not seek to admit the entirety of the transcript and will identify any limited portions he seeks to introduce should it become necessary. |
| 67 | Trocchio Michael Cardwell Police Report, June 7, 1990 | | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to and probative of Turner-Fields homicide investigation and attendant misconduct; offered for fact information was reported, not truth; admissible as 801(d)(2) statement of party opponent; non-hearsay as 801(d)(1) prior consistent and/or inconsistent statement by witness; admissible as statements in business records 803(6); public records 803(8). |
| 68 | Michael Sweeney Deposition (Day 1) Transcript, January 31, 2023 | If offered by Defendants, Plaintiff objects to this exhibit pursuant to Rules 801, 802, 805 (hearsay). | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character | Admissible as 801(d)(2) statement of party opponent; however, Plaintiff does not seek to admit the entirety of the transcript and will identify any limited portions he seeks to introduce should it become necessary. |

21

| | | | 801-806 hearsay, no exception applies | |
|---|---|---|---|---|
| 69 | Michael Sweeney Deposition (Day 2) Transcript, June 7, 2023 | If offered by Defendants, Plaintiff objects to this exhibit pursuant to Rules 801, 802, 805 (hearsay). | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Admissible as 801(d)(2) statement of party opponent; however, Plaintiff does not seek to admit the entirety of the transcript and will identify any limited portions he seeks to introduce should it become necessary. |
| 70 | Copy of Draft Warrant for Ed Kendall | | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims of a pattern and practice of misconduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Admissible for notice; as 801(d)(2) statement of party opponent; business records 803(6); statements in a public record, 803(8). |
| 71 | Copy of Draft Warrant for Brian Sullivan | | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims of a pattern and practice of misconduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Admissible for notice; as 801(d)(2) statement of party opponent; business records 803(6); as statements in a public record, 803(8). |
| 72 | FBI Memo, Interview of Christopher DeMarco, November 20, 1996 | | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims of a pattern and practice of misconduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Admissible for notice; as 801(d)(2) statement of party opponent; business records 803(6); as statements in a public record, 803(8). |

| 73 | Minardi Memo, June 15, 2000 [Cusick] | | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims of a pattern and practice of misconduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Admissible for notice; as 801(d)(2) statement of party opponent; business records 803(6); as statements in a public record, 803(8). |
|----|----|----|----|----|
| 74 | Audio of Adam Carmon Statement, Feb. 15, 1994 | | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims demonstrating that the NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction; also relevant to Plaintiff's claim of a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Not offered for the truth; also admissible on non-hearsay grounds for notice, as 801(d)(2) statement of party opponent; business records 803(6); statements made in a public record, 803(8). |
| 75 | Compilation of Stefon Morant Prison Visit Request Forms | | 402, 403 RELEVANCE CUMULATIVE PREJUDICIAL, CONFUSING- SHOULD BE INTRODUCED THROUGH A WITNESS | Relevant to and probative of Plaintiff's damages, in particular the nature of the harm of Plaintiff's wrongful incarceration. As such, the exhibit in its entirety is not cumulative. Plaintiff will lay a proper foundation to the admission of this exhibit and to the extent Defendants have a particularized objection to the way in which this exhibit is sought to be introduced, Plaintiff will address it at trial when it becomes ripe. |

| 76 | INTENTIONALLY BLANK | | | |
|----|---------------------|---|---|---|
| 77 | INTENTIONALLY BLANK | | | |
| 78 | Vincent Raucci Deposition (Day 1) Transcript, Apr. 5, 2023 | If offered by Defendants, Plaintiff objects to this exhibit pursuant to Rules 801, 802, 805 (hearsay). | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Admissible as 801(d)(2) statement of party opponent; however, Plaintiff does not seek to admit the entirety of the transcript and will identify any limited portions he seeks to introduce should it become necessary. |
| 79 | Vincent Raucci Deposition (Day 2) Transcript, Apr. 6, 2023 | If offered by Defendants, Plaintiff objects to this exhibit pursuant to Rules 801, 802, 805 (hearsay). | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Admissible as 801(d)(2) statement of party opponent; however, Plaintiff does not seek to admit the entirety of the transcript and will identify any limited portions he seeks to introduce should it become necessary. |
| 80 | Vincent Raucci Deposition (Day 3) Transcript, May 9, 2023 | If offered by Defendants, Plaintiff objects to this exhibit pursuant to Rules 801, 802, 805 (hearsay). | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Admissible as 801(d)(2) statement of party opponent; however, Plaintiff does not seek to admit the entirety of the transcript and will identify any limited portions he seeks to introduce should it become necessary. |
| 81 | McCoy Stipulation Email, Jan. 29, 2024 | Plaintiff offers this exhibit solely for the first bullet point detailing a stipulation made in discovery concerning Sgt. McCoy. Plaintiff objects to the admission of the remainder of the exhibit pursuant to Rule 403 (confusion), and if the exhibit is offered by Defendants, pursuant to Rules 801, 802, 805 (hearsay). If the parties reach a stipulation for trial in sum and substance the same as that contained in | NO OBJECTION TO STIPULATION BEING READ TO JURY | |

24

| | | | | |
|---|---|---|---|---|
| | | this exhibit, Plaintiff will no longer seek to offer this exhibit. | | |
| 82 | Albertha Linnen Affidavit, Mar. 9, 1992 | | 402 relevance; 403 confusion, prejudice 801-806 hearsay, no exception applies | Relevant to and probative of Plaintiff's innocence, circumstantial evidence of misconduct, damages; non-hearsay as consistent/inconsistent statement of a witness 801(d)(1). |
| 83 | Vernell Frasier Affidavit, Mar. 7, 1992 | | 402 relevance; 403 confusion, prejudice 801-806 hearsay, no exception applies | Relevant to and probative of Plaintiff's innocence, circumstantial evidence of misconduct, damages; non-hearsay as consistent/inconsistent statement of a witness 801(d)(1). |
| 84 | Linda Morant Affidavit and Phone Records, February 15, 1994 | | 402 relevance; 403 confusion, prejudice 801-806 hearsay, no exception applies | Relevant to and probative of Plaintiff's innocence, circumstantial evidence of misconduct, damages; non-hearsay as consistent/inconsistent statement of a witness 801(d)(1); admissible as statement made in public record 803(8); as to phone records in particular admissible as business records 803(6). |
| 85 | Linda Morant Fax, Oct. 11, 1990 | | 402 relevance; 403 confusion, prejudice 801-806 hearsay, no exception applies | Relevant to and probative of Plaintiff's innocence, circumstantial evidence of misconduct, damages; non-hearsay as consistent/inconsistent statement of a witness 801(d)(1); admissible as business records 803(6). |
| 86 | Compilation of Stefon Morant Prison Job Performance Evaluations | | 402, 403 RELEVANCE CUMULATIVE PREJUDICIAL, CONFUSING- | Relevant to and probative of Plaintiff's damages, in particular the nature of the harm of Plaintiff's wrongful incarceration. As such, the exhibit in its entirety is not cumulative. Plaintiff will lay a proper foundation to the admission of this exhibit and to the extent |

25

| | | | | SHOULD BE INTRODUCED THROUGH A WITNESS | Defendants have a particularized objection to the way in which this exhibit is sought to be introduced, Plaintiff will address it at trial when it becomes ripe. |
|---|---|---|---|---|---|
| 87 | Lewis v. State, Claims Commission Decision, July 28, 2023 | Plaintiff offers this exhibit solely for the legal effect of the decision. If the parties are able to stipulate to the decision's legal effect and/or if the Court were to take judicial notice of the same, Plaintiff would no longer seek to offer this exhibit. In all events, Plaintiff objects to the admission of all portions of the exhibit beyond those necessary to legal effect of the decision pursuant to Rules 401 (relevance); 403 (confusion, waste of time, unfairly prejudicial); 801, 802, 805 (hearsay) | | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Plaintiff offers this exhibit solely for the legal effect of the decision; the portions of the exhibit necessary to demonstrate the legal effect of the decision are relevant to Plaintiff's claims of misconduct, as well as his innocence, and is admissible as a non-hearsay verbal act. |
| 88 | Lewis Federal Habeas, Micheal Sweeney Testimony Transcript, June 5, 2013 | If offered by Defendants, Plaintiff objects to this exhibit pursuant to Rules 801, 802, 805 (hearsay). | | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Admissible as 801(d)(2) statement of party opponent; however, Plaintiff does not seek to admit the entirety of the transcript and will identify any limited portions he seeks to introduce should it become necessary. |
| 89 | Morant Hearing on Petition for New Trial, Vaughn Maher Testimony Transcript, Apr. 11, 2000 | If offered by Defendants, Plaintiff objects to this exhibit pursuant to Rules 801, 802, 805 (hearsay). | | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Admissible as 801(d)(2) statement of party opponent; however, Plaintiff does not seek to admit the entirety of the transcript and will identify any limited portions he seeks to introduce should it become necessary. |
| 90 | Lewis Federal Habeas, Vaughn Maher Testimony Transcript, June 12, 2013 | If offered by Defendants, Plaintiff objects to this exhibit pursuant to Rules 801, 802, 805 (hearsay). | | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character | Admissible as 801(d)(2) statement of party opponent; however, Plaintiff does not seek to admit the entirety of the transcript and will identify any limited portions he seeks to introduce should it become necessary. |

26

| | | | 801-806 hearsay, no exception applies | |
|---|---|---|---|---|
| 91 | Morant Hearing on Petition for New Trial, Michael Sweeney Testimony Transcript, Oct. 29, 1999 | If offered by Defendants, Plaintiff objects to this exhibit pursuant to Rules 801, 802, 805 (hearsay). | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Admissible as 801(d)(2) statement of party opponent; however, Plaintiff does not seek to admit the entirety of the transcript and will identify any limited portions he seeks to introduce should it become necessary. |
| 92 | Morant Hearing on Petition for New Trial, Vincent Raucci Deposition Transcript, Aug. 17, 1999 | If offered by Defendants, Plaintiff objects to this exhibit pursuant to Rules 801, 802, 805 (hearsay). | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Admissible as 801(d)(2) statement of party opponent; however, Plaintiff does not seek to admit the entirety of the transcript and will identify any limited portions he seeks to introduce should it become necessary. |
| 93 | State v. Lewis, Probable Cause Hearing Transcript, May 30, 1991 | Plaintiff only seeks to offer portions of this exhibit going to the procedural history of the underlying criminal cases as well as information known by the prosecutor at the given date. Plaintiff objects to all other portions of the exhibit pursuant to Rules 401 (relevance); 403 (confusion, misleading to the jury, unfairly prejudicial); 701 (improper opinion testimony); 801, 802, 805 (hearsay). Plaintiff notes that certain portions of this exhibit may require a limiting instruction from the Court depending on the purpose for which they are offered. | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | As to those portions Plaintiff seeks to admit, they are relevant to and probative of the Turner-Fields homicide investigation and attendant misconduct and are admissible as to state of mind and knowledge/disclosure. |
| 94 | State v. Lewis, Dismissal Hearing Transcript, Aug. 5, 2015 | | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character | Relevant to and probative of Turner-Fields homicide investigation and attendant misconduct, innocence; non hearsay consistent/inconsistent statements of a witness; statements in public records 803(8). |

27

| | | | | |
|---|---|---|---|---|
| | | | 801-806 hearsay, no exception applies | |
| 95 | Stefon Morant Pardon Application, Jan. 27, 2021 | | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to and probative of Turner-Fields homicide investigation and attendant misconduct, innocence, damages; admissible as prior consistent statement of a witness, to show nature of pardon application rather than truth of any assertion. |
| 96 | R. Fleming, Trial Transcript, May 19, 1992 [Fleming] | Plaintiff objects to the admission of this exhibit in its entirety pursuant to Rules 401 (relevance); 403 (confusion, misleading the jury, waste of time); 602 (lack of personal knowledge); 801, 802, 805 (hearsay). Any party seeking to offer a portion of this exhibit shall designate the relevant portion in advance to allow for specific objections, as provided for by the parties' agreement memorialized in the JTM. | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims demonstrating that the NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction; also relevant to Plaintiff's claim of a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Also admissible on non-hearsay grounds for notice. |
| 97 | R. Fleming, Probable Cause Hrg. Transcript, June 20, 1991 [Fleming] | Plaintiff objects to the admission of this exhibit in its entirety pursuant to Rules 401 (relevance); 403 (confusion, misleading the jury, waste of time); 602 (lack of personal knowledge); 801, 802, 805 (hearsay). Any party seeking to offer a portion of this exhibit shall designate the relevant portion in advance to allow for specific objections, as provided for by the parties' agreement memorialized in the JTM. | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims demonstrating that the NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction; also relevant to Plaintiff's claim of a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Also admissible on non-hearsay grounds for notice. |
| 98 | Rose Dell Deposition, Jan. 17, 2024 | If offered by Defendants, Plaintiff objects to this exhibit pursuant to Rules 801, 802, 805 (hearsay). | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character | Ms. Dell's testimony is in her capacity as a 30(b)(6) representative of the City and is therefore admissible under 801(d)(1) and/or 801(d)(2) if Plaintiff offers it. |

| | | | 801-806 hearsay, no exception applies WITNESS WILL TESTIFY LIVE | |
|---|---|---|---|---|
| 99 | Preston Statement, April 27, 1994 [Streater] | | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims demonstrating that the NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction; also relevant to Plaintiff's claim of a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Also admissible on non-hearsay grounds for notice. |
| 100 | Audio Recording of New Mexico v. Vincent Raucci, 608-CR-202300095, Criminal Trial | If offered by Defendants, Plaintiff objects to this exhibit pursuant to Rules 801, 802, 805 (hearsay). | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to and probative of Defendant Raucci's claimed misconduct in this case, credibility; admissible pursuant to Rules 608 and/or 609; admissible as non-hearsay statement of party opponent 801(d)(2) |
| 101 | Dease Report, Feb. 5, 1999 [Horn_Jackson] | | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims of a pattern and practice of misconduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Admissible as non-hearsay statement of party opponent 801(d)(2); business records, 803(6); statements in a public record, 803(8). |
| 102 | All Physical Evidence Inventoried in Turner-Fields Murder Investigation | | NO OBJECTION | |

29

| 103 | Pardon Hearing Minutes, July 26, 2022 [Harris] | | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies<br><br>THE FAVORABLE TERMINATION ISSUE IS NOT BEFORE THE JURY THE COURT HAS DECIDED THIS ALREADY | Relevant to Plaintiff's *Monell* claim that the NHPD had a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Admissible as statements made in a public record, 803(8). |
|---|---|---|---|---|
| 104 | Fleming Press Compilation | | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims on the ground that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as to Plaintiff's claim of a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Also admissible on nonhearsay grounds for notice, non-hearsay statement of party opponent 801(d)(2); and as ancient documents, 803(16). |
| 105 | Maher Report, Dec. 22, 1983 [Harris] | | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims on the ground that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as to Plaintiff's claim of a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Further admissible on nonhearsay |

| | | | | grounds for notice, ; business record under 803(6); statements made in a public record, 803(8), and under 801(d)(2), as a statement of a party-opponent. |
|---|---|---|---|---|
| 106 | Compilation of Stefon Morant Prison Certificates | | | 402, 403 RELEVANCE CUMULATIVE PREJUDICIAL, CONFUSING- SHOULD BE INTRODUCED THROUGH A WITNESS | Relevant to and probative of Plaintiff's damages, in particular the nature of the harm of Plaintiff's wrongful incarceration. As such, the exhibit in its entirety is not cumulative. Plaintiff will lay a proper foundation to the admission of this exhibit and to the extent Defendants have a particularized objection to the way in which this exhibit is sought to be introduced, Plaintiff will address it at trial when it becomes ripe. |
| 107 | City's Supplemental Response to Plaintiff's 2nd RFPs re Cusick, March 4, 2024 | If offered by Defendants, Plaintiff objects to this exhibit pursuant to Rules 801, 802, 805 (hearsay). | | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims by illustrating the scope of the City's file related to an incident of police misconduct that the City never fully investigated. Admissible under 801(d)(2) as statements by the City. |
| 108 | City's Supplemental Response to Plaintiff's 2nd RFPs re Vega, March 5, 2024 | If offered by Defendants, Plaintiff objects to this exhibit pursuant to Rules 801, 802, 805 (hearsay). | | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims by illustrating the scope of the City's file related to an investigation pre-dating Plaintiff's case that resulted in two wrongful convictions as a result of police misconduct. Admissible under  801(d)(2) as statements by the City. |
| 109 | City's Supplemental Response to Plaintiff's 2nd RFPs re Wearing-Sullivan, March 8, 2024 | If offered by Defendants, Plaintiff objects to this exhibit pursuant to Rules 801, 802, 805 (hearsay). | | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims by illustrating the scope of the City's files on the supervision, discipline, and internal investigation of two NHPD officers known to have engaged in misconduct around the time of |

31

| | | | | Plaintiff's wrongful conviction. Admissible under 801(d)(2) as statements by the City. |
|---|---|---|---|---|
| 110 | Golino v. City of New Haven (2d Cir. 1991) | Plaintiff offers this exhibit solely as notice evidence. If the parties are able to stipulate to the portions relevant to notice and/or if the Court were to take judicial notice of the same, Plaintiff would no longer seek to offer this exhibit. In all events, Plaintiff objects to the admission of all portions of the exhibit beyond those necessary to establish the fact of the decision pursuant to Rules 401 (relevance); 403 (confusion, waste of time, unfairly prejudicial); 801, 802, 805 (hearsay) | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims on the ground that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Further, Plaintiff seeks only to introduce the relevant portions of the opinion including that a NHPD officer active at the time of Plaintiff's wrongful conviction admitted to a practice of omitting exculpatory evidence from arrest warrant applications. |
| 111 | Complete Original Police File for Turner-Fields Murder Investigation | Plaintiff objects to the admission of NH439 and the discussion of Helen Gray at NH445-46 pursuant to Rules 401 (relevance); 403 (confusion, unfairly prejudicial, misleading the jury, waste of time); 801, 802, 805 (hearsay). | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Plaintiff intends to subpoena the physical police file for presence at trial, and intends to offer portions of or the entirety of the original file in the event that they are probative of any fact relating to the investigation or related misconduct in ways distinct from or supplemental to the scan of the police file listed by all parties as Trial Exhibit 1. As Defendants concede the admissibility of Trial Exhibit 1, Plaintiff is unaware of anything about the physical file that should occasion specific objections to admissibility. |
| 112 | INTENTIONALLY BLANK | | | |
| 113 | INTENTIONALLY BLANK | | | |
| 114 | Compilation of Stefon Morant DOC | | | |

| | | | |
|---|---|---|---|
| | Documents, Feb. 28, 1992 | | | |
| 115 | Kimberly Morant Phone Records, 2008-11 | | 402, 403 RELEVANCE CUMULATIVE PREJUDICIAL, CONFUSING-<br><br>SHOULD BE INTRODUCED THROUGH A WITNESS | Relevant to and probative of Plaintiff's damages, in particular the nature of the harm of Plaintiff's wrongful incarceration. As such, the exhibit in its entirety is not cumulative. Plaintiff will lay a proper foundation to the admission of this exhibit and to the extent Defendants have a particularized objection to the way in which this exhibit is sought to be introduced, Plaintiff will address it at trial when it becomes ripe. |
| 116 | State v. Lewis, Stefon Morant Subpoena, Apr. 26, 1991 | | 402 relevance;<br>403 confusion, prejudice<br>404 and 405  bad acts, character<br>801-806 hearsay, no exception applies | Relevant to and probative of Turner-Fields homicide investigation and attendant misconduct, including the procedural history of the prosecution; not offered for the truth, admissible as statement in public records 803(8); ancient documents 803(16). |
| 117 | Downing Statement, Aug. 27, 1984 [Harris] | | 402 relevance;<br>403 confusion, prejudice<br>404 and 405  bad acts, character<br>801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims on the ground that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Also admissible on nonhearsay grounds for notice, not offered for the truth, as statements of a party opponent under 801(d)(2), as business records under 803(6)and statements made in public record, 803(8). |
| 118 | Valentine CIU Memo, Sept. 16, 2022 | | 402 relevance;<br>403 confusion, prejudice | Relevant to Plaintiff's *Monell* claims on the as evidence of a pattern and practice of |

33

| | | | 404 and 405  bad acts, character<br>801-806 hearsay, no exception applies | unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Admissible as a public record under FRE 803(8). |
|---|---|---|---|---|
| 119 | Streater Police Report Compilation | | 402 relevance;<br>403 confusion, prejudice<br>404 and 405  bad acts, character<br>801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims on the ground that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Also admissible on nonhearsay grounds for notice, as statements of a party opponent under 801(d)(2), as business records under 803(6)and statements made in public records, 803(8). |
| 120 | Transcript of New Mexico v. Vincent Raucci, 608-CR-202300095, Criminal Trial | If offered by Defendants, Plaintiff objects to this exhibit pursuant to Rules 801, 802, 805 (hearsay). | 402 relevance;<br>403 confusion, prejudice<br>404 and 405  bad acts, character<br>801-806 hearsay, no exception applies | Relevant to and probative of Defendant Raucci's claimed misconduct in this case, credibility; admissible pursuant to Rules 608 and/or 609; admissible as non-hearsay statement of party opponent 801(d)(2) |
| 121 | INTENTIONALLY BLANK | | | |
| 122 | Harris Arrest Warrant Aff. | | 402 relevance;<br>403 confusion, prejudice<br>404 and 405  bad acts, character<br>801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims on the ground that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove |

| | | | | those claims. Not offered for its truth; admissible as non-hearsay statement of party opponent 801(d)(2); as business records under 803(6) and as statements made in public records 803(8). |
|---|---|---|---|---|
| 123 | 1995.04.03 Sweeney Testimony in Carmon Trial | Plaintiff may seek to offer portions of this prior testimony as party admissions. If offered by Defendants, Plaintiff objects to this exhibit in its entirety pursuant to Rules 801, 802, 805 (hearsay). Plaintiff notes that certain portions of this exhibit may require a limiting instruction from the Court depending on the purpose for which they are offered. | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Admissible as 801(d)(2) statement of party opponent; however, Plaintiff does not seek to admit the entirety of the transcript and will identify any limited portions he seeks to introduce should it become necessary. |
| 124 | Vacatur Transcript, Apr. 25, 2018 [Horn_Jackson] | Plaintiff offers this exhibit solely for legal effect of the decision. If the parties are able to stipulate to the decision's legal effect and/or if the Court were to take judicial notice of the same, Plaintiff would no longer seek to offer this exhibit. In all events, Plaintiff objects to the admission of all portions of the exhibit beyond those necessary to establish the legal effect of the decision pursuant to Rules 401 (relevance); 403 (confusion, waste of time, unfairly prejudicial); 801, 802, 805 (hearsay) | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claim that the NHPD had a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Admissible as statements made in a public record, 803(8). |
| 105 | Stefon Morant Inmate Fees Forms | | 402, 403 RELEVANCE CUMULATIVE PREJUDICIAL, CONFUSING- SHOULD BE INTRODUCED THROUGH A WITNESS | Relevant to and probative of Plaintiff's damages, in particular the nature of the harm of Plaintiff's wrongful incarceration. As such, the exhibit in its entirety is not cumulative. Plaintiff will lay a proper foundation to the admission of this exhibit and to the extent Defendants have a particularized objection to the way in which this exhibit is sought to be |

35

| | | | | |
|---|---|---|---|---|
| | | | | introduced, Plaintiff will address it at trial when it becomes ripe. |
| 126 | Stefon Morant Prison Payment Receipts | | 402, 403 RELEVANCE CUMULATIVE PREJUDICIAL, CONFUSING- <br><br> SHOULD BE INTRODUCED THROUGH A WITNESS | Relevant to and probative of Plaintiff's damages, in particular the nature of the harm of Plaintiff's wrongful incarceration. As such, the exhibit in its entirety is not cumulative. Plaintiff will lay a proper foundation to the admission of this exhibit and to the extent Defendants have a particularized objection to the way in which this exhibit is sought to be introduced, Plaintiff will address it at trial when it becomes ripe. |
| 127 | Gang Slaying May Lie at Heart of Probe Into New Haven Police [Cusick] | | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claim that the NHPD had a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Admissible for notice; statement of a party opponent under 801(d)(2). |
| 128 | Flyer for Prison Fast | | 402, 403 RELEVANCE CUMULATIVE PREJUDICIAL, CONFUSING- <br><br> SHOULD BE INTRODUCED THROUGH A WITNESS | Relevant to and probative of Plaintiff's damages, in particular the nature of the harm of Plaintiff's wrongful incarceration. As such, the exhibit in its entirety is not cumulative. Plaintiff will lay a proper foundation to the admission of this exhibit and to the extent Defendants have a particularized objection to the way in which this exhibit is sought to be introduced, Plaintiff will address it at trial when it becomes ripe. |
| 129 | Arrest Warrant, Mar. 12, 1999 [Horn_Jackson] | | 402 relevance; 403 confusion, prejudice | Relevant to Plaintiff's *Monell* claims of a pattern and practice of misconduct.  As this Court held at summary judgment, proof of |

| | | | | |
|---|---|---|---|---|
| | | | 801-806 hearsay, no exception applies | other examples of NHPD misconduct may be relevant to prove those claims. Admissible as not offered for the truth, statement of a party opponent under 801(d)(2); business record under 803(6), statements in a public record, 803(8). |
| 130 | Ovil Ruiz Arrest Warrant, Torres Shooting, January 9, 1991 | | 402 relevance; 403 confusion, prejudice 801-806 hearsay, no exception applies | Relevant to and probative of Turner-Fields homicide investigation and attendant misconduct; To the extent contains bad acts/character evidence, admissible to show motive, opportunity, intent; admissible as statement of a party opponent under 801(d)(2); business record under 803(6),  803(8) public record. |
| 131 | Hamilton CRU Report | | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims on the ground that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Admissible as a public record under FRE 803(8). |
| 132 | Tim Reardon Memo re Diana Basilicato ID Procedure, June 9, 2005 | | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to and probative of the Turner-Fields homicide investigation and attendant misconduct, innocence; non-hearsay as consistent/inconsistent statement of a witness 801(d)(1); public record 803(8) |
| 133 | Cain (30b6) Deposition, Sept. 18, 2020 [Horn-Jackson] | If offered by Defendants, Plaintiff objects to this exhibit pursuant to Rules 801, 802, 805 (hearsay). | 402 relevance; 403 confusion, prejudice | Ms. Cain's testimony is in her capacity as a 30(b)(6) representative of the City and is |

37

| | | | 404 and 405  bad acts, character<br>801-806 hearsay, no exception applies<br>WITNESS WILL TESTIFY LIVE | therefore admissible under 801(d)(1) and/or 801(d)(2) to the extent offered by Plaintiff |
|---|---|---|---|---|
| 134 | Coleman Trial Transcript, Apr. 6-7, 1994 [Valentine] | Plaintiff may seek to offer portions of this testimony. Any party seeking to offer a portion of this exhibit shall designate the relevant portion in advance to allow for specific objections, as provided for by the parties' agreement memorialized in the JTM. Plaintiff objects to the admission of this exhibit in its entirety pursuant to Rules 401 (relevance); 403 (confusion, misleading the jury, waste of time); 602 (lack of personal knowledge); 801, 802, 805 (hearsay). | 402 relevance;<br>403 confusion, prejudice<br>404 and 405  bad acts, character<br>801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims on the ground that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as supports Plaintiff's claim of a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Also admissible on nonhearsay grounds for notice, as statements made in a public record, 803(8). |
| 135 | Andrews Affidavit, Dec. 8, 1993 [Streater] | | 402 relevance;<br>403 confusion, prejudice<br>404 and 405  bad acts, character<br>801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims on the ground that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as supports Plaintiff's claim of a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Admissible as non-hearsay grounds for notice. |
| 136 | Stiles Statement, Aug. 2, 1993 [Gould_Taylor] | | 402 relevance;<br>403 confusion, prejudice<br>404 and 405  bad acts, character | This exhibit supports Plaintiff's *Monell* claims on the ground that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at |

| | | | 801-806 hearsay, no exception applies | summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Not offered for the truth. It is also admissible on nonhearsay grounds for notice; admissible as a statement of a party opponent under 801(d)(2); as a business record under 803(6) and as a public record under 803(8). ). |
|---|---|---|---|---|
| 137 | Excerpt from Stefon Morant Prison Prayer Journal 1996-2000 | | 402, 403 RELEVANCE CUMULATIVE PREJUDICIAL, CONFUSING- SHOULD BE INTRODUCED THROUGH A WITNESS | Relevant to and probative of Plaintiff's damages, in particular the nature of the harm of Plaintiff's wrongful incarceration. As such, the exhibit in its entirety is not cumulative. Plaintiff will lay a proper foundation to the admission of this exhibit and to the extent Defendants have a particularized objection to the way in which this exhibit is sought to be introduced, Plaintiff will address it at trial when it becomes ripe. |
| 138 | Charles Drago CV | | 801-806 hearsay, no exception applies | Admissible as a business record 803(6). |
| 139 | Bruce Koenig CV | | 801-806 hearsay, no exception applies | Admissible as a business record 803(6). |
| 140 | Adeyinka Akinsulure-Smith CV | | 801-806 hearsay, no exception applies | Admissible as a business record 803(6). |
| 141 | State v. Harris Decision, July 17, 1990 | Plaintiff offers this exhibit solely as notice evidence. If the parties are able to stipulate to the portions relevant to notice and/or if the Court were to take judicial notice of the same, Plaintiff would no longer seek to offer this exhibit. In all events, Plaintiff objects to the admission of all portions of the exhibit beyond those necessary to establish the fact | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims on the ground that NHPD had a pattern and practice of unconstitutional misconduct, and that it had notice of such misconduct before Plaintiff's wrongful conviction. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Further, Plaintiff seeks only to |

| | | | | |
|---|---|---|---|---|
| | | of the decision pursuant to Rules 401 (relevance); 403 (confusion, waste of time, unfairly prejudicial); 801, 802, 805 (hearsay) | | introduce notice of the relevant factual findings of the court discussion: that NHPD officers told a witness who to pick from a photo lineup or he would face criminal liability himself. |
| 142 | Greene Report, Jan. 22, 1991 [Ham] | | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's Monell claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Not offered for the truth. Admissible on nonhearsay grounds for notice, and as statement by a party opponent under 801(d)(2); as a business record under 803(6), and statements made in a public record, 803(8). |
| 143 | Greene Report, Feb. 13, 1991 [Ham] | | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's Monell claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Not offered for the truth. Admissible on nonhearsay grounds for notice, and as statement by a party opponent under 801(d)(2); as a business record under 803(6), and statements made in a public record, 803(8). |
| 144 | Cypress Statement, Feb. 6, 1991 [Ham] | | 402 relevance; 403 confusion, prejudice | Relevant to Plaintiff's Monell claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well |

40

| | | | 404 and 405  bad acts, character<br>801-806 hearsay, no exception applies | as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Not offered for the truth. Admissible on nonhearsay grounds for notice, statement by a party opponent under 801(d)(2); as a business record under 803(6), and statements made in a public record, 803(8). |
|---|---|---|---|---|
| 145 | Greene Report, Feb. 12, 1991 [Ham] | | 402 relevance;<br>403 confusion, prejudice<br>404 and 405  bad acts, character<br>801-806 hearsay, no exception applies | Relevant to Plaintiff's Monell claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Not offered for the truth. Admissible on nonhearsay grounds for notice, statement by a party opponent under 801(d)(2); as a business record under 803(6), and statements made in a public record, 803(8). |
| 146 | Davis Statement [Ham] | | 402 relevance;<br>403 confusion, prejudice<br>404 and 405  bad acts, character<br>801-806 hearsay, no exception applies | Relevant to Plaintiff's Monell claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Admissible on nonhearsay grounds for notice, statement by a party opponent under 801(d)(2); as a business record under 803(6), and statements made in a public record, 803(8). |

41

| 147 | Cartoceti Report, Jan. 28, 1991 [Ham] | | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's Monell claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims.  Not offered for the truth. Admissible on nonhearsay grounds for notice, and statement by a party opponent under 801(d)(2); as a business record under 803(6), and statements made in a public record, 803(8). |
| --- | --- | --- | --- | --- |
| 148 | Greene Report, Apr. 12, 1991 [Ham] | | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's Monell claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Not offered for the truth. Admissible on nonhearsay grounds for notice, statement by a party opponent under 801(d)(2); as a business record under 803(6), and statements made in a public record, 803(8). |
| 149 | Greene Mal Pros Verdict, Mar. 4, 1996 [Ham] | Plaintiff offers this exhibit solely for the legal finding(s) applicable to Defendant(s) and for any facts integral to that finding/those findings, as part of Plaintiff's collateral estoppel arguments elaborated in Plaintiff's pending MIL regarding the same. If the Court were to determine that this information is better conveyed to the jury in the form of an instruction, via judicial notice, or if the | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant on collateral-estoppel grounds to prove Plaintiff's Monell claims; as this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Admissible as statements made in a public record, 803(8), and statements made in an ancient document, 803(16). |

| | | | | |
|---|---|---|---|---|
| | | parties can reach a stipulation on key facts, then Plaintiff would not seek to introduce this exhibit. Plaintiff thus objects to the admission of all portions of this exhibit other than those necessary for collateral estoppel pursuant to Rules 401 (relevance); 403 (confusion, misleading the jury, waste of time); 801, 802, 805 (hearsay). | | |
| 150 | Greene False Arrest Verdict, Mar. 4, 1996 [Ham] | Plaintiff offers this exhibit solely for the legal finding(s) applicable to Defendant(s) and for any facts integral to that finding/those findings, as part of Plaintiff's collateral estoppel arguments elaborated in Plaintiff's pending MIL regarding the same. If the Court were to determine that this information is better conveyed to the jury in the form of an instruction, via judicial notice, or if the parties can reach a stipulation on key facts, then Plaintiff would not seek to introduce this exhibit. Plaintiff thus objects to the admission of all portions of this exhibit other than those necessary for collateral estoppel pursuant to Rules 401 (relevance); 403 (confusion, misleading the jury, waste of time); 801, 802, 805 (hearsay). | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant on collateral-estoppel grounds to prove Plaintiff's *Monell* claims, as this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Admissible as statements made in a public record, 803(8), and statements made in an ancient document, 803(16). |
| 151 | Sweeney Mal Pros Verdict, Mar. 4, 1996 [Ham] | Plaintiff offers this exhibit solely for the legal finding(s) applicable to Defendant(s) and for any facts integral to that finding/those findings, as part of Plaintiff's collateral estoppel arguments elaborated in Plaintiff's pending MIL regarding the same. If the Court | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant on collateral-estoppel grounds to prove Plaintiff's *Monell* claims, as this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Also admissible as statements made in a public record, |

| | | | | 803(8), and statements made in an ancient document, 803(16). |
|---|---|---|---|---|
| | | were to determine that this information is better conveyed to the jury in the form of an instruction, via judicial notice, or if the parties can reach a stipulation on key facts, then Plaintiff would not seek to introduce this exhibit. Plaintiff thus objects to the admission of all portions of this exhibit other than those necessary for collateral estoppel pursuant to Rules 401 (relevance); 403 (confusion, misleading the jury, waste of time); 801, 802, 805 (hearsay). | Sweeney objects to the admission of this exhibit pursuant to Rules 401 (relevance) and 403 (confusion, unfairly prejudicial, misleading the jury, waste of time). | |
| 152 | Sweeney False Arrest Verdict, Mar. 4, 1996 [Ham] | Plaintiff offers this exhibit solely for the legal finding(s) applicable to Defendant(s) and for any facts integral to that finding/those findings, as part of Plaintiff's collateral estoppel arguments elaborated in Plaintiff's pending MIL regarding the same. If the Court were to determine that this information is better conveyed to the jury in the form of an instruction, via judicial notice, or if the parties can reach a stipulation on key facts, then Plaintiff would not seek to introduce this exhibit. Plaintiff thus objects to the admission of all portions of this exhibit other than those necessary for collateral estoppel pursuant to Rules 401 (relevance); 403 (confusion, misleading the jury, waste of time); 801, 802, 805 (hearsay). | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies  Sweeney objects to the admission of this exhibit pursuant to Rules 401 (relevance) and 403 (confusion, unfairly prejudicial, misleading the jury, waste of time). | Relevant on collateral-estoppel grounds to prove Plaintiff's *Monell* claims, as this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Also admissible as statements made in a public record, 803(8), and statements made in an ancient document, 803(16). |
| 153 | Greene Report, Sept. 22, 1991 [Valentine] | | 402 relevance; 403 confusion, prejudice | Relevant to Plaintiff's Monell claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well |

44

| | | | 404 and 405  bad acts, character<br>801-806 hearsay, no exception applies | as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Not offered for the truth. Admissible on nonhearsay grounds for notice, statement by a party opponent under 801(d)(2); as a business record under 803(6), and statements made in a public record, 803(8). |
| 154 | Greene Report, Sept. 28, 1991 [Valentine] | | 402 relevance;<br>403 confusion, prejudice<br>404 and 405  bad acts, character<br>801-806 hearsay, no exception applies | Relevant to Plaintiff's Monell claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Not offered for the truth. Admissible on nonhearsay grounds for notice, statement by a party opponent under 801(d)(2); as a business record under 803(6), and statements made in a public record, 803(8). |
| 155 | Coleman Statement [Valentine] | | 402 relevance;<br>403 confusion, prejudice<br>404 and 405  bad acts, character<br>801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Not offered for the truth. Admissible on nonhearsay grounds for notice, statement by a party opponent under 801(d)(2); as a business record under 803(6), and statements made in a public record, 803(8). |

| 156 | DiLullo Report, Sept. 26, 1991 [Valentine] | | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Not offered for the truth. Admissible on nonhearsay grounds for notice, statement by a party opponent under 801(d)(2); as a business record under 803(6), and statements made in a public record, 803(8). |
| 157 | Higgins Statement, Sept. 26, 1991 [Valentine] | | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Not offered for the truth. Admissible on nonhearsay grounds for notice, statement by a party opponent under 801(d)(2); as a business record under 803(6), and statements made in a public record, 803(8). |
| 158 | Greene Report, Oct. 10, 1991 [Valentine] | | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Not offered for the truth. Admissible on nonhearsay grounds for notice, statement by |

46

| | | | |
|---|---|---|---|
| | | | a party opponent under 801(d)(2); as a business record under 803(6), and statements made in a public record, 803(8). |
| 159 | Arrest Warrant Application, Oct. 11, 1991 [Valentine] | | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims.  Not offered for the truth. Admissible on nonhearsay grounds for notice, statement by a party opponent under 801(d)(2); as a business record under 803(6), and statements made in a public record, 803(8). |
| 160 | Green Police Report, May 10, 1990 [Streater] | | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Not offered for the truth. Admissible on nonhearsay grounds for notice, statement by a party opponent under 801(d)(2); as a business record under 803(6), and statements made in a public record, 803(8). |
| 161 | Greene Police Report, May 11, 1990 [Streater] | | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character | Relevant to Plaintiff's *Monell* claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary |

| | | | 801-806 hearsay, no exception applies | judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Not offered for the truth. Admissible on nonhearsay grounds for notice, statement by a party opponent under 801(d)(2); as a business record under 803(6), and statements made in a public record, 803(8). |
|---|---|---|---|---|
| 162 | State v. Streater Decision, Jan. 25, 1995 | Plaintiff offers this exhibit for the relevant underlying facts, as notice evidence. If the Court were to take judicial notice of the same, Plaintiff would no longer seek to offer this exhibit. In all events, Plaintiff objects to the admission of all portions of the exhibit beyond those necessary to establish the relevant underlying facts pursuant to Rules 401 (relevance); 403 (confusion, waste of time, unfairly prejudicial); 801, 802, 805 (hearsay) | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Plaintiff would seek only to introduce the court's discussion providing notice of the relevant facts, such as NHPD coercion of key witnesses. |
| 163 | Cheek Statement, May 10, 1990 [Streater] | | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Not offered for the truth. Admissible on nonhearsay grounds for notice, statement by a party opponent under 801(d)(2); as a business record under 803(6), and statements made in a public record, 803(8). |

| 164 | Higgins, Criminal Trial Transcript, Apr. 12, 1994 [Valentine] | Plaintiff may seek to offer portions of this exhibit as notice evidence. Plaintiff objects to the admission of all other portions of this exhibit pursuant to Rules 401 (relevance); 403 (confusion, misleading the jury, waste of time); 602 (lack of personal knowledge); 801, 802, 805 (hearsay). Plaintiff notes that certain portions of this exhibit may require a limiting instruction from the Court depending on the purpose for which they are offered. | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Admissible for notice. Also admissible as 801(d)(1) prior consistent and/or inconsistent statement by witness. |
| 165 | Higgins, Criminal Trial Transcript, Apr. 13, 1994 [Valentine] | Plaintiff may seek to offer portions of this exhibit as notice evidence. Plaintiff objects to the admission of all other portions of this exhibit pursuant to Rules 401 (relevance); 403 (confusion, misleading the jury, waste of time); 602 (lack of personal knowledge); 801, 802, 805 (hearsay). Plaintiff notes that certain portions of this exhibit may require a limiting instruction from the Court depending on the purpose for which they are offered. | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Admissible for notice. Also admissible as 801(d)(1) prior consistent and/or inconsistent statement by witness. |
| 166 | Cypress Statement, Feb. 11, 1991 [Ham] | | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Not offered for the truth. Admissible on nonhearsay grounds for notice, statement by a party opponent under 801(d)(2); as a business record under 803(6), and statements made in a public record, 803(8). |

| 167 | Gould Dismissal Hrg. Transcript, Feb. 1, 2024 [Gould_Taylor] | Plaintiff offers this exhibit solely for the legal effect of the decision. If the parties are able to stipulate to the decision's legal effect and/or if the Court were to take judicial notice of the same, Plaintiff would no longer seek to offer this exhibit. In all events, Plaintiff objects to the admission of all portions of the exhibit beyond those necessary to establish the legal effect of the decision pursuant to Rules 401 (relevance); 403 (confusion, waste of time, unfairly prejudicial); 801, 802, 805 (hearsay) | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claim that the NHPD had a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Admissible as non-hearsay statement with legal effect,  statements of a public record, 803(8). |
| 168 | Taylor Dismissal Hrg. Transcript, Oct. 10, 2024 [Gould_Taylor] | Plaintiff offers this exhibit solely for the legal effect of the decision. If the parties are able to stipulate to the decision's legal effect and/or if the Court were to take judicial notice of the same, Plaintiff would no longer seek to offer this exhibit. In all events, Plaintiff objects to the admission of all portions of the exhibit beyond those necessary to establish the legal effect of the decision pursuant to Rules 401 (relevance); 403 (confusion, waste of time, unfairly prejudicial); 801, 802, 805 (hearsay) | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claim that the NHPD had a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Admissible as non-hearsay statement with legal effect, statements of a public record, 803(8). |
| 169 | Brock Trial Testimony, Apr. 18-19, 1994 [Valentine] | Plaintiff may seek to offer portions of this exhibit as notice evidence. Plaintiff objects to the admission of all other portions of this exhibit pursuant to Rules 401 (relevance); 403 (confusion, misleading the jury, waste of time); 602 (lack of personal knowledge); 801, 802, 805 (hearsay). Plaintiff notes that certain portions of this exhibit may require a limiting instruction from the Court depending on the purpose for which they are offered. | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Also on nonhearsay grounds for notice and as admissible as 801(d)(1) prior consistent and/or inconsistent statement by witness; statements in public records 803(8). |

| 170 | Commutation, May 13, 2022 [Valentine] | Plaintiff offers this exhibit solely for the legal effect of the decision. If the parties are able to stipulate to the decision's legal effect and/or if the Court were to take judicial notice of the same, Plaintiff would no longer seek to offer this exhibit. In all events, Plaintiff objects to the admission of all portions of the exhibit beyond those necessary to establish the legal effect of the decision pursuant to Rules 401 (relevance); 403 (confusion, waste of time, unfairly prejudicial); 801, 802, 805 (hearsay) | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claim that the NHPD had a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Admissible as statements made in a public record, 803(8). |
| 171 | Carmon Dismissal Proceeding, June 13, 2023 | Plaintiff offers this exhibit solely for the legal effect of the decision. If the parties are able to stipulate to the decision's legal effect and/or if the Court were to take judicial notice of the same, Plaintiff would no longer seek to offer this exhibit. In all events, Plaintiff objects to the admission of all portions of the exhibit beyond those necessary to establish the legal effect of the decision pursuant to Rules 401 (relevance); 403 (confusion, waste of time, unfairly prejudicial); 801, 802, 805 (hearsay) | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claim that the NHPD had a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Admissible as non hearsay statement with legal effect, statements made in a public record, 803(8). |
| 172 | Certificate of Pardon, Apr. 6, 2022 [Streater] | | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claim that the NHPD had a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Admissible as statements made in a public record, 803(8). |
| 173 | Stephenson Report, Feb. 14, 1994 [Carmon] | | 402 relevance; 403 confusion, prejudice | Relevant to Plaintiff's *Monell* claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well |

| | | | 404 and 405 bad acts, character<br>801-806 hearsay, no exception applies | as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Not offered for the truth. Admissible on nonhearsay grounds for notice, statement by a party opponent under 801(d)(2); as a business record under 803(6), and statements made in a public record, 803(8). |
|---|---|---|---|---|
| 174 | City Monell Interrogatory Responses Part 1 [Carmon] | Plaintiff may seek to offer portions of this prior testimony as party admissions. If offered by Defendants, Plaintiff objects to this exhibit in its entirety pursuant to Rules 801, 802, 805 (hearsay). | 402 relevance;<br>403 confusion, prejudice | Plaintiff seeks to introduce the relevant portions of this exhibit, in support of his *Monell* claims. This exhibit contains statements by an opposing party, and is not hearsay under FRE 801(d)(2). |
| 175 | City Monell Interrogatory Responses Part 2 [Carmon] | Plaintiff may seek to offer portions of this prior testimony as party admissions. If offered by Defendants, Plaintiff objects to this exhibit in its entirety pursuant to Rules 801, 802, 805 (hearsay). | 402 relevance;<br>403 confusion, prejudice | Plaintiff seeks to introduce the relevant portions of this exhibit, in support of his *Monell* claims. This exhibit contains statements by an opposing party, and is not hearsay under FRE 801(d)(2). |
| 176 | DiLullo Report Supplemental, Feb. 22, 1994 [Carmon] | | 402 relevance;<br>403 confusion, prejudice<br>404 and 405 bad acts, character<br>801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Not offered for the truth. Admissible on nonhearsay grounds for notice, statement by a party opponent under 801(d)(2); as a business record under 803(6), and statements made in a public record, 803(8). |

| 177 | DiLullo Report, Feb. 17, 1994 [Carmon] | | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Not offered for the truth. Admissible on nonhearsay grounds for notice, statement by a party opponent under 801(d)(2); as a business record under 803(6), and statements made in a public record, 803(8). |
| 178 | Stanley Photo ID [Carmon] | | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Not offered for the truth. Admissible on nonhearsay grounds for notice, statement by a party opponent under 801(d)(2); as a business record under 803(6), and statements made in a public record, 803(8). |
| 179 | McDonald Statement, Feb. 12, 1994 [Carmon] | | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Not offered for the truth. Admissible on nonhearsay grounds for notice, statement by |

| | | | |
|---|---|---|---|
| | | | a party opponent under 801(d)(2); as a business record under 803(6), and statements made in a public record, 803(8). |
| 180 | Arrest Warrant (with proposed redaction), Feb. 23, 1994 [Carmon] | | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Not offered for the truth. Admissible on non-hearsay grounds for notice, statement by a party opponent under 801(d)(2); as a business record under 803(6), and statements made in a public record, 803(8). |
| 181 | Gethers Report (Stiles), August 3, 1994 [Gould_Taylor] | | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Not offered for the truth. Admissible on non-hearsay grounds for notice, statement by a party opponent under 801(d)(2); as a business record under 803(6), and statements made in a public record, 803(8). |
| 182 | Golino Press Compilation | | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character | Relevant to Plaintiff's *Monell* claims on the ground that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as to Plaintiff's claim of a pattern and practice of unconstitutional |

54

| | | | 801-806 hearsay, no exception applies | conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Admissible on non-hearsay grounds for notice and as ancient documents under FRE 803(16). |
|---|---|---|---|---|
| 183 | Douglas Affidavit, Sept. 10, 1993 [Hamilton] | Plaintiff may seek to offer portions of this exhibit as notice evidence. Plaintiff objects to the admission of all other portions of this exhibit pursuant to Rules 401 (relevance); 403 (confusion, misleading the jury, waste of time); 602 (lack of personal knowledge); 801, 802, 805 (hearsay). Plaintiff notes that certain portions of this exhibit may require a limiting instruction from the Court depending on the purpose for which they are offered. | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims on the ground that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as to Plaintiff's claim of a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Also admissible on non-hearsay grounds for notice. |
| 184 | State v. Jones, 29 Conn. App. 304 (1992) | Plaintiff offers this exhibit for the legal effect of the decision, and as notice evidence. If the parties are able to stipulate to the decision's legal effect and/or if the Court were to take judicial notice of the same, Plaintiff would no longer seek to offer this exhibit. In all events, Plaintiff objects to the admission of all portions of the exhibit beyond those necessary to establish the legal effect of the decision pursuant to Rules 401 (relevance); 403 (confusion, waste of time, unfairly prejudicial); 801, 802, 805 (hearsay) | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Plaintiff would seek only to introduce notice of the relevant findings, such as NHPD officer's, including Pettola's, practice of deleting tapes of witness interviews. |
| 185 | Koehler v. Santarcangelo (D. Conn 1990) | Plaintiff objects to the admission of any portion of this exhibit containing or related to the amount of the damages award pursuant to | 402 relevance; 403 confusion, prejudice 404 and 405  bad acts, character | Relevant to Plaintiff's *Monell* claims on the ground that NHPD had notice of misconduct and a pattern and practice of unconstitutional conduct. As this Court held at summary |

| | | | | |
|---|---|---|---|---|
| | Transcript Excerpts re Sweeney | Rules 401 (relevance); 403 (confusion, misleading the jury, waste of time) | 801-806 hearsay, no exception applies | judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. ; also admissible for statements with legal effect, as statements in public records 803(8); 801(d)(1) prior consistent and/or inconsistent statement by witness; 801(d)(2) statement of party-opponent; and as an ancient document 803(16). |
| 186 | Koehler v. Santarcangelo Judgment | Plaintiff objects to the admission of any portion of this exhibit containing or related to the amount of the damages award pursuant to Rules 401 (relevance); 403 (confusion, misleading the jury, waste of time) | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims that NHPD had notice of misconduct and on the ground that NHPD had a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. . Also admissible on non-hearsay grounds for statements with legal effect, as notice and as statement made in public records, 803(8), and as an ancient document, 803(16). |
| 187 | Sweeney Interrogatory Response re: Koehler [Carmon] | Plaintiff objects to the admission of any portion of this exhibit containing or related to the amount of the damages award pursuant to Rules 401 (relevance); 403 (confusion, misleading the jury, waste of time). If offered by Defendants, Plaintiff objects to this exhibit in its entirety pursuant to Rules 801, 802, 805 (hearsay). | 402 relevance; 403 confusion, prejudice 404 and 405 bad acts, character 801-806 hearsay, no exception applies | Plaintiff seeks to introduce the relevant portions of this exhibit in support of his *Monell* claims. This exhibit contains statements by an opposing party, and is not hearsay under FRE 801(d)(2). |
| 188 | Compilation of Letters to and from Stefon Morant in Prison | | 402, 403 RELEVANCE CUMULATIVE PREJUDICIAL, CONFUSING- | Relevant to and probative of Plaintiff's damages, in particular the length of his wrongful conviction and the breadth of Plaintiff's loss after more than two decades in prison. As such, the exhibit in its entirety is not |

56

| | | | | |
|---|---|---|---|---|
| | | | SHOULD BE INTRODUCED THROUGH A WITNESS | cumulative. Plaintiff will lay a proper foundation to the admission of this exhibit and to the extent Defendants have a particularized objection to the way in which this exhibit is sought to be introduced, Plaintiff will address it at trial when it becomes ripe. |
| 189 | Prison Family Programming | | 402, 403 RELEVANCE CUMULATIVE PREJUDICIAL, CONFUSING- <br><br> SHOULD BE INTRODUCED THROUGH A WITNESS | Relevant to and probative of Plaintiff's damages, in particular the nature of the harm of Plaintiff's wrongful incarceration. As such, the exhibit in its entirety is not cumulative. Plaintiff will lay a proper foundation to the admission of this exhibit and to the extent Defendants have a particularized objection to the way in which this exhibit is sought to be introduced, Plaintiff will address it at trial when it becomes ripe. |
| 190 | Christian Sobin & Julian Morant Obituaries | | 402, 403 RELEVANCE CUMULATIVE PREJUDICIAL, CONFUSING- <br><br> SHOULD BE INTRODUCED THROUGH A WITNESS | Relevant to and probative of Plaintiff's damages, in particular the nature of the harm of Plaintiff's wrongful incarceration. It is unclear to Plaintiff how the obituaries of two of his family members could be prejudicial to defendants, confusing, and/or cumulative. Plaintiff will lay a proper foundation to the admission of this exhibit and to the extent Defendants have a particularized objection to the way in which this exhibit is sought to be introduced, Plaintiff will address it at trial when it becomes ripe. |
| 191 | 2010-2015 Stefon Morant Datebooks | | 402, 403 RELEVANCE CUMULATIVE PREJUDICIAL, CONFUSING- | Relevant to and probative of Plaintiff's damages, in particular the length of his wrongful incarceration. As such, the exhibit in its entirety is not cumulative. Plaintiff will lay |

57

| | | | | |
|---|---|---|---|---|
| | | | SHOULD BE INTRODUCED THROUGH A WITNESS | a proper foundation to the admission of this exhibit and to the extent Defendants have a particularized objection to the way in which this exhibit is sought to be introduced, Plaintiff will address it at trial when it becomes ripe. |
| 192 | Compilation of Photos | | 402, 403 RELEVANCE CUMULATIVE PREJUDICIAL, CONFUSING- SHOULD BE INTRODUCED THROUGH A WITNESS | Relevant to and probative of Plaintiff's damages, in particular the breadth of Plaintiff's loss after more than two decades in prison. As such, the exhibit in its entirety is not cumulative. Plaintiff will lay a proper foundation to the admission of this exhibit and to the extent Defendants have a particularized objection to the way in which this exhibit is sought to be introduced, Plaintiff will address it at trial when it becomes ripe. |
| 193 | Compilation of Birthday, Holiday, and Other Cards | | 4402, 403 RELEVANCE CUMULATIVE PREJUDICIAL, CONFUSING- SHOULD BE INTRODUCED  THROUGH A WITNESS | Relevant to and probative of Plaintiff's damages, in particular the length of his wrongful conviction and the breadth of Plaintiff's loss after more than two decades in prison. As such, the exhibit in its entirety is not cumulative. Plaintiff will lay a proper foundation to the admission of this exhibit and to the extent Defendants have a particularized objection to the way in which this exhibit is sought to be introduced, Plaintiff will address it at trial when it becomes ripe. |
| 194 | Documents from Prison Hospice Volunteering | | 401, 403402, 403 RELEVANCE CUMULATIVE PREJUDICIAL, CONFUSING- | Relevant to and probative of Plaintiff's damages, in particular the nature of the harm of Plaintiff's wrongful incarceration. As such, the exhibit in its entirety is not cumulative. Plaintiff will lay a proper foundation to the admission of this exhibit and to the extent |

| | | | | SHOULD BE INTRODUCED THROUGH A WITNESS | Defendants have a particularized objection to the way in which this exhibit is sought to be introduced, Plaintiff will address it at trial when it becomes ripe. |
|---|---|---|---|---|---|
| 195 | Fleming Acquittal, May 29, 1992 | | | 402 relevance; 403 confusion, prejudice 801-806 hearsay, no exception applies | Relevant to Plaintiff's *Monell* claims that NHPD had notice of prior officer misconduct before Plaintiff's wrongful conviction, as well as a pattern and practice of unconstitutional conduct. As this Court held at summary judgment, proof of other examples of NHPD misconduct may be relevant to prove those claims. Not offered for the truth. Admissible on non-hearsay grounds for notice and statements made in a public record, 803(8). |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| STEFON MORANT,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NEW HAVEN, et. al.,<br><br>Defendants. | Civil Action No. 2:22-cv-00630 (SVN) |

## DEFENDANT'S PRELIMINARY EXHIBIT LIST—ALL RIGHTS RESERVED TO MAKE ADDITIONS OR DELETIONS

| Exhibit Number | Exhibit Title/ Description | Plaintiff's Objections | Defendants' Objections | Defendants Counter-Statement |
|---|---|---|---|---|
| ~~500~~ | ~~Police File, Turner-Fields Murder Investigation; Dep. Ex. 1~~ | | | |
| ~~501~~ | ~~1-14-91 Ovil Ruiz Statement Transcribed, NH000340-000359~~ | | | |
| ~~502~~ | ~~1-14-1991 Ovil Ruiz Statement Audio, SAO-1397, Depo Ex. D~~ | | | |
| ~~503~~ | ~~1-17-1991 Scott Lewis Statement Transcribed, NH000393-000411, Depo Ex. O~~ | | | |
| 504 | 1-17-1991 Scott Lewis Statement Audio, SAO-1395, Depo Ex. F | | | |
| 505 | ~~1-16-1991 Stefon Morant Statement Transcribed, NH000379-000391, Depo Ex. Q~~ | | | |
| 506 | ~~1-16-1991 Stefon Morant Statement Audio, SAO-1398, Depo Ex. C~~ | | | |

1

| | | | | |
|---|---|---|---|---|
| 507 | ~~2-2-1991 Hector Ortiz Statement Transcribed, NH000412-000422~~ | | | |
| 508 | ~~2-2-1991 Hector Ortiz Statement Audio, SAO-1383 Depo Ex. G~~ | | | |
| 509 | ~~2-4-1992 Millie Martinez Statement Transcribed~~ | | | |
| 510 | ~~2-4-1992 Millie Martinez Statement Audio, Depo Ex. I~~ | | | |
| 511 | ~~5-28-1991 Ovil Ruiz Statement Transcribed~~ | | | |
| 512 | ~~5-28-1991 Ovil Ruiz Statement Audio, Depo Ex. A~~ | | | |
| 513 | ~~5-28-1991 Ovil Ruiz Statement Audio Continued, Depo Ex. B~~ | | | |
| 514 | ~~1-15-1991 Jose Roque Statement Transcribed~~ | | | |
| 515 | ~~1-15-1991 Jose Roque Statement Audio, Depo Ex. H~~ | | | |
| 516 | ~~Letter by Mr. Guy Wolf, III, Division of Criminal Justice Case Prep, NH-Morant:000100-000105~~ | | | |
| 517 | Morant v. Comm'r of Correction, No. CV020485200S, 2007 WL 1893329 (Conn. Super. Ct. June 12, 2007) | Plaintiff objects to this exhibit pursuant to Rules 401 (relevance); 403 (confusion, unfairly prejudicial, misleading the jury); 801, 802, 805 (hearsay); Plaintiff's pending MIL to exclude prior rulings | | Defendant will respond to Plaintiffs MIL |
| 518 | Morant v. State of Connecticut, 68 Conn.App.137 (2002) | Plaintiff objects to this exhibit pursuant to Rules 401 (relevance); 403 (confusion, unfairly prejudicial, misleading the jury); 801, 802, 805 (hearsay); Plaintiff's | | Defendant will respond to Plaintiffs MIL |

| | | | | |
|---|---|---|---|---|
| | | pending MIL to exclude prior rulings | | |
| 519 | Morant v. State, No. CV 97039876S, 1999 WL 566934 (Conn. Super. Ct. July 26, 1999) | Plaintiff objects to this exhibit pursuant to Rules 401 (relevance); 403 (confusion, unfairly prejudicial, misleading the jury); 801, 802, 805 (hearsay); Plaintiff's pending MIL to exclude prior rulings | | Defendant will respond to Plaintiffs MIL |
| 520 | Morant v. State, No. 398736, 2000 WL 804695 (Conn. Super. Ct. June 5, 2000) | Plaintiff objects to this exhibit pursuant to Rules 401 (relevance); 403 (confusion, unfairly prejudicial, misleading the jury); 801, 802, 805 (hearsay); Plaintiff's pending MIL to exclude prior rulings | | Defendant will respond to Plaintiffs MIL |
| 521 | Morant v. Comm'r of Correction, 117 Conn.App. 279 (2009) | Plaintiff objects to this exhibit pursuant to Rules 401 (relevance); 403 (confusion, unfairly prejudicial, misleading the jury); 801, 802, 805 (hearsay); Plaintiff's pending MIL to exclude prior rulings | | Defendant will respond to Plaintiffs MIL |
| 522 | State v. Morant, 242 Conn. 666 (1997) | Plaintiff objects to this exhibit pursuant to Rules 401 (relevance); 403 (confusion, unfairly prejudicial, misleading the jury); 801, 802, 805 (hearsay); Plaintiff's pending MIL to exclude prior rulings | | Defendant will respond to Plaintiffs MIL |

| 523 | General Orders Misc, NH-MORANT 000106-000647 | Plaintiff objects to the admission of this 524-page exhibit in its entirety pursuant to Rules 401 (relevance); 403 (confusion, waste of time, cumulative) | | These are the Defendants policies, they are relevant to the Monell Claim. They are referenced by both experts in deposition testimony. The Defendant acknowledges that only a few of them will be highlighted—what this means is the remainder of the policies will not confuse or waste the jury's time. |
| 524 | 1992 Laws of Arrest, NH-MORANT000090-000099 | | | |
| 525 | NHPD General Orders NH-MORANT000678-001388 | Plaintiff objects to the admission of this 711-page exhibit in its entirety pursuant to Rules 401 (relevance); 403 (confusion, waste of time, cumulative) | | These are the Defendants policies, they are relevant to the Monell Claim. They are referenced by both experts in deposition testimony. The Defendant acknowledges that only a few of them will be highlighted—what this means is the remainder of the policies will not confuse or waste the jury's time. |
| 526 | 5-20-1999 Letter to Chief Wearing from Michael Dearington, Depo Ex. 11 | Plaintiff objects to this exhibit pursuant to Rules 401 (relevance); 403 (confusion, unfairly prejudicial, misleading the jury, waste of time); 702 (improper opinion testimony); 801, 802, 805 (hearsay); Plaintiff's pending | | Defendant will respond to Plaintiffs MIL |

4

| | | | | |
|---|---|---|---|---|
| | | MIL to exclude opinions of prosecutors under *Cameron* | | |
| 527 | 07-1992 Cocaine Purchase Audio, SAO 1380, Depo Ex. E | Plaintiff objects to this exhibit pursuant to Rules 401 (relevance); 403 (confusion, unfairly prejudicial, misleading the jury, waste of time); 404(b) (prior bad acts). | | Directly relevant to testimony about conduct of former Detective Raucci |
| 528 | 2-16-1997 FBI Report of Ruiz Recanting Recantation, SAO 01717 Depo Ex. K | | | |
| 529 | 2-27-1997 Letter from USAO to Donnelly re Ruiz, SAO 01719-01720, Depo Ex. L | Plaintiff objects to this exhibit pursuant to Rules 401 (relevance); 403 (confusion, unfairly prejudicial, misleading the jury, waste of time); 702 (improper opinion testimony); 801, 802, 805 (hearsay); Plaintiff's pending MIL to exclude opinions of prosecutors under *Cameron* | | Will respond to Plaintiffs MIL |
| 530 | 7-18-1991 Handwritten Letter to Ovil Ruiz, Depo Ex. M | Plaintiff objects to this exhibit pursuant to Rules 401 (relevance); 403 (confusion, misleading the jury, unduly prejudicial); 602 (lack of personal knowledge); 801, 802, 805 (hearsay) | | Letter is directly relevant to the efforts undertaken to get Ruiz to change his testimony that Lewis and Morant were responsible for the Turner Fields homicides, and instead say that he was coerced by the NHPD Detectives to name Lewis and Morant |

5

| 531 | 1-31-1996 Lisa Bull Letter re Lewis seeing Ruiz, Depo Ex. N | Plaintiff objects to this exhibit pursuant to Rules 801, 802, 805 (hearsay). | | Letter will be admissible for it truth through an appropriate witness, and also admissible to show its impact on the reader |
| 532 | ~~Def Augustin Castro Advisement of Rights, Depo Ex. E~~ | | | |
| 533 | ~~Photo of Criscuolo Park Depo Ex 11~~ | | | |
| 534 | ~~1989, 02 General Orders Preservation of 911 Tapes-statements NH-Morant 000089~~ | | | |
| 535 | ~~6-28-94 Letter to Pastore from Gold, Depo Ex. 64~~ | | | |
| 536 | ~~6-7-94 Gold's Initial Closing Remarks in State v. Morant, Depo Ex. 65~~ | | | |
| 537 | ~~6-7-94 Gold's Rebuttal Closing Remarks in State v. Morant, Depo Ex. 66~~ | | | |
| 538 | ~~1999 Robert Lawlor's Testimony in Morant v. State, Depo Ex. 79 – ID only~~ | Pursuant to the Court's individual rules and the parties' discussions, Robert Lawlor's prior testimony should only come in via designation. Plaintiff will raise appropriate objections to defense counsel's designations/counter-designations. To whatever extent Defendants would seek to admit the instant testimony or any portion thereof as an exhibit, Plaintiff objects pursuant to Rules 801, 802, 805 (hearsay). | | |

6

| | | | | |
|---|---|---|---|---|
| 539 | 2013 Robert Lawlor Testimony in Lewis v. Comm'r of Corrections, Depo Ex. 80—ID only | Pursuant to the Court's individual rules and the parties' discussions, Robert Lawlor's prior testimony should only come in via designation. Plaintiff will raise appropriate objections to defense counsel's designations/counter-designations. To whatever extent Defendants would seek to admit the instant testimony or any portion thereof as an exhibit, Plaintiff objects pursuant to Rules 801, 802, 805 (hearsay). | | |
| 540 | 1-15-91 Waiver Signed by Morant PLTF-Morant000458, Depo Ex. P | | | |
| 541 | Training Records for Detective Raucci, NH-Morant0011389 PART SUBJECT TO MOTION IN LIMINE | | | |
| 542 | Training Records for Detective Maher, NH-Morant000648-000677 | | | |
| 543 | NHPD Personnel Memo 86-15 and I-18-86 re Det Raucci, NHMorant001485-0001571 | | Raucci Objection: 401 & 402 Relevance; 403 Prejudice; 404 Character/Propensity | |
| 544 | Det Raucci Personnel Record Part I, NH-Morant001687-001788 PART SUBJECT TO MOTION IN LIMINE | | Raucci Objection: 401 & 402 Relevance; 403 Prejudice; 404 Character/Propensity | |
| 545 | Det Raucci Personnel Record Part II, NH-Morant001789-001968 PART SUBJECT TO MOTION IN LIMINE | | Raucci Objection: 401 & 402 Relevance; 403 Prejudice; 404 Character/Propensity | |

| 546 | 12-20-1996 Letter from the Board of Police Commissioners, City of New Haven re Det Raucci Retirement, NH-Morant002004-002007 | | Raucci Objection: 401 & 402 Relevance; 403 Prejudice; 404 Character/Propensity | |
|---|---|---|---|---|
| 547 | 1974, 2000 General Orders NH-Morant000001-000088 | Plaintiff objects to the admission of this exhibit in its entirety pursuant to Rules 401 (relevance); 403 (confusion, waste of time, cumulative) | | |
| 548 | Connecticut Uniform Crime Reports Statistics, NH005625-005629 | | | |
| 549 | Annotated Statement of Ovil Ruiz 1-14-1991 Showing Discontinuities Identified by Expert Barreiro | Plaintiff objects to the admission of this exhibit pursuant to Rules 801, 802, 805 (hearsay). Plaintiff further notes that this exhibit appears to be a demonstrative, not evidence. | | The Statement transcript is already an agreed exhibit. The markings on the statement will be address by an expert witness who will establish the relevancy |
| 550 | Annotated Statement of Jose Roque Showing Discontinuities Identified by Expert Barreiro | Plaintiff objects to the admission of this exhibit pursuant to Rules 801, 802, 805 (hearsay). Plaintiff further notes that this exhibit appears to be a demonstrative, not evidence. | | The Statement transcripts are already an agreed exhibit. The markings on the statement will be address by an expert witness who will establish the relevancy |
| 551 | Annotated Statement of Hector Ortiz Showing Discontinuities Identified by Expert Barreiro | Plaintiff objects to the admission of this exhibit pursuant to Rules 801, 802, 805 (hearsay). Plaintiff further notes that this exhibit appears to be a demonstrative, not evidence. | | The Statement transcripts are already an agreed exhibit. The markings on the statement will be address by an expert witness who will establish the relevancy |
| 552 | Annotated Statement of Ovil Ruiz 5-28-1991 Showing | Plaintiff objects to the admission of this exhibit pursuant to | | The Statement transcripts are already an agreed exhibit. The |

8

| | | | | |
|---|---|---|---|---|
| | Discontinuities Identified by Expert Barreiro | Rules 801, 802, 805 (hearsay). Plaintiff further notes that this exhibit appears to be a demonstrative, not evidence. | | markings on the statement will be address by an expert witness who will establish the relevancy |
| 553 | Annotated Statement of Scott Lewis Showing Discontinuities Identified by Expert Barreiro | Plaintiff objects to the admission of this exhibit pursuant to Rules 801, 802, 805 (hearsay). Plaintiff further notes that this exhibit appears to be a demonstrative, not evidence. | | The Statement transcripts are already an agreed exhibit. The markings on the statement will be address by an expert witness who will establish the relevancy |
| 554 | Annotated Statement of Stefon Morant Showing Discontinuities Identified by Expert Barreiro | Plaintiff objects to the admission of this exhibit pursuant to Rules 801, 802, 805 (hearsay). Plaintiff further notes that this exhibit appears to be a demonstrative, not evidence. | | The Statement transcripts are already an agreed exhibit. The markings on the statement will be address by an expert witness who will establish the relevancy |
| 555 | Nick Barreiro Expert Analysis Report 6-3-24 | Plaintiff objects to the admission of this exhibit pursuant to Rules 801, 802, 805 (hearsay). | | No Claim to the Report—witness will testify live |
| 556 | Case/Incident Report Regarding Detective Raucci Arrest & Suspension by Chief Pastore, NH-Morant001464, pages 1-20 | | Raucci Objection: 401 & 402 Relevance; 403 Prejudice; 404 Character/Propensity | |
| 557 | | | | |
| 558 | Testimony of Stefon Morant— ID Only 2-1-2007 | Plaintiff objects to the admission of this exhibit in its entirety pursuant to Rules 401 (relevance); 403 (confusion, misleading the jury, waste of time); Plaintiff's pending MIL to exclude evidence of prior bad | | Will address the Plaintiffs MIL  The Transcript is marked as ID only and plan is to use for impeachment purposes when Plaintiff testifies at trial |

| | | | | |
|---|---|---|---|---|
| | | acts. Defendants should identify the relevant portion in advance of its use to allow for specific objections. | | Some of it may be introduced as an admission of a party opponent |
| 559 | Testimony of Stefon Morant— ID Only 2-15-2007 | Plaintiff objects to the admission of this exhibit in its entirety pursuant to Rules 401 (relevance); 403 (confusion, misleading the jury, waste of time); Plaintiff's pending MIL to exclude evidence of prior bad acts. Defendants should identify the relevant portion in advance of its use to allow for specific objections. | | Will address the Plaintiffs MIL<br><br>The Transcript is marked as ID only and plan is to use for impeachment purposes when Plaintiff testifies at trial<br><br>Some of it may be introduced as an admission of a party opponent |
| 560 | Testimony of Stefon Morant— ID Only2-27-2007 | Plaintiff objects to the admission of this exhibit in its entirety pursuant to Rules 401 (relevance); 403 (confusion, misleading the jury, waste of time); Plaintiff's pending MIL to exclude evidence of prior bad acts. Defendants should identify the relevant portion in advance of its use to allow for specific objections. | | Will address the Plaintiffs MIL<br><br>The Transcript is marked as ID only and plan is to use for impeachment purposes when Plaintiff testifies at trial<br><br>Some of it may be introduced as an admission of a party opponent |
| 561 | Testimony of Stefon Morant— ID Only 4-11-2000 | Plaintiff objects to the admission of this exhibit in its entirety pursuant to Rules 401 (relevance); 403 (confusion, | | Will address the Plaintiffs MIL<br><br>The Transcript is marked as ID only and plan is to use for |

10

| | | misleading the jury, waste of time); Plaintiff's pending MIL to exclude evidence of prior bad acts. Defendants should identify the relevant portion in advance of its use to allow for specific objections. | | impeachment purposes when Plaintiff testifies at trial<br><br>Some of it may be introduced as an admission of a party opponent |
| --- | --- | --- | --- | --- |

11

**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

**STEFON MORANT**                                    **CIV ACTION NO.:  3:22-CV-00630-SVN**

          **Plaintiff,**

**v.**

**CITY OF NEW HAVEN ET AL.**                         **MARCH 3, 2026**

          **Defendants.**

## DEFENDANT MICHAEL SWEENEY'S EXHIBIT LIST

| Exhibit Number | Exhibit Title/Description | Plaintiff's Objections | Defendants' Objections | Defendants' Counterstatement |
|---|---|---|---|---|
| 601 | Listings of Letters of Commendation and Appreciation from Sweeney Personnel File (NH-SWEENEY0008–0015) | | | |
| 602 | Review Training Reports from Sweeney Personnel File (NH-SWEENEY0462–0477) | | | |

Defendant Michael Sweeney reserves the right to use exhibits on any other party's Exhibit List.

# Attachment C
## Designations, Counter-Designations, and Objections

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEFON MORANT, | |
| Plaintiff, | |
| v. | Civil Action No. 3:22-cv-00630 (SVN) |
| CITY OF NEW HAVEN, et. al., | |
| Defendants. | |

## PLAINTIFF'S DESIGNATIONS[1]

| Testimony | Plaintiff's Designations | Defendants' Objections | Defendants' Counter-Designations | Objections |
|---|---|---|---|---|
| Robert F. Lawlor, Federal Habeas, Scott Lewis v. Commissioner of Correction, June 12, 2013 | 11:6–16:11; 16:22–18:13; 21:4–22:4; 22:19–25; 34:25–35:24 | | Defendant designates all testimony in response to questions by Court or counsel—no colloquy | Plaintiff objects to Defendants' designation of the entirety of the transcript and refers the Court to his motion *in limine* to preclude the City's designations. Plaintiff further objects under FRE 401 and 403 that portions of these counter-designations are cumulative, irrelevant, and a waste of the jury's time. Plaintiff further objects to Defendants' counter-designations at 18:20–20:1, which describes alleged discipline Defendant Sweeney meted out to an unrelated third |

---

[1] An asterisk next to testimony represents that the transcript does not contain line numbers.

1

| | | | | party, pursuant to Rules 602 (lack of personal knowledge); 403 (confusion, waste of time, unfairly prejudicial, misleading to the jury); 801, 802, 805 (hearsay).<br><br>Sweeney objects to inclusion of the court's statements at 44:3-9 on the basis that they are unfairly prejudicial (FRE 403) and rely on speculation and conjecture. |
|---|---|---|---|---|
| Robert F. Lawlor, Petition for New Trial, Stefon Morant v. State of Connecticut, November 2, 1999* | 23–24; 25–27; 27; 30–31; 35; 37–38; 38–39; 41–42 | | Defendant designates all testimony in response to questions by Court or counsel—no colloquy | Plaintiff objects to Defendants' designation of the entirety of the transcript and refers the Court to his motion *in limine* to preclude the City's designations. Plaintiff further objects under FRE 401 and 403 that portions of these counter-designations are cumulative, irrelevant, and a waste of the jury's time. |
| Robert F. Lawlor, Deposition, Stefon Morant v. City of New Haven, et al., June 23, 2025 | 8:16–9:22; 10:6–16; 12:9–24; 13:5–7; 13:15–14:17; 16:22–20:3; 22:4–20; 22:25–25:4; 25:16–26:3; 27:5–21; 29:10–30:12; 30:19–35:25; 36:2–6; 37:12–38:4; 38:17–41:18; 42:3–44:21; 45:3–52:6; | Defendants City of New Haven, Raucci, Lawlor, and Maher: Argumentative; improper leading; relevance 402; prejudicial, confusing 403 as to: 35/8-35/21; 65/7-66/18; 68/10-90/13; 94/2-95/8 96/6-96/24 | 10/6-20/3 ; 20/25-25/4 ; 27/4-35/7 ; 35/22-65/5 ; 66/19-68/8 ; 90/14-91/11 ; 95/1-96/5 ; 96/25-97/15 | Plaintiff objects to Defendants' counter-designations at 10:6–20:3 pursuant to Rule 403 (confusion, waste of time, unfairly prejudicial, misleading the jury) in its discussion of Lawlor's health conditions. Plaintiff further objects to Defendants' counter-designations |

| | | | | |
|---|---|---|---|---|
| | 53:3–56:10; 56:17–62:7; 62:20–84:19; 85:4–92:13; 93:3–95:8; 97:2–18; 97:25–100:17; 103:17–105:25; 106:18–112:3; 115:9–122:1; 123:21–124:10; 127:15–136:13; 138:7–139:6 | 97/25-124/9 127/15-136/13 <br><br> Sweeney: Sweeney objects to 55:17-56:6; 56:17-57:4; 88:11-16; and 95:4-8 as unfairly prejudicial insofar as the witness was asked or implied that Sweeney was lying or untruthful (FRE 403). | | at 95:1–96:5 pursuant to Rule 403, only for including counsel's objections. |
| Nicholas Pastore, Deposition Volume I, Stefon Morant v. City of New Haven, et al., January 16, 2024 | 8:14–10:16; 11:2–13:17; 14:6–15:6; 15:25–16:5; 16:25–17:4; 18:2–18; 19:3–20:3; 20:25–22:4; 24:7–23; 29:17–30:6; 30:25–31:6; 31:21–32:9; 34:7–20; 36:8–14; 37:16–38:6; 43:23–44:17; 46:10–20; 47:4–48:4; 49:15–23; 51:12–52:16; 54:13–55:6; 57:11–58:1; 59:15–61:15; 63:5–14; 64:7–15; 65:11–22; 73:9–22; 74:6–24; 75:13–20; 80:18–85:13; 89:19–90:5; 95:20–96:12; 101:23–102:8; 107:4–108:22; 111:4–12; 113:10–17; 114:13–115:18; 119:8–122:4; 122:19–124:8; 125:10–126:5; 128:6–22; 131:9–13; 135:10– | Defendants City of New Haven, Raucci, Lawlor, and Maher: Argumentative; improper leading; relevance 402; prejudicial, confusing 403 as to: 13/12-16/24 42/22-50/4 119/13-122/4 130/1-143/14 150/25-170/1 | 6/11-13/11 16/25-42/17 50/5-119/11 122/19-129/25 143/15-150/15 | Plaintiff objects to Defendants' counter-designations at 6:11-13:11, 7:20-8:13, pursuant to Rules 403 (confusion, waste of time, unfairly prejudicial, misleading the jury), and Rule 404 (improper character evidence); and at 18:16-20, 52:11-14 pursuant to Rule 701 (improper opinion testimony). <br><br> Raucci objects to Pages 122-29, 143-45, 148-49 (discussion of FBI investigation and allegations of Raucci misconduct, discussions of Donna Desai) |

3

| | 136:22; 138:13–139:10; 140:16–141:9; 141:25–142:18; 143:20–144:12; 146:13–149:22; 150:15–157:12; 160:2–5; 160:15–161:14; 162:12–165:22; 166:6–169:7; 169:23–170:1 | | | |
|---|---|---|---|---|
| Nicholas Pastore, Deposition Volume II, Stefon Morant v. City of New Haven, et al., January 24, 2024 | 178:6–180:15; 183:4–20; 184:16–187:16; 188:19–190:1; 192:4–193:23; 194:6–198:5; 199:12–200:3; 200:18–201:20; 202:18–203:12; 203:22–204:24; 205:8–207:21; 209:21–211:13; 212:7–12; 213:1–214:8; 216:3–15; 233:14–25; 234:17–235:15; 238:20–239:1; 246:15–247:5; 250:13–251:4; 253:6–255:21; 256:8–257:15; 258:17–21; 259:11–14; 260:2–18; 267:19–268:7; 273:4–274:20; 276:23–277:14; 279:22–281:1; 281:13–285:16; 286:6–290:11; 291:6–293:16; 298:3–21; 299:17–304:6; 305:2–308:13; 316:2–23; 317:8– | Defendants City of New Haven, Raucci, Lawlor, and Maher: Argumentative; improper leading; relevance 402; prejudicial, confusing 403 as to: 182/10-185/8 185/17-186/21 187/2-188/23 239/16 244/2-244/7 252/4-252/11 256/8-256/20 275/3-258/11 260/2-260/21 275/3-277/14 285/17-287/3 284/22-301/25 304/7-333/21 | 176/23-182/9 185/9-185/16 186/21-187/1<br><br>187/23-239/15 239/17-252/3 252/12-256/7 256/21-257.2 256/21-257/2 258/12-260/1 260/22-273/3 277/15-285/16 287/4-294/21 302/1-304/6 333/22-334/17 | Plaintiff objects under FRE 401 and 403 that portions of these counter-designations are cumulative, irrelevant, unfairly prejudicial, and a waste of the jury's time.<br><br>Raucci to pages 178, 180-86, 189-90, 193, 196-200, 205, 209-12, 214-16, 269-74, 278-93 (discussions of FBI investigation, allegations of Raucci misconduct, Raucci retirement and pension) |

| | 319:3; 320:5–23; 321:14–322:17; 324:3–11; 327:2–333:15; 333:22–334:17 | | | |
|---|---|---|---|---|
| Carol Cheek, Trial, State of Connecticut v. Troy Streater, July 29, 1991 | 786:21–789:3; 789:13–791:19; 795:8–798:9; 831:8–832:2; 832:19–21; 834:8–835:23; 837:18–839:8; 839:19–840:9; 840:17–19; 840:23–841:11; 842:4–843:9; 843:17–20; 844:8–14; 844:22–847:23; 848:16–850:18; 852:11–20; 853:21–854:10 | Defendants City of New Haven, Raucci, Lawlor, and Maher: Hearsay not within any exception FRE 801-806 Relevance 402, Confusion, prejudice 403 | If not precluded Defendant designates: 819/18- 858/25 Including all questions by the Court to the witness | Object to the extent this includes colloquy, argument, or unanswered questions under Rule 402, 403. |
| Jeffrey Rochler, Trial, State of Connecticut v. Scott Lewis, May 4, 1995* | 83–87; 92–93; 94; 95–97; 97–98; 99; 109; 110–112; 113; 118–119; 120–121; 123–124; 127; 132; 133; 134 | Defendants City of New Haven, Raucci, Lawlor, and Maher: Hearsay not within any exception FRE 801-806 Relevance 402, Confusion, prejudice 403 | If objection overruled designation is: Full transcript of testimony but only as to questions answered by witness, not colloquy between atty's and court or each other | Plaintiff objects to Defendants' designation of the entirety of the transcript and refers the Court to his motion *in limine* to preclude the City's designations. Plaintiff further objects under FRE 401 and 403 that portions of these counter-designations are cumulative, irrelevant, and a waste of the jury's time. Plaintiff further objects to Defendants' counter-designations at pages 107 and 110 pursuant to Rule 403 (confusion, waste of time, unfairly |

5

|  |  |  |  | prejudicial, misleading the jury). |
|---|---|---|---|---|
| Jeffrey Rochler, State Habeas, Stefon Morant v. Commissioner of Correction, January 30, 2007 | 95:12–99:26; 100:2–12; 101:8–102:17; 102:22–103:12 | Defendants City of New Haven, Raucci, Lawlor, and Maher: Hearsay not within any exception FRE 801-806 Relevance 402, Confusion, prejudice 403 | If objection overruled the designation is: p. 83-136 | Designations don't align with page numbers, otherwise no objection<br><br>Raucci objects to Pages 102-103 (discussion of FBI investigation) |
| Anthony DiLullo, Trial, State of Connecticut v. Daryl Valentine, April 14, 1994 | 60:4–10; 60:20–27; 67:21–68:21 | Defendants City of New Haven, Raucci, Lawlor, and Maher: Hearsay not within any exception FRE 801-806 Relevance 402, Confusion, prejudice 403 | If objection overruled designation is: 24/10-68/24 only as to questions answered by witness, not colloquy between atty.s and court or each other | Plaintiff further objects under FRE 401 and 403 that portions of these counter-designations are cumulative, irrelevant, and a waste of the jury's time. |
| Anthony DiLullo, Deposition Volume I, Anthony Golino v. City of New Haven, et al., April 5, 1988 | 111:18–112:4 | Defendants City of New Haven, Raucci, Lawlor, and Maher: Hearsay not within any exception FRE 801-806 Relevance 402, Confusion, prejudice 403 | If objection overruled designation is: 8/3-120/22 only as to questions answered by witness, not colloquy between atty.s | Plaintiff objects to Defendants' designation of almost the entirety of the transcript and refers the Court to his motion *in limine* to preclude the City's designations. Plaintiff further objects under FRE 401 and 403 that portions of these counter-designations are cumulative, irrelevant, and a waste of the jury's time. |
| Anthony DiLullo, Deposition Volume II, Anthony Golino v. City of New Haven, et al., May 17, 1989 | 152:9–24; 201:7–204:6; 205:2–10 | Defendants City of New Haven, Raucci, Lawlor, and Maher: Hearsay not within any exception FRE 801-806 Relevance 402, | If objection overruled designation is: 125/5-213/2 only as to questions | Plaintiff objects to Defendants' designation of almost the entirety of the transcript and refers the Court to his |

6

| | | Confusion, prejudice 403 | answered by witness, not colloquy between atty.s and court or each other | motion *in limine* to preclude the City's designations. Plaintiff further objects under FRE 401 and 403 that portions of these counter-designations are cumulative, irrelevant, and a waste of the jury's time. |
|---|---|---|---|---|
| Anthony DiLullo, Deposition Volume III, Anthony Golino v. City of New Haven, et al., November 22, 1989 | 235:7–12; 338:4–11 | Defendants City of New Haven, Raucci, Lawlor, and Maher: Hearsay not within any exception FRE 801-806 Relevance 402, Confusion, prejudice 403 | If objection overruled designation is: 216/2-347/10 only as to questions answered by witness, not colloquy between atty.s and court or each other | Plaintiff objects to Defendants' designation of almost the entirety of the transcript and refers the Court to his motion *in limine* to preclude the City's designations. Plaintiff further objects under FRE 401 and 403 that portions of these counter-designations are cumulative, irrelevant, and a waste of the jury's time. |
| Anthony DiLullo, Trial, Anthony Golino v. Anthony DiLullo, et al., July 7-8, 1993 | 6:19–7:6; 11:19–12:22; 13:16–14:2; 85:6–15; 85:24–86:18; 87:8–22 | Defendants City of New Haven, Raucci, Lawlor, and Maher: Hearsay not within any exception FRE 801-806 Relevance 402, Confusion, prejudice 403 | If objection overruled designation is: 3/19-366/6 only as to questions answered by witness, not colloquy between atty's and court or each other | Plaintiff objects to Defendants' designation of almost the entirety of the transcript and refers the Court to his motion *in limine* to preclude the City's designations. Plaintiff further objects under FRE 401 and 403 that portions of these counter-designations are cumulative, irrelevant, and a waste of the jury's time. |
| Racheal Cain, Deposition Volume II, Vernon Horn v. City of New | 166:16–167:6; 240:10–241:5; 242:5–12; 285:5–287:9 | Defendants City of New Haven, Raucci, Lawlor, and Maher: Witness will appear live | | Raucci objects to admission of the testimony designated on page 242 |

| | | | | |
|---|---|---|---|---|
| Haven, et al., September 18, 2020 | | 402 relevance 403 confusion, prejudice Testimony regarding post-1991 should be precluded | | (discussion of FBI investigation) |
| Melvin H. Wearing, State Habeas, Scott Lewis v. Warden, July 5, 2001 | 71:18–72:1; 81:5–18; 86:23–87:6; 90:2–8; 90:23–91:7; 91:16–92:8; 93:12–17; 94:3–23; 96:24–97:25; 105:17–106:10; 108:22–109:15; 110:27–111:12; 112:18–21; 113:16–114:16; 114:22–115:25; 116:14–117:4; 120:27–121:12; | Defendants City of New Haven, Raucci, Lawlor, and Maher: Hearsay not within any exception FRE 801-806 Relevance 402, Confusion, prejudice 403 Testimony regarding post-1991 events/conduct should be precluded | If objection overruled designation is: All of the trial testimony, only as  to questions answered by witness, not colloquy between atty's and pro se Plaintiff, with court or each other | Plaintiff objects to Defendants' designation of the entirety of the transcript and refers the Court to his motion *in limine* to preclude the City's designations. Plaintiff further objects under FRE 401 and 403 that portions of these counter-designations are cumulative, irrelevant, and a waste of the jury's time.<br><br>Raucci objects to Page 109 (discussion of "corruption" allegations and FBI investigation) |
| Melvin H. Wearing Deposition, Vernon Horn v. City of New Haven, et al., March 16, 2020 | 25:19–27:18; 29:9–30:22; 31:18–24; 33:3–34:12; 38:14–39:18; 48:14–19; 74:15–75:21; 103:10–104:5;122:9–17; 125:25–127:12; 132:13–134:13; 139:5–23; 141:10–22; 142:5–143:5; 147:2–18; 150:12–151:3; 151:13–152:17; 153:1–154:7; 155:19–156:15; 158:16–159:11; | Defendants City of New Haven, Raucci, Lawlor, and Maher: Hearsay not within any exception FRE 801-806 Relevance 402, Confusion, prejudice 403 Testimony regarding post-1991 events/conduct should be precluded | If objection overruled designation is: 22/17-270/24<br><br>only as  to questions answered by witness, not colloquy between atty's | Plaintiff objects to Defendants' designation of the entirety of the transcript and refers the Court to his motion *in limine* to preclude the City's designations. Plaintiff further objects under FRE 401 and 403 that portions of these counter-designations are cumulative, irrelevant, and a waste of the jury's time. |

| | 192:22–193:19; 194:13–18; 200:10–201:1; 244:1–245:4 | | | |
|---|---|---|---|---|
| Melvin H. Wearing, Trial, State of Connecticut v. Brian Sullivan, October 2, 2003 | 7:1–17; 13:27–14:16; 20:24–21:6; 23:8–24:22; 24:27–25:5; 26:4–29:17; 31:13–25; 32:9–15; 36:23–37:23; 38:20–39:25; 44:26–45:13; 50:2–11; 52:8–53:3; 54:7–14; 97:9–98:27; 103:3–10; 104:20–105:19; 118:8–27; 122:24–125:27; 133:26–135:6 | Defendants City of New Haven, Raucci, Lawlor, and Maher: Hearsay not within any exception FRE 801-806 Relevance 402, Confusion, prejudice 403 Testimony regarding post-1991 events/conduct should be precluded | If objection overruled designation is 2/6-152/1 only as to questions answered by witness, not colloquy between atty's and court or each other | Plaintiff objects to Defendants' designation of the entirety of the transcript and refers the Court to his motion *in limine* to preclude the City's designations. Plaintiff further objects under FRE 401 and 403 that portions of these counter-designations are cumulative, irrelevant, and a waste of the jury's time. |
| Patricia Roberts, Deposition, Stefon Morant v. City of New Haven, et al., October 31, 2023 | 5:22–6:12; 7:1–16; 7:22–9:7; 9:14–10:24; 11:20–14:5; 14:11–17; 15:19–17:8; 17:25–20:25; 21:21–24; 22:18–24:11; 25:4–18; 26:6–27:1; 27:10–28:4; 30:9–22; 31:21–33:16; 33:24–34:23; 36:4–21; 37:13–25; 38:4–39:6; 41:1–42:14; 44:7–22; 48:18–49:22; 50:20–53:7; 59:14–60:2; 63:24–64:6; 67:22–68:3; 68:25–70:1; 74:21–75:2; 76:7–21; 85:15–18; 89:5–8 | Defendants City of New Haven, Raucci, Lawlor, and Maher: Hearsay not within any exception FRE 801-806 Relevance 402, Confusion, prejudice 403 Bad acts 404 Testimony regarding post-1991 events/conduct should be precluded | If objection overruled designation is: 5/22-95/21 only as to questions answered by witness, not colloquy between atty's and court or each other | Plaintiff objects to Defendants' designation of almost the entirety of the transcript and refers the Court to his motion *in limine* to preclude the City's designations. Plaintiff further objects under FRE 401 and 403 that portions of these counter-designations are cumulative, irrelevant, and a waste of the jury's time.<br><br>Raucci objects to any use of transcript. |

9

| | | | | |
|---|---|---|---|---|
| Francisco J. Ortiz, Deposition, Bobby Johnson v. City of New Haven et al., February 11, 2019 | 8:10–16; 18:8–20:7; 42:24–44:13; 47:25–48:4; 88:6–10; 93:3–22; 95:2–10; 118:1–123:11; 141:23–24; 143:7–18 | Defendants City of New Haven, Raucci, Lawlor, and Maher: Hearsay not within any exception FRE 801-806 Relevance 402, Confusion, prejudice 403 Testimony regarding post-1991 events/conduct should be precluded | If objection overruled designation is 7/7-213/14 only as to questions answered by witness, not colloquy between atty's and court or each other | Plaintiff objects to Defendants' designation of almost the entirety of the transcript and refers the Court to his motion *in limine* to preclude the City's designations. Plaintiff further objects under FRE 401 and 403 that portions of these counter-designations are cumulative, irrelevant, and a waste of the jury's time.

Raucci objects to pages 30-33, 35, 48, 76-77, 102-105, 108-109, 117-19, 121-39, 141-42, 148, 158 and 216 (discussion of FBI investigation, Raucci misconduct) |
| Francisco J. Ortiz, Federal Habeas, Scott Lewis v. Commissioner of Correction, June 4, 2013 | 34:1–35:25; 36:13–39:7; 41:8–12; 43:2–13; 44:5–8 | Defendants City of New Haven, Raucci, Lawlor, and Maher: Hearsay not within any exception FRE 801-806 Relevance 402, Confusion, prejudice 403 Testimony regarding post-1991 events/conduct should be precluded | If objection overruled designation is: 45/17-46/1 only as to questions answered by witness, not colloquy between atty's and court or each other | Plaintiff objects to Defendants' counter-designations on 45:17–46:1 pursuant to Rules 701 (improper opinion testimony), Rule 602 (lack of personal knowledge), and Rule 403 (confusion, waste of time, unfairly prejudicial, misleading the jury). |
| Hector Ortiz, Petition for New Trial, Stefon Morant v. State of Connecticut, October 27, 1999* | 149; 150–151; 151-152; 152–153; 154; 155; 157; 157–158; 159; 194–195; 195 | Defendants City of New Haven, Raucci, Lawlor, and Maher: Hearsay not within any exception FRE 801-806 Relevance 402, | If objection overruled designation is: All of this witness' testimony allowed by the | Plaintiff objects to Defendants' designation of the entirety of the transcript and refers the Court to his motion *in limine* to |

| | | | | |
|---|---|---|---|---|
| | | Confusion, prejudice 403 Testimony regarding post-1991 events/conduct should be precluded | Court (Blue, J.) into evidence | preclude the City's designations. Plaintiff further objects under FRE 401 and 403 that portions of these counter-designations are cumulative, irrelevant, and a waste of the jury's time. Plaintiff further objects to Defendants' counter-designations at 28-33, 45-46, 63-64 pursuant to Rules 403 (confusion, waste of time, unfairly prejudicial, misleading the jury); 404 (improper bad acts/character evidence) and for all of the reasons stated in Plaintiff's pending MIL to exclude evidence of this type. |
| Hector Ortiz, Petition for New Trial, Stefon Morant v. State of Connecticut, October 28, 1999* | 14; 15; 15–16; 19; 20–21; 21; 21–22; 23; 62; 64; 66; 66–67; 67 | Defendants City of New Haven, Raucci, Lawlor, and Maher: Hearsay not within any exception FRE 801-806 Relevance 402, Confusion, prejudice 403 Testimony regarding post-1991 events/conduct should be precluded | If objection overruled designation is: All of this witness' testimony allowed by the Court(Blue, J.) into evidence | Plaintiff objects to Defendants' designation of the entirety of the transcript and refers the Court to his motion *in limine* to preclude the City's designations. Plaintiff further objects under FRE 401 and 403 that portions of these counter-designations are cumulative, irrelevant, and a waste of the jury's time.<br><br>If Plaintiff's objections are overruled, Plaintiff |

| | | | | counter-designates pages 26–27. |
|---|---|---|---|---|
| Diane Basilicato, State Habeas, Stefon Morant v. Commissioner of Correction, January 25, 2007 | 26:16–26; 27:12–29:18; 30:18–31:23; 32:14–18; 34:3–35:4; 35:15–36:15; 38:1–20; 39:6–40:2; 40:12–42:18; 43:27–44:25; 45:11–47:7; 51:7–52:12; 55:26–56:13; 56:19–57:17 | Defendants City of New Haven, Raucci, Lawlor, and Maher: Hearsay not within any exception FRE 801-806 Relevance 402, Confusion, prejudice 403 | If objection overruled designation is: 26/4-57/16 only as to questions answered by witness, not colloquy between atty's and court or each other | Plaintiff objects to Defendants' designation of the entirety of the transcript and refers the Court to his motion *in limine* to preclude the City's designations. Plaintiff further objects under FRE 401 and 403 that portions of these counter-designations are cumulative, irrelevant, and a waste of the jury's time. |
| Diane Basilicato, Trial, State of Connecticut v. Stefon Morant, May 27, 1994 | 537:13–25; 538:15–25; 541:1–23; 551:10–552:12 | Defendants City of New Haven, Raucci, Lawlor, and Maher: Hearsay not within any exception FRE 801-806 Relevance 402, Confusion, prejudice 403 | If objection overruled designation is: 537/6-552/23 only as to questions answered by witness, not colloquy between atty's and court or each other | Plaintiff objects to Defendants' designation of the entirety of the transcript and refers the Court to his motion *in limine* to preclude the City's designations. Plaintiff further objects under FRE 401 and 403 that portions of these counter-designations are cumulative, irrelevant, and a waste of the jury's time. |
| Rose Dell, City of New Haven 30(b)(6) Designee, Deposition, Stefon Morant v. City of New Haven, et al., January 17, 2024 | 19–24; 39:4–7; 42:8–14; 42:18–44:13; 45:5–12; 45:15–46:19; 49:2–52:6; 52:13–54:24; 69:23–71:6; 72:22–73:24; 75:8–76:13; 82:1–83:1;84:5–85:4; 93:10–94:8; 95:8–13; 96:2–20, | Defendants City of New Haven, Raucci, Lawlor, and Maher: Witness will appear live 402 relevance 403 confusion, prejudice Testimony regarding post-1991 should be precluded

Sweeney: | If designation maintained, the Defense designation is the full transcript but only as to questions answered by witness, not colloquy between atty's | Plaintiff objects to Defendants' designation of the entirety of the transcript and refers the Court to his motion *in limine* to preclude the City's designations. Plaintiff further objects under FRE 401 and 403 that portions of these |

12

| | | | |
|---|---|---|---|
| | 97:11–99:11; 113:19–116:18; 118:8–121:4;177:4–10; 177:25–178:6; 183:17–184:9; 195:24–196:13; 197:2–9; 197:17–21; 236:6–238:17; 239:23–240:4; 240:11–241:5; 244:18–245:22; 250:18–252:6; 252:8–253:14; 255:5–11; 256:13–258:10; 259:25–263:25; 271:7–272:1; 274:21–275:2; 275:16–277:2; 277:8–20 | Sweeney objects to 20:13-20; 20:24-21:1; 21:24-22:4; and 22:9-23:9 as inadmissible hearsay (FRE 802) and objects to 76:1-13 on the basis that it is irrelevant (FRE 401), unfairly prejudicial, and risks confusion of the issues (FRE 403). | | counter-designations are cumulative, irrelevant, and a waste of the jury's time.<br><br>Sweeney objects to 68:3-5; 69:2-4; 76:14-20; 78:4-80:6, 81:5-7; 90:3-7; 90:14-17; 150:15-152:21; 153:1-4; 153:25-154:4; 154:21-155:12; and 176:9-16 as inadmissible hearsay (FRE 802).<br><br>Raucci also objects to the inclusion of pages 16, 24, 97-100, 102-106, 159-60 162-63, 203-04, 207-231, 233-51, 257, 264-67, and 269 (discussions of FBI investigation, IA/other investigations into Raucci and allegations of drug use, ex-wife Donna, retirement circumstances and pension eligibility). |
| Doreen Stiles, Habeas, George Gould, et al., v. Warden, August 3, 2009 | 45:2–6; 46:15–48:5; 48:12–16; 48:22–49:2; 49:9–11; 53:2–13; 53:17–53:27; 54: 4–55:5; 55:12–57:1; 57:6–60:10; 60:19–61:10; 61:17–27; 62:2–17; 63:6–64:19; 64:27–65:3; 65:26–67:23; 67:27–69:5; 70:2–19; 70:27–71:4; 71:10–20; 72:3–7; | Defendants City of New Haven, Raucci, Lawlor, and Maher: Hearsay not within any exception FRE 801-806 Relevance 402, Confusion, prejudice 403 Testimony regarding post-1991 events/conduct should be precluded | If objection overruled designation is: 41/5-179/7 only as to questions answered by witness, not colloquy between atty's and court or each other | Plaintiff objects to Defendants' designation of almost the entirety of the transcript and refers the Court to his motion *in limine* to preclude the City's designations. Plaintiff further objects under FRE 401 and 403 that portions of these counter-designations are cumulative, |

| | | | | |
|---|---|---|---|---|
| | 72:12–73:23; 76:5–25; 77:8–77:19; 78:26–79:13; 79:15–83:5; 83:8–84:5; 84:12–84:18; 84:20–21; 85:9–87:21; 88:11–92:11; 92:24–93:7; 93:12–25; 94:3–5; 94:19–95:11; 98:1–5; 98:10–20; 99:8–9; 104:6–19; 105:7–10;106:7–107:14; 107:22–24; 108:2–21; 108:27–109:14; 109:24–112:11; 112:19–113:24; 114:3–5; 114:13–14; 115:1–3; 115:6–16; 115:24–27; 116:9–23; 131:24–132:9; 132:13–133:5; 133:13–134:16; 137:13–20 | | | irrelevant, and a waste of the jury's time. |
| Leroy Dease, Habeas, Vernon Horn v. Warden, March 18, 2013 | 49:3–13, 49:24–27, 59:6–18, 61:4–11 | Defendants City of New Haven, Raucci, Lawlor, and Maher: Hearsay not within any exception FRE 801-806 Relevance 402, Confusion, prejudice 403 Testimony regarding post-1991 events/conduct should be precluded | | |
| Anthony Stevenson, Trial, State of Connecticut v. Adam Carmon, March 28, 1995 | 610:1–18; 622:24–26, 623:3–15; 626:1–18, 633:7–17; 636:6–12 | Defendants City of New Haven, Raucci, Lawlor, and Maher: Hearsay not within any exception FRE 801-806 | If objection overruled designation is: 589/19-636/12 | Plaintiff objects to Defendants' designation of almost the entirety of the transcript and refers |

| | | Relevance 402, Confusion, prejudice 403 Testimony regarding post-1991 events/conduct should be precluded | only as to questions answered by witness, not colloquy between atty's and court or each other | the Court to his motion *in limine* to preclude the City's designations. Plaintiff further objects under FRE 401 and 403 that portions of these counter-designations are cumulative, irrelevant, and a waste of the jury's time. |
|---|---|---|---|---|

15

**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

STEFON MORANT                              CIV ACTION NO.:  3:22-CV-00630-SVN

     Plaintiff,

v.

CITY OF NEW HAVEN ET AL.               MARCH 3, 2026

     Defendants.

## <u>DEFENDANT MICHAEL SWEENEY'S DESIGNATIONS</u>

Defendant Michael Sweeney at this time does not intend to designate any additional testimonial excerpts.  Sweeney reserves the right to use at trial any testimonial excerpts designated by any other party.

# Attachment D
Stipulations as to Uncontroverted Facts

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| |
|---|
| STEFON MORANT, |
| Plaintiff, |
| v. |
| CITY OF NEW HAVEN, et. al., |
| Defendants. |

Civil Action No. 3:22-cv-00630 (SVN)

**JOINT STIPULATIONS OF FACT**

Plaintiff Stefon Morant and all Defendants, by undersigned counsel, hereby stipulate and agree that the following facts are true:

1. Ricardo Turner and Lamont Fields were shot and killed on October 11, 1990, at approximately 4:34 a.m. in Ricardo Turner's apartment at 634 Howard Avenue in New Haven, Connecticut.

2. The shooter used a total of five bullets in the Turner-Fields homicide.

3. Ricardo Turner was shot while standing up confronting his attacker and Lamont Fields was shot while he lay in bed asleep.

4. On April 15, 1991, Scott Lewis was arrested for the Turner-Fields homicide.

5. On February 28, 1992, Stefon Morant was arrested for the Turner-Fields homicide.

6. On June 8, 1994, Stefon Morant was convicted of felony murder related to the Turner-Fields homicide.

7. On May 10, 1995, Scott Lewis was convicted of murder for the Turner-Fields homicide.

8. From the time of his arrest on February 28, 1992, to his release on bond on April 27, 1992, Stefon Morant spent 59 days in jail.

1

9. From the time of his conviction on June 8, 1994 to his release from prison on June 17, 2015, Stefon Morant spent 21 years and 9 days incarcerated for the Turner-Fields homicide.

10. Former NHPD Sergeant William McCoy was not involved in the Turner-Fields homicide investigation after December 19, 1990.

2

# **Attachment E**
## Descriptions of the Case and Parties

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| STEFON MORANT,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF NEW HAVEN, et. al.,<br><br>        Defendants. | Civil Action No. 3:22-cv-00630 (SVN) |

**PARTIES' BRIEF DESCRIPTIONS OF CASE AND PARTIES**

The parties have met and conferred as to a joint brief description of the case and parties pursuant to the Court's Instructions for the Joint Pretrial Memorandum, at paragraph 11(a). The parties have reached substantial agreement, however have not yet been able to agree as to all portions of the submissions. Copied below are the parties' respective proposals. The parties will continue to meet and confer to attempt to reach total agreement.

Plaintiff's Proposed Description:

Stefon Morant was arrested by the New Haven Police Department in February 1992 and charged with the murders of Ricardo Turner and Lamont Fields. On June 8, 1994, he was convicted. He spent over twenty-one years incarcerated before he was released from prison in June 2015. He received a full and unconditional pardon on July 7, 2021. In this civil lawsuit, Morant maintains that the Defendants—former New Haven Police Officers Vincent Raucci, Vaughn Maher, Robert Lawlor and Michael Sweeney—violated his constitutional rights and caused him to be wrongly prosecuted and convicted of a crime of which he is innocent. He further maintains that the City of New Haven is responsible for permitting this misconduct to occur. Defendants deny any wrongdoing.

Defendants Raucci, Lawlor, and Maher's Description:

On June 8, 1994, plaintiff Stefon Morant was convicted by a jury of his peers for a crime he claims he didn't commit. He spent over twenty-one years incarcerated before he was released from prison in June 2015, for time served. He was later granted a pardon. In this civil lawsuit, Morant claims that the City of New Haven and former New Haven Police Officers Vincent Raucci, Vaughn Maher, Robert Lawlor and Michael Sweeney—violated his constitutional rights, were negligent, and caused him to be wrongly prosecuted. The defendants deny these allegations

1

and maintain that they are not liable for any of Morant's claims.  They also contend that Morant's conviction was based on probable cause.

City of New Haven's and Defendant Sweeney's Description:

Stefon Morant was arrested by the New Haven Police Department in February 1992 and charged with the murders of Ricardo Turner and Lamont Fields. On June 8, 1994, he was convicted. He spent over twenty-one years incarcerated before he was released from prison in June 2015. In this civil lawsuit, Stefon Morant maintains that the Defendants—former New Haven Police Officers Vincent Raucci, Vaughn Maher, Robert Lawlor, Michael Sweeney and the City of New Haven—violated his constitutional rights, were negligent, and caused him to be wrongly prosecuted and convicted of a crime of which he claims he is innocent. Defendants deny violating Stefon Morant's constitutional rights, deny they were negligent and deny he is innocent.

2

# Attachment F
Proposed *Voir Dire* Questions

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| STEFON MORANT, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF NEW HAVEN, et. al., <br><br> Defendants. | Civil Action No. 3:22-cv-00630 (SVN) |

**PLAINTIFF'S PROPOSED QUESTIONS FOR *VOIR DIRE***

Pursuant to Federal Rule of Civil Procedure 47 and this Court's Instructions for the Joint Trial Memorandum, Plaintiff proposes the following questions for *voir dire*. Please note that Plaintiff has respectfully requested that this Court use a jury questionnaire in advance of *voir dire* (and has filed a motion to that effect). Should the Court grant Plaintiff's motion, many of the questions below will be rendered superfluous and Plaintiff will amend his *voir dire* questions in accordance with section 11(b) of this Court's Instructions for the Joint Trial Memorandum. Should the Court deny Plaintiff's motion for a tailored jury questionnaire, Plaintiff will similarly supplement his *voir dire* questions below as necessary pursuant to this Court's Instructions. Plaintiff's proposed voir dire questions are as follows:

1. Where do you live? Please provide the town and county.

2. Are you employed? If yes, please describe your position. If you are retired, what was your last position? If you are unemployed, what was your last position and when was it?

3. Do you live with someone? If yes, what is that person's occupation?

4. Do you have children? How many? What is/are his/her/their ages? If you have adult children, what are their occupations?

1

5. Please describe your educational background, including any high schools, colleges, vocational programs, and graduate schools that you attended.

6. Please describe what, if any, specific groups or organizations you are a part of (civic, social, religious, volunteer, social justice, political, etc.). Do you have a leadership role in any such group or organization?

7. Where do you get your news? Please list all newspapers, websites, social medial platforms, podcasts, and television networks.

8. Do you use social media? If so, which social media platforms? Are the any issues you post on? What are those issues?

9. Do you have any personal, moral, political, religious, or other concerns that might cause you to question the validity of scientific or forensic evidence? Is so, please explain.

10. Do you have strongly held beliefs on the Black Lives Matter Movement? Please explain.

11. Name a famous person, living or dead, who you admire and state why you admire that person.

12. Have you or any close family/friends been victims of a serious crime, including homicide assault, or armed robbery? If yes, please explain.

13. This trial involves a murder of two victims. There may be graphic photos and testimony surrounding the victims' deaths and injuries. Based on your personal experiences, would you find it especially difficult to listen to view this evidence, listen to the testimony and to discuss it with fellow jurors during your deliberations?

14. The investigation in this case took place in 1990, and, at times, witnesses used slurs to refer to gay people. Based on your personal experiences, would you find it especially difficult to listen to prior testimony or view evidence containing these slurs? Do you think that

2

encountering these slurs in prior testimony or evidence would affect your ability to evaluate the issues before you in a neutral manner?

15. Have you or a family member or close friend ever been involved in a lawsuit of any kind? If yes, please describe what the lawsuit was about and whether the result was satisfactory or unsatisfactory to you or your family member or friend?

16. Have you ever testified in a court proceeding?

17. Have you ever been a juror before? If so, did you serve as the foreperson? Was it a civil or criminal case? [If criminal case: Different rules of law and burdens of proof will apply to this civil case than a criminal case, and it is my instructions which will govern your verdict, not your understanding of the rules of law that applied in your prior matter.] Was a verdict reached? Did you speak with any of the parties or their attorneys following the verdict? Would anything about your prior jury service affect your service on this case?

18. Do you feel that there are currently so many restrictions on the opinions people are allowed to have and express that it would be difficult to freely express your beliefs in the jury room? If yes, please explain.

19. Have you, or has any member of your family, or have any of your friends ever worked for a municipal, state, or federal agency, such as the department of corrections, police department, fire department, or sanitation department? If so, what positions were held and when?

20. Do you have any close family or friends that work in law enforcement?

21. Would you tend to give more or less weight to the testimony of a witness who is a law enforcement officer or prosecutor than other witnesses? Please explain.

22. Do you believe that in order to keep the peace and protect citizens, sometimes law enforcement officers may need to break the rules? Please explain.

3

23. Stefon Morant was arrested by the New Haven Police Department in February 1992 and charged with the murders of Ricardo Turner and Lamont Fields. On June 8, 1994, he was convicted. He spent twenty-one years incarcerated before he was released from prison in June 2015, receiving a full and unconditional pardon on July 7, 2021. In this civil lawsuit, Morant maintains that he is innocent of the murders, and that the Defendants—former New Haven Police Officers Vincent Raucci, Vaughn Maher, Robert Lawlor and Michael Sweeney—violated his constitutional rights and caused him to be wrongly prosecuted and convicted, and that the City of New Haven is responsible for permitting this misconduct to occur. Have you heard or read anything about the criminal trial and/or release of the plaintiff, Stefon Morant, about any of the parties, or about this civil action? [If yes, to be asked outside the presence of other prospective jurors: If so, what and where? What you may have read or heard is not evidence and should not be considered by you during deliberations. Will you be able to deliberate based solely on the evidence presented at trial and not based on any information from news outlets or the Internet?]

24. Do you have an opinion about whether there should be limits set on the amount of money a jury may award to a plaintiff? Please explain.

25. The Court has already found at least one Defendant liable for misconduct in this case, so you will be tasked with deciding the amount of money damages. Among other things, the judge will instruct you that you are not permitted to consider who or what will pay the damages award in determining the amount. Do you have any personal, moral, political, religious or other concerns that might make it difficult for you to follow this instruction? If yes, please explain.

4

5

26. Do you know the plaintiff in this case? Do you know the Defendants in this case? Do you know the potential witnesses in this case? Do you know the attorneys and legal staff representing the Plaintiff or Defendants in this case? [See attached list of parties, counsels, and witnesses pursuant to this Court's Instructions for the Joint Trial Memorandum.]

27. Do you have any reason to believe that anything in your life experience would tend to make you partial to one side or the other in this case?

28. Do you have any reason to believe you would not be able to follow the law as explained to you by a judge when evaluating this case? If so, please explain.

29. Is there anything which has not been asked which you would want to tell the Court about and which may be a factor in your ability to be fair and impartial in this case? You may speak to me and counsel privately if you wish.

**DEFENDANTS' PROPOSED JUROR QUESTIONNAIRE**

The questionnaire below has been approved by the Court and will be filled out by each prospective juror. To select jurors, the Court and the parties require certain information. This form is designed to save time and assist the Court and the parties to move forward as quickly as possible. Please answer the questions below honestly and completely. This information will be kept confidential and will not be used for any other purpose except to select a jury.  Please print all answers legibly.  If you need extra space to write in answers, please use the blank space on the final page. Please DO NOT write on the back of any page.

1. Name: _____    Juror #:_____

2. Age: _____    Gender: _____    Race: _____

3. What city/town and county do you live in? _____

3.a Who lives with you

4.a  Do you own a home

4. Have you lived in any other city/town and county within the last five years? If yes, please list each city/town and county: _____.

5. What is the highest level of education you completed?    ☐ Middle school / Some high school   ☐ High school graduate / GED    ☐ Junior college / Associate's degree    ☐ Technical / Trade school graduate    ☐ Some college    ☐ Four-year college graduate    ☐ Post-graduate degree

6. If you attended school past high school / GED, what was your area(s) of study? _____

_____

~~7. Please list all groups or organizations in which you participate or are a member (e.g., political or civic organizations, church or church groups, professional organizations, volunteer activities, social or charitable groups, neighborhood groups, or self-help groups).~~ _____

_____

_____

~~8. Have you ever held any leadership positions in any of these organizations?    ☐ Yes    ☐ No~~

9. What is your current employment status?    ☐ Working full-time    ☐ Working part-time   ☐ Full-time student    ☐ Unemployed, looking for work    ☐ Unemployed, not looking   ☐ Homemaker    ☐ Disabled    ☐ Retired (when:_____ )

10. If currently employed: (If retired, unemployed, homemaker, OR a full-time student, please answer regarding your last job)
What is your current or most recent occupation: _____
By whom are/were you employed: _____
For how long: _____
Describe your job duties: _____

1

11. What is your current marital status?   ☐ Single (never married)   ☐ Married   ☐ Living with partner (not married)   ☐ Widowed   ☐ Divorced   ☐ Separated

12. If you are married or have a significant other, please list that person's current occupation and employer, and highest level of education: _____

_____

13. ~~What are your major sources of news (including websites, social media platforms, TV channels/shows, the names of newspapers, magazines, or podcasts you follow or subscribe to?~~ ___

_____

_____

14. What sort of things do you do in your spare time? _____

_____

15. ~~Name three public figures you admire and three public figures you dislike.~~
~~Admire:~~ _____
~~Dislike:~~ _____

16. Have you ever served as a juror before?   ☐ Yes   ☐ No
If YES, were you the jury foreperson?   ☐ Yes   ☐ No
If YES, was the case civil or criminal?   ☐ Civil   ☐ Criminal
If YES, were you able to reach a verdict?  ☐ Yes   ☐ No

If you have served as a juror multiple times, please explain: _____

_____

17. Have you or an immediate family member ever filed or been sued in a lawsuit? ☐ Yes   ☐ No
If YES indicate who, the subject matter of the case, when, and where: _____

_____

If YES, were you or your immediate family member the plaintiff or the defendant in a lawsuit?

_____

If YES, were you satisfied with the outcome?   ☐ Yes   ☐ No   ☐ No outcome
If YES, is there anything about that experience that would prevent you from being fair in this case?   ☐ Yes   ☐ No

18. Have you, a family member, or someone close to you ever been employed in law enforcement, or worked for a law enforcement agency (including state or local police and sheriff's departments, the FBI, any prosecutor's office, the Department of Corrections, etc.)?
☐ Yes, I have   ☐ Yes, a family member   ☐Yes, someone close   ☐ No
If YES, please identify the person(s), agency, and position held: _____

_____

19. If you answered YES to #16, is there anything about those relationships that would cause you to have an opinion in favor of or against police officers? _____

20. Have you or anyone in your immediate family ever worked for any branch of the military?
☐ Yes, I have    ☐ Yes, a family member    ☐ No

21. Have you, a family member, or someone close to you worked for a federal, state, or local government (including the City of New Haven; the courts; schools etc.)?
☐ Yes, I have    ☐ Yes, a family member    ☐Yes, someone close    ☐ No
If YES, please explain the position, government entity, and the person's connection to you: _____

_____

22. Have you, a family member, or anyone close to you ever been the victim of or eyewitness to a crime (whether or not reported to the police)?
☐ Yes, I have    ☐ Yes, a family member    ☐Yes, someone close    ☐ No
If YES to any, please describe the subject matter of the incident, when the incident occurred, and whether you were called to court as a witness. _____

_____

23. Have you, or any relatives or close friends, ever been involved in dealings with police officers that left you with a strong opinion about police officers either way, either very favorable or very unfavorable?
☐ Yes, I have    ☐ Yes, a family member    ☐Yes, someone close    ☐ No
If YES to any, please explain: _____

_____

**The next three questions involve statements. Please answer each.**

24. *I believe that a police officer is more likely to tell the truth simply because he or she is a police officer.* Choose one:

☐ Yes    ☐ No    ☐ No Opinion/Not Sure
Explanation (Optional): _____

25. *In general, I think the media treats police and law enforcement officers fairly.* Choose one:

☐ Yes    ☐ No    ☐ No Opinion/Not Sure
Explanation (Optional): _____

26. *I feel that money damages awarded in lawsuits are:* (Circle one)

Excessive    Often too large    About right    Occasionally too low    Often too low

No opinion/Not sure

3

Please Explain: _____

_____

_____

~~27. Do you believe there should be limits set on the amount of money a jury may award to a plaintiff? ☐ Yes    ☐ No    ☐ No Opinion/Not Sure~~
~~Explanation (Optional): _____~~
~~_____~~

~~28. Would either the City of New Haven's current financial circumstances, or any personal, political, or religious beliefs make it difficult for you to award the Plaintiff damages against the City of New Haven?     ☐ Yes    ☐ No    ☐ Unsure~~
~~If YES or UNSURE, please explain: _____~~
~~_____~~

~~29. An award of damages compensates the plaintiff for any injury suffered. Because of this goal, the jury cannot consider the source of any payment. Do you have any concerns with this rule?~~
~~☐ Yes    ☐ No~~
~~If yes, please explain: _____~~
~~_____~~

~~30. Do you feel that there are so many restrictions on the opinions people are allowed to have and express that it would be difficult to freely share your beliefs in the jury room?~~
~~☐ Yes    ☐ No    ☐ Unsure~~
~~If YES or UNSURE, please explain: _____~~
~~_____~~

~~31. Do you believe that in order to keep the peace and protect citizens, sometimes law enforcement officers may need to break the rules? ☐ Yes    ☐ No    ☐ Unsure~~
~~If YES or UNSURE, please explain: _____~~
~~_____~~

~~32. The investigation in this case took place in 1990, and, at times, witnesses used slurs to refer to gay people. Based on your personal experiences, would you find it especially difficult to listen to prior testimony or view evidence containing these slurs? ☐ Yes  ☐ No ☐ No Opinion/Not Sure~~
~~Explanation (Optional): _____~~
~~_____~~

33. KNOWLEDGE OF CASE: [To fill in based on description in JTM]

a. From news media, conversations with others, or any other source, have you read, seen, or heard anything about this case, including the shooting, criminal trial, or release of Plaintiff Stefon Morant, or similar cases?    ☐ Yes    ☐ No    ☐ Unsure

b. If YES or UNSURE, please describe what you have read, seen or heard, and whether you have formed any opinions about the case and/or parties involved: _____

4

c. What sources have provided you with information about this case? _____

34. Based on the nature of the case as described to you so far, is there anything that will make it difficult for you to consider the evidence, the arguments of the attorneys, or the Court's instructions on the law, with an open mind? ☐ Yes    ☐ No    ☐ Unsure
If YES or UNSURE, please explain: _____

35. Do you know of any reason, even if not asked about in this questionnaire, why you might not be able to serve as a completely objective and impartial juror in this case?    ☐ Yes    ☐ No
If YES, please explain: _____

**ADDITIONAL AREA FOR EXPLANATION OF ANSWERS:**_____

5

# **Attachment G**
## List of Parties, Counsel, and Witnesses

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

STEFON MORANT,

              Plaintiff,

   v.

CITY OF NEW HAVEN, et. al.,

              Defendants.

Civil Action No. 3:22-cv-00630 (SVN)

## LIST OF PARTIES, COUNSEL, AND WITNESSES

**(i) all parties to the action**
Stefon Morant
City of New Haven
Vincent Raucci
Robert Lawlor
Vaughn Maher
Michael Sweeney

**(ii) the attorneys representing each of the parties, including each attorney's firm**
Representing Stefon Morant:
Amelia Green - Neufeld Scheck Brustin Hoffmann & Freudenberger, LLP
Emma Freudenberger - Neufeld Scheck Brustin Hoffmann & Freudenberger, LLP
Kenneth Rosenthal - Law Office of Kenneth Rosenthal
Nick Brustin - Neufeld Scheck Brustin Hoffmann & Freudenberger, LLP
Anna Benvenutti Hoffmann - Neufeld Scheck Brustin Hoffmann & Freudenberger, LLP
Elsa Mota - Neufeld Scheck Brustin Hoffmann & Freudenberger, LLP
Grace Paras - Neufeld Scheck Brustin Hoffmann & Freudenberger, LLP
Katherine Cion - Neufeld Scheck Brustin Hoffmann & Freudenberger, LLP
Jackie Ochoa Acevedo - Paralegal - Neufeld Scheck Brustin Hoffmann & Freudenberger, LLP
Priya Anand - Paralegal - Neufeld Scheck Brustin Hoffmann & Freudenberger, LLP

Representing the City of New Haven:
Alan Raymond Dembiczak - Howd & Ludorf, LLC
Amanda Stone - Howd & Ludorf, LLC
Lidia M Michols - Howd & Ludorf, LLC

1

Thomas R. Gerarde - Howd & Ludorf, LLC
Abigail R Willauer - Howd & Ludorf, LLC
Lori Shelto - Paralegal - Howd & Ludorf, LLC

Representing Vincent Raucci:
James Newhall Tallberg - Karsten & Tallberg LLC
Kimberly A. Bosse - Karsten & Tallberg, LLC
Ana Oliveira - Paralegal - Karsten & Tallberg, LLC

Representing Robert Lawlor and Vaugn Maher:
William J. Melley , III - Law Offices of William J. Melley III

Representing Michael Sweeney:
Jonathan Zellner - Ryan Ryan Deluca LLP
Michael T. Ryan - Ryan Ryan Deluca LLP
Norman A. Pattis - Pattis & Paz, LLC
Ryan Vincent Nobile - Ryan Ryan Deluca LLP

**(iii) any witnesses either party may call**
Scott Lewis
Nicholas Pastore
Joseph Pettola
Hon. David Gold
Agustin Castro a/k/a Ovil Ruiz
Jose Roque
Francisco Ortiz
Millie Martinez
Hector Ortiz
Melvin Wearing
Anthony DiLullo
Brian Sullivan
Lisa Bull
Charles Drago
Bruce Koenig
Adeyinka Akinsulure-Smith
Mike Fitzpatrick
Danny Markle
Richard Emanuel
Brett Dignam
Diane Basilicato

2

Michael Cardwell

Herman Badger

Rachel Cain

Rose Dell

Leroy Dease

John Datillo

Joseph Greene

John Minardi

Kristina Higgins

Regina Coleman

Tara Brock

Daryl Valentine

Joseph Timothy Davis

Linwood Cypress

Doreen Stiles

Anthony Stevenson

Adam Carmon

Andre Edwards

Randall Fleming

James Fleming

Carol Cheek

Donny Andrews

Joseph Preston

Maceo Streater

Melanie Carr

Mattie Dixon

Taseem Douglas

Kendell Thompson

Marcus Pearson

Brian Donnelly

Christopher DeMarco

Lawrence Hermann

Donna Desai

Patricia Roberts

Jeff Rochler

Christopher Corcoran

Kimberly Morant

Linda Morant

Leander Morant

Reverend William J. McKissick, Jr.

3

Karen Wolff
Frank Morant
Fawaz F. Syed
Twyla Washington
Stefon Washington, Jr.
Julian Sobin
Mia Smokes-Boyd
Jalaa Smokes-Boyd
Prince James Boyd, Jr.
Virnell Frasier
Robert Michaud
Peggy Lyons
Diane Austin
Carol Pace
Albertha Linnen
Darcy McGraw
Michael Dorsey
Angel Rodriguez
James Jeter
Darius Gaines
Joe Dease, Jr.
Clayton Drayton
Lisa Cannon
Reverend Willis Miller
Frank Redente
Vanessa Potkin
Ummer Ali
Eunice Pickett Johnson
Michael Moskowitz
Helen Gray
Elliot Spector
Nicholas Barreiro
Jerry Rodriguez
Gail A. Lawlor
Robert Lawlor, Jr.

4

# Attachment H

Proposed Jury Instructions

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| STEFON MORANT,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF NEW HAVEN; Chief of<br>Police NICHOLAS PASTORE, in his<br>individual and official capacities;<br>officers VINCENT RAUCCI,<br>ROBERT LAWLOR, VAUGHN<br>MAHER, JOSEPH PETTOLA, and<br>MICHAEL SWEENEY, in their<br>individual capacities.<br><br>        Defendants. | Case No. 3:22-cv-00630-CSH |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Plaintiff Stefon Morant respectfully requests that the Court issue the following case-specific instructions to the jury. These instructions are intended to supplement the Court's standard instructions on non-case-specific matters such as the role of the jury, the burden of proof, witness credibility, etc.

1

**Law-enforcement witnesses**

You have heard the testimony of people who work or have worked in law enforcement. The testimony of a person who works in law enforcement should be considered by you just as any other evidence in this case, and in evaluating his or her credibility you should use the same guidelines which you apply to the testimony of any witness. You should not give either more or less weight to the testimony of a witness merely because he or she works or has worked in law enforcement.[1]

---

[1] *United States v. Lawes*, 292 F.3d 123, 130–31 (2d Cir. 2002); Third Circuit Pattern Criminal Jury Instruction 4.18; Sixth Circuit Pattern Criminal Instruction 1.07B; Fifth Circuit Pattern Civil Jury Instruction 2.15.

**Introduction to claims**

In this case, Mr. Morant brings claims under Section 1983, a civil-rights law passed by Congress that allows people to sue when their constitutional rights have been violated.[2]

For every Section 1983 claim, Mr. Morant must also prove that the Defendant deprived him of a federal constitutional right. Mr. Morant's § 1983 claims are as follows:

(1) Claim 1, that Defendants Raucci and Maher fabricated evidence against Mr. Morant.

(2) Claim 2, that Defendants Raucci, Maher, Sweeney, and Lawlor withheld evidence that was favorable to Mr. Morant.

(3) Claim 3, that Defendants Raucci and Maher coerced Mr. Morant into making false statements.

(4) Claim 4, that Defendants Raucci and Maher caused Mr. Morant's malicious prosecution.

(5) Claim 5, that Defendants Raucci, Maher, and Lawlor conspired among themselves or with others to violate Mr. Morant's constitutional rights.

(6) Claim 6, that Defendants Lawlor, and Maher failed to stop Defendant Raucci from violating Mr. Morant's constitutional rights.

(7) Claim 7, that one or more of the constitutional violations were caused by the City of New Haven's policies or customs.

---

[2] There is no dispute in this case that the defendants acted under color of state law. *See* Third Circuit Model Civil Jury Instruction 4.4, cmt. ("Whenever possible, the court should rule on the record whether the conduct of the defendant constituted action under color of state law. In such cases, the court can…instruct the jury that this element of the plaintiff's claim is not in dispute."); *Cordius Tr. v. Kummerfeld*, 331 F. App'x 810, 811 (2d Cir. 2009) (it was proper to instruct jury that a particular element had been satisfied as a matter of law); *Murphy v. Lynn*, 118 F.3d 938, 951 (2d Cir. 1997) (same).

Mr. Morant also brings claims under Connecticut state law. Those claims are:

(8) Claim 8, that Defendants Raucci, Maher, Lawlor, and Sweeney were negligent.

(9) Claim 9, that one or more employees of the City were negligent.

The individual Defendants and the City deny these claims. I will now tell you the elements Mr. Morant must prove to establish each claim.

4

**Claim 1: Fabricating evidence against Mr. Morant**

Mr. Morant's first claim is that Defendants Raucci and Maher fabricated evidence against Mr. Morant. The constitutional right to a fair trial also includes the right to a trial based on evidence that is not fabricated, meaning that it is not made up. To succeed on this claim, Mr. Morant must prove, by a preponderance of the evidence:

(1) The Defendant fabricated information by knowingly making one or more false statements or omissions[3];

(2) The fabricated information was likely to influence a jury's verdict;

(3) The Defendant forwarded the fabricated information, or caused it to be forwarded, to the prosecutor; and

(4) The Plaintiff suffered a deprivation of liberty as a result.[4]

\*[5]

---

[3] *Ashley v. City of New York*, 992 F.3d 128, 143 (2d Cir. 2021); *Morse v. Fusto*, 804 F.3d 538, 548 (2d Cir. 2015) (omissions can be fabrications).

[4] ECF 210 at 38; *Carruthers v. Colton*, 153 F.4th 169, 189 (2d Cir. 2025); *Ashley v. City of New York*, 992 F.3d 128, 138–39 (2d Cir. 2021); *Kee v. City of New York*, 12 F.4th 150, 168 (2d Cir. 2021); *Ricciuti*, 124 F.3d at 130. We have omitted the "investigating official" element because it is not in dispute.

[5] Plaintiff reserves the right to propose a short, concrete description of the claimed fabricated evidence. Any such proposal will be offered later, to conform to the evidence at trial.

**Claim 2: Withholding evidence that was favorable to Mr. Morant**

Mr. Morant's second claim is that Defendants Raucci, Maher, Sweeney, and Lawlor deprived Mr. Morant of a fair trial by withholding evidence that was favorable to him.

To succeed on this claim, Mr. Morant must prove, by a preponderance of the evidence.

(1) That the Defendant was aware of information that was favorable to Mr. Morant;

(2) That the Defendant deliberately withheld at least some favorable information from the prosecutor; [6] and

(3) The favorable, withheld information, taken all together, was "material."[7]

As to the first element, evidence can be favorable in many ways. One kind of evidence favorable to the accused is exculpatory evidence, which is evidence tending to show that the accused did not commit the crime. Another type of favorable evidence is impeachment evidence, which is evidence used to undermine the credibility of a witness who provides evidence against the accused. Another type of favorable evidence is evidence that calls into question the integrity of the police investigation. [8]

*[9]

As to the third element, materiality, the total of the withheld evidence is material if there is a reasonable probability that, if the evidence had been disclosed, the outcome of the criminal

---

[6] ECF 210 at 34; *Walker v. City of New York*, 974 F.2d 293, 299 (2d Cir. 1992).

[7] *Bellamy v. City of New York*, 914 F.3d 727, 51 (2d Cir. 2019); *Kyles v. Whitley*, 415 U.S. 419, 436 (1995) (materiality, meaning undermined confidence, is "considered collectively, not item by item").

[8] ECF 210 at 31; *Kyles*, 415 U.S. at 448–49 (evidence that undermines the integrity of the police investigation is favorable to the accused); *United States v. Brown*, No. 19-cr-222, 2020 WL 2028538, at *7 (W.D.N.Y. Apr. 28, 2020) (evidence that undermines the integrity of the police investigation is favorable to the accused).

[9] Plaintiff reserves the right to propose a short, concrete description of the claimed withheld evidence. Any such proposal will be offered later, to conform to the evidence at trial.

trial would have been different. In other words, the evidence is material if its absence from the criminal trial undermines confidence in that trial's outcome.[10]

I instruct you that Mr. Morant has, as a matter of law, proven this claim against Defendant Sweeney and, as a result, Mr. Morant is entitled to a full assessment of compensatory damages. I will instruct you about compensatory damages later. You are to consider this claim only as to Defendants Raucci, Maher, and Lawlor.[11]

---

[10] ECF 210 at 31; *Bellamy*, 914 F.3d at 751; *Kyles*, 514 U.S. at 434.
[11] ECF 210 at 35.

7

**Claim 3: Coerced false statements**

Mr. Morant's third claim is that Defendants Raucci and Maher violated his constitutional right against self-incrimination. Mr. Morant claims that Defendants Raucci and Maher coerced his statement, thereby depriving Mr. Morant of his constitutional right not to be compelled to be a witness against himself.

The United States Constitution prohibits use of an involuntary statement against a criminal suspect.[12] A statement is involuntary if it is obtained under circumstances that overbear the suspect's will at the time he gave it.[13] To succeed on this claim, Mr. Morant must prove by a preponderance of evidence that the Defendant caused Mr. Morant to give an involuntary statement.[14] There is no single criteria for you to use to determine whether Mr. Morant's will was overborne when he gave the statement. Instead, you must evaluate the totality of the surrounding circumstances,[15] including:

(1) the characteristics of Mr. Morant, such as his
    a.  background and experience,
    b.  age,
    c.  education or intelligence,
    d.  physical or mental condition,
    e.  protestations of innocence, or
    f.  familiarity with the criminal justice system

(2) the circumstances of the interrogation, such as
    a.  its length,
    b.  the absence of counsel, friends, or family, or
    c.  whether Mr. Morant was advised of his constitutional rights

---

[12] *Green v. Scully*, 850 F.2d 894, 900 (2d Cir. 1988); *Arizona v. Fulminante*, 499 U.S. 279, 288 n.3 (1991).
[13] ECF 210 at 41; *Green*, 850 F.2d at 900; *Lynumn v. Illinois*, 372 U.S. 528, 534 (1963)
[14] *Weaver v. Brenner*, 40 F.3d 527, 534–36 (2d Cir. 1994).
[15] *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973); *Ortiz v. Stambach*, 137 F.4th 48, 67 (2d Cir. 2025).

8

(3) the tactics of the Defendant, such as
    a.  threats of violence or harm,
    b.  false promises of leniency or support,
    c.  the use of psychologically coercive techniques such as deliberate false or misleading statements,
    d.  repeated and/or prolonged questioning, or
    e.  refusal to accept assertions of innocence. [16]

Mr. Morant does not need to establish all or even most of these factors in order to prove that his statement was involuntary. In fact, you may find that the statement was involuntary based on just one of these factors.

---

[16] ECF 210 at 41–44; *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973); *Green v. Scully*, 850 F.2d 894, 900–02 (2d Cir. 1988).

9

**Claim 4: Malicious prosecution**

Mr. Morant's fourth claim is that Defendants Raucci and Maher caused the malicious prosecution of Mr. Morant. To succeed on this claim, Mr. Morant must prove, by a preponderance of the evidence:[17]

(1) The Defendant initiated or continued the criminal proceeding against Mr. Morant;

(2) The Defendant acted without probable cause; and

(3) The Defendant acted maliciously or for a purpose other than bringing Mr. Morant to justice.[18]

As to the first element, Mr. Morant may prove that the Defendant initiated a criminal proceeding against him if that Defendant forwarded false information to the prosecutor, misrepresented information to the prosecutor, concealed information from the prosecutor, or otherwise interfered with the prosecutor's ability to make an informed decision about whether to bring charges against Mr. Morant.[19]

As to the second element, Mr. Morant must prove that the Defendant lacked probable cause. The Defendant lacked probable cause unless the facts and circumstances available to the

---

[17] We omitted the favorable-termination element, which the Court has already correctly held is established as a matter of law. ECF 210 at 23–26. Mr. Morant's incarceration satisfies the seizure requirement, so we omitted that too. Third Circuit Model Civil Jury Instructions 4.13, cmt. ("If possible, the court should rule as a matter of law on the questions of favorable termination and of seizure.").

[18] ECF 210 at 23; *Friend v. Gasparino*, 61 F. 4th 77, 85 (2d Cir. 2023); *Roberts v. Babkiewicz*, 582 F.3d 418, 420 (2d Cir. 2009); *Rohman v. N.Y.C. Transit Auth. (NYCTA)*, 215 F.3d 208, 215 (2d Cir. 2000).

[19] *Manganiello v. City of New York*, 612 F.3d 149, 163 (2d Cir. 2010); *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997).

Defendant would have convinced a reasonable, honest person that Mr. Morant had committed the Turner-Fields murders.[20]

As to the third element, malice is not just hatred or ill will. A Defendant acted out of malice if you find any of the following: the Defendant acted with a reckless or oppressive disregard for Mr. Morant's rights; the Defendant used the prosecution of Mr. Morant for an improper purpose; the Defendant did not actually believe Mr. Morant was guilty; or the Defendant misrepresented the facts or left out information that was helpful to Mr. Morant. You can also infer malice from the absence of probable cause.[21]

---

[20] *Friend*, 61 F.4th at 85; *Williams v. City of New York*, 508 F.2d 356, 359 (2d Cir. 1974); *Roberts*, 582 F.3d at 420; Third Circuit Model Civil Jury Instructions 4.13.
[21] *Washington v. Napolitano*, 29 F.4th 93, 104–12 (2d Cir. 2022); *Manganiello*, 612 F.3d at 163; *Ricciuti*, 124 F.3d at 131.

11

**Claim 5: Conspiracy to violate Mr. Morant's constitutional rights**

Mr. Morant's fifth claim is that Defendants Raucci, Maher, and Lawlor conspired among themselves or with others to violate Mr. Morant's constitutional rights. You should only consider this claim if you have found at least one Defendant liable on at least one of Mr. Morant's first four claims. In addition to that finding, to succeed on this claim, Mr. Morant must prove, by a preponderance of the evidence:

(1) The Defendant agreed with one or more other Defendants to act together to deprive Mr. Morant of his constitutional rights;

(2) At least one member of the agreement took at least one act to further the agreement; and

(3) The act or acts taken harmed Mr. Morant.[22]

On the first element, the agreement does not need to be explicit, written down, or said aloud. A tacit or an unspoken agreement is enough. For example, if you find multiple Defendants worked as a group to achieve a common goal, that is a tacit agreement that satisfies the first element.[23] In addition, the *details* of the conspiracy do not have to be agreed upon. If the Defendants agreed upon the essential nature of the plan, that is enough.[24] Both the existence of the conspiracy and a given Defendant's participation in it may be proven through circumstantial evidence.[25]

---

[22] ECF 210 at 46; *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999).
[23] ECF 210 at 46; *United States v. Amiel*, 95 F.3d 135, 144 (2d Cir. 1996).
[24] *United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992).
[25] ECF 210 at 46; *In re Dana Corp.*, 574 F.3d 129, 153 (2d Cir. 2009); *United States v. Huezo*, 546 F.3d 174, 180 (2d Cir. 2008).

**Claim 6: Failure to stop Defendant Raucci's constitutional violations**

Mr. Morant's sixth claim is that Defendants Lawlor, and Maher failed to stop Defendant Raucci from violating Mr. Morant's constitutional rights. You should only consider this claim if you have found Defendant Raucci liable on at least one of Mr. Morant's first four claims. In addition to that finding, to succeed on this claim, Mr. Morant must prove, by a preponderance of the evidence:

(1) The Defendant observed or had reason to know of one or more of Defendant Raucci's constitutional violations;

(2) The Defendant had a realistic opportunity to intervene to prevent the harm from occurring; and

(3) The Defendant did not intervene to prevent the harm.[26]

---

[26] ECF 210 at 44–45; *Figueroa v. Mazza*, 825 F.3d 89, 107–08 (2d Cir. 2016); *Terebesi v. Torreso*, 764 F.3d 217, 243 (2d Cir. 2014); *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994).

**Claim 7: Municipal liability—introduction**

Mr. Morant's seventh claim is a Section 1983 claim against the City of New Haven. Mr. Morant contends that the City is responsible for the violations of his constitutional rights. When deciding whether the City is responsible, the violations of Mr. Morant's constitutional rights you should consider are: (i) Defendant Sweeney's withholding of favorable evidence, which I previously instructed you that Mr. Morant has proven; and (ii) any other violations you found in evaluating Mr. Morant's first four claims.

The City is responsible if any of the following are true:

Option 1: The City tolerated a practice or custom by the New Haven police of suppressing evidence that was favorable to criminal suspects, and that custom caused the suppression in Mr. Morant's case.

Option 2: The City made a deliberate choice not to provide appropriate supervision and discipline of the New Haven police, and the inadequate supervision and discipline caused the violation of Mr. Morant's constitutional rights.

Option 3: Chief of Police Nicholas Pastore was alerted to the Defendants' investigative misconduct in Mr. Morant's case and Pastore failed to take appropriate action.

The City is responsible if Mr. Morant proves any of these three things; he does not need to prove them all.

14

**Claim 7 (municipal liability), option 1—widespread practice or custom**

To succeed on his policy-or-custom claim, Mr. Morant must prove, by a preponderance of the evidence:

(1) The New Haven police had a practice or custom of suppressing evidence that was favorable to criminal suspects; and

(2) That practice or custom caused the suppression in Mr. Morant's case.[27]

On the first element, the City is only responsible if the practice or custom was sufficiently widespread; the City is not responsible for an isolated act by a lower-level employee. For the City to be responsible, the practice or custom must be so widespread that that failing to end it was a conscious choice or deliberate indifference, as opposed to mere negligence. The City is also responsible if it was faced with a pattern of misconduct and constructively acquiesced in it or tacitly authorized it.[28] Mr. Morant is not required to show that Chief Pastore or any other specific policymaker was personally aware of the pattern or custom.[29]

On the second element, the City is only responsible if there is a "causal link" between its practice or custom of suppressing evidence and the suppression in Mr. Morant's case, meaning the practice or custom "played a part" in the violation of Mr. Morant's rights.[30] Examples of how Mr.

---

[27] ECF 210 at 63–64; *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012); *Amnesty Am*, 361 F.3d at 126.

[28] *Chislett v. New York City Dep't of Educ.*, 157 F.4th 172, 184 (2d Cir. 2025); *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297–98 (2d Cir. 2020); *Okin v. Vill. of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 440 (2d Cir. 2009); *Jones*, 691 F.3d at 81; *Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 870–71 (2d Cir. 1992).

[29] *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 306 (2d Cir. 2020).

[30] *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Outlaw v. City of Hartford*, 884 F.3d 351, 373 (2d Cir. 2018) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989)); *M. D. by Stukenberg v. Abbott*, 907 F.3d 237, 253 (5th Cir. 2018); *King v. Rubenstein*, 825 F.3d 206, 223 (4th Cir. 2016); *Smith v. Martuscello*, 602 F. App'x 550, 551 (2d Cir. 2015); *Fagon v. Ratajczak*, No. 18-cv-01594, 2023 WL 8435980, at *14 (D. Conn. Dec. 4, 2023); *Chase v. Nodine's Smokehouse, Inc.*, 360 F. Supp. 3d 98, 109 (D. Conn. 2019).

Morant can satisfy that element include proving there was an "affirmative link" between the practice or custom and what happened in Mr. Morant's case, or proving the practice or custom was the "moving force" behind what happened in Mr. Morant's case.[31]

_____

[31] *Cash v. Cnty. of Erie*, 654 F.3d 324, 342 (2d Cir. 2011); *Reynolds v. Giuliani*, 506 F.3d 183, 193 (2d Cir. 2007); *Gentile v. Cnty. of Suffolk*, 926 F.2d 152 (2d Cir. 1991).

**Claim 7 (municipal liability), option 2—failure to supervise and/or discipline**

To succeed on his failure-to-supervise or failure-to-discipline claim, Mr. Morant must prove, by a preponderance of the evidence:

(1) The City's level of supervision and discipline of the New Haven police was insufficient because it permitted unconstitutional conduct;

(2) The City was deliberately indifferent to the risk of unconstitutional conduct; and

(3) The inadequate supervision and discipline harmed Mr. Morant.[32]

On the second element, you can find the City was deliberately indifferent if the need for more or better supervision or discipline, to protect against constitutional violations, was obvious, but the City made no meaningful attempt to fix the problem.[33]

Deliberate indifference may also be shown through expert testimony that a practice condoned by the City was "contrary to the practice of most police departments" and was "particularly dangerous" because it presented an unusually high risk that constitutional rights would be violated.[34]

The ways of proving deliberate indifference vary from case to case; there is no specific set of facts that Mr. Morant must prove.[35]

---

[32] ECF 210 at 60–61; *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989); *Okin*, 577 F.3d at 440; *Amnesty Am.*, 361 F.3d at 126–29; *Cash*, 654 F.3d at 334–39; *Reynolds v. Giuliani*, 506 F.3d 183, 192 (2d Cir. 2007); *Vann v. City of New York*, 72 F.3d 1040, 1049 (2d Cir. 1995).
[33] ECF 210 at 60–61; *Amnesty Am.*, 361 F.3d at 127; *Vann*, 72 F.3d at 1049.
[34] *Vann*, 72 F.3d at 1049; *Dodd v. City of Norwich*, 827 F.2d 1, 4–6 (2d Cir.), modified on reh'g on other grounds, 827 F.2d 1, 7 (2d Cir. 1987).
[35] ECF 210 at 61; *Amnesty Am.*, 361 F.3d at 128.

**Claim 7 (municipal liability), option 3—ratification**

To succeed on his ratification claim, Mr. Morant must prove, by a preponderance of the evidence:

(1) Chief Pastore was aware of, and consciously chose to ignore, one or more unconstitutional actions, taken by one or more of the Defendants, in Mr. Morant's case; and

(2) Chief Pastore's ignoring the unconstitutional action harmed Mr. Morant.[36]

Chief Pastore's knowledge and intent may be proven by circumstantial evidence,[37] and even a single decision to ignore an unconstitutional action in Mr. Morant's case is enough to satisfy this claim[38].

---

[36] ECF 210 at 57; *Montero v. City of Yonkers, New York*, 890 F.3d 386, 403 (2d Cir. 2018); *Redd v. N.Y. Div. of Parole*, 678 F.3d 166, 178 (2d Cir. 2012); *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 126 (2d Cir. 2004); *Jeffes v. Barnes*, 208 F.3d 49, 64 (2d Cir. 2000).
[37] *United States v. MacPherson*, 424 F.3d 183, 189–90 (2d Cir. 2005).
[38] ECF 210 at 57; *Montero v. City of Yonkers, New York*, 890 F.3d 386, 403 (2d Cir. 2018).

**Claim 8: Individual negligence**

Mr. Morant's eighth claims, brought under Connecticut state law, asserts that Defendants Raucci, Maher, Lawlor, and Sweeney were negligent. Because these Defendants were acting within the scope of their employment for the City, a finding against one or more of these Defendants is jointly a finding against the City.

To succeed on this claim, Mr. Morant must prove, by a preponderance of the evidence:

(1) The Defendant had a duty to use care;

(2) The Defendant was negligent, meaning he failed to use reasonable care under the circumstances;

(3) The Defendant's negligence harmed Mr. Morant; and

(4) The harm caused was reasonably foreseeable.

On the first element, a duty to use care exists when a reasonable person, knowing what the Defendant here either knew or should have known at the time of the challenged conduct, would foresee that harm of the same general nature as that which occurred here was likely to result from that conduct. If harm of the same general nature as that which occurred here was foreseeable, it does not matter if the manner in which the harm that actually occurred was unusual, bizarre or unforeseeable.[39]

On the second element, reasonable care is the care that a reasonably prudent person would use in the same circumstances.[40] In determining the care that a reasonably prudent person would use in the same circumstances, you should consider all of the circumstances which were known or should have been known to the Defendant at the time of the conduct in question.

---

[39] Connecticut Civil Jury Instructions 3.6-7 (available at https://jud.ct.gov/Ji/Civil/Civil.pdf).
[40] Connecticut Civil Jury Instructions 3.6-3 (available at https://jud.ct.gov/Ji/Civil/Civil.pdf).

19

Whether care is reasonable depends upon the dangers that a reasonable person would perceive in those circumstances. It is common sense that the more dangerous the circumstances, the greater the care that ought to be exercised.[41]

Also on the second element, the same act or omission cannot be both intentional and negligent.[42] Therefore, if you find a particular Defendant liable for a constitutional violation that required him to act intentionally, willfully, or maliciously, you cannot find that same Defendant liable for negligence *for those same actions*. You can, however, find that a single Defendant committed some intentional misconduct and also committed negligence through other acts or omissions.

On the third element, Mr. Morant must prove that he was harmed in some way by the Defendant's negligence—meaning there is some harm that would not have occurred if the Defendant had used reasonable care.[43] Mr. Morant is not required to prove that the Defendant's negligence was the *only* cause of the harm, or even the most significant cause.[44] Mr. Morant does have to prove, however, that the Defendant's negligence was a *substantial factor* in producing the harm, meaning that the Defendant's negligence contributed materially and not just in a trivial or inconsequential manner.[45]

On the fourth element, Mr. Morant is not required to prove that the Defendant actually foresaw or should have foreseen the extent of the harm suffered or the manner in which it occurred. Instead, Mr. Morant must prove that the harm he suffered was of the *same general nature* as that which a reasonably prudent person in the Defendant's position should have

---

[41] Connecticut Civil Jury Instructions 3.6-4 (available at https://jud.ct.gov/Ji/Civil/Civil.pdf).
[42] ECF 210 at 67; *DaCruz v. State Farm Fire and Cas. Co.*, 268 Conn. 675, 693 (2004).
[43] Connecticut Civil Jury Instructions 3.1-1 (available at https://jud.ct.gov/Ji/Civil/Civil.pdf).
[44] Connecticut Civil Jury Instructions 3.1-2 (available at https://jud.ct.gov/Ji/Civil/Civil.pdf).
[45] Connecticut Civil Jury Instructions 3.1-1 (available at https://jud.ct.gov/Ji/Civil/Civil.pdf).

anticipated (in view of what the Defendant knew or should have known at the time of the

negligent conduct).[46]

---

[46] Connecticut Civil Jury Instructions 3.1-4 (available at https://jud.ct.gov/Ji/Civil/Civil.pdf).

**Claim 8, continued: Negligence—governmental immunity**

Defendants were municipal employees, and under some circumstances, municipal employees are immune from liability for negligence. So, if you find the elements of Mr. Morant's negligence claim satisfied as to one or more Defendants, you must then consider whether each such Defendant is nevertheless immune from negligence liability.

The Defendant is *not* immune if Mr. Morant proves, by a preponderance of the evidence:

(1) Mr. Morant was an identifiable victim with respect to the Defendant's negligence;

(2) The Defendant's conduct was so likely to cause harm to Mr. Morant that the Defendant had a clear duty to act immediately to prevent it; and

(3) It was apparent to the Defendant that his conduct was likely to subject Mr. Morant to such harm.[47]

Although the components have been identified separately, they are interconnected and should be evaluated with reference to one another. Mr. Morant must be identifiable as a potential victim of a specific imminent harm. Likewise, the harm must be imminent in terms of its impact on Mr. Morant, and must be apparent to one or more of the Defendants.

---

[47] *Haynes v. City of Middletown*, 314 Conn. 303, 322 (2014).

**Claim 9: City negligence**

Mr. Morant's ninth claim is a claim of negligence directly against the City. To succeed on this claim, Mr. Morant must prove, by a preponderance of the evidence, that one or more employees of the City harmed Mr. Morant by their negligence.

The employees you must consider include the Defendants but are not limited to the Defendants—if another City employee harmed Mr. Morant by his or her negligence, Mr. Morant has proved this claim.[48]

The legal instructions for determining whether one or more employees were negligent are the same as those I gave you earlier, when discussing Mr. Morant's eighth claim.

---

[48] Conn. Gen. Stat. § 52-557n.

**Damages—introduction**

You must also make an award of damages.[49]

There are two categories of damages. The first category, compensatory damages, is the amount of money that will justly and fairly compensate Mr. Morant for any harm[50] caused by Defendants.

The second category, punitive damages, is the amount of money necessary to punish Defendants and deter similar conduct in the future. If you render a verdict for Mr. Morant, you may, but are not required to, award punitive damages.

I will now give you more specific instructions on how to determine your award of compensatory and punitive damages.

---

[49] As the Court granted summary judgment against Sweeney on Plaintiff's *Brady* claim, regardless of the jury's liability verdict otherwise, it must consider damages at least on that claim.

[50] *Injury*, BLACK'S LAW DICTIONARY (12th ed. 2024)

**Damages—compensatory damages**

Compensatory damages means the amount of money that will fairly compensate Mr. Morant for any harm that you find he sustained and is reasonably certain to sustain in the future as a direct result of Defendants' conduct. Mr. Morant must prove his damages by a preponderance of the evidence.

Your award must be based upon evidence presented at trial, and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to or require an actual loss of money. Instead, compensatory damages include the harm inherent to a loss of freedom, as well as Mr. Morant's own mental, emotional, and physical harms,[51] even if it is not easy to assign a monetary amount to these kinds of harm.[52] In determining the measure of compensatory damages, you should consider the following:

- The loss of liberty for the period Mr. Morant spent in wrongful confinement. You should consider the loss of time, the sense of loss of freedom, which is inherent in any wrongful confinement, separate and apart from any other particular harms you may find Mr.

---

[51] *Kerman v. City of New York*, 374 F.3d 93, 128 (2d Cir. 2004) (Reversible error in case involving wrongful confinement not to instruct the jury that if they found Defendant(s) "detained Kerman…without probable cause, which necessarily curtailed Kerman's liberty, Kerman was, independent of his claims of physical, mental, emotional, or economic injury, entitled to be compensated for that loss of liberty.").

[52] *Memphis Community School District v. Stachura*, 477 U.S. 299, 306–07 (1986); Seventh Circuit Model Civil Jury Instruction 7.26 (2017); *Gilliam v. Allen*, 62 F.4th 829, 845 (4th Cir. 2023) (instruction given that "[c]ompensatory damages are not limited to expenses that Plaintiff may have incurred because of their injury…. Plaintiffs may also recover the reasonable value of each day of confinement after taking the time they would have been released if defendants had not taken the actions that plaintiff alleges."); *Burton v. City of New York*, 630 F. Supp. 3d 586, 598 (S.D.N.Y. 2022), *report and recommendation adopted sub nom. Burton v. Blocker*, No. 20 Civ. 9025 (ATR) (WL), 2022 WL 9474454 (S.D.N.Y. Oct. 14, 2022) ([Wrongful conviction Plaintiff] did not experience any serious physical injuries while imprisoned…did not seek or receive mental health counseling, and has not had trouble sleeping since being out. Nonetheless, there can be no legitimate dispute that [his] nearly 20 years of wrongful incarceration and near-decade on parole…have led to immeasurable harm.").

Morant suffered as a result of Defendants' conduct.[53] In other words, loss of liberty damages compensate Mr. Morant for the reasonable value of each day of freedom lost;[54]

- Mr. Morant's emotional pain and suffering beginning with the constitutional violations and continuing through to today and into the future, including fear, humiliation, or mental anguish Mr. Morant has already experienced, and the fear, humiliation, or mental anguish he is reasonably certain to experience in the future;[55]

- Physical harm to Mr. Morant during and after the events at issue, including ill health, physical pain, disability, or discomfort, and any such physical harm that Mr. Morant is reasonably certain to experience in the future;[56]

- Mr. Morant's loss of a normal life, including his loss of family connections and family interactions, loss of relationships, loss of companionship, and loss of enjoyment of life's activities.[57]

---

[53] *Kerman*, 374 F.3d at 130; *Gardner v. Federated Dep't Stores, Inc.*, 907 F.2d 1348, 1353 (2d Cir. 1990) (The damages for deprivation of liberty redress the denial of free movement and the violation done to Gardner's dignity as a result of the unlawful detention, and not the physical and mental injuries arising from the incident."); *Nibbs v. Goulart*, 822 F. Supp. 2d 339, 345 (S.D.N.Y. 2011) ("It is clear under Second Circuit law that damages associated with lost liberty are distinct and independent from those arising from "such injuries as physical harm, embarrassment, or emotional suffering.").

[54] *See Sample v. Diecks*, 885 F.2d 1099, 1112 (3d Cir. 1989) (upholding award of compensatory damages for "each day of confinement after the time [plaintiff] would have been release," absent defendant's conduct, as an "approximation of the value of a day of freedom.").

[55] Third Circuit Model Civil Jury Instruction 4.8.1 (2025); Seventh Circuit Model Civil Jury Instruction 7.26 (2017).

[56] Third Circuit Model Civil Jury Instruction 4.8.1 (2025); Seventh Circuit Model Civil Jury Instruction 7.26 (2017).

[57] Seventh Circuit Model Civil Jury Instruction 7.26 (2017) (loss of a normal life contemplated in section on compensatory damages for constitutional torts); Third Circuit Model Civil Jury Instruction 4.8.1 (2025) (instructing inclusion of any other item of damages that are warranted by the evidence and permitted under the law governing the specific type of claim); *Bevevino v. Saydjari*, 574 F.2d 676, 688 (2d Cir. 1978) (in addition to physical disabilities, jury could consider and award damages on basis that as a result of the defendant's negligence, the plaintiff "was reduced to a shell of a human being.").

No evidence of the dollar value of loss of liberty, physical or mental and emotional pain and suffering, or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate Mr. Morant for the injury he has sustained.[58]

Counsel for the parties may suggest to you a dollar figure for compensatory damages. Any such suggestion is only a suggestion, or the attorney's comment on the evidence. It is not itself evidence. You should give any such comment or suggestion whatever weight you decide; you are not required to adopt it.[59]

---

[58] Seventh Circuit Model Civil Jury Instruction 7.26 (2017).

[59] *E.g.*, *Lupia v. New Jersey Transit Rail Operations, Inc.*, 110 F.4th 450, 453 n.7, 455 n.19 (2d Cir. 2024) (affirming district court's similar instruction to jury, where counsel offered its view on the fair measure of damages). The parties met and conferred and agreed that, consistent with their understanding of the custom in this district, Plaintiff's counsel may suggest a specific monetary award during closing argument, so long as: (i) it's done in the *first* opening argument, not rebuttal, so that Defendants have an opportunity to respond; and (ii) the Court gives an instruction like the one drafted here, explaining that counsel's suggestion is just a suggestion that the jury is not required to adopt.

**Damages—punitive damages**

If you find for Mr. Morant, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future. Punitive damages may not be awarded to compensate Mr. Morant. Punitive damages are not available against the City of New Haven.[60]

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that a Defendant's conduct that harmed Mr. Morant was malicious or wanton. Conduct is malicious if it is accompanied by ill will, spite, or if it is for the purpose of injuring the plaintiff. Conduct is wanton if it was in reckless disregard of Mr. Morant's rights. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, a Defendant simply did not care about Plaintiff's rights.

If you find that punitive damages are appropriate, you should consider the purposes of punitive damages in setting the amount. That is, in deciding the amount of punitive damages, you should consider the degree to which a particular defendant should be punished for his wrongful conduct toward Mr. Morant, and the degree to which an award of a certain amount will deter that defendant or others from committing similar wrongful acts in the future. You are entitled to consider the nature of a particular defendant's actions in setting an amount for punitive damages. That includes whether the Defendant's actions were violent or non-violent, whether they posed a risk to health or safety, whether a particular defendant acted in a deliberately deceptive manner, and whether the defendant engaged in repeated misconduct, or a single act. You should also

---

[60] *See City of Newport v. Fact 28 Concerts, Inc.*, 453 U.S. 247, 271 (1981).

28

consider the amount of harm actually caused by the Defendant's act and the harm that could

result if such acts are not deterred in the future. You may impose punitive damages against one

or more of the Defendants and not others and may award different amounts against different

defendants.[61]

---

[61] Seventh Circuit Model Civil Jury Instruction 7.28 (2017); Third Circuit Model Civil Jury
Instruction 4.8.3 (2025).

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEFON MORANT                          :        NO.: 3:22-CV-00630 (SVN)
                                       :
v.                                     :
                                       :
CITY OF NEW HAVEN, ET AL               :

## **DEFENDANT, CITY OF NEW HAVEN'S PROPOSED JURY INSTRUCTIONS**

The defendant, City of New Haven, respectfully requests that the Court submit

the following instructions to the jury.

## I.    FEDERAL LAW CLAIMS

### 42 U.S.C. § 1983

The law to be applied in this case is the federal civil rights law which provides a remedy for individuals (or other entities) who have been deprived of their constitutional (or statutory) rights under color of state law. Section 1983 of Title 42 of the United States Code states: Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.[1]

### Purpose

Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes. Before section 1983 was enacted in 1871, people so injured were not able to sue state officials or persons acting under color of state law for money damages in federal court. Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.[2]

---

[1]    42 U.S.C. §1983.
[2]    *Lugar v. Edmondson Oil Co.,* 457 U.S. 922 (1982); *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Mitchum v. Foster*, 407 U.S. 225 (1972); *Monroe v. Pape*, 365 U.S. 167 (1961).

2

**Burden of Proof**

The plaintiff has the burden of proving each and every element of his section 1983 claim by a preponderance of the evidence. If you find that any one of the elements of plaintiff's section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendants. The defendants have the burden of proving each element of their affirmative defenses. If you find that any one of the elements of defendants' defenses has not been proven by a preponderance of the evidence, you must disregard the defense.[3]

**Elements of A Section 1983 Claim**

To establish a claim under section 1983, the plaintiff must establish, by a preponderance of the evidence, each of the following three elements: First, that the conduct complained of was committed by a person acting under color of state law; Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and Third, that the defendants' acts were the proximate cause of the injuries and consequential damages sustained by the plaintiff.[4]

*First Element – Color of Law*

The first element of the plaintiffs' claim is that the defendants acted under color of state law. The phrase "under color of state law" is a shorthand reference to the words of Section 1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state (or territory or the District of Columbia). The term "state" encompasses any political subdivision of a state, such as a

---

[3]    *Gomez v. Toledo*, 446 U.S. 635 (1980).
[4]    *Parratt v. Taylor*, 451 U.S. 527 (1981).

3

county or city, and also any state agencies or a county or city agency. Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state. Section 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law. An actor may misuse power that he possesses by virtue of state law even if his acts violate state law; what is important is that the defendant was clothed with the authority of state law, and that the defendants' actions were made possible by virtue of state law.[5]

The act of a state official in pursuit of his personal aims that is not accomplished by virtue of his state authority is not action under color of state law merely because the individual happens to be a state officer.[6]

### Second Element – Deprivation of Right

The second element of the plaintiff's claim is that he was deprived of a federal right by the defendants. The plaintiff claims he was deprived of his rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.[7]

### Third Element – Causation

The third element which the plaintiff must prove is that the defendants' acts were both a cause in fact, also known as a "but for" cause, and a proximate cause of the injuries allegedly sustained by the plaintiff. In order to recover damages for any injury,

---

[5]    *Adickes v. S.H. Kress Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *Screws v. United States*, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); *United States v. Classic*, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1361 (1941); *Hague v. C.I.O.*, 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939); *Home Telephone & Telegraph Co. v. City of Los Angeles*, 227 U.S. 278, 33 S.Ct. 312, 57 L.Ed. 510 (1913); Ex Parte Virginia, 100 U.S. 339, 25 L.Ed. 676 (1880).

[6]    *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Stengel v. Belcher*, 522 F.2d 438 (6th Cir. 1975); *cert. denied*, 429 U.S. 118, 97 S.Ct. 514, 50 L.Ed. 269 (1976).

[7]    Martin A. Schwartz and George C. Pratt, Section 1983 Litigation Jury Instructions, 2002 Supplement, Volume 4, § 3.01.1.

4

the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendants. If you find that the plaintiff's alleged injuries would have occurred even in the absence of a defendant's conduct, you must find that the Plaintiff has not proved this causation element and your verdict must be for the Defendant, as the Defendant's conduct was not a cause in fact of Plaintiff's injuries.

In addition to cause-in-fact Plaintiffs must prove proximate cause. Proximate cause means that there must be a sufficient causal connection between the act or omission of the defendants and any injury or damage allegedly sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury; that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's act or omission, it was proximately caused by such act or omission. In other words, if a defendants' act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

If you find that the plaintiff complains about injuries that were not proximately caused by the defendants' conduct, your verdict must be for the Defendant.

### **Multiple Defendants**

Although there are several defendants in this action, it does not follow from that fact alone that if one is liable, all are liable. Each defendant is entitled to a fair consideration of the plaintiff's claims against him and of each defendant's own defenses to those claims, and is not to be prejudiced by the fact, if it should become a fact, that you find against another. Remember that the case as to each of these individual

<center>5</center>

defendants must be considered separately by you. The fact that you find that one of the defendants is or is not liable does not determine your verdict as to any other one of these defendants.

### State of Mind

In order to prove the second element of his section 1983 claim as to each defendant, the plaintiff must not only prove that the defendant's acts deprived plaintiff of a federal right, but also that that defendant intended to take those acts, which actions deprived plaintiff of his rights or which acts were taken with reckless indifference to those rights. Mere negligence is not enough, but plaintiff need not prove that that defendant acted with specific intent to violate his federally protected rights. An act is intentional if it is done voluntarily and deliberately, and not because of mistake, accident, negligence, or other innocent reason. An act is reckless if done in conscious disregard of its known probable consequences. In other words, if you find that that defendant purposefully disregarded the high probability that his actions would deprive plaintiff of his rights, then that defendant acted recklessly.[8]

An act of reckless is done in conscious disregard of its known probable consequences. In determining whether one or more of the defendants acted with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to give or direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.[9]

---

[8]    *Parrott v. City of Hartford*, Jury Instructions, Civil Action No. 3:10-cv-01465-JCH (May 21, 2013).
[9]    4 L.Sand. et.al. Modern Federal Jury Instructions -- Instruction 87-77.

6

## CIVIL RIGHTS CONSPIRACY

In order for you to consider whether the defendants are liable for conspiracy to violate Mr. Morant's civil rights, Mr. Morant must first prove that he was deprived a constitutional right or privilege by the defendants.[10] If he has not done so, you need not decide whether defendants are liable for civil rights conspiracy.

However, if you find that Mr. Morant was deprived of a constitutional right or privilege, then you may consider whether Raucci, Maher, Sweeney, Pettola, or Lawlor entered into a civil conspiracy with each other, or with a private actor, to violate plaintiff's constitutional rights. These private actors include Frank Parise, Ovil Ruiz, or Jose Roque. To find any of the defendants liable for civil rights conspiracy, the plaintiff must prove that there was:

1.    An agreement between two or more of the officers or between an officer and the named private actors;

2.    To act in concert to inflict an unconstitutional injury; and

3.    An overt act done in furtherance of that goal of causing damages.[11]

## MALICIOUS PROSECUTION

In order for plaintiff to establish his § 1983 claim for malicious prosecution, he must show a violation of his rights under the Fourth Amendment…and establish the elements of a malicious prosecution claim under state law.[12] To establish a malicious

---

[10]    *Villanueva v. McInnis*, 723 F.2d 414, 416 (5th Cir. 1984).
[11]    *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999).
[12]    *Fulton v. Robinson*, 289 F.3d 199, 195 (2d Cir. 2002).

7

prosecution claim under Connecticut law, plaintiff must establish all four of the following elements:

1.   The defendant initiated or procured the criminal proceedings against the plaintiff;

2.   The criminal proceedings have terminated in favor of the plaintiff;

3.   The defendant acted without probable cause; and

4.   The defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice.[13]

Plaintiff must be able to establish both the lack of probable cause and malice to be successful on his malicious prosecution claim.[14] Therefore, if you find that the defendants had probable cause to arrest plaintiff, you must find the defendants are not liable for malicious prosecution.

When evaluating whether a defendant had probable cause to arrest Mr. Morant, if you find the arresting officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a reasonable person caution in the belief to be arrested has committed crime, you must find the arresting officer had probable cause to arrest Mr. Morant.[15] An innocent explanation by the defendant that is consistent with the facts does not negate probable cause.[16] An arresting officer is also not required to believe that the arrestee will be successfully prosecuted to establish probable cause.[17] The officer is also not required to eliminate every theoretical plausible

---

[13]   *Bhatia v. Debek*, 287 Conn. 397, 404 (2008).
[14]   *Stonick v. Delvecchio*, 348 F. Supp. 3d 154, 168 (D. Conn. 2020); *Mulligan v. Rioux*, 229 Conn. 716, 746 (1994).
[15]   *Escalera v. Lunn*, 361 F.3d 737, 734 (2d Cir. 2004).
[16]   *U.S. v. Fama*, 758 F.2d 834, 838 (2d Cir.1985); *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006); *Leibin v. Town of Avon*, No. 3:08CV266 (MRK), 2010 WL 3038100, at *5 (D. Conn. Aug. 4, 2010).
[17]   *Panetta v. Crowley*, 2006 WL 2383223, at *6 (2d Cir. Aug. 18, 2006).

claim of innocence before making an arrest if they have a reasonable basis for believing there is probable cause.[18] Probable cause can also exist when it is based on mistaken officer, so long as the arresting officer acted reasonably and in good faith in relying on that information.[19] The officer is also not required to volunteer every fact that arguably cuts against the existence of probable cause in the arrest warrant.[20]

If you find that there was no probable cause to arrest Mr. Morant, then you must decide whether the defendants acted with malice.[21] In order to find that the defendants acted with malice, you must find that they commenced the criminal proceedings against Mr. Morant in bad faith to vex, annoy, or harass him.[22]

## **SUPPRESSION OF MATERIALL FAVORABLE EVIDENCE / *BRADY v. MARYLAND***

The U.S. Constitution guarantees persons accused of crimes the right to due process. This right requires a police officer to disclose evidence to the prosecutor in the officer's possession that is favorable to the accused.[23] Keep in mind, when a police officer has a reasonable basis for probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest, including exculpatory defenses offered by the person being arrested.[24]

---

[18]     *Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997).
[19]     *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994).
[20]     *Walczyk v. Rio*, 496 F.3d 139, 161 (2d Cir. 2007).
[21]     *Stonick v. Delvecchio*, 348 F. Supp. 3d 154, 168 (D. Conn. 2020); *Mulligan v. Rioux*, 229 Conn. 716, 746 (1994).
[22]     *Pinky v. Duncan*, 79 F.3d 306, 313 (2d Cir. 1996).
[23]     *Brady v. Maryland*, 373 U.S. 83 (1963).
[24]     *Stowe v. Town of Cheshire* (citing *Ricciuti v. N.Y.C. Transit Authority,* 124 F.3d 123, 128 (2d Cir. 1997) and *Rhodes v. United States*, 2012 WL777336, at *10 (W.D.N.Y. Mar. 7, 2012).

9

In order to prove that an individual suppressed materially favorable evidence, plaintiff must prove each of the following three elements by the preponderance of evidence:

1.    That individual intentionally suppressed evidence[25]

2.    The suppressed evidence was favorable to the plaintiff[26]

3.    The suppressed evidence was material. [27]

For suppressed evidence to be considered material, there must be a reasonable probability that its disclosure would have altered the trial's outcome.[28] However, for plaintiff to actually recover damages based on a *Brady* violation, he must demonstrate a stronger causal link than the standard for materiality.[29] Even If plaintiff can demonstrate that there is a reasonable probability that he would not have been convicted but for the withholding of certain evidence, he must then make the same showing by a preponderance of the evidence which is a higher burden of proof than reasonable probability.[30] To state differently, plaintiff cannot recover any damages unless he demonstrates by a preponderance of the evidence that he would not have been convicted but for the withholding of exculpatory evidence.[31]

When considering compliance with the Brady rules, you should note that police officers satisfy their obligations under *Brady* when they turn exculpatory evidence over

---

[25]    *Bellamy v. City of New York*, 914 F.3d 727, 751 n.23 (2d Cir. 2019); *see also Valentin v. City of Rochester*, 783 F. App's 97, 99 (2d Cir. 2019) (summary order).
[26]    *Brady*, at 87.
[27]    *Bellamy.*, at 751.
[28]    *Strickler*, 527 U.S. at 280; *Kyles*, 514 U.S. at 434; *Bagley*, 473 U.S. at 682.
[29]    *Drumgold v. Callahan*, 707 F.3d 28, 49 (1st Cir. 2013).
[30]    *Id.*
[31]    *Drumgold*, at 50.

10

to the prosecutors.[32] Similarly, if evidence was known, or should have been known, by plaintiff or his attorneys at the time of the criminal proceedings, you may find that such evidence was not suppressed.[33]

## FABRICATION OF EVIDENCE

In order to prove fabrication of evidence, plaintiff must prove each of the following five elements by a preponderance of the evidence:

1. That the officer accused of fabricated evidence was an investigating official

2. That the officer did fabricate evidence

3. The fabricated evidence was likely to influence a jury's decision.

4. The information was forwarded to prosecutors.

5. Plaintiff suffered a deprivation of liberty as a result. [34]

6. The officer had knowledge that the evidence they provided was false.[35]

A fabrication claim against an officer differs significantly from a claim that the officer used improper methods to obtain evidence. Fabricated testimony is testimony that is made up; it is invariably false. False testimony is the equivalent; it is testimony known to be untrue by the witness.[36]

---

[32]    *Horn v. Stephenson*, 11F.4th at 171 (quoting *Walker v. City of New York*, 974 F.2d 293, 299 (2d Cir. 1992)).

[33]    *Layton v. Phillips*, 340 Fed. Appx. 678 (2d Cir. 2009).

[34]    *Ashley v. City of New York*, 992 F.3d 128, 139 (2d Cir2021) (quoting *Garnett v. Undercover Officer C0039,* 838 F.3d 265, 279 (2d Cir. 2016); *see Barnes v. City of New York*, 68 Fed.4th 123, 128 (2d Cir. 2023); *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997).

[35]    *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997) (quoting *United States v. Agurs*, 427 U.S. 97, 104 (1976)).

[36]    *Petty v. City of Chicago*, 754 F.3d 416, 422 (7th Cir. 2014) (quoting *Fields v. Wharrie*, 740 F.3d 1107, 1110 (7th Cir. 2014)); *see also Anderson v. City of Rockford*, 932 F.3d 494, 510-11 (7th Cir. 2019).

## COERCED STATEMENT

Mr. Morant claims that his statement to Defendants Raucci or Maher was coerced by them in violation of his constitutional right under the Fifth Amendment to be free from self-incrimination. For Mr. Morant to prove that his statement was coerced, and not voluntary, he must demonstrate that his statement was brought about by circumstances that caused his will to be overborne at the time he confessed.[37] To state differently, he must demonstrate that his statement was compelled by police conduct that overcame his will to resist.[38] You should consider the totality of the circumstances, including (1) the characteristics of the accused, (2) the conditions of the interrogation, and (3) the conduct of law enforcement officials.[39]

Even if you find that Defendant Raucci or Maher's conduct was false, misleading, or intended to trick or cajole Mr. Morant into confessing, that does not necessarily make Mr. Morant's confession involuntary.[40] The police conduct must be the kind of misbehavior that so shocks the sensibilities of civilized society.[41]

## FAILURE TO INTERCEDE

All law enforcement officials have an affirmative duty to intervene to protect the constitutional rights from infringement by other law enforcement officers in their

---

[37]    *Green v. Scully,* 850 F.2d 894, 900 (2d Cir. 1988).
[38]    *New York v.* Quarles, 467 U.S. 649, 654 (1984); See also *Beckwith v. United States*, 425 U.S. 341, 347-348 (1976); *Davis v. North Carolina*, 384 U.S. 737, 738 (1966).
[39]    *Green v. Scully*, 850 F.2d 894, 901-02 (2d Cir. 1988).
[40]    *United States v. Haak*, 884 F.3d 400, 409 (2d Cir. 2018); *United States v. Anderson*, 929 F.2d 96, 99 (2d Cir. 1991).
[41]    *Desharn E. by Charlotte E. v. Safir*, 156 F.3d 340, 348 (2d Cir. 1998)(*quoting Moran v. Burbine*, 475 U.S. 412, 433-34 (1986).

12

presence.[42] Therefore, you may not hold any defendant liable for failure to intercede if you do not first find that there was an underlying violation of Mr. Morant's constitutional rights. [43] Furthermore, if you find that there was a constitutional violation, you may not find any of the defendants liable for failure to intercede if he participated directly in the alleged constitutional violation.[44] To state differently, a defendant cannot be liable for both the underlying constitutional violation and a failure to intervene to stop themselves from committing that violation.[45]

In order for Mr. Morant to prove that Defendants Maher, Sweeney, Pettola, or Lawlor failed to intercede on his behalf to prevent his constitutional rights from being violated by another officer, he must demonstrate:

1.      The officer had a realistic opportunity to intervene and prevent the harm to Mr. Morant;[46]

2.      A reasonable person in the officer's position would have known that Mr. Morant's constitutional rights were being violated; and

3.      The officer did not take reasonable steps to intervene.[47]

Lastly, Mr. Morant must also prove that the officer's failure to intercede was the proximate cause of the alleged harm to Mr. Morant.[48] To state differently, Mr. Morant

---

[42]     *Anderson v. Branen*, 17 F.3d 552, 552 (2d Cir. 1994); *see also Terebesi v. Torreso*, 764 F.3d 217, 243 (2d Cir. 2014)("An officer who fails to intercede in [a] . . . constitutional violation is liable for the preventable harm caused by the actions of other officers." (citation omitted)).

[43]     *Usavage v. Port Auth. of New York & New Jersey*, 932 F. Supp. 2d 575, 599 (S.D.N.Y. 2013) (*citing Matthews v. City of New York*, 889 F. Supp. 2d 418, 443 (E.D.N.Y. 2012) (Internal citations omitted)).

[44]     *Ulerio v. City of New York*, No. 18 Civ. 2155 (GBD), 2018 WL 7082155, at *7 (S.D.N.Y. Dec. 20, 2018)(quoting *Sanabria*, 2016 WL 4371750, at *5).

[45]     *Marom v. City of New York*, No. 15-cv-2017 (PKC) 2016 WL 916424, at *19 (S.D.N.Y. Mar. 2016).

[46]     *O'Neill v. Krzeminski*, 839 F.2d 9, 11-12 (2d Cir. 1988).

[47]     *Jeane-Laurent v. Wilkinson*, 540 F.Supp.2d 501, 512 (S.D.N.Y. 2008) (citing *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988); and *McLaurin v. New Rochelle Police Officers*, 373 F. Supp. 2d 385, 395 (S.D.N.Y. 2005)).

[48]     *O'Neill v. Krzeminski*, 839 F.2d 9, 11-12 (2d Cir. 1988).

13

must show that he would not have suffered damages but for the defendant's failure to intercede.

## *MONELL*

In order to find the City liable under §1983, the plaintiff must first prove that an individual or individuals violated his constitutional rights. If so, then you may only find the City liable if plaintiff proves that the individuals that violated his constitutional rights took action pursuant to a municipal policy of the City of New Haven.[49] The plaintiff is not required to prove that his injury was caused by an explicitly stated municipal rule or regulation.[50] A municipal policy may include the acts of NHPD's policy-making officials, or practices so persistent and widespread as to practically have the force of law.[51]

### Policymaker Acts

One way plaintiff can demonstrate a municipal policy to violate civil rights under § 1983, is if he proves that a policymaker of the City of New Haven or the NHPD was aware of a subordinate municipal employee's unconstitutional actions and consciously chose to ignore them, effectively ratifying the subordinate's unconstitutional actions and ignoring a clear need for supervision or retraining.[52] In this case, former Chief Nicholas Pastore is considered a policymaker. If you find that Chief Pastore was actually aware of a constitutional violation by a New Haven Police Officer and consciously and deliberately reacted with indifference, you may find this to be a City policy to approve of

---

[49]    *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell v. Dep't of Soc. Servs. Of City of New York*, 435 U.S. 658, 691 (1978).

[50]    *Outlaw v. City of Hartford*, 884 F.3d 351, 372 (2d Cir. 2018).

[51]    *Connick v. Thompson*, 563 U.S. at 61 (quoting *Pembaur v. Cincinatti*, 475 U.S. 469, 479-80 (1986).

[52]    *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 126 (2d Cir. 2004).

14

constitutional violations by its police officers. The standard for deliberate indifference is stringent, and you may not find that a policymaker was deliberately indifferent if a conscious choice was made to continue with current rules, regulations and training; or based on a showing of negligence by the policymaker.[53]

### Persistent and Widespread Practice

A second way the plaintiff can demonstrate an unconstitutional City policy under § 1983 is if he proves that constitutional violations were so persistent and widespread across the City that the functional equivalent of City policy. In making the determination of whether conduct is persistent and widespread you should consider the overall size of the New Haven Police Department's Detective Division, and the frequency with which constitutional violations have occurred so you can determine if the practice was so pervasive and widespread as to constitute the equivalent of City Policy, versus bad conduct by individual officers.

### But For Causation

Finally, the plaintiff must prove that the alleged City policy was the "moving force" behind the Individual Defendant's constitutional violation.[54] To state differently, the plaintiff must prove a direct causal link between the City's policy and the Individual Defendant's constitutional violation[55] such that the constitutional violation would not have occurred but for the City policy.[56] In seeking to prove this connection, Plaintiff cannot rely on conduct or events occurring after the conduct he claims was unconstitutional and lead to his arrest and conviction, and such post arrest/conviction

---

[53]    *Board of County Commissioners*, 520 U.S. at 407 (Internal quotation marks omitted).
[54]    *City of Canton*, 489 U.S. at 389 (quoting *Monell*, 436 U.S. at 694).
[55]    *City of Canton*, 489 U.S. at 385.
[56]    *Comcast Cor. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020).

events could not possibly have been a moving force behind an arrest/conviction that had already occurred. If Plaintiff cannot prove this causal connection you must find for the Defendant City of New Haven

## STATE LAW CLAIMS

### Negligence

Negligence is the violation of a legal duty which one person owes to another.

Many of plaintiff's negligence claims against the individual defendants are mutually exclusive of, and asserted as an alternative to, his claims against the individual defendants under 42 U.S.C. § 1983. So, if you find that a defendant is liable for conduct under 42 U.S.C. § 1983, you will not consider plaintiff's negligence claims against them regarding the same conduct. For example, if you find that a defendant intentionally suppressed evidence, you cannot also find that the defendant was negligent in suppressing that same evidence. Alternatively, if you find that a defendant did not intentionally suppress evidence, you may find, but are not required to find, that, if the evidence was not disclosed, he is liable for negligently suppressing the evidence.

Negligence is the violation of a legal duty which one person owes to another to care for the safety of that person or that person's property. Negligence is the doing of something which a reasonably prudent person would not do under the circumstances, or the omitting to do what a reasonably prudent person would do under the circumstances. It is the breach of a legal duty owed by one person to another, and such legal duty is the exercise of reasonable care.[57] Common-law negligence is the failure to

---

[57] *Guglielmo v. Klausner Supply Co.*, 158 Conn. 308, 318 (1969).

16

use reasonable care under the circumstances. Reasonable care is the care that a reasonably prudent person would use in the same circumstances.[58]

In determining the care that a reasonably prudent person would use in the same circumstances, you should consider all the circumstances which were known or should have been known to each individual defendant at the time of their conduct in question. Whether care is reasonable depends upon the dangers that a reasonable person would perceive in those circumstances. It is common sense that the more dangerous the circumstances, the greater the care that ought to be exercised.[59]

In order for plaintiff to establish his claims of negligence, he must prove four elements: (1) duty, (2) breach of that duty, (3) causation, and (4) actual injury. If a plaintiff cannot prove all four of those elements, the cause of action fails.[60]

**<u>Duty</u>**

In determining whether a defendant is liable to the plaintiff, it is necessary for you, the jury, to decide what, if any, duty the defendant owed to the plaintiff. If you determine that the City of New Haven or New Haven Police Officers did not owe a duty to Stefon Morant, then Mr. Morant cannot recover in negligence from the City of New Haven.[61]

The threshold inquiry as to the existence of a duty by a defendant is whether the specific harm alleged was foreseeable to the defendant. A duty to use care exists when

---

[58]    *See Sharkey v. Skilton*, 83 Conn. 503, 508 (1910); *Guglielmo v. Klausner Supply Co.*, 158 Conn. 308, 318 (1969); *Hoelter v. Mohawk Services, Inc.*, 170 Conn. 495, 501 (1976).
[59]    *See Galligan v. Blais*, 170 Conn. 73, 77 (1976); *Pleasure Beach Park Co. v. Bridgeport Dredge & Dock Co.*, 116 Conn. 496, 503 (1933); *Geoghegan v. G. Fox & Co.*, 104 Conn. 129, 134 (1926).
[60]    *See Angiolillo v. Buckmiller*, 102 Conn. App. 697, 711, *cert. denied*, 284 Conn. 927 (2007); *Jagger v. Mohawk Mountain Ski Area, Inc.*, 269 Conn. 672, 687 n. 13 (2004); *D'Angelo Development & Construction Corp. V. Cordovano*, 121 Conn. App. 165, 184 (2010).
[61]    *RK Constructors, Inc. v. Fusco Corp.*, 231 Conn. 381, 384-85 (1994).

17

a reasonable person, knowing what the defendant here either knew or should have known at the time of the challenged conduct, would foresee that harm of the same general nature as that which occurred here was likely to result from that conduct. If harm of the same general nature as that which occurred here was foreseeable, it does not matter if the manner in which the harm that actually occurred was unusual, bizarre or unforeseeable.[62]

In describing the duties involved in this case, I have used the term "reasonable care." Reasonable care is defined as the care which an ordinarily prudent or careful person would use in view of the surrounding circumstances. You must determine the question by placing an ordinarily prudent person in the situation of the defendants and ask yourselves: what would such a person have done? Note that it is the care that such a person would have used under the surrounding circumstances, that is, in view of the facts known or the facts of which the party should have been aware at the time. The standard of care required, that of an ordinarily prudent person under the circumstances, never varies, but the degree or amount of care may vary with those circumstances. For example, in circumstances of slight risk or danger, a slight amount of care might be sufficient to constitute reasonable care, while in circumstances of greater risk or danger, a correspondingly greater amount of care would be required to constitute reasonable care.[63]

---

[62]    *RK Constructors, Inc. v. Fusco Corp.*, 231 Conn. 381, 384-85 (1994); *Coburn v. Lenox Homes, Inc.*, 186 Conn. 370, 375 (1982); *Pisel v. Stamford Hospital*, 180 Conn. 314, 332, 33 (1980); *Orlo v. Connecticut Co.*, 128 Conn. 231, 237 (1941).
[63]    CT Civil Jury Instructions, § 3.6-4.

**Breach Of Duty**

Next, if you find that any of the defendants owed a duty to Stefon Morant, it is the plaintiff's burden to prove that the defendant(s) breached the duty of care owed to Morant through their handling of the criminal murder investigation.

**Causation**

Next, the plaintiff must prove that the breach of duty was the cause of Stefon Morant's injuries. In order to prevail on a negligence claim, a plaintiff must establish that the defendant's conduct legally caused the injuries, that is, that the conduct both caused the injury in fact and proximately caused the injury. The test for cause in fact is, simply, would the injury have occurred were it not for the actor's conduct. If you answer this question "yes," than the defendant's negligence was not a cause of Stefon Morant's injuries. The test of proximate cause is whether the defendant's conduct is a substantial factor in producing the plaintiff's injury.[64]

If you find that the defendant were negligent in any of the ways alleged in the plaintiff's complaint, you must next decide if such negligence was a legal cause of any of Stefon Morant's claimed injuries. Legal cause has two components: cause in fact and proximate cause. Negligence is a proximate cause of an injury if it was a substantial factor in bringing the injury about. More specifically, negligence is a substantial factor in bringing about an injury if it contributes materially to the production of the injury. Negligence contributes materially to the production of an injury if its causative effects remain in active operation until the moment of injury, or at least until the setting in motion of the final active injurious force which immediately produces or precedes the

---

[64]    *Winn v. Posades*, 281 Conn. 50, 56 (2007); *Craig v. Driscoll*, 262 Conn. 312, 330 (2003). *Lodge v. Arett Sales Corp.,* 246 Conn. 563, 574 (1998).

19

injury. By this definition, negligence which makes only a remote, a trivial or an inconsequential contribution to the production of an injury is not a substantial factor in bringing about the injury and thus is not a proximate cause of the injury.[65]

The evidence of causation must be sufficiently clear so that you as jurors could so find without resorting to speculation or conjecture. If you find that the plaintiff has failed to prove that defendant's conduct was both a cause in fact and a substantial factor in causing Stefon Morant's damages, then you must return a verdict in favor of the defendant.[66]

### Governmental Immunity

Under Connecticut common law, both municipalities and municipal employees are provided with immunity from liability for their arguably negligent acts. Therefore, if you determine that the individual defendants owed plaintiff a duty of care, and that duty was breached, and such breach was the cause in fact and proximate cause of plaintiff's injuries, then you must determine if the City of New Haven and defendants xx are entitled to governmental immunity for the acts alleged by the plaintiff.[67]

### Discretionary or Ministerial Acts

A municipality or municipal employee will not be liable for damages to person or property caused by their negligent acts or omissions which require the exercise of judgment or discretion but might be liable for negligent acts that are ministerial in nature. Generally, a municipality or municipal employee is liable for the misperformance

---

[65]    *Doe v. Manheimer*, 212 Conn. 748, 757-58 (1989); *Ferndale Dairy, Inc. v. Geiger*, 167 Conn. 533, 538 (1975).
[66]    *Paige v. St. Andrew's Roman Catholic Church Corp.*, 250 Conn. 14, 25-25 (1999).
[67]    *Doe v. Petersen*, 279 Conn. 607, 614 (2006); *Williams v. City of New Haven*, 243 Conn. 763, 766 (1998); Conn. Gen. Stat. § 52-557n.

of ministerial acts but has immunity in the performance of discretionary or governmental acts.[68] Governmental acts are defined as those, which are supervisory or discretionary in nature. The hallmark of a discretionary act is that it requires the exercise of judgment or discretion by a municipal actor. A ministerial act is one that is performed in a prescribed manner without the exercise of judgment or discretion and that is otherwise mandatory.[69]

Discretionary act immunity reflects a value judgment that despite injury to a member of the public the broader interest in having government officers and employees free to exercise judgment and discretion in their official functions, unhampered by fear of second-guessing and retaliatory lawsuits, outweighs the benefits to be had from imposing liability for that injury. In contrast, municipalities and municipal employees are not immune from liability for negligence arising out of their ministerial acts, defined as acts to be performed in a prescribed manner without the exercise of judgment or discretion.[70]

Therefore, the question becomes, were the acts of negligence alleged by the plaintiff discretionary acts or ministerial acts? The plaintiff alleges that the NHPD officers were negligent in their investigation of the Orchard Street homicide, specifically, that they failed to disclose exculpatory information to the prosecutor under Conn. Gen. Stat. 54-68c(c); failed to reasonably investigate the involvement of alternative suspects in the

---

[68]    *Violano v. Fernandez,* 280 Conn. 310, 318 (2006); *Spears v. Garcia*, 263 Conn. 22, 37 (2003); Conn. Gen. Stat. § 52-557n(a)(2)(B); *Doe v. Petersen*, 279 Conn. 607, 614 (2006).
[69]    *Pluhowsky v. New Haven*, 151 Conn. 337, 347-48 (1964).
[70]    Violano v. Fernandez*, 280 Conn. 310, 318 (2006); *Martel v. Metropolitan Dist. Comm'n*, 275 Conn. 38, 48-49 (2005); *Gordon v. Bridgeport Housing Authority*, 208 Conn. 161, 167 (1988).

21

homicide; failed to prevent others from fabricating evidence or using fabricated evidence; and conducted improperly suggestive and biased identification procedures.

I charge you that these acts and/or omissions are discretionary acts as a matter of law.[71] There has been no evidence in this case to indicate that NHPD officials were required to act or to respond in a certain manner to the events they knew of involving Mr. Morant, yet they failed to do so.[72]

If you find that the alleged acts and/or omissions of the individual defendants are discretionary, unless you find that an exception to governmental immunity exists, you must find that the City of New Haven is immune from liability under the doctrine of governmental immunity and return a verdict in favor of the defendant, City of New Haven.

### Identifiable Person-Imminent Harm Exception to Governmental Immunity

The next issue to address is whether there was an exception to the defendant's governmental immunity defense. Liability may be imposed upon a municipal actor even when discretionary acts are involved when the circumstances make it apparent to the municipal actor that his or her failure to act would be likely to subject an identifiable person to imminent harm.[73]

The plaintiff has the burden of proving an exception to the City's immunity applies. The identifiable person-imminent harm exception requires the plaintiff to prove

---

[71]     ECF No. 147 at 46; *Gordon v. Bridgeport Housing Authority*, 208 Conn. 161, 180 (1988) ([I]t is firmly established that the operation of a police department is a governmental function, and that the acts or omissions in connection therewith ordinarily do not give rise to liability on the part of the municipality…")

[72]     *Evon v. Andrews*, 211 Conn. 501 (1989); *Elliott v. Waterbury*, 245 Conn. 385 (1998); *Glorioso v. Police Department of the Town of Burlington*, 49 Conn. Supp. 200 (2004).

[73]     *Violano v. Fernandez,* 280 Conn. 310, 319-20 (2006); *Evon v. Andrews*, 211 Conn. 501, 505 (1989).

22

the existence of three elements: (1) an identifiable victim; (2) an imminent harm and; (3) a public official to whom it is apparent that his or her conduct is likely to subject that person to that harm. Failure to establish any one of the three prongs will be fatal to a plaintiff's claim that he comes within this exception.[74] This exception is applicable only in the clearest of cases.[75]

### *Identifiable Person*

To satisfy this element of the exception, the plaintiff must show that Stefon Morant was identifiable to a municipal employee.[76]

To be an identified person within the meaning of this exception, an individual must be actually identified or readily identifiable to a municipal employee, to allow that employee to understand that the individual is subject to an imminent harm.[77]

Therefore, the plaintiff must show that at the time of the defendants' alleged negligent conduct, Morant was identified, or readily identifiable, to a municipal employee as being subject to an imminent harm. If he cannot establish that, then Stefon Morant was not an identifiable victim and the identifiable person-imminent harm exception does not apply and the defendant is entitled to governmental immunity. On the other hand, if plaintiff has shown that Stefon Morant was identified, or readily identifiable, to a municipal employee, then plaintiff must next establish the second element of the exception – imminent harm.

---

[74]    *Violano v. Fernandez,* 280 Conn. 310, 319-20 (2006); *Fleming v. Bridgeport,* 284 Conn. 502, 533 (2007); *Cotto v. Board of Education*, 294 Conn. 265 (2009).

[75]    *Gonzales v. New Britain*, 216 Conn. App. 479, 487 (2022).

[76]    *Purzycki v. Fairfield*, 244 Conn. 101, 108 (1998).

[77]    *Sestito v. Groton*, 178 Conn. 520 (1979).

### *Imminent Harm*

To satisfy the second element of the exception, the plaintiff must show that he was subjected to imminent harm. Only after a decision is reached as to whether a plaintiff is an identifiable person, do we then address whether or not the plaintiff was also subject to imminent harm.[78] This exception only applies if the plaintiff suffered bodily injury.[79]

Imminent is defined as something about to materialize of a dangerous nature. Imminent harm excludes risks, which might occur, if at all, at some unspecified time in the future. Imminent harm has been defined as harm ready to take place within the immediate future. The alleged imminent harm must be imminent in terms of its impact on a specific identifiable person. Imminent requires a foreseeable event at a discrete place and time period at which the harm will occur.[80]

In addition to a limited time period and limited geographic area, an imminent harm must involve a potential for harm that is significant and foreseeable. The logic of this exception is that municipal officers only have a duty to a foreseeable victim to protect against dangers that may be anticipated. On the other hand, where a danger can occur at any time in the future or not at all, there is no imminence. The imminent

---

[78]     *Doe v. Board of Education*, 76 Conn. App. 296, 301 (2003).
[79]     *Celotto v. Brady,* No. CV 06 5003279, 2008 WL 2313331, at *12 (Conn. Super. Ct. May 14, 2008) (exception did not apply when plaintiff did not provide evidence of any physical harm); *Escobales v. City of New Britain,* No. HHB CV 06 4009470S, 2006 WL 1461072, at *1 (Conn. Super. Ct. May 5, 2006) (exception does not apply where plaintiff has only claimed harm to property); D'Agostino v. Orange, Superior Court, judicial district of New Haven, Docket No. CV 05 4011875 (April 7, 2006, Thompson, J.) (41 Conn. L. Rptr. 270) (granting motion to strike on grounds of governmental immunity because "plaintiff has not alleged that he suffered physical harm as a result of the defendants' alleged negligent acts"); Vecchitto v. Meriden, Superior Court, judicial district of New Haven, Docket No. CV 05 5001311 (February 15, 2006, Licari, J.) (40 Conn. L. Rptr. 763) ("[t]his court is persuaded that the exception does not extend beyond situations which create a danger of personal injury ... to the loss of personal property [alleged] here").
[80]     *Bonington v. Town of Westport*, 297 Conn. 297 (2010); *Violano v. Fernandez*, 280  Conn. 310, 219-20 (2006); *Evon Andrews*, 211 Conn. 501, 505 (1989).

harm aspect of this exception is very restrictive and applies only to risks that are temporary and confined in space. Imminent harm excludes perils that might occur, if at all, at some unspecified time in the future. We must distinguish between negligent conduct, which creates foreseeable and even continual exposure to harm at some unknown future time and place, and imminent harm.[81]

For the harm to be deemed imminent, the potential for harm must be sufficiently immediate. An allegedly identifiable person must be identifiable as a potential victim of a specific imminent harm. The alleged imminent harm must be imminent in terms of its impact on a specific identifiable person. For the purposes of the imminent harm exception it is impossible to be an identifiable person in the absence of any corresponding imminent harm.[82]

Therefore, the plaintiff must prove that the alleged harm, namely the possibility that Stefon Morant that he would be convicted although innocent of the crimes with which he was charged was foreseeable to the New Haven Police Department Detectives. If he cannot establish foreseeability, then he cannot establish that he was subject to an imminent harm, and accordingly, the identifiable person-imminent harm exception does not apply and the City of New Haven is entitled to governmental immunity. On the other hand, if he does establish foreseeability, then he must next establish the third and final element of the exception – apparentness.

---

[81]    *Purzycki v. Fairfield*, 244 Conn. 101, 110 (1998); *Burns v. Board of Education,* 228 Conn. 640, 650 (1994)*; Evon v. Andrews*, 211 Conn. 508 (1989)*; Bruno v. BBC Corp.,* Superior Court, judicial district of Ansonia-Milford at Derby, 2002 WL 1369917, Docket No. CV 00 00716343 (May 22, 2002, Lager, J.); *Beaudette v. Amston Lake Tax Dist.*, Superior Court, judicial district of Tolland, 2008 WL 4853084, 07-5001240 (Oct. 20, 2008).
[82]    *Cotto v. Board of Education*, 294 Conn. 265, 276 (2009).

25

### ***Apparent to Municipal Employee***

To satisfy the third and final element of the exception, the plaintiff must prove that there was a public employee to whom it was apparent that his or her negligent conduct was likely to subject Stefon Morant to the alleged harm. The apparentness requirement is grounded in the policy goal underlying all discretionary act immunity, that is, keeping public officials unafraid to exercise judgment. It surely would ill serve this goal to expose a public official to liability for his or her failure to respond adequately to a harm that was not apparent to him or her.[83]

The plaintiff must prove what the surrounding circumstances were and that the need for the defendant to act to prevent imminent harm to Stefon Morant was clear and unequivocal. You must refrain from resorting to the clarity of hindsight when evaluating the situation of the defendant. Also, you must use only the information that was available to the defendant when assessing whether it was apparent that injury of the sort sustained by Stefon Morant was imminent unless the defendant acted to prevent it.[84]

Therefore, the plaintiff must prove that the alleged harm, namely that he would be convicted although innocent of the crimes with which he was charged was apparent to the New Haven Police Department Detectives. If he fails to do so, then he cannot establish that the harm was apparent to the Police Department and accordingly, the identifiable person-imminent harm exception does not apply, and the defendants are entitled to governmental immunity.

---

[83]     *Doe v. Petersen*, 279 Conn. 607, 616 (2006).
[84]     *Doe v. Petersen*, 279 Conn. 607, 616 (2006).

26

## MUNICIPAL IMMUNITY UNDER CONN. GEN. STAT. § 52-557n

Connecticut cities and towns are protected from liability in many circumstances. I have already explained the City's protection by the doctrine of governmental immunity. In addition a City or Town is not responsible for conduct by an employee that is wilful, malicious, fraudulent or criminal. If you find that any conduct of a City of New Haven municipal employees constituted wilful, malicious, fraudulent or criminal conduct, then the City of New Haven is immune from liability and your verdict should be for the City on the negligence claim against it.[85] Furthermore, the law protects the City from liability for the acts or omissions of any non-city employee. If you find that Mr. Morant's injuries or damages were caused by the acts or omissions of someone other than a City of New Haven employee, whether that be the acts or omissions of Mr. Morant himself, his attorney, a state prosecutor, a fellow inmate, a state corrections employee, an associate or rival gang member, an associate or rival drug dealer, or a family member, then you shall find that the City of New Haven has no liability for such injuries and your negligence verdict should be for the City.[86]

## CONTRIBUTORY NEGLIGENCE

In this case, the defendant has filed affirmative defenses, one of which alleges that Stefon Morant's injuries were legally caused by his own negligence. The City must prove the elements of this defense by a preponderance of the evidence. Specifically, the City must prove that Mr. Morant was negligent and that such negligence was a legal cause of any or all of his injuries.

---

[85]     Conn. Gen. Stata. §52-557n(a)(2)(A).
[86]     Conn. Gen. Stat. § 52-557n(b)(6).

27

To prove contributory negligence, it is not necessary for the City to prove that Stefon Morant was negligent in all the ways argued. Proof that Mr. Morant was negligent in just one of the ways argued is sufficient to prove contributory negligence.[87]

If you find that the defendant has proved the defense of contributory negligence, then you must consider Stefon Morant's negligence in relation to that of any other defendant you find was negligent.[88]

As previously stated, the City was under the obligation to exercise the care which a reasonably prudent person would use under the circumstances. Stefon Morant was also under the same obligation. Stefon Morant is negligent if he does something which a reasonably prudent person would not have done under similar circumstances or fails to do that which a reasonably prudent person would have done under similar circumstances.[89]

As explained, Mr. Morant has claimed that the harm he experienced was caused by the defendants' negligence, and the defendant has claimed it was caused by Stefon Morant's own negligence. If you find that negligence on the part of BOTH parties was a substantial factor in causing the incident, then the law is that Mr. Morant can recover damages from the defendant only to the extent of the defendant's fault and may not recover damages to the extent that Stefon Morant was at fault. Furthermore, if Stefon Morant was more at fault than the defendants, then Stefon Morant cannot recover any damages.

---

[87]    CT Civil Jury Instructions, § 3.5-2
[88]    Conn. Gen. Stat. § 52-114; *Sitnik v. National Propane Corp.*, 141 Conn. 62, 65; *Olshefski v. Stenner*, 26 Conn. App. 220, 222-25 (1991).
[89]    CT Civil Jury Instructions, § 3.5-3.

28

Here is an example to make this rule clear: If the Mr. Morant was 20% at fault and the defendants were 80% at fault, then Mr. Morant will recover 80% of his damages. If Mr. Morant is 50% at fault and the defendants were 50% at fault, then Mr. Morant recovers 50% of his damages. However, if Mr. Morant was more than 50% at fault, he was more at fault than the defendants, and he recovers no damages. As a further example, suppose the plaintiff's total damages were $100. If the plaintiff was 30% at fault and the defendants were 70% at fault, the plaintiff would recover 70% of the $100, or $70. The plaintiff would thus not receive payment for the part of his damages caused by his own negligence.

In making this comparison, the number of acts of negligence is not controlling. A party negligent in one respect may be just as negligent as one found negligent in two or more ways. The reverse may also be true. The fact that acts of negligence are of the same kind and character is not conclusive. Two parties may exceed speed laws, for example, in ways that differ widely in manner and degree. In determining the comparative negligence of each party, you should consider the totality of the facts and conduct on each side and the degree to which each contributed to the occurrence and thus arrive at a fair and just determination how the award is to be apportioned.[90]

---

[90]     Wright & Daly, <u>Connecticut Jury Instructions</u>, § 193.

DEFENDANT,
CITY OF NEW HAVEN


By_____*/s/ Thomas R. Gerarde*_____
    Thomas R. Gerarde (ct05640)
    Alan R. Dembiczak (ct25755)
    Amanda E. Stone (ct31531)
    Lidia M. Michols (ct31789)
    Abigail R. Willauer (ct31834)
    Howd & Ludorf, LLC
    100 Great Meadow Road
    Suite 201
    Wethersfield, CT  06109
    Ph:  (860) 249-1361
    Fax:  (860) 249-7665
    E-mail: tgerarde@hl-law.com
    E-mail adembiczak@hl-law.com
    E-mail: astone@hl-law.com
    E-mail: lmichols@hl-law.com
    E-mail: awillauer@hl-law.com

30

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEFON MORANT, | : | CIV. NO. 3:22-cv-00630 (CSH) |
|     Plaintiff, | : | |
| vs. | : | |
| | : | |
| CITY OF NEW HAVEN, ET AL., | : | MARCH 3, 2026 |
|     Defendants. | | |

**DEFENDANT VINCENT RAUCCI'S PROPOSED JURY INSTRUCTIONS**

Pursuant to the Court's Standing Orders, the defendant, Vincent Raucci, hereby submits proposed jury instructions. In addition, to the extent that they are relevant to the claims against the defendant, this defendant adopts, incorporates by reference and joins in the proposed Jury Instructions submitted by defendant City of New Haven.

## I.    NEGLIGENCE

Negligence is the violation of a legal duty to use reasonable care under the circumstances. Reasonable care is the care that a reasonably prudent person would use in the same circumstances. Hoelter v. Mohawk Services, Inc., 170 Conn. 495, 501 (1976).

In determining the care that a reasonably prudent person would use in the same circumstances, you should consider all of the circumstances which were known or should have been known to the defendant at the time of the conduct in question. Whether the care is reasonable depends upon the dangers that a reasonable person would perceive in those circumstances. It is common sense that the more dangerous the circumstances, the greater the care that ought to be exercised. Galligan v. Blais, 170 Conn. 73, 77 (1976); Pleasure Beach Park Co. v. Bridgeport Dredge & Dock Co., 116 Conn. 496, 503 (1933); Geoghegan v. G. Fox & Co., 104 Conn. 129, 134 (1926).

The plaintiff's complaint alleges a number of specific ways in which the defendant was negligent. To prove negligence, it is not necessary for the plaintiff to prove that the defendant was

1

negligent in all of the ways claimed. Proof that the defendant was negligent in just one of the ways is sufficient to prove negligence.

In this case the plaintiff alleges that his injuries and losses were a direct and proximate result of the negligence and carelessness of the defendant in one or more of the following ways:

a.  Failing to disclose exculpatory information, including the information to the prosecutor as required by Connecticut General Statutes § 54-86c(c) and Connecticut common law;

b.  Failing to prevent or rectify the alleged fabrication of evidence; and

c.  Failing to intervene to prevent other officers from fabricating evidence or using fabricated evidence.

If you find that the defendant was negligent in at least one of the ways alleged by the plaintiff, then you must determine whether that negligence was the proximate cause of any of the plaintiff's injuries or losses. If you find that the defendant was not negligent in any of the ways alleged by the plaintiff, then you must render a verdict in favor of the defendant on this claim.

## II.    SPECIAL DEFENSE – GOVERNMENTAL IMMUNITY

If you find that the plaintiff has proven his claims or negligence and/or negligent infliction of emotional distress, then you must also consider the defendant's defense to the plaintiff's claims based on what is known as governmental immunity.

Connecticut has a statute that says that a political subdivision of the state (such as a city or town) shall be liable for the damages to person or property caused by the negligent acts or omissions of such political subdivision or any employee, officer, or agent thereof action within the scope of his or her employment or official duties. A political subdivision of the state and its employees shall not be liable for damages to person or property caused by negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly impliedly granted by law.

2

The plaintiff claims that there is an exception to governmental immunity which allows him to hold the defendant liable for injuries caused by the negligent acts or omissions of the municipality and its employees.  Ordinarily, a municipal employee has immunity from liability.  However, a municipal employee is not immune from liability if the plaintiff was an identifiable victim with respect to his claims of negligence against the defendant, the harm likely to be caused by the defendant's actions or intentions was imminent and that imminent harm was apparent to the municipal employee.

To invoke the Identifiable Victim exception to immunity, the plaintiff must prove by a preponderance of the evidence that each of the following components existed at the time of the plaintiff's alleged injury: (1) that the plaintiff was an identifiable victim with respect to his claims of negligence against the defendant; (2) that the harm which he claims befell him was imminent when the defendant acted or failed to act; and (3) that it was apparent to the defendant that his conduct was likely to subject the plaintiff to the particular harm alleged.

As to the identifiable victim component, you must first determine whether the plaintiff was an identifiable victim.  The plaintiff alleges that no later than -----, he was a readily identifiable person.  If you find that the plaintiff was an identifiable victim, you will proceed to the next component.  If you do not find that the plaintiff was an identifiable victim, you will return a verdict in favor of the defendant on the plaintiff's claim for negligence.

The second component of this exception requires you to determine whether the plaintiff has proven that the harm to which he was subjected, if any, was imminent.  The proper standard to determine whether a harm was imminent is whether a *dangerous condition* existed and that the dangerous condition was *so likely to cause harm* to the plaintiff that the defendant had a *clear and unequivocal* duty to act *immediately* to prevent the harm.  Maselli v. Reg'l Sch. Dist. No. 10, 198 Conn. App. 643, 657-659 (2020).  Moreover, the plaintiff must prove that the alleged imminent harm was

**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

imminent in terms of its impact on him as a specific identifiable person. <u>Borelli v. Renaldi</u>, 336 Conn. 1, 31 (2020). A harm is *not* imminent if it *could* have occurred at any future time or *not at all*. <u>Haynes v. City of Middletown</u>, 314 Conn. 303, 322 (2014). Fo the harm to be deemed imminent the potential for harm must be sufficiently immediate. <u>Borelli</u>, supra, at 31. "To constitute imminent harm, it is not enough to establish that a harm may reasonably be anticipated…" <u>Haynes</u>, supra, at 315, n. 6. Rather, the risk of harm must be so great that the municipal defendant had a clear and unequivocal duty to act immediately to prevent it. <u>Id</u>.

The third component that the plaintiff must prove is that the particular, imminent danger to which he claims that he was exposed, as an identifiable victim, was apparent to a reasonable person in the defendant's position. The risk has to have been sufficiently great that it must have been apparent to the defendant that there was a clear and unequivocal need to act promptly. "Apparent" means easily observed and understood. The circumstances surrounding the incident must have been such that it would have been apparent to the defendant that he had reasonable cause to suspect that the plaintiff was at imminent risk of injury.

You must refrain from resorting to the clarity of hindsight when evaluating the situation of the defendant. Also, you must use only the information that was available to the defendant when assessing whether it was apparent that injury of the sort sustained by the plaintiff was imminent unless the defendant acted to prevent it.

Although the components have been identified separately, they are interconnected. The criteria of identifiable person and imminent harm, must be evaluated with reference to each other. An allegedly identifiable person must be identifiable as a potential victim of specific imminent harm. Likewise, the alleged imminent harm must be imminent in terms of its impact on a specific identifiable person. For

**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

the purpose of the imminent harm exception, it is impossible to be an identifiable person in the absence of any corresponding imminent harm.

Unless you find that the plaintiff has proved both imminency and apparentness components as I have explained them to you, the defendant retains immunity from responsibility for the plaintiff's injuries and you must return a verdict for the defendant on the plaintiff's negligence claim. If you find that the plaintiff has proven both imminency and apparentness by a preponderance of the evidence, then the defendant has no immunity, and you will consider the issue of damages.

Adapted from Connecticut Civil Jury Instructions, Section 3.3-5 Governmental Immunity – Imminent Harm Exception. Authority Strycharz v. Cady, 323 Conn. 548 (2016); Haynes v. Middletown, 314 Conn. 303 (2014); Doe v. Petersen, 279 Conn. 607 (2006). Doe v. Town of Madison, 340 Conn. 1, 23-25, 262 A.3d 752, 766-67 (2021), Doe v. City of New Haven, 214 Conn. App. 553, 571-73, 281 A.3d 480, 493-95 (2022). Strycharz v. Cady, 323 Conn, 548 (2016); Haynes v. Middletown, 314 Conn. 303 (2014); Doe v. Petersen, 279 Conn. 607 (2006).

III.    **SPECIAL DEFENSE – QUALIFIED IMMUNITY - OBJECTIVE REASONABLENESS**[1]

If you find that the defendant violated the plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983 in one or more ways, you must determine whether the defendant is entitled to qualified immunity. Qualified immunity shields municipal officials from liability for claimed violations of a plaintiff's constitutional rights unless their actions violate clearly established rights of which an objectively

---

[1] While the defendant recognizes that the issue of qualified immunity is "a questions of law better left for the court to decide," Scism v. Ferris, No. 21-2622-cv, 2022 U.S. App. LEXIS 2844, at *5 (2d Cir. Feb. 1, 2022) (quoting Cowan ex rel. Est. of Cooper v. Breen, 352 F.3d 756, 764 (2d Cir. 2003)) (internal quotations marks omitted), they have included this proposed instruction should the Court be inclined to instruct the jury on the issue of the objective reasonableness of the defendant's conduct.

**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

reasonable official would have known.  McKinney v. City of Middletown, 49 F.4th 730, 738 (2d Cir. 2022).

You will be asked to determine whether the actions of the defendant were objectively reasonable under the circumstances.  Even where a federal right is clearly established, qualified immunity protects a government actor "if it was 'objectively reasonable' for him to believe that his actions were lawful at the time of the challenged act."  Lennon v. Miller, 66F.3d 416, 420 (2d Cir. 1995) (citation omitted).  To this end, assessing objective reasonableness does not entail a subjective inquiry into the defendant's personal motives.  Zahra v. Town of Southold, 48 F.3d 674, 687 (2d Cir. 1995).  The objective reasonableness test is met, and the defendant is entitled to immunity, if officers of reasonable competence could disagree on the legality of the defendant's actions.  Lennon, 66 F.3d at 420 (citation omitted; internal quotation marks omitted).  For this reason, qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments [] and protects all but the plainly incompetent or those who knowingly violate the law."  Messerschmidt v. Millender, 565 U.S. 535, 546 (2012) (citation omitted; internal quotation marks omitted).  As such, if you conclude that reasonable officers could disagree about the legality of the defendant's conduct under the circumstances, you must find for the defendant on qualified immunity.  See Lennon, 66 F.3d at 421.

DEFENDANT, VINCENT RAUCCI

BY/ss/ James N. Tallberg
James N. Tallberg
Federal Bar No.: ct17849
Kimberly A. Bosse
Federal Bar No.: ct31063
Karsten & Tallberg, LLC
500 Enterprise Drive, Ste. 4B
Rocky Hill, CT 06067
T: (860)233-5600
jtallberg@kt-lawfirm.com
kbosse@kt-lawfirm.com

6

**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

**CERTIFICATION**

I hereby certify that on March 3, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

/ss/Kimberly A. Bosse
Kimberly A. Bosse

7

**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **STEFON MORANT** | **CIV ACTION NO.:  3:22-CV-00630-SVN** |
| **Plaintiff,** | |
| **v.** | |
| **CITY OF NEW HAVEN, ET AL** | **MARCH 3, 2026** |
| **Defendants.** | |

## DEFENDANT MICHAEL SWEENEY'S PROPOSED JURY INSTRUCTIONS

Defendant Michael Sweeney hereby adopts, incorporates by reference, and joins in the following individual instructions in Defendant City of New Haven's Proposed Jury Instructions:

- "Elements of A Section 1983 Claim" (pp. 3–5);

- "Suppression of Material Favorable Inference/*Brady v. Maryland*" (pp. 9–11);

- "State Law Claims" (pp. 16–26).

Sweeney also adopts, incorporates by reference, and joins in the following individual instruction in Defendant Vincent Raucci's Proposed Jury Instructions:

- Paragraph on the "imminent" prong of the Identifiable Victim exception to governmental immunity (pp. 3–4).

DEFENDANT,
MICHAEL SWEENEY


By:_____/s/_____
Michael T. Ryan, Esq. (ct05685)
Jonathan C. Zellner, Esq. (ct29294)
Ryan Ryan Deluca LLP
1000 Lafayette Blvd., Suite 800
Bridgeport, CT 06604
Phone: 203-549-6650
Facsimile: 203-549-6655
mtryan@ryandelucalaw.com
jczellner@ryandelucalaw.com


## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


_____/s/_____
Jonathan C. Zellner

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEFON MORANT | : No.:  3:22 CV 00630(CSH) |
|     Plaintiff | : |
| | : |
|   v. | : |
| | : |
| CITY OF NEW HAVEN, ET AL | : |
|     Defendants | : March 3, 2026 |

## DEFENDANTS' ROBERT LAWLOR AND VAUGHN MAHER

## PROPOSED JURY INSTRUCTIONS

Pursuant to the Court's Standing Orders, the defendants Vaughn Maher and Robert Lawlor, hereby submit proposed jury instructions.  In addition, to the extent that they are relevant to the claims against the defendants, these defendant adopt, incorporate by reference and join in the proposed Jury Instructions submitted by defendant City of New Haven.

## I.    NEGLIGENCE

Negligence is the violation of a legal duty to use reasonable care under the circumstances.  Reasonable care is the care that a reasonably prudent person would use in the same circumstances.  Hoelter v. Mohawk Services, Inc., 170 Conn. 495, 501 (1976).

In determining the care that a reasonably prudent person would use in the same circumstances, you should consider all of the circumstances which were known or should have been known to the defendant at the time of the conduct in question. Whether the care is reasonable depends upon the dangers that a reasonable person would perceive in those circumstances.  It is common sense that the more dangerous

the circumstances, the greater the care that ought to be exercised.  Galligan v. Blais,

170 Conn. 73, 77 (1976); Pleasure Beach Park Co. v. Bridgeport Dredge & Dock Co.,

116 Conn. 496, 503 (1933); Geoghegan v. G. Fox & Co., 104 Conn. 129, 134 (1926).

The plaintiff's complaint alleges a number of specific ways in which the defendant

was negligent.  To prove negligence, it is not necessary for the plaintiff to prove that the

defendant was negligent in all of the ways claimed.  Proof that the defendant was

negligent in just one of the ways is sufficient to prove negligence.

In this case the plaintiff alleges that his injuries and losses were a direct and

proximate result of the negligence and carelessness of the defendant in one or more of

the following ways:

   a. Failing to disclose exculpatory information, including the information to the

      prosecutor as required by Connecticut General Statutes § 54-86c(c) and

      Connecticut common law;

   b. Failing to prevent or rectify the alleged fabrication of evidence; and

   c. Failing to intervene to prevent other officers from fabricating evidence or

      using fabricated evidence.

If you find that the defendant was negligent in at least one of the ways alleged by

the plaintiff, then you must determine whether that negligence was the proximate cause

of any of the plaintiff's injuries or losses.  If you find that the defendant was not negligent

in any of the ways alleged by the plaintiff, then you must render a verdict in favor of the

defendant on this claim.

II.    **<u>SPECIAL DEFENSE – GOVERNMENTAL IMMUNITY</u>**

If you find that the plaintiff has proven his claims or negligence and/or negligent infliction of emotional distress, then you must also consider the defendant's defense to the plaintiff's claims based on what is known as governmental immunity.

Connecticut has a statute that says that a political subdivision of the state (such as a city or town) shall be liable for the damages to person or property caused by the negligent acts or omissions of such political subdivision or any employee, officer, or agent thereof action within the scope of his or her employment or official duties.  A political subdivision of the state and its employees shall not be liable for damages to person or property caused by negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly impliedly granted by law.

The plaintiff claims that there is an exception to governmental immunity which allows him to hold the defendant liable for injuries caused by the negligent acts or omissions of the municipality and its employees.  Ordinarily, a municipal employee has immunity from liability.  However, a municipal employee is not immune from liability if the plaintiff was an identifiable victim with respect to his claims of negligence against the defendant, the harm likely to be caused by the defendant's actions or intentions was imminent and that imminent harm was apparent to the municipal employee.

To invoke the Identifiable Victim exception to immunity, the plaintiff must prove by a preponderance of the evidence that each of the following components existed at the time of the plaintiff's alleged injury: (1) that the plaintiff was an identifiable victim with

respect to his claims of negligence against the defendant; (2) that the harm which he claims befell him was imminent when the defendant acted or failed to act; and (3) that it was apparent to the defendant that his conduct was likely to subject the plaintiff to the particular harm alleged.

As to the identifiable victim component, you must first determine whether the plaintiff was an identifiable victim.  The plaintiff alleges that no later than -----, he was a readily identifiable person.  If you find that the plaintiff was an identifiable victim, you will proceed to the next component.  If you do not find that the plaintiff was an identifiable victim, you will return a verdict in favor of the defendant on the plaintiff's claim for negligence.

The second component of this exception requires you to determine whether the plaintiff has proven that the harm to which he was subjected, if any, was imminent.  The proper standard to determine whether a harm was imminent is whether a *dangerous condition* existed and that the dangerous condition was *so likely to cause harm* to the plaintiff that the defendant had a *clear and unequivocal* duty to act *immediately* to prevent the harm.  Maselli v. Reg'l Sch. Dist. No. 10, 198 Conn. App. 643, 657-659 (2020).  Moreover, the plaintiff must prove that the alleged imminent harm was imminent in terms of its impact on him as a specific identifiable person.  Borelli v. Renaldi, 336 Conn. 1, 31 (2020).  A harm is *not* imminent if it *could* have occurred at any future time or *not at all*.  Haynes v. City of Middletown, 314 Conn. 303, 322 (2014).  Fo the harm to be deemed imminent the potential for harm must be sufficiently immediate.  Borelli, supra, at 31.  "To constitute imminent harm, it is not enough to establish that a harm may reasonably be anticipated…" Haynes, supra, at 315, n. 6.  Rather, the risk of harm

must be so great that the municipal defendant had a clear and unequivocal duty to act immediately to prevent it. Id.

The third component that the plaintiff must prove is that the particular, imminent danger to which he claims that he was exposed, as an identifiable victim, was apparent to a reasonable person in the defendant's position.  The risk has to have been sufficiently great that it must have been apparent to the defendant that there was a clear and unequivocal need to act promptly.  "Apparent" means easily observed and understood.  The circumstances surrounding the incident must have been such that it would have been apparent to the defendant that he had reasonable cause to suspect that the plaintiff was at imminent risk of injury.

You must refrain from resorting to the clarity of hindsight when evaluating the situation of the defendant.  Also, you must use only the information that was available to the defendant when assessing whether it was apparent that injury of the sort sustained by the plaintiff was imminent unless the defendant acted to prevent it.

Although the components have been identified separately, they are interconnected.  The criteria of identifiable person and imminent harm, must be evaluated with reference to each other.  An allegedly identifiable person must be identifiable as a potential victim of specific imminent harm.  Likewise, the alleged imminent harm must be imminent in terms of its impact on a specific identifiable person. For the purpose of the imminent harm exception, it is impossible to be an identifiable person in the absence of any corresponding imminent harm.

Unless you find that the plaintiff has proved both imminency and apparentness components as I have explained them to you, the defendant retains immunity from

responsibility for the plaintiff's injuries and you must return a verdict for the defendant on the plaintiff's negligence claim.  If you find that the plaintiff has proven both imminency and apparentness by a preponderance of the evidence, then the defendant has no immunity, and you will consider the issue of damages.

Adapted from Connecticut Civil Jury Instructions, Section 3.3-5 Governmental Immunity – Imminent Harm Exception.  Authority Strycharz v. Cady, 323 Conn. 548 (2016); Haynes v. Middletown, 314 Conn. 303 (2014); Doe v. Petersen, 279 Conn. 607 (2006).  Doe v. Town of Madison, 340 Conn. 1, 23-25, 262 A.3d 752, 766-67 (2021), Doe v. City of New Haven, 214 Conn. App. 553, 571-73, 281 A.3d 480, 493-95 (2022). Strycharz v. Cady, 323 Conn, 548 (2016); Haynes v. Middletown, 314 Conn. 303 (2014); Doe v. Petersen, 279 Conn. 607 (2006).

## III.    SPECIAL DEFENSE – QUALIFIED IMMUNITY - OBJECTIVE REASONABLENESS[1]

If you find that the defendant violated the plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983 in one or more ways, you must determine whether the defendant is entitled to qualified immunity.  Qualified immunity shields municipal officials from liability for claimed violations of a plaintiff's constitutional rights unless their actions violate clearly established rights of which an objectively reasonable official would have known. McKinney v. City of Middletown, 49 F.4th 730, 738 (2d Cir. 2022).

---

[1] While the defendant recognizes that the issue of qualified immunity is "a questions of law better left for the court to decide," Scism v. Ferris, No. 21-2622-cv, 2022 U.S. App. LEXIS 2844, at *5 (2d Cir. Feb. 1, 2022) (quoting Cowan ex rel. Est. of Cooper v. Breen, 352 F.3d 756, 764 (2d Cir. 2003)) (internal quotations marks omitted), they have included this proposed instruction should the Court be inclined to instruct the jury on the issue of the objective reasonableness of the defendant's conduct.

You will be asked to determine whether the actions of the defendant were objectively reasonable under the circumstances.  Even where a federal right is clearly established, qualified immunity protects a government actor "if it was 'objectively reasonable' for him to believe that his actions were lawful at the time of the challenged act."  Lennon v. Miller, 66F.3d 416, 420 (2d Cir. 1995) (citation omitted).  To this end, assessing objective reasonableness does not entail a subjective inquiry into the defendant's personal motives.   Zahra v. Town of Southold, 48 F.3d 674, 687 (2d Cir. 1995).  The objective reasonableness test is met, and the defendant is entitled to immunity, if officers of reasonable competence could disagree on the legality of the defendant's actions.  Lennon, 66 F.3d at 420 (citation omitted; internal quotation marks omitted).  For this reason, qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments [] and protects all but the plainly incompetent or those who knowingly violate the law."  Messerschmidt v. Millender, 565 U.S. 535, 546 (2012) (citation omitted; internal quotation marks omitted).  As such, if you conclude that reasonable officers could disagree about the legality of the defendant's conduct under the circumstances, you must find for the defendant on qualified immunity.  See Lennon, 66 F.3d at 421.

<div style="margin-left: 2em;">

DEFENDANT ROBERT LAWLOR and VAUGHN MAHER,


/s/William J. Melley III
William J. Melley III
Federal Bar No. ct06355
250 Hudson Street
Hartford, Connecticut 06106
(860) 247-9933/fax:  (860) 247-9944
Email:  wjmelley@wjmelley.com

</div>

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEFON MORANT | : | No.:  3:22 CV 00630(CSH) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF NEW HAVEN, ET AL | : | |
| Defendants | : | March 3, 2026 |

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2026 a copy of the foregoing Proposed Jury Instructions was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


/s/William J. Melley III
William J. Melley III
Federal Bar No. CT 06355
250 Hudson Street
Hartford, Connecticut 06106
(860) 247-9933/fax:  (860) 247-9944
Email:  wjmelley@wjmelley.com

# Attachment I
## Proposed Verdict Forms

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

STEFON MORANT,

        Plaintiff,

   v.

CITY OF NEW HAVEN, et. al.,

        Defendants.

Civil Action No. 3:22-cv-00630 (SVN)

## PLAINTIFF'S PROPOSED VERDICT FORM

We, the jury in the above-entitled action, unanimously find the following on the questions

submitted to us:

1

**FIRST CLAIM: FABRICATING EVIDENCE**

Did Plaintiff Stefon Morant prove by a preponderance of the evidence that any of the following Defendants fabricated evidence, causing Mr. Morant to be deprived of his constitutional right to a fair trial?

Vincent Raucci:        Yes _____        No _____

Vaughn Maher:        Yes _____        No _____

Proceed to the **SECOND CLAIM**.

2

**SECOND CLAIM: WITHHOLDING FAVORABLE EVIDENCE**

I instruct you that Plaintiff Stefon Morant proved by a preponderance of the evidence that Defendant Michael Sweeney withheld material, favorable evidence, causing Mr. Morant to be deprived of his constitutional right to a fair trial.

Did Plaintiff Stefon Morant also prove by a preponderance of the evidence that any of the following Defendants withheld material, favorable evidence, causing Mr. Morant to be deprived of his constitutional right to a fair trial?

        Vincent Raucci:        Yes _____        No _____

        Vaughn Maher:        Yes _____        No _____

        Robert Lawlor:        Yes _____        No _____

Proceed to the **THIRD CLAIM**.

## THIRD CLAIM: COERCING FALSE STATEMENTS

Did Plaintiff Stefon Morant prove by a preponderance of the evidence that any of the following Defendants coerced Mr. Morant into making false statements?

Vincent Raucci:          Yes _____     No _____

Vaughn Maher:          Yes _____     No _____

Proceed to the **FOURTH CLAIM**.

**FOURTH CLAIM: MALICIOUS PROSECUTION**

Did Plaintiff Stefon Morant prove by a preponderance of the evidence that any of the following Defendants caused his malicious prosecution?

Vincent Raucci:          Yes _____     No _____

Vaughn Maher:          Yes _____     No _____

If you answered "Yes" to **any** question, for **any** Defendant, under the **FIRST, SECOND, THIRD, OR FOURTH CLAIMS**, then proceed to the **FIFTH CLAIM**.

Otherwise (meaning you answered "No" to **all** questions for **all** Defendants), proceed to the **SEVENTH CLAIM**.

5

**FIFTH CLAIM: CONSPIRACY TO VIOLATE CONSTITUTION**

Did Plaintiff Stefon Morant prove by a preponderance of the evidence that any of the following Defendants engaged in a conspiracy to violate Mr. Morant's constitutional rights?

Vincent Raucci:          Yes _____          No _____

Vaughn Maher:          Yes _____          No _____

Robert Lawlor:          Yes _____          No _____

If, **for Defendant Raucci**, you answered "Yes" to **any** question under the **FIRST, SECOND, THIRD, OR FOURTH CLAIMS**, then proceed to the **SIXTH CLAIM**.

Otherwise (meaning you answered "No" to **all** those questions for Defendant Raucci), proceed to the **SEVENTH CLAIM**.

6

**SIXTH CLAIM: FAILURE TO STOP CONSTITUTIONAL VIOLATIONS**

Did Plaintiff Stefon Morant prove by a preponderance of the evidence that any of the following Defendants failed to stop Defendant Raucci from violating Mr. Morant's constitutional rights?

Robert Lawlor:        Yes _____    No _____

Vaughn Maher:        Yes _____    No _____

Proceed to the **SEVENTH CLAIM**.

7

**SEVENTH CLAIM: MUNICIPAL LIABILITY FOR CONSTITUTIONAL VIOLATIONS**

Did Plaintiff Stefon Morant prove by a preponderance of the evidence that the City of New Haven is responsible for Mr. Morant's constitutional rights being violated?

Yes _____     No _____

Proceed to the **EIGHTH CLAIM**.

8

**EIGHTH CLAIM: INDIVIDUAL NEGLIGENCE**

Did Plaintiff Stefon Morant prove by a preponderance of the evidence that any of the following Defendants harmed Mr. Morant by their negligence, and that any such Defendant is not immune from liability?

Vincent Raucci:        Yes _____      No _____

Vaughn Maher:        Yes _____      No _____

Robert Lawlor:        Yes _____      No _____

Michael Sweeney:        Yes _____      No _____

Proceed to the **NINTH CLAIM**.

## NINTH CLAIM: CITY NEGLIGENCE

Did Plaintiff Stefon Morant prove by a preponderance of the evidence that one or more employees of the City of New Haven harmed Mr. Morant by their negligence, and that any such employee is not immune from liability?

<div align="center">Yes _____    No _____</div>

Proceed to **COMPENSATORY DAMAGES**.

## COMPENSATORY DAMAGES

Please state the amount of compensatory damages.

$_____

Proceed to **PUNITIVE DAMAGES**.

**PUNITIVE DAMAGES**

As the Court instructed you earlier, you are not required to award punitive damages to Mr. Morant. If you choose to award punitive damages, you may only do so against Defendants for whom you answered "Yes" to at least one question under the **FIRST, SECOND, THIRD, FOURTH, FIFTH, OR SIXTH CLAIMS**.

Please state the amount of punitive damages next to the name of the relevant Defendant. If you choose not to award punitive damages against a particular Defendant, leave the line next to that Defendant's name blank.

Vincent Raucci:        $_____

Vaughn Maher:        $_____

Robert Lawlor:        $_____

12

Please **SIGN AND DATE** this verdict form, then return to the Court.

Dated: _____        _____

NAME OF PRESIDING JUROR

_____

PRESIDING JUROR SIGNATURE

13

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEFON MORANT | : | NO.: 3:22-CV-00630 (SVN) |
| | : | |
| v. | : | |
| | : | |
| CITY OF NEW HAVEN, ET AL | : | MARCH 3, 2026 |

## **DEFENDANT, CITY OF NEW HAVEN'S PROPOSED VERDICT FORM**

Defendant submits the following proposed Jury Verdict Form:

### **PART I LIABILITY**

**A.    Violation of Civil Rights—Malicious Prosecution**

1.    Do you find that the Plaintiff proved that probable cause did not exist to arrest Stefon Morant for the Turner-Fields homicide in February of 1992?

YES_____            NO_____

If you answered "YES" to Question 1 above, answer Question 2.

If you answered "NO" to Question 1, skip Question 2 and proceed to b below.

2.    Answer the following 4 questions:

a.    Do you find that the plaintiff has proved that Vaughn Maher acted with malice in initiating criminal proceedings against plaintiff Stefon Morant?

YES_____            NO_____

b.    Do you find that the plaintiff has proved that Michael Sweeney acted with malice in initiating criminal proceedings against plaintiff Stefon Morant?

YES_____            NO_____

    c.      Do you find that the plaintiff has proved that Robert Lawlor acted with malice in initiating criminal proceedings against plaintiff Stefon Morant?

           YES_____                 NO_____

    d.      Do you find that the plaintiff has proved that Vincent Raucci acted with malice in initiating criminal proceedings against plaintiff Stefon Morant?

           YES_____                 NO_____

MOVE AHEAD TO PART B

**B.**      **Violation of Civil Rights—Conspiracy**

1.      Do you find that the plaintiff has proved that there was an agreement between any of the following individuals with another to act in concert to violate Mr. Morant's constitutional rights?

| | | |
|---|---|---|
| Vaughn Maher | _____YES | _____NO |
| Michael Sweeney | _____YES | _____NO |
| Vincent Raucci | _____YES | _____NO |
| Robert Lawlor | _____YES | _____NO |

If you answered "YES" as to any individuals in Question 1 above, answer Question 2.

2.      For any individual in which you answered "YES" to the prior question, do you find that the plaintiff has proved THAT INDIVIDUAL committed an overt act in furtherance of violating Mr. Morant's constitutional rights?

YES____(write name of individual(s)_____

NO_____(write names of individuals_____

**C.    Violation of Civil Rights--Brady**

1.    Do you find that Plaintiff has proved by a preponderance of the evidence that Vaughn Maher intentionally suppressed evidence in connection with the arrest and prosecution of Stefon Morant for the Turner-Fields homicide?

YES_____          NO_____

2.    Do you find that Plaintiff has proved by a preponderance of the evidence that Vincent Raucci intentionally suppressed evidence in connection with the arrest and prosecution of Stefon Morant for the Turner-Fields homicide?

YES_____          NO_____

3.    Do you find that Plaintiff has proved by a preponderance of the evidence that Robert Lawlor intentionally suppressed evidence in connection with the arrest and prosecution of Stefon Morant for the Turner-Fields homicide?

YES_____          NO_____

4.    ANSWER ONLY AS TO ANY DEFENDANT YOUR ANSWERED "YES" TO IN QUESTIONS 1-3 IMMEDIATELY ABOVE

Has Plaintiff proved the suppressed evidence was favorable to Plaintiff Stefon Morant?

Name_____:    ____YES          ____NO

Name_____:    ____YES          ____NO

Name_____:    ____YES          ____NO

5.  ANSWER ONLY AS TO ANY DEFENDANT YOU ANSWERED "YES" TO IN QUESTION 4 IMMEDIATELY ABOVE

Was the suppressed favorable evidence material to the outcome of Stefon Morant's trial that ended in a conviction for the Turner-Fields homicide?

Name_____:        ____YES        ____NO

Name_____:        ____YES        ____NO

Name_____:        ____YES        ____NO

6.  ANSWER ONLY AS TO ANY DEFENDANT YOU ANSWERED "YES" TO IN QUESTION 5 IMMEDIATELY ABOVE

Has the Plaintiff proved by a preponderance of evidence that his conviction would not have occurred but for the intentional suppression of favorable evidence?

Name_____:        ____YES        ____NO

Name_____:        ____YES        ____NO

Name_____:        ____YES        ____NO

7.  Only as to Defendant Michael Sweeney

Has the Plaintiff proved by a preponderance of evidence that his conviction would not have occurred but for the intentional suppression by Michael Sweeney of the information he received from Ovil Ruiz?

YES_____        NO_____

## D.  Violation of Civil Rights—Fabrication

**ANSWER QUESTIONS 1-4 BELOW:**

1.  Do you find that Plaintiff has proved by a preponderance of the evidence that Vaughn Maher knowingly provided false information to the prosecutor's office in connection with the arrest and prosecution of Stefon Morant for the Turner-Fields homicide?

YES_____        NO_____

2.     Do you find that Plaintiff has proved by a preponderance of the evidence that Vincent Raucci knowingly provided false information to the prosecutor's office in connection with the arrest and prosecution of Stefon Morant for the Turner-Fields homicide?

YES_____                    NO_____

3.     Do you find that Plaintiff has proved by a preponderance of the evidence that Michael Sweeney knowingly provided false information to the prosecutor's office in connection with the arrest and prosecution of Stefon Morant for the Turner-Fields homicide?

YES_____                    NO_____

4.     Do you find that Plaintiff has proved by a preponderance of the evidence that Robert Lawlor knowingly provided false information to the prosecutor's office in connection with the arrest and prosecution of Stefon Morant for the Turner-Fields homicide?

YES_____                    NO_____

5.     ANSWER ONLY AS TO ANY DEFENDANT YOU ANSWERED "YES" TO IN QUESTION 4 IMMEDIATELY ABOVE

Has the Plaintiff proved by a preponderance of evidence that his conviction would not have occurred but for the intentional fabrication evidence?

Name_____:     ____YES          ____NO

Name_____:     ____YES          ____NO

Name_____:     ____YES          ____NO

**E.    Violation of Civil Rights—Coerced Self-Incriminating Statement**

**1.    Do you find that Plaintiff has proved by a preponderance of the evidence that Vaughn Maher coerced Plaintiff Morant into providing his statement to the police on January 16, 1991?**

YES_____        NO_____

2.    Do you find that Plaintiff has proved by a preponderance of the evidence that Vincent Raucci coerced Plaintiff Morant into providing his statement to the police on January 16, 1991?

YES_____        NO_____

3.    ANSWER ONLY AS TO ANY DEFENDANT YOU ANSWERED "YES" TO IN QUESTION 2 IMMEDIATELY ABOVE

Has the Plaintiff proved by a preponderance of evidence that his conviction would not have occurred but for the coerced statement given to the Police?

Name_____:    _____YES        _____NO

Name_____:    _____YES        _____NO

Name_____:    _____YES        _____NO

**F.    Violation of Civil Rights—Failure to Intercede/Intervene**

**If you answered "YES" to any questions in Section A-E, do you find that plaintiff has proved by a preponderance of the evidence that any of the following individuals knew, or had reason to know, that another officer was or had violated plaintiff's constitutional rights?**

Vaughn Maher        _____YES        _____NO

Michael Sweeney        _____YES        _____NO

Vincent Raucci        _____YES        _____NO

Robert Lawlor        _____YES        _____NO

1.   **If you answered "YES" as to any of the individuals in Question 1, do you find that said individual did not take reasonable steps to intervene?**

Vaughn Maher        _____YES        _____NO

Michael Sweeney        _____YES        _____NO

Vincent Raucci        _____YES        _____NO

Robert Lawlor        _____YES        _____NO

2.   **If you answered "YES" to Question 2, do you find that Mr. Morant has proved by a preponderance of the evidence that the individual(s)'s failure to intercede was cause of Mr. Morant's damages?**

Vaughn Maher        _____YES        _____NO

Michael Sweeney        _____YES        _____NO

Vincent Raucci        _____YES        _____NO

Robert Lawlor        _____YES        _____NO

## G.   Damages for Civil Rights Violation

If you answered YES to any of the following questions above—A2, B2, C6, C7, D5, E3,or F2 you have found for the Plaintiff and should proceed to complete questions G1-G3 below. If not, skip to Part IV.  further below:

G.1   Compensatory Damages: $_____
(IF compensatory damages is $0 then enter $1 nominal damages in G.2 below)

G.2   Nominal Damages: $_____

G.3   Punitive Damages – Do you find punitive damages should be paid by any defendant as to whom you have answered YES to questions A2, B2, C6, C7, D5, E3,or F2

YES_____                NO_____

IF "YES" COMPLETE THE FOLLOWING AS TO ANY DEFENDANT WHO YOU FIND SHOULD PAY PUNITIVE DAMAGES. IF "NO" SKIP TO **PART III** BELOW

Name_____ Amount of Punitive Damages_____

Name_____ Amount of Punitive Damages_____

Name_____ Amount of Punitive Damages_____

Name_____ Amount of Punitive Damages_____

### PART III MUNICIPAL CIVIL RIGHTS LIABILITY AGAINST THE CITY OF NEW HAVEN

If you found civil rights liability and awarded damages in section G. above, answer the questions 1-3 below:

1.    Did the Plaintiff prove that it was the policy of the City of New Haven to violate persons' civil rights because City policy makers were aware of repeated violations of civil rights by City police officers and ignored them?

    YES_____               NO_____

2.    Did the Plaintiff prove that it was the policy of the City of New Haven to violate person's civil rights because the violation of persons' civil rights by its rank and file police officers was so widespread and pervasive that it was the functional equivalent of City policy.

    YES_____               NO_____

3.    Did the Plaintiff prove that it was the policy of the City of New Haven to violate persons' civil rights because it was aware of an obvious need for training of its officers on violations of civil rights and it reacted with deliberate indifference.

    YES_____               NO_____

IF YOU ANSWERED "YES" TO QUESTION 1, 2 OR 3 ABOVE, THEN ANSWER QUESTION 4 BELOW.  IF YOU ANSWERED "NO" TO QUESTION 1, 2 AND 3 ABOVE THEN SKIP TO QUESTION

4.      Did the Plaintiff prove that a City policy to violate civil rights found in 1, 2, or 3 above was a moving force behind a civil rights violation found to have been committed by any of the individual defendants in Parts I or II above, such that the civil rights violation committed by an individual defendant would not have been committed but for the existence of the City policy?

YES_____                    NO_____


## PART IV NEGLIGENCE

**If you awarded compensatory, nominal or punitive damages in Part II G above SKIP to Part V.**

**If you DID NOT award compensatory, nominal or punitive damages in Part II G above then answer questions 1-3 below:**

1.      **Did Plaintiff prove that Vaughn Maher was negligent?**

YES_____                    NO_____


2.      **Did Plaintiff prove that Vincent Raucci was negligent?**

YES_____                    NO_____


3.      **Did Plaintiff prove that Robert Lawlor was negligent?**

YES_____                    NO_____


4.      If you answered "YES" as to questions 1, 2 OR 3, was that person's negligence a proximate cause of Plaintiff Morant's conviction for the Turner-Fields homicide

Defendant Name    _____YES        _____NO

Defendant Name    _____YES        _____NO

Defendant Name    _____YES        _____NO

Defendant Name    _____YES    _____NO

5.    As to any Defendant identified in response to Question 4, Answer the following:

Did the Defendant prove the affirmative defense of governmental immunity by proving his actions were subject to judgment and discretion?

Defendant Name    _____YES    _____NO

Defendant Name    _____YES    _____NO

Defendant Name    _____YES    _____NO

Defendant Name    _____YES    _____NO

6.    If you answered "YES" as to any Defendant in Question 5 above answer the following:

Did the Plaintiff prove that the exception to governmental immunity applies by proving that it was apparent to *that* negligent defendant that his negligence would result a specific imminent harm to Plaintiff Morant

Defendant Name    _____YES    _____NO

Defendant Name    _____YES    _____NO

Defendant Name    _____YES    _____NO

Defendant Name    _____YES    _____NO

7.    Did any Defendant prove by a preponderance of evidence that the Plaintiff was negligent, and Plaintiff's negligence contributed to his injuries or damages.

YES_____    NO_____

If you answered "YES" to Question 7 above then INCLUDE THE PLAINTIFF in your answer to the following section.

**Comparative Negligence Calculation**

Indicate below the relative percentages of negligence of all Defendants found negligent and did not prove the defense of governmental immunity applied, and the Plaintiff if you answered "YES" to Question 7 above.

Percentage of Negligence (must add up to 100%)

**Plaintiff Stefon Morant** _____%

**Defendant name** _____ _____%

**Defendant name**_____ _____%

**Defendant name** _____ _____%

**Defendant  name**_____ _____%

**Defendant name** _____ _____%

                                                **100%**

IF THE PLAINTIFF'S NEGLIGENCE IS 51% OR GREATER THEN SKIP TO **PART VI**.  IF THE PLAINTIFF'S NEGLIGENCE IS 50% OR LESS PROCEED TO **PART V**. BELOW

## PART V DAMAGES

**Compensatory Damages**

Jury Award of Compensatory Damages          $_____

## PART VI CONCLUSION OF DELIBERATIONS

**Thank you. Your deliberations are now complete, and you should have your jury foreperson note the date and time below and sign in the space provided.**

**ALL OF YOUR ANSWERS MUST BE UNANIMOUS.**
**You should notify the marshal that you have reached a verdict. Your completed Verdict Form will then be returned to the Court.**


_____        _____a.m./p.m.    _____
Date                                           Time                        Signature of Foreperson

# Attachment J

Positions on Special Interrogatories

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| STEFON MORANT,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF NEW HAVEN, et. al.,<br><br>    Defendants. | Civil Action No. 3:22-cv-00630 (SVN) |

## PLAINTIFF'S POSITION ON SPECIAL INTERROGATORIES
## FOR QUALIFIED IMMUNITY

There is no rule that special interrogatories are required in qualified-immunity cases; the Court has discretion to use them, or not. *Edwards v. Cornell*, No. 13-CV-878, 2017 WL 5719144, at *11 (D. Conn. Nov. 28, 2017) ("It is pellucidly clear that whether or not to submit special interrogatories to the jury is 'a matter [left] to the district court's sound discretion'") (quoting *Barksdale v. Colavita*, 506 Fed. Appx. 82, 85 (2d Cir. 2012)); *Stephenson v. Doe*, 332 F.3d 68, 81 n.19 (2d Cir. 2003). But that discretion is not unbounded: it is "circumscribed by the requirement that [any special interrogatories] clearly present the material fact issues raised by the pleadings and evidence." *Cutlass Prods., Inc. v. Bregman*, 682 F.2d 323, 327 (2d Cir. 1982); *see also Lore v. City of Syracuse*, 670 F.3d 127, 159–60 (2d Cir. 2012). Applying that standard, interrogatories are inappropriate here. And, even in cases in which interrogatories might be appropriate, they should not be drafted until the close of evidence, and should not be submitted until a verdict is returned.

1

## I.  Special interrogatories are inappropriate in this case.

Special interrogatories *do* make sense in some qualified-immunity cases, but those are typically excessive-force cases. Interrogatories make sense in that context, for two reasons. First, the granular details matter (like whether the plaintiff was actively resisting arrest, whether the officer stopped using force once the plaintiff was subdued, and so on). Second, an officer's objectively reasonable perception of the facts, even if inaccurate, is legally relevant. The Supreme Court and the Second Circuit have explained that, for qualified immunity, excessive-force cases are special because "the result depends very much on the facts," *Matusak v. Daminski*, No. 24-3157, 2026 WL 233791, at *7 (2d Cir. Jan. 29, 2026) (quoting *City of Escondido v. Emmons*, 586 U.S. 38, 42 (2019); *Kisela v. Hughes*, 584 U.S. 100, 104 (2018)), and there is a "sometimes hazy border between excessive and acceptable force," *Stephenson*, 332 F.3d at 77 (quoting *Saucier v. Katz*, 533 U.S. 194, 206 (2001)).

Cases like this one—alleging that detectives framed an innocent person for a serious crime—are different. There is no "hazy border" between fabricating evidence and not fabricating evidence. Nor is there any specific additional factual determination dispositive to the qualified immunity analysis; if the jury finds that a Defendant fabricated evidence which caused Plaintiff's wrongful conviction, that Defendant is not entitled to qualified immunity. *See, e.g., Ricciuti v. N.Y.C. Transit. Auth.*, 124 F.3d 123, 130 (2d Cir. 1997). The same applies to the *Brady* claim; if the jury finds that a Defendant deliberately withheld material exculpatory evidence, causing Plaintiff's wrongful conviction, that Defendant is not entitled to qualified immunity. *See, e.g., Horn v. Stephenson*, 11 F.4th 163, 170–73 (2d Cir. 2021). Law that was clearly established long before 1991 prohibited detectives from fabricating evidence, suppressing exculpatory evidence, coercing confessions, and pursuing malicious prosecutions—and there is no tricky nuance to those

2

fundamental and obvious legal rules.[1] For that reason, Plaintiff's counsel—who practice nearly exclusively in the area of civil wrongful convictions, including in the Second Circuit—cannot remember a wrongful conviction trial in which special interrogatories for qualified immunity were used. Indeed, in a recent case, while noting that the detective-defendant did not request any special interrogatories, the Second Circuit also opined that, in any event, qualified immunity was obviously inapplicable where a jury finds the defendant "knowingly forwarded a fabricated and coerced confession to a prosecutor." *Ortiz v. Stambach*, 137 F.4th 48, 69 (2d Cir. 2025).

Moreover, even when interrogatories might sometimes be appropriate, as in excessive-force cases, they are not *always* so—it depends on the evidence presented to the jury. In *Matusak*, for example, the plaintiff requested an interrogatory to capture the jury's view on whether the plaintiff had been resisting arrest actively, or merely passively. That distinction was legally significant, because it affects the amount of force permitted. But the district court did not give the interrogatory, and the Second Circuit affirmed, because the evidence presented to the jury would not have supported a finding that the resistance was merely passive. *Matusak*, 2026 WL 233791, at *12–13; *see also Alla v. Verkay*, 979 F. Supp. 2d 349, 370 (E.D.N.Y. 2013) (holding the court "had no duty to present interrogatories to the jury that were undisputed and could only confuse or mislead the jury," especially given that "even affirmative responses would have been insufficient to give rise to qualified immunity"); *Edwards*, 2017 WL 5719144, at *12 (holding court properly refused to give special interrogatories in excessive force case where "defense counsel had not

---

[1] For additional case law holding that the conduct alleged in this case violated clearly established constitutional rights, *see, e.g.*, *Bermudez v. City of New York*, 790 F.3d 368, 376 n.3 (2d Cir. 2015); *Weaver v. Brenner*, 40 F.3d 527, 533–37 (2d Cir. 1994); *Walker v. City of New York*, 974 F.2d 293, 299 (2d Cir. 1992).

proposed a jury interrogatory that would address a factual dispute dispositive of qualified immunity").

For another example, in *Hung Lam v. City of San Jose*, the Ninth Circuit affirmed the district court's refusal to give defense-requested interrogatories because the only version of events presented at trial that would support a constitutional violation—the "use [of] deadly force against someone who poses no threat of serious harm to the officers or others"—would also defeat qualified immunity. 869 F.3d 1077, 1085–86 (9th Cir. 2017). If the plaintiff in *Hung Lam* had presented a different case—perhaps he *did* pose a threat of harm at one point, but had arguably been subdued before the officer employed force; or perhaps the force used was less than deadly, the plaintiff still asserted it was excessive, and the parties disputed exactly how much force was used—then interrogatories might have been helpful. But that's not the case the plaintiff presented, so interrogatories were unnecessary. We expect this case to proceed like *Hung Lam*: Mr. Morant's version of events and Defendants' version of events will be starkly different; one version would prove constitutional violation and defeat qualified immunity, and the other version would require a finding that no constitutional violation occurred. In the case we expect the parties to present to the jury, there will be no middle ground, so interrogatories would be inappropriate.

## II.  Even if Defendants could demonstrate an appropriate use for special interrogatories, it is premature to even draft them now. They should be drafted after the close of evidence and submitted to the jury only after a verdict is returned.

Even assuming arguendo Defendants could demonstrate any appropriate role for special interrogatories in this case—which seems highly doubtful—they should not be drafted until the evidence has been presented. What the Second Circuit has approved, when appropriate, is "a few pointed interrogatories on the key factual disputes that may affect the resolution of the qualified immunity issue." *Stephenson*, 332 F.3d at 81. What those "key factual disputes" are, of course,

4

cannot be known *ex ante*—there are only "disputes" if the parties present contradictory evidence to the jury.

And even if interrogatories appear appropriate at the close of evidence, they should not be submitted to the jury until after a verdict is returned.[2] *See Stephenson*, 332 F.3d at 80–81 (instructing district court on remand to "substantially follow the procedure it outlined," which was to withhold interrogatories until a verdict was returned). That is so for several reasons. First, the verdict might render the interrogatories unnecessary—that's why the Second Circuit has approved interrogatories "[i]n situations where the court may not be able to discern from the general verdict how the jury may have resolved a particular disputed issue that is a dispositive part of the [clearly-established law] analysis." *Jones v. Treubig*, 963 F.3d 214, 232–33 (2d Cir. 2020). For example, if the jury finds that a particular Defendant fabricated evidence or suppressed exculpatory evidence, that alone would be sufficient to determine qualified immunity would not apply. *See Galloway v. Cnty. of Nassau*, 141 F.4th 417, 425 (2d Cir. 2025) (holding the court "need not decide whether" suggestive identification procedure would independently violate clearly established law, because evidence that demonstrated *Brady* violation alone was sufficient to defeat qualified-immunity defense).

---

[2] For examples, *see, e.g.*, *Matusak*, 2026 WL 233791, at *4 ("*While the jury deliberated*, the district court discussed with counsel potential special interrogatories for the jury to answer *in case it found any of the officers liable* for excessive force.") (emphases added); *Fleming v. Stradford*, No. 10-cv-3345, 2018 WL 1033234, at *18 (S.D.N.Y. Feb. 22, 2018) ("*Had there been a verdict in Plaintiff's favor*, the Court might have allowed the jury to answer a series of special interrogatories that went to the issue of qualified immunity.") (emphasis added); *Rucks v. City of New York*, 96 F. Supp. 3d 138, 153 n.7 (S.D.N.Y. 2015) ("[T]he Second Circuit has endorsed the mechanism of submitting a general verdict to the jury, to be followed up with special interrogatories relevant to qualified immunity *if the jury finds in favor of the plaintiff* on any of the counts.") (emphasis added); *Harewood v. Braithwaite*, 64 F. Supp. 3d 384, 395 (E.D.N.Y. 2014) ("*Following the verdict in Plaintiff's favor* on two counts, the Court presented the jury with a series of factual questions, known as special interrogatories, to aid the Court in its determination of the qualified immunity issue.").

5

Second, submitting interrogatories before the verdict is returned risks overwhelming and confusing the jury, with no offsetting benefit. In *Stephenson*, for example, prematurely asking the jury about qualified immunity led to the highly undesirable result of the verdict being vacated on appeal and a new trial being ordered. 332 F.3d at 78–80.[3] Highly fact-specific interrogatories can be incredibly confusing, and potentially legally erroneous. For example, they can muddle the legal rule that the jury is required to reach unanimity only on each *element* of a claim, not the specific factual basis for finding that element satisfied. *E.g.*, *Richardson v. United States*, 526 U.S. 813, 817 (1999); *United States v. Kozeny*, 667 F.3d 122, 131–32 (2d Cir. 2011). In *Kozeny*, for example, the Second Circuit held that jurors need not unanimously agree on which specific overt act was taken in furtherance of a conspiracy; the jurors need only agree that *some* act was. *Id*. A highly-fact-specific special interrogatory on Mr. Morant's conspiracy claim—asking, for example, whether such-and-such act was taken—in addition to being legally unnecessary, risks misleading jurors into thinking they must *all* agree that a specific act was taken, causing a defense verdict or a hung jury when a verdict for Mr. Morant is the correct result. The same is true if jurors disagree about which piece of material exculpatory or impeachment evidence was suppressed, but all agree that *some* piece was. *See United States v. Requena*, 980 F.3d 30, 50–51 (2d Cir. 2020) (in a prosecution for possession of a controlled substance, jurors need not agree on *which* substance was possessed); *United States v. Estevez*, 961 F.3d 519, 528 (2d Cir. 2020) (jurors need not agree about *when* a felon possessed a firearm). The risk of confusion, which is very high, is substantially mitigated if the Court waits until the verdict is returned.

---

[3] In *Stephenson*, the district judge had *planned* to wait until after the verdict to ask the jury about qualified immunity, via special interrogatories. The judge deviated from that plan, withholding the special interrogatories but erroneously including a jury instruction, and asking the jury to reach a verdict, on qualified immunity. *Id*.

**CONCLUSION**

For the foregoing reasons, special interrogatories should not be given in this case. And in any event, no such interrogatories should be drafted until the close of evidence, or submitted until a verdict is returned.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEFON MORANT, | : | CIV. NO. 3:22-cv-00630 (CSH) |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| CITY OF NEW HAVEN, ET AL., | : | MARCH 3, 2026 |
| Defendants. | | |

## **DEFENDANT VINCENT RAUCCI'S SPECIAL JURY INTERROGATORIES**

1. Do you find that a reasonable officer could have believed that it was acceptable to turn off and restart a tape recorder during an interview with a witness?

2. Do you find that a reasonable officer could have believed that it was acceptable to provide a witness with certain facts concerning the murders to test their knowledge of the crimes?

3. Do you find that a reasonable officer could have believed that there was probable cause to initiate or procure the initiation of criminal proceedings against Stefon Morant?

4. Do you find that a reasonable officer could have believed that the application submitted for a warrant for Stefon Morant's arrest included and/or accounted for exculpatory information?

5. Do you find that Detective Raucci acted reasonably in reviewing and verifying the information included in the application for a warrant for Stefon Morant's arrest?

6. Do you find that Detective Raucci could have believed it was acceptable to not disclose to prosecutors Ovil Ruiz's pre-interview statements that he knew nothing about the murders?

7. Do you find that a reasonable officer could have believed that Detective Raucci's interview techniques were permissible?

8. Do you find that a reasonable officer could have believed that Detective Raucci's conduct did not rise to the level of fabrication of evidence?

**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

9. Do you find that a reasonable officer could have believed that Detective Raucci's conduct did not rise to the level of coercion of statements?

10. Do you find that a reasonable officer could have believed that Detective Raucci did not fail to disclose exculpatory evidence?

DEFENDANT, VINCENT RAUCCI

BY/ss/ James N. Tallberg
    James N. Tallberg
    Federal Bar No.: ct17849
    Kimberly A. Bosse
    Federal Bar No.: ct31063
    Karsten & Tallberg, LLC
    500 Enterprise Drive, Ste. 4B
    Rocky Hill, CT 06067
    T: (860)233-5600
    F: (860)233-5800
    jtallberg@kt-lawfirm.com
    kbosse@kt-lawfirm.com

## CERTIFICATION

I hereby certify that on March 3, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/ss/Kimberly A. Bosse
Kimberly A. Bosse

2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEFON MORANT                          : No.: 3:22 CV 00630(CSH)
    Plaintiff                          :
                                       :
  v.                                   :
                                       :
CITY OF NEW HAVEN, ET AL               :
    Defendants                         : March , 2026

## DEFENDANTS' VAUGHN MAHER AND ROBERT LAWLOR SPECIAL JURY INTERROGATORIES

1. Do you find that a reasonable officer could have believed that it was acceptable to turn off and restart a tape recorder during an interview with a witness?

2. Do you find that a reasonable officer could have believed that it was acceptable to provide a witness with certain facts concerning the murders to test their knowledge of the crimes?

3. Do you find that a reasonable officer could have believed that Detective Maher's interview techniques were permissible?

4. Do you find that a reasonable officer could have believed that Detective Maher's conduct did not rise to the level of fabrication of evidence?

5. Do you find that a reasonable officer could have believed that Detective Maher's conduct did not rise to the level of coercion of statements?

6. Do you find that a reasonable officer could have believed that Detective Maher did not fail to disclose exculpatory evidence?

7. Do you find that a reasonable officer could have believed that Sergeant Lawlor did not fail to disclose exculpatory evidence?

8. Do you find that a reasonable officer could have believed that Detective Maher did not fail to intercede?

9. Do you find that a reasonable officer could have believed that Sargeant Lawlor did not fail to intercede?

DEFENDANT ROBERT LAWLOR and VAUGHN MAHER,

/s/William J. Melley III
William J. Melley III
Federal Bar No. CT 06355
250 Hudson Street
Hartford, Connecticut 06106
(860) 247-9933/fax:  (860) 247-9944
Email:  wjmelley@wjmelley.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEFON MORANT | : No.:  3:22 CV 00630(CSH) |
| Plaintiff | : |
| | : |
| v. | : |
| | : |
| CITY OF NEW HAVEN, ET AL | : |
| Defendants | : March 3, 2026 |

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2026 a copy of the foregoing Special Interrogatories was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/William J. Melley III
William J. Melley III
Federal Bar No. CT 06355
250 Hudson Street
Hartford, Connecticut 06106
(860) 247-9933/fax:  (860) 247-9944
Email:  wjmelley@wjmelley.com