**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| STEFON MORANT, | ) | 3:22-CV-630 (SVN) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF NEW HAVEN et al., | ) | |
| *Defendants*. | ) | April 30, 2026 |

**RULING AND ORDER ON PLAINTIFF'S MOTION IN LIMINE**

Sarala V. Nagala, United States District Judge.

On April 23, 2026, the Court issued a ruling on the parties' motions *in limine*. *Morant v. City of New Haven et al.*, No. 3:22-CV-630 (SVN), 2026 WL 1108118 (D. Conn. April 23, 2026) ("MIL Ruling"); ECF No. 393. As part of that ruling, the Court deferred in part ruling on Plaintiff's motion *in limine* at ECF No. 290 with respect to the admissibility of the designations of prior testimony of certain unavailable non-party witnesses as an exception to hearsay pursuant to Federal Rule of Evidence 804(b). MIL Ruling at *11.

The Court continues to work through the parties' proposed designation testimony but issues this ruling on the admissibility of the March 28, 1995, testimony of Anthony Stevenson in Adam Carmon's criminal trial, *State v. Carmon*. Stevenson Test., Designation Ex. 28, ECF No. 293-28. The City has opposed the introduction of Stevenson's former testimony, arguing that the testimony is inadmissible hearsay not subject to Federal Rule of Evidence Rule 804(b)'s exception for prior testimony of an unavailable witness; Defendants Raucci, Lawlor, and Maher have joined the City's opposition. ECF Nos. 315, 320, and 326. The Court finds the testimony is inadmissible hearsay.

**I. FACTUAL BACKGROUND**

The Court assumes the parties' familiarity with the facts of this case and only briefly recounts the procedural developments that have occurred since the Court's MIL Ruling. On April

27, 2026, the Court held a second pretrial conference.  On April 28th and 29th, jury selection occurred, and the presentation of evidence began on April 29th.

The Court also briefly recounts the nature of Stevenson's prior testimony that Plaintiff seeks to admit.  Stevenson was called by the state prosecutor in Carmon's criminal trial and testified that Carmon gave him a firearm to use in a robbery. *See* ECF No 293-28 at 8.  On cross-examination, Carmon's defense attorney questioned Stevenson about whether the police had fed him details about the firearm's barrel being "marked up" with a screwdriver by Carmon and was simply asked to answer "yes," to the police's questions, rather than Stevenson offering those details of his own volition. *Id.* at 37.  In response to a question about whether the police "fed it to [him]," Stevenson said:  "No, sir . . . [t]hey asked me a question." *Id.*  Stevenson also testified that, during a taped statement, police officers provided him with a detail that he then stated on the tape recording. *Id.* at 40.  On re-direct examination by the prosecutor, Stevenson was asked:  "Did the police tell you what to say with regard to your seeing the barrel being scraped out," to which he answered "No, sir." *Id.* at 49.  He was also asked who he saw scraping out the barrel and with what, and he identified Carmon and a screwdriver. *Id.*  Finally, he was asked if the police told him to say "screwdriver," and he answered "No, sir." *Id.*

## II.    LEGAL STANDARD

Ordinarily, "[t]estimony of a nonparty witness that was given at a prior hearing is, when offered for its truth, hearsay." *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 219–20 (2d Cir. 2004).  However, Rule 804(b)(1) exempts from the hearsay rule certain former testimony given by an unavailable witness.  A witness is considered unavailable if he "is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure . . . the declarant's attendance."  Fed. R. Evid. 804(a)(5).  In a civil case, the former

testimony given at a trial, hearing, or deposition is admissible if it is now offered against a party who had, or whose predecessor in interest had, an "opportunity and similar motive to develop it by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1)(B).

For former testimony to be admissible under Rule 804(b)(1), Plaintiff must show, by a preponderance of the evidence, that (1) the witness is unavailable; (2) the party against whom the testimony is offered is the same as in the prior proceeding or a predecessor in interest; and (3) that the party had the same motive and opportunity to examine the witness. *See Annunziata v. City of New York*, No. 06-CV-7637 (SAS), 2008 WL 2229903, at \*7 (S.D.N.Y. May 28, 2008). "[A]ll of the requirements of Rule 804(b)(1) must be met." *United States v. DiNapoli*, 8 F.3d 909, 912 (2d Cir. 1993).

## III.    DISCUSSION

As to Mr. Stevenson's prior testimony, the Court finds it is inadmissible hearsay not subject to Rule 804(b)'s exception for the prior testimony of an unavailable witness. While Mr. Stevenson is unavailable, Plaintiff has not established that the state prosecutor in the *Carmon* case was the predecessor in interest to any of the Defendants here, as he would have lacked a substantially similar motive and opportunity to examine Stevenson about the alleged police misconduct.

### A.  Unavailability of the Witness

As to the first element, the parties do not dispute that Stevenson is unavailable, as he is incarcerated in Georgia and outside of the Court's subpoena powers for this trial. Fed. R. Evid. 804(a)(5)(A); *see also United States v. Losada*, 674 F.2d 167, 172 (2d Cir. 1982) (holding that the burden of showing unavailability was met where a foreign citizen was not subject to compulsory process, and the government was unable to obtain his attendance by voluntary request). While Plaintiff has not explicitly stated that Stevenson was unwilling to come voluntarily, because the

3

City does not challenge Stevenson's availability, the Court finds the first element is satisfied, regardless.

B.  "Modern" Application of Rule 804(b)

Before examining the second and third elements as articulated in in *Annunziata*—predecessor in interest and similar motive and opportunity—the Court addresses what has been referred to as the "modern" view of Rule 804(b).  Some out-of-circuit district courts have endorsed a "modern view of the former testimony exception" that does not "require parties to separately demonstrate that the prior party was a 'predecessor in interest,' because parties who are found to have an 'opportunity and similar motive' like that of the current party are deemed to be predecessors in interest."  *Lisker v. City of Los Angeles*, No. CV09-9374 (AHM) (AJWx), 2012 WL 3610134, at *1 (C.D. Cal. Aug. 20, 2012) (citing *Hynix Semiconductor Inc. v. Rambus Inc.,* 250 F.R.D. 452, 458 (N.D. Cal. 2008)); *Trulove v. D'Amico*, No. 16-CV-50 (YGR), 2018 WL 1248095, at *2 (N.D. Cal. Mar. 11, 2018).  The Court is sympathetic to the intuitiveness of this modern view, which essentially collapses *Annunziata*'s second and third elements.    An independent review has revealed at least one in-circuit district court opinion suggesting an adoption of this view.  *See Wright v. Kelly*, No. 95-CV-688H, 1998 WL 912026, at *6 (W.D.N.Y. Oct. 16, 1998) (finding that the state prosecutor in a civil rights plaintiff's underlying criminal proceeding could be considered the civil defendants' predecessor in interest based on "the motivations of the prosecutor in the criminal trial").

Moreover, the Court finds support for this view in the Second Circuit's precedent.  The Second Circuit has not explicitly adopted *any* definition for a processor in interest, modern or otherwise.  *Askew v. Lindsay*, No. 21-799-pr, 2022 WL 17748623, at *2 (2d Cir. Aug. 1, 2022) (summary order).  But the Second Circuit has explicitly "discern[ed] . . . a reluctance to engraft *any* general exception onto Rule 804(b)(1)" in the Supreme Court's precedent.  *DiNapoli*, 8 F.3d

at 914 (emphasis added).  Divorcing the predecessor in interest analysis from the opportunity and similar motive analysis invites exactly such general exceptions.  A separate predecessor in interest analysis invites courts to apply a general rule that state court prosecutors in a civil rights plaintiff's underlying criminal trial are not considered in privity with civil rights defendants and thus can never be predecessors in interest, ending the Rule 804(b) analysis.  *See Annunziata,* 2008 WL 2229903 at *8.  Taking the predecessor in interest and opportunity and similar motive analyses together, however, avoids these generalizations and leads to the "fact specific" inquiry the rule necessitates.  *DiNapoli*, 8 F.3d at 914.

Finally, even in-circuit district court cases that have separated the analysis into a predecessor in interest step and a separate opportunity and similar motive step, have grounded the predecessor in interest analysis in principles of privity and collateral estoppel.  *See e.g.,* *Annunziata,* 2008 WL 2229903 at *8.  But privity is "a means of determining whether the interests of the party against whom [a claim] is asserted were represented in prior litigation."  *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 346 (2d Cir. 1995).  In order words, privity looks to whether, in prior litigation, a party who has a claim asserted against it was in privity with another party *so as to have had* an opportunity and similar motive to challenge the claim.  Accordingly, even when district courts in this Circuit have taken the second and third steps of the Rule 804(b) analysis separately, the predecessor in interest analysis necessarily involved an analysis of opportunity and motive.  *See Annunziata,* 2008 WL 2229903 at *8.  Separating the second and third steps thus is an artificial distinction that ignores the realities of the underlying

analysis.  Accordingly, the Court considers only whether the state prosecutor had a similar motive and opportunity to pursue the testimony as Defendants in the current action.[1]

### C.  Opportunity and Similar Motive

The Court must determine "whether the party resisting the offered testimony at a pending proceeding had at a prior proceeding an interest of substantially similar intensity to prove (or disprove) the same side of a substantially similar issue." *DiNapoli*, 8 F.3d at 914–15.  In doing so, courts should consider "[t]he nature of the two proceedings—both what is at stake and the applicable burden of proof—and, to a lesser extent, the cross-examination at the prior proceeding—both what was undertaken and what was available but forgone—will be relevant though not conclusive on the ultimate issue of similarity of motive." *Id.* at 15.

Here, the state prosecutor in *Carmon* would not have had an interest of substantially similar intensity in disproving Stevenson's testimony about alleged police misconduct as the Defendants here would have.  While issues of alleged police misconduct in the form of feeding details of a crime arise in Stevenson's testimony—as they do in Plaintiff's case—what is at stake in each case is wholly different.  First, Stevenson's testimony did not occur in the context of Plaintiff's underlying proceedings; it occurred in the criminal proceeding of a wholly separate individual: Adam Carmon.  Thus, what was at stake was *Adam Carmon's* guilt or innocence, not Plaintiff's.  Further, Plaintiff has not pointed to any caselaw where the former testimony of an unavailable

---

[1] To the extent a separate predecessor in interest analysis is necessary, courts have found that state prosecutors in a civil rights plaintiff's underlying criminal proceedings are not considered the predecessor in interest to individual police officers or a city named as defendants in a subsequent civil rights suit, looking to party privity and collateral estoppel principles. *Annunziata*, 2008 WL 2229903 at *8 ("prosecutor in plaintiff's criminal trial" was not the same party as, or "in privity with," the city or an individual officer named as defendants in plaintiff's civil rights trial for purposes of Rule 804(b)(1)); *O'Brien v. City of Yonkers*, No. 07-CV-3974 (KMK) (LMS), 2013 WL 1234966, at *7 (S.D.N.Y. Mar. 22, 2013) (collecting cases).  The Court agrees with this view.  But this does not end the inquiry. *See Lisker*, 2012 WL 3610134 at *1 ("parties who are found to have an 'opportunity and similar motive' like that of the current party are deemed to be predecessors in interest").

witness, taken in a wholly *separate* criminal defendant's trial, was deemed admissible under Rule 804(b) in a separate civil plaintiff's 42 U.S.C. § 1983 case.

Even assuming the state prosecutor was considering in some peripheral way the possibility of civil liability for the individual police officers involved in interviewing Stevenson in the Carmon prosecution (or the City's possible liability for constitutional violations under *Monell*), it is all but certain the state prosecutor would not have had a similarly intense incentive as the individual officers or the City in this case to develop the issue of whether any police misconduct alleged in Stevenson's testimony would have resulted in a potentially wrongful conviction for Carmon. *See Pursley v. City of Rockford*, No. 3:18-CV-50040, 2024 WL 1050242, at *3 (N.D. Ill. Mar. 11, 2024) (state prosecutors work to "protect the public and secure a just result in the criminal prosecution," they do not "think and act as surrogate defense counsel for future civil rights lawsuits against officers who are not their clients. (Put aside for the moment the complications presented when more than one police officer might face a future lawsuit.)" (quoting *Butler v. Indianapolis Metro. Police Dep't*, No. 07-CV-1103, 2009 WL 2092416, at *2 (S.D. Ind. July 13, 2009))). While the burden of proof is admittedly higher in a criminal case than Plaintiff's civil suit, and the state's attorney did conduct re-direct examination concerning whether the police provided critical details to Stevenson, the Court cannot conclude that a state prosecutor would feel a comparably intense motivation as any of the Defendants here to ferret out civil rights violations that were in his periphery.

Further, while not dispositive, the nature of the direct and cross examination in Stevenson's testimony is still relevant. *DiNapoli*, 8 F.3d at 915. As described above, Stevenson was called by the state as a witness to establish that Carmon provided him with a weapon, asked him to participate in a robbery, and that in the course of such robbery a gunfight broke out which resulted

in Stevenson being shot twice. ECF No. 293-28 at 3–14, 26–27. On cross, Carmon's counsel attempted to discredit Stevenson's testimony by eliciting discussion about a plea deal Stevenson had received in exchange for his testimony that reduced his potential sentence from upwards of seventy-five years to two years as well as about potential police misconduct related to a statement he gave while hospitalized after the shooting. *Id.* at 14–17. On re-direct, the state prosecutor attempted to rehabilitate Stevenson, asking him questions about when he gave his statements and whether his statements reflected information the police had told him to provide. *Id.* at 47–50. While the state prosecutor did ask questions about whether police provided him information instead of his supplying it on his own—what the Court understands to be the most salient portions of Stevenson's testimony—the state prosecutor's primary motivation was to preserve the validity of Stevenson's testimony about Carmon and the robbery generally. It is far from clear that the state prosecutor attempted to disprove that the conduct of any officers, who are not named in the testimony, was impermissible. While the issue of whether there was officer misconduct in connection with a statement is an essential element of Plaintiff's civil claims here, it would have been "only peripherally related to a different cause of action"—the criminal charge Carmon was facing—at his criminal trial. *DiNapoli*, 8 F.3d at 912.

Accordingly, for the foregoing reasons, Plaintiff's motion to preclude Defendants' overbroad counter-designations of Stevenson's testimony is denied as moot in light of the fact that Stevenson's testimony is inadmissible as hearsay, not subject to the exception for prior testimony of unavailable witnesses pursuant to Rule 804(b). The testimony is not admissible either as to Plaintiff's *Monell* claim or against any individual officer.

8

## IV.    CONCLUSION

For the reasons described herein, The City's objection to Plaintiff's motion at ECF No. 290 with respect to the former testimony of Anthony Stevenson in the criminal case of *State v. Carmon* is sustained.  The former testimony is inadmissible as to the City and the individual Defendants.


**SO ORDERED** at Hartford, Connecticut, this 30th day of April, 2026.


 */s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE