**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| STEFON MORANT,<br><br>          Plaintiff,<br><br>    v.<br><br>CITY OF NEW HAVEN, et. al.,<br><br>          Defendants. | Civil Action No. 3:22-cv-00630 (SVN) |

**PLAINTIFF'S NOTICE RE: EXHIBITS FOR USE WITH BRIAN SULLIVAN**

During the examination of Brian Sullivan, Plaintiff seeks to introduce the following exhibits related to the *Monell* case examples of George Gould/Ronald Taylor and Daryl Valentine. Brian Sullivan participated in the investigations that led to the wrongful convictions of all three men. To that end, Plaintiff seeks to introduce portions of the following exhibits.

Pertaining to the Gould/Taylor case, Plaintiff seeks to admit:

- The coerced statement of Ms. Doreen Stiles, dated July 29, 1993. (Plaintiff's Exhibit 136)

- Two police reports regarding NHPD interactions with Ms. Stiles, dated July 29, 1993 and July 30, 1993. (Plaintiff's Exhibits 42 and 43, respectively)

Ms. Stiles recanted her coerced statement during Mr. Gould's and Mr. Taylor's habeas proceeding on August 3, 2009. Mr. Sullivan testified extensively in his deposition about the investigation of the Gould/Taylor case and is expected to so testify again.

Pertaining to the Valentine case, Plaintiff seeks to admit:

- The transcript of the taped, coerced statement of Kristina Higgins, dated September 26, 1991. This statement was notarized by Brian Sullivan. (Plaintiff's Exhibit 157)

1

- An NHPD police report dated September 26, 1991, recounting the interview of Ms. Higgins but leaving out the coercive misconduct of the officers involved in the investigation. (Plaintiff's Exhibit 156)

- The testimony of Kristina Higgins in Mr. Valentine's criminal trial on April 12, 1994 and April 13, 1994, in which she recanted the coerced statement. (Plaintiff's Exhibits 164 and 165, respectively)

- The transcript of the taped, coerced statement of Regina Coleman. (Plaintiff's Exhibit 155)

- An NHPD police report indicating that the coerced statement, which was undated, took place at some time on or before October 10, 1991. (Plaintiff's Exhibit 158)

- The testimony of Regina Coleman in Mr. Valentine's criminal trial on April 6, 1994 and April 7, 1994, in which she recanted the coerced statement. (Plaintiff's Exhibits 164 and 165)

- The October 11, 1991 arrest warrant for Daryl Valentine, which is signed by Mr. Sullivan, and also recounts the contents of Ms. Higgins's and Ms. Coleman's statements to police but omits information about the coercive way in which the statements were obtained.

All of these exhibits are set forth for use by Plaintiff to support his *Monell* theories of liability, and all go to the City's notice of NHPD misconduct. All the documents and testimony listed above predate Plaintiff's wrongful conviction on June 8, 1994.

Plaintiff notes that notice evidence for the purpose of supporting his *Monell* claims need only be constructive, not actual. "Deliberate indifference" is an objective standard of fault in *Monell* failure to discipline or supervise cases; a plaintiff need not show that the policymaker had actual notice of the risk in question—obviousness or constructive notice is enough. *Farmer*

*v. Brennan*, 511 U.S. 825, 840–41 (1994) (contrasting subjective deliberate-indifference standard under Eighth Amendment with objective standard announced in *Canton v. Harris*, 489 U.S. 378, 388–90 (1989)); *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 410 (1997) ("[D]eliberate indifference…requir[es] proof that a municipal actor disregarded a known or obvious consequence of his action"); *Cash v. Cnty. of Erie*, 654 F.3d 324, 334 (2d Cir. 2011) ("Where a § 1983 plaintiff can establish that the facts available to city policymakers put them on actual or constructive notice that the particular omission is substantially certain to result in the violation of the constitutional rights of their citizens, the dictates of *Monell* are satisfied.") (quoting *Canton*, 489 U.S. at 396) (O'Connor, J., concurring in part and dissenting in part).

The City's position is that it objects to all of Plaintiff's proposed exhibits for use with Mr. Sullivan on hearsay grounds. Further, to the extent any of the exhibits constitute sworn testimony, the City contends that the former testimony exception does not apply. Counsel for Mr. Raucci joined the City's position on these exhibits.

Plaintiff respectfully requests that he be able to use the above-listed exhibits in conjunction with Mr. Sullivan's examination at trial.

Dated: May 13, 2026

Respectfully Submitted,

*/s/ Grace Paras*
Nick Brustin, phv08609
Anna Benvenutti Hoffmann, phv208203
Emma Freudenberger, phv08602
Amelia Green, phv208992
Elsa Mota, phv208184
Grace Paras, phv208762
Katie Cion, phv20899
Neufeld Scheck Brustin
Hoffmann & Freudenberger, LLP

3

200 Varick Street, Suite 800
New York, NY 10014
Tel: (212) 965-9081
Fax: (212) 965-9084
anna@nsbhf.com
nick@nsbhf.com
emma@nsbhf.com
amelia@nsbhf.com
elsa@nsbhf.com
grace@nsbhf.com
kcion@nsbhf.com

Kenneth Rosenthal, ct05944
Law Office of Kenneth Rosenthal
One Audubon Street, 3d Fl.
New Haven, CT 06511
(203) 915-4235
krosenthal@gs-lawfirm.com

*Attorneys for Plaintiff Stefon Morant*

4

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

*/s/ Jackie Ochoa Acevedo*
Paralegal for Plaintiff