**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| STEFON MORANT, | ) 3:22-CV-630 (SVN) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF NEW HAVEN et al., | ) |
| *Defendants*. | ) May 24, 2026 |

**ORDER ON DISPUTED JURY INSTRUCTIONS**

The Court held a charge conference with counsel on May 21, 2026, concerning the final jury instructions in this case to be delivered on May 26, 2026. Following that charge conference, the Court solicited supplemental briefing from the parties on various remaining disputes. The Court then held a supplemental charge conference on May 22, 2026, after considering the parties' supplemental briefing. The Court hereby memorializes its reasons for deciding the remaining disputes between the parties.

**I.     CAUSATION STANDARD FOR SECTION 1983 CLAIMS**

First, there has been a significant dispute between Plaintiff and Defendants the City of New Haven and Michael Sweeney concerning the causation requirement for Plaintiff's *Brady* claim in Count Three. The City and Sweeney have argued that the First Circuit's decision in *Drumgold v. Callahan*, 707 F.3d 28 (1st Cir. 2013) sets forth the accurate standard for causation that must be proven by a civil plaintiff to recover damages for a *Brady* violation. *Drumgold* described the two-step causation inquiry from tort causation principles—"factual cause" and reasonably foreseeable harm (often phrased as proximate cause)—and held that the "factual causation inquiry [for a civil *Brady* claim] essentially replicates the materiality inquiry with a heightened burden of proof" of preponderance of the evidence. *Drumgold*, 707 F.3d at 49. *Drumgold* went on to hold that the second element of traditional tort causation, foreseeability, is necessarily present when a plaintiff

has demonstrated that material, exculpatory evidence is withheld, because "the obvious risk is a tainted conviction." *Id.* at 49–50. Thus, in the First Circuit's view, "[o]nce a *Brady* violation has been shown, the causation inquiry in a § 1983 damages suit is only a 'but for' inquiry pursuant to the preponderance of the evidence standard."

In line with *Drumgold*, the City and Sweeney requested the following jury instruction regarding the causation element of Plaintiff's *Brady* claim:

> Even if plaintiff can demonstrate that there is a reasonable probability that he would not have been convicted but for the withholding of certain evidence, he must then make the same showing by a preponderance of the evidence which is a higher burden of proof than reasonable probability. To state differently, plaintiff cannot recover any damages unless he demonstrates by a preponderance of the evidence that he would not have been convicted but for the withholding of exculpatory evidence.

*See* City's Proposed Jury Instr., ECF No. 293 at 227; Sweeney's Not. of Joinder, ECF No. 293 at 255.

Until submitting his supplemental briefing after the initial charge conference, Plaintiff had firmly resisted an instruction requiring but for causation for his *Brady* claim. *See* Pl.'s Proposed Jury Instructions, ECF No. 364 at 14. Plaintiff correctly pointed out that *Drumgold*'s holding has never been adopted by the Second Circuit, having only been cited within the circuit in a dissenting opinion in *Poventud v. City of New York*, 750 F.3d 121, 158–59 (2d Cir. 2014) (Jacobs, J., dissenting).

But in its May 22, 2026, supplemental briefing, the City made a compelling argument that, since tort causation principles are applied to Section 1983, Section 1983 must incorporate a but for causation standard. *See* City's Supp. Br., ECF No. 539 at 1–7. The City is correct that, in *Comcast Corporation v. National Association of African American-Owned Media*, 589 U.S. 327, 331 (2020), the U.S. Supreme Court noted that it is "'textbook tort law' that a plaintiff seeking redress

for a defendant's legal wrong typically must prove but-for causation."  While *Comcast* addressed 42 U.S.C. § 1981, it also noted that the "'but for' common law causation test . . . supplies the 'default' or 'background' rule against which Congress is normally presumed to have legislated when creating its own new causes of action," including federal antidiscrimination laws.  589 U.S. at 332.

In his own May 22 supplemental briefing, Plaintiff now "consents to the jury in this case being instructed on 'but for' and proximate causation" despite that the Second Circuit has not held that but for causation is the standard for a Section 1983 claim, "out of an abundance of caution." Pl.'s Supp. Br., ECF No. 541 at 1.  Plaintiff proposed, however, that if the Court instructs the jury that but for causation is required, the Court instruct the jury using the following language from the U.S. Supreme Court's opinion in *Bostock v. Clayton County*, 590 U.S. 644, 656 (2020):

> ["But for"] causation is established whenever a particular outcome would not have happened "but for" the purported cause.  In other words, a but-for test directs us to change one thing at a time and see if the outcome changes. If it does, we have found a but-for cause. . . . Often, events have multiple but-for causes.  So, for example, if a car accident occurred *both* because the defendant ran a red light *and* because the plaintiff failed to signal his turn at the intersection, we might call each a but-for cause of the collision. . . [In this case], so long as the [relevant Defendant's] violation was one but-for cause of [Mr. Morant's deprivation of liberty], that is enough[.]

*See* ECF No. 541 at 2.  At the supplemental charge conference, the City agreed to this proposed language from *Bostock*, but Sweeney objected, offering instead the following definition of "legal causation" from the Connecticut Judicial Branch's model Civil Jury Instructions:  "The test for causation in fact is, simply, would the injury have occurred were it not for the defendant's breach of a duty of care, assuming you find such a breach.  If the injury would have occurred even if there had not been a breach of the duty of care, then the breach is not the legal cause of the injury."

The Court accepts Plaintiff's proposal to instruct the jury that but for causation is required for each of his Section 1983 claims.  The Court agrees with Plaintiff that the Second Circuit has not specifically held that the Section 1983 causation inquiry in the context of fair trial-related constitutional violations includes a but for causation requirement, even if it has suggested it applies.  *See Zahrey v. Coffey*, 221 F.3d 342, 349–51, n.7 & 8 (2d Cir. 2000) (discussing that "[t]ort law recognizes that a person whose initial act is the 'but for' cause of some ultimate harm . . . is not legally liable for the harm" if something "breaks the legal chain of proximate cause," and proceeding to discuss whether plaintiff's deprivation of liberty was a "legally cognizable result" (the proximate cause) of an prosecutor's misconduct/constitutional violation in fabricating evidence (the but for cause)); *Naumovski v. Norris*, 934 F.3d 200, 213 (2d Cir. 2019) (noting in employment discrimination context that "'but-for' causation has long been a standard prerequisite in § 1983 claims *generally* (emphasis added)); *Arnold v. Geary*, 582 F. App'x 42, 43 (2d Cir. 2014) (summary order) ("A Section 1983 plaintiff must also demonstrate that the defendant's alleged misconduct was both the 'but for' cause and the proximate cause of his injury.").  But given that the parties all agree to instructing the jury on this concept, the Court need not decide the question of whether doing so is required under Second Circuit law.  In light of the cases the Court has reviewed and Plaintiff's agreement to include a but for causation instruction applicable to all of his Section 1983 claims, the Court cannot find that it would be erroneous to do so.[1]

---

[1] A majority of the circuits endorse the idea that both causation in fact (or but for causation) and proximate causation are required to prove a Section 1983 violation.  *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir 1994) (requiring cause in fact and proximate cause to show supervisory liability under Section 1983); *Powers v. Hamilton Cnty. Public Defender Com'n*, 501 F.3d 592, 608–09 (6th Cir. 2007) (requiring cause in fact and proximate cause in the context of a *Monell* claim); *Whitlock v. Brueggemann*, 682 F.3d 567, 582 (7th Cir. 2012); *Harper v. City of L.A.*, 533 F.3d 1010, 1026 (9th Cir. 2008); *Furber v. Taylor*, 685 F. App'x 674, 678 (10th Cir. 2017) (unpublished); *Jackson v. Sauls*, 206 F.3d 1156, 1168 n.16 (11th Cir. 2000); *see also Smith v. Dist. of Columbia*, 413 F.3d 86, 102 (D.C. Cir. 2005) (equating "moving force" for purposes of a *Monell* claim as requiring proximate cause, and in turn describing proximate cause as "includ[ing] the notion of cause in fact" and an "element of foreseeability").

The Court further finds that utilizing Plaintiff's suggested language from *Bostock*, rather than the Connecticut model jury instructions, is appropriate. First, *Bostock* is a recent U.S. Supreme Court opinion describing the but for causation concept with a simple and relatable example. Utilizing a U.S. Supreme Court case's language is preferable to using a state court pattern jury instruction. Second, the Connecticut jury instruction does not include the concept that a harm may have multiple but for causes, which the Court believes is an important proposition for the jury to understand, given that this case involves multiple Defendants who committed different alleged constitutional violations.[2] Third, use of the quoted language from *Bostock* is endorsed by at least one other circuit's pattern jury instructions for but for causation. *See* Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, 2025 ed., Civil Instruction 10.3.

For these reasons, the Court will instruct the jury that Plaintiff must prove but for and proximate causation for each of Plaintiff's Section 1983 claims, including his *Monell* claim, with the language from *Bostock*.

## II.    *MONELL* INSTRUCTIONS

The Court opts to utilize the following instruction proposed by Plaintiff for the deliberate indifference *Monell* theory: "In other words, Plaintiff must show that based on the facts available to Chief Pastore, he knew or should have known that the particular omission is substantially certain to result in a constitutional violation." This proposal paraphrases a line from Justice O'Connor's opinion concurring in part and dissenting in part from the majority's opinion in *City of Canton, Ohio v. Harris*, 489 U.S. 378, 396 (1989). *See id.* (O'Connor, J., concurring in part and dissenting

---

[2] Defendant Sweeney initially also appeared to object to the inclusion of language clarifying that there can be multiple but for causes of a harm. To the extent he maintains this objection, the permissibility of multiple but for causes in the context of Section 1983 claims is clearly established in the Second Circuit. *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 277 (2d Cir. 2016) (interpreting the "as a result" language in a due process deprivation of liberty-based Section 1983 claim "to mean that the falsified information must be the *only* reason the plaintiff suffered a deprivation of his liberty . . . places more weight on the 'as a result' language than it can bear." (emphasis in original)).

in part) ("Where a § 1983 plaintiff can establish that the facts available to city policymakers put them on actual or constructive notice that the particular omission is substantially certain to result in the violation of the constitutional rights of their citizens, the dictates of *Monell* are satisfied."). Justice O'Connor's line has since been adopted by the majority in Supreme Court *Monell* deliberate indifference theory precedent, and has been cited by the Second Circuit in the same context. *See, e.g.*, *Connick v. Thompson*, 563 U.S. 51, 61–62 (2011); *Chislett v. New York City Dep't of Educ.*, 157 F.4th 172, 191 (2d Cir. 2025); *Jones v. Town of East Haven*, 691 F.3d 72, 81–82 (2d Cir. 2012).  Thus, the Court will include this proposed instruction from Plaintiff, while retaining the instruction that "[d]eliberate indifferences requires more than mere negligence by the City; it requires a conscious choice not to act."

## III.    ASSUMPTION OF LIABILITY UNDER CONN. GEN. STAT. § 7-465

As discussed at the charge conference on May 21, 2026, the Court will not instruct the jury on the requirements of (nor require it to make any findings related to) Connecticut General Statutes Section 7-465.  That statute requires a municipality to assume the liability of a municipal employee who is liable for actions within the scope of their employment that are not willful and wanton.  *See* Conn. Gen. Stat. § 7-465 ("Any town, city, or borough . . . shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights . . . if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty.").  The City correctly notes that this statute is titled "Assumption of liability for damages caused by employee. . .," and does

not, by its terms, reference "indemnification," though it is often colloquially referred to as an indemnification statute.

As Judge Bolden held in *Birch v. City of New Milford*, 3:20-CV-1790 (VAB), ECF No. 267 at 23, there is significant risk that informing the jury about the City's potential obligation to pay for liability incurred by the individual Defendants may unfairly prejudice the City, by encouraging a higher damages award against the individual Defendants on the assumption that the City will ultimately pay the award. *See also Nunez v. Diedrick*, No. 14-CV-4182 (RJS), 2017 WL 4350572, at *2 (S.D.N.Y. June 12, 2017).

During the May 21, 2026, charge conference, the Court had a spirited discussion with the parties concerning whether a jury finding about whether Defendant Sweeney's and Maher's conduct was willful or wanton is necessary. The jury will already be tasked with making such a finding as to Defendant Raucci, given that Plaintiff seeks punitive damages against him. Ultimately, all parties but Sweeney consented to the Court deciding whether the individual Defendants' conduct was willful or wanton (should the jury find them liable), and thus not instructing the jury as to Count Nine. *See City of Hartford v. Edwards*, 946 F.3d 631, 633–35 (2d Cir. 2020) (taking no issue with district court's determination of whether § 7-465 applied on a motion for judgment as a matter of law after jury had determined that the plaintiff was entitled to punitive damages).

With respect to Sweeney, the Court overrules his objection to proceeding in this manner, to the extent he can raise such an objection given the procedural posture of the action against him. As the Court has already awarded Plaintiff partial summary judgment against Sweeney, the jury is tasked only with deciding the issue of causation and damages as to him. To require the jury to

decide facts related to his conduct—and whether his actions were willful or wanton for purposes of § 7-465—would reopen a factual inquiry into his conduct that is already closed.

## IV.    DAMAGES INSTRUCTIONS

Finally, the Court agrees with Plaintiff that instruction on nominal damages, and a corresponding question in the verdict form on nominal damages, would be inappropriate, in light of the Second Circuit's decision in *Kerman v. City of New York*, 374 F.3d 93, 124 (2d Cir. 2004). *Kerman* makes clear that, "where the plaintiff was indisputably deprived of his liberty," if the "conduct of the defendant responsible for the deprivation" is found to be unlawful, the plaintiff is "entitled to compensatory, not merely nominal, damages." *Id.*; *see also* Pl.'s Supp. Requests to Charge, ECF No. 525 at 3–6 (citing additional cases). Likewise, the Court finds that the verdict form should include only one line for compensatory damages, as opposed to separate lines for each Defendant, given that any Defendant who is found liable will be jointly and severally liable for the compensatory damages award. *See Rodick v. City of Schenectady*, 1 F.3d 1341, 1348 (2d Cir. 1993).

**SO ORDERED** at Hartford, Connecticut, this 24th day of May, 2026.

　/s/ Sarala V. Nagala　　　　　　
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE