**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| STEFON MORANT, | ) | 3:22-CV-630 (SVN) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF NEW HAVEN et al., | ) | |
| *Defendants*. | ) | May 26, 2026 |

<u>**CORRECTED FINAL POST-TRIAL JURY INSTRUCTIONS**</u>

**TABLE OF CONTENTS**

I.     INTRODUCTION ..................................................................................................... 4

II.    GENERAL INSTRUCTIONS ................................................................................. 5

    A.  Role of the Court ................................................................................................. 5

    B.  Instructions to be Considered as a Whole ......................................................... 5

    C.  Both Sides Entitled to a Full and Fair Hearing ................................................. 6

    D.  Objections and Rulings ...................................................................................... 6

    E.  Duties of the Jury .............................................................................................. 7

    F.  "Prove," "Find," and "Establish" ...................................................................... 8

    G.  Burden of Proof—Preponderance of the Evidence .......................................... 8

    H.  Forms of Evidence ............................................................................................ 9

    I.  What is Not Evidence ...................................................................................... 10

    J.  Direct and Circumstantial Evidence ............................................................... 10

    K.  Definition of "Inference" ................................................................................ 11

    L.  Witness Credibility—Generally ..................................................................... 12

    M.  Impeachment of a Witness .............................................................................. 13

    N.  Law Enforcement Witnesses ........................................................................... 13

    O.  Expert Testimony ............................................................................................. 14

    P.  Uncontradicted Testimony .............................................................................. 15

    Q.  Presence of a Party .......................................................................................... 15

    R.  Multiple Defendants ........................................................................................ 15

    S.  Effect of a Pardon and Other Definitions ...................................................... 15

    T.  Invocation of a Person's Fifth Amendment Right .......................................... 16

III.   OVERVIEW OF CLAIMS IN THIS CASE ....................................................... 17

IV.   MR. MORANT'S FEDERAL SECTION 1983 CLAIMS ................................... 19

    A.  Count One:  Malicious Prosecution against Mr. Raucci and Mr. Maher ................. 21

      1.  Initiated or Continued the Criminal Proceeding ........................................... 21

      2.  The Criminal Proceedings Terminated in Mr. Morant's Favor .................... 22

      3.  The Defendant(s) Acted without Probable Cause .......................................... 22

      4.  The Defendant(s) Acted With Malice ............................................................ 22

      5.  Post-Arraignment Deprivation of Liberty ..................................................... 23

      6.  Causation ........................................................................................................ 23

B.   Count Three:  Failure to Disclose Exculpatory Evidence Against Mr. Raucci, Mr. Maher, and Mr. Sweeney ........................................................................................... 23

C.   Count Four:  Fabrication of Evidence against Mr. Raucci and Mr. Maher ............. 25

D.   Count Five:  Coercion of Statements against Mr. Raucci and Mr. Maher ............... 26

E.   Count Two:  Conspiracy to Violate Mr. Morant's Constitutional Rights Against Mr. Raucci & Mr. Maher ................................................................................................... 27

F.   Count Six:  Failure to Intercede against Mr. Maher .................................................. 28

G.   Count Seven:  Municipal Liability Against the City of New Haven........................... 29

   1.   Municipal Policy or Custom ................................................................................. 31

      a.   Option One:  Widespread Practice or Custom ............................................. 31

      b.   Option Two:  Deliberate Indifference to the Need to Supervise and Discipline ...... 32

      c.   Option Three:  Ratification ......................................................................... 33

   2.   Causation................................................................................................................ 33

V.   MR. MORANT'S STATE LAW CLAIMS .................................................................. 34

A.   Count Eight:  Negligence Against Gail Lawlor, as the Administratrix of the Estate of Robert Lawlor .............................................................................................................. 34

   1.   Defense to Mr. Morant's Negligence Claim:  Governmental Immunity ...................... 35

B.   Count Nine:  Assumption of Liability ....................................................................... 37

C.   Count Ten:  Direct Action Against the City .............................................................. 37

VI.   DAMAGES ..................................................................................................................... 38

A.   General Instructions .................................................................................................. 38

B.   Compensatory Damages............................................................................................. 38

VII.   CLOSING ARGUMENTS ............................................................................................. 41

VIII.  INSTRUCTIONS FOR DELIBERATIONS (AFTER CLOSING ARGUMENTS). 41

## I.    INTRODUCTION

Members of the jury, you now have heard all of the evidence.  At this point, I am going to instruct you about the law that applies to this case.  At the outset, I want to express my gratitude to you for the time and energy you have devoted to this trial.  Jury service is rarely convenient, especially so in a multi-week trial such as this, but without you, justice could not be done in this case.

It will take some time for me to read these instructions to you, but it is important that you listen carefully.  You have been provided with a copy of these instructions so that you can read along as we go.  Please feel free to write on these copies.  You will also be permitted to take them into the jury room with you during your deliberations.

My instructions will be in three parts.  First, I will discuss general rules concerning the role of the Court, the duty of the jury, and the different types of evidence and inferences that you may rely on in reaching a verdict.  Second, I will go over the counts in this case, identify the questions of fact that you must answer based on the evidence presented at trial, and discuss the applicable law of damages.  Finally, after the parties have presented their closing arguments, I will give you some rules and guidelines for your deliberations.

Before we begin, I ask you to look over the other document that was placed on your seats—namely, the verdict form.  After I have given these instructions and you hear the closing arguments of counsel, you will go back into the jury room to deliberate.  You will have with you the following: the original of the verdict form, digital versions and hard copies of the original exhibits along with any limiting instructions applicable to each exhibit, your copies of these instructions, and any personal notes that you may have taken.  At the conclusion of your deliberations, you will use the verdict form to report your verdict to the Court and the parties.

## II.     GENERAL INSTRUCTIONS

### A.  Role of the Court

As Judge, I perform basically two functions during the trial.  First, I decide what evidence you may consider.  You have heard me doing that throughout the trial.  Second, I instruct you on the law that you are to apply to the facts.  I gave you some preliminary instructions before the trial began, and some during the course of the trial, but it is now—at the close of evidence—that most of the instructions are given, so please be patient and listen closely.  If any of the lawyers state the law differently from the way I am explaining it to you, you are to follow my instructions.  I believe that everything I am going to tell you is consistent with the preliminary instructions I delivered at the start of the trial, but if you have any doubt, you should rely on these instructions, and not anything different I may have said in the preliminary instructions.

### B.  Instructions to be Considered as a Whole

These instructions are long, and I may repeat certain parts.  That does not mean that those parts should be emphasized.  You should not single out any one part of my instructions and ignore the rest.  Instead, you should consider all of the instructions as a whole and consider each instruction in light of all the others.  The order in which I give these instructions does not indicate their relative importance.  Do not read into these instructions, or into anything I have said or done, any suggestion about what verdict you should return—that is a matter for you alone to decide.  During these instructions, I may, by the level of my voice or by my inflections, seem to emphasize certain matters.  That is simply to help you understand the important principles of law.  It is not intended to communicate any opinion about the facts.

I should also point out that, although you have been given a copy of the instructions to follow as I deliver them, if I say aloud anything at all different from what is written, you must follow what I say here in Court.

5

### C.  <u>**Both Sides Entitled to a Full and Fair Hearing**</u>

Regardless of your ultimate decision about the parties' claims and defenses, the parties in this case are entitled to a full and fair hearing.  You must remember that one of the most important functions of our system is to give the parties to a dispute a full and fair hearing, regardless of the final outcome of the case.  It is your duty, therefore, to give careful thought to every issue set forth by these instructions, regardless of any feeling that you may have about which party is right.  Mr. Morant made the decision to bring this lawsuit, and the Defendants have the right to defend the lawsuit until a verdict is reached.  You should draw no inference against any Defendant simply for their decision to defend against Mr. Morant's claims.

You have been chosen and sworn as jurors in this case to decide the issues of fact and to apply the law to those facts as the Court gives the law to you in these instructions.  You are to perform this duty without bias or prejudice as to any party.  Nor may you permit sympathy or emotion to influence your verdict.  Your decision must be based solely upon the evidence admitted at trial and the law as I instruct you.  Your verdict must reflect your collective, reasoned judgment as to what the evidence proves and what the law requires.

### D.  <u>**Objections and Rulings**</u>

It is the duty of an attorney to object to testimony or other evidence that the attorney believes is not properly admissible.  These objections are not evidence you may consider in your deliberations.  You should not prefer or dislike an attorney or a party because an attorney made objections, failed to make objections, or made his or her objections in a particular manner during the trial.  The application of the rules of evidence is not always clear, and lawyers and parties often disagree about them.  It has been my job as the judge to resolve these disputes during the course of the trial.  You need not concern yourself with why a lawyer or party made an objection or why I ruled on it in the manner that I did.  If I have allowed testimony or evidence that an attorney

objected to, you should not give that evidence any more or less weight than evidence that was not objected to. My rulings on objections have nothing to do with the credibility of the witnesses.

If I have sustained an objection to a question asked of a witness, you must disregard the question entirely, and may draw no inference from the question, nor speculate about what the witness would have said if he or she had been permitted to answer the question. If a witness started to answer or answered before I had an opportunity to sustain the objection, you must disregard the answer and draw no inference from any answer that witness started to give or gave.[1] You must also disregard any testimony that I have stricken, because it is not evidence.

During the course of a trial, one cannot help but recognize the various personalities and styles of the attorneys. Every attorney representing a party here has worked diligently over the course of this trial in support of their clients. Whatever you may think about the conduct of the individuals who presented the case during this trial, you must decide this case solely on the basis of the evidence.

### E.  Duties of the Jury

The jury is the finder of fact in a trial. It is your duty to find the facts from all of the evidence in the case. In reaching a verdict you must carefully and impartially consider all of the evidence in the case and then apply the law to that evidence as I have explained it to you. Regardless of any opinion you may have about what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any understanding or interpretation of the law other than the one I give you. You must do your duty as jurors regardless of any personal likes, dislikes, opinions, prejudices, or sympathies that you may have. In other words, you must decide the case solely on the evidence before you, and you must do so fairly and impartially.

---

[1] In delivering these jury instructions, the Court modified this sentence to use the word "witness", rather than the word "party".

The verdict you reach must be unanimous; that is, agreed upon by each of you.  You must each decide the case for yourself, but do so only after impartial consideration of the evidence in the case with your fellow jurors.

### F.  "Prove," "Find," and "Establish"

Throughout the remainder of my instructions to you, I will use the word "prove" when talking about what Mr. Morant must do in order to win this case.  My use of the word "prove" means "prove by the preponderance of the evidence," even if I do not always repeat those words.  Similarly, when I speak of your "finding" various facts or the parties "establishing" various facts, you must determine whether those facts have been proven by the preponderance of the evidence, even if I simply use the word "find" or "establish."

### G.  Burden of Proof—Preponderance of the Evidence

As you know, the plaintiff in this case is Mr. Morant.  Because this is a civil case, Mr. Morant has the burden of proving every element of his claims by a preponderance of the evidence.  The Defendants in this case, as you know, are the City of New Haven (which I will call the "City," for short), Vincent Raucci, Michael Sweeney, Vaughn Maher, and Gail Lawlor, as Administratrix of the Estate of Robert Lawlor.

To establish a fact by a preponderance of the evidence, Mr. Morant must prove that the fact is more likely true than not true.  Picture in your head the scales of justice, as I discussed with you at the beginning of this case.  If you find that the credible evidence on a given issue is evenly divided between Mr. Morant and any Defendant, or tips in favor of any Defendant, then you must decide that issue in favor of the relevant Defendant or Defendants.  However, if Mr. Morant proves that a fact is more likely true than not, even slightly, then you are to find that Mr. Morant has proven that fact by a preponderance of the evidence.

In determining whether a claim has been proven by a preponderance of the evidence, you should consider the testimony of all witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have presented them.  A preponderance of the evidence means the greater weight of the evidence; it refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents presented.

Some of you may have heard of proof beyond a reasonable doubt, which is a higher standard of proof that applies in a criminal trial.  That higher standard of proof applied to Mr. Morant's underlying 1994 criminal trial; it does not apply to this civil case.

### H.  Forms of Evidence

Next, I want to discuss with you generally what we mean by evidence and how you should consider it.  The evidence from which you are to decide what the facts are comes in four[2] forms:

First, there is the sworn testimony of witnesses, both on direct examination and cross-examination, and regardless of who called the witness.

Second, there is the sworn testimony of unavailable witnesses from previous proceedings, which was read to you by the parties over the course of the trial or played on video.

Third, there are the exhibits that have been received into the trial record.  Exhibits were received into evidence when I said that an exhibit was admitted as a "full" exhibit.  All of the exhibits that have been admitted into evidence will be with you in the jury room.  If an exhibit has been admitted into evidence, it is evidence that can be considered by you regardless of whether any witness referred to the exhibit or testified about it during trial.  If I instructed you to consider an item of evidence for a limited purpose only, you must follow that instruction.  This instruction

---

[2] In delivering these jury instructions, the Court modified this sentence to state that there are "four" forms of evidence, rather than "three forms".

is called a "limiting instruction."  Any limiting instructions that I have given with respect to an exhibit will be attached to that exhibit for your reference while you deliberate.

Fourth, there are facts to which all the lawyers have agreed or stipulated to or of which I have taken judicial notice, which I have read for you and of which you will have a copy during deliberations.

## I.    What is Not Evidence

Questions are not evidence; answers are.  At times, a lawyer may have incorporated into a question a statement that assumed certain facts to be true, and asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Testimony that has been stricken or excluded by the Court also is not evidence and may not be considered by you in rendering your verdict.

What the lawyers say in their opening statements, closing arguments, comments, objections, and questions is not evidence.  What they say in their closing arguments is intended to help you understand the evidence and to reach your verdict.  If your recollection of the facts differs from the lawyers' statements, however, you should rely on your memory.

Moreover, what I may have said during the trial or what I may say in these instructions is not evidence, and my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and to the exhibits you have seen.

## J.    Direct and Circumstantial Evidence

There are two types of evidence that you may properly consider in reaching your verdict.

10

One type of evidence is direct evidence.  Direct evidence includes a witness's testimony about something the witness knows by virtue of his or her own senses—something he or she has seen, felt, touched, heard, or done.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  For example, as I noted before trial, assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that, because there are no windows in this courtroom, you could not look outside.  As you were sitting here, someone walked in with an umbrella that was dripping wet.  Then a few minutes later, another person also entered with a wet umbrella.  Now, you cannot look outside of the courtroom, and you cannot see or hear whether it is raining. So, you have no direct evidence of that fact.  But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  On the basis of your reason, experience, and common sense, you infer from one established fact the existence or non-existence of some other fact.  Circumstantial evidence is of no less value than direct evidence.  It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that your verdict must be based on a preponderance of all of the evidence presented.  Circumstantial evidence, however, does not include guesswork or conjecture.  Circumstantial evidence consists only of the reasonable and logical inferences that you draw from other evidence in the record.

### K.  Definition of "Inference"

During the trial you may have heard the attorneys use the term "inference" and in their arguments they may ask you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

11

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists because another fact has been shown to exist.

There are times when different inferences may be drawn from the same facts, whether proved by direct or circumstantial evidence. Mr. Morant may ask you to draw one set of inferences, while the City, Mr. Sweeney, Mr. Raucci, Mr. Maher, and Mr. Lawlor may ask you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a conclusion that you are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense. Finally, you may not draw any inferences from the mere fact that this lawsuit was filed.

### L.  Witness Credibility—Generally

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in their testimony. You are the sole judges of the credibility of each witness and of the importance of their testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness? You base it on what you have seen and heard. You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness appear to you? Was the witness frank, forthright, and candid, or evasive and edgy as if hiding something? How did the witness appear? What was the witness's demeanor—that is, their behavior, manner, and appearance—while testifying? Often it is not what a person says but how they say it that convinces us.

You should use all the tests for truthfulness that you would use in determining matters of credibility in your everyday lives.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which they testified; the accuracy of the witness's memory; the witness's candor or lack of candor; the witness's intelligence; and the reasonableness and probability of the witness's testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

Always remember that in assessing a witness's testimony, you should use your common sense, your good judgment, and your own life experiences.

**M.  Impeachment of a Witness**

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony.  It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If you believe a witness testified untruthfully in some respect, you may consider that fact in deciding the weight you will give to that witness's testimony.  Considering that fact and all other relevant evidence, you may accept or reject the testimony of each witness either in whole or in part.

**N.  Law Enforcement Witnesses**

You have heard the testimony of people who work or have worked in law enforcement. The testimony of a person who works in law enforcement should be considered by you just as any other evidence in this case, and in evaluating his or her credibility you should use the same

guidelines that you apply to the testimony of any witness. You should not give either more or less weight to the testimony of a witness merely because he or she works or has worked in law enforcement.

### O.  Expert Testimony

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such expert testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. In weighing the expert's testimony, you also should consider any bias, motive, or interest in the outcome of this case you may find such expert may have. You may give the opinion testimony whatever weight, if any, you find it deserves, in light of all the evidence in this case. You should not, however, accept expert testimony merely because I allowed the witness to testify concerning his or her opinion.

Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you. As with the testimony of any other witness, you, the jury, may decide to accept all, some, or none of the testimony of any expert witness. If you decide that an opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not convincing to you, or if you feel that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

### P. Uncontradicted Testimony

You are not required to accept testimony simply because the testimony is uncontradicted and the witness is not discredited or impeached. You may decide, because of the witness's manner and demeanor, the improbability of his or her testimony, or other reasons, that such testimony is not worthy of belief.

On the other hand, the testimony of a single witness may be enough to convince you of a fact in dispute, if you believe that the witness has truthfully and accurately related what in fact occurred.

### Q. Presence of a Party

During trial, you have seen various parties come and go from day to day over the course of the trial. Mr. Morant, Mr. Sweeney, Mr. Raucci, and Mr. Maher each have had a right to be present for the duration of trial, but they have had no legal obligation to be present each day of trial.

### R. Multiple Defendants

Although there are several Defendants in this action, it does not follow from that fact alone that if one is liable, all are liable. Each Defendant is entitled to a fair consideration of Mr. Morant's claims against him or it, and of each Defendant's own defenses to those claims, and is not to be prejudiced by any fact that you may find against another Defendant. Remember that the claims as to each of the Defendants must be considered separately by you. The fact that you may find one of the Defendants is or is not liable does not determine your verdict as to any other Defendant. This applies both when there are multiple Defendants in a claim, and across the various claims.

### S. Effect of a Pardon and Other Definitions

Mr. Morant was granted an absolute and unconditional pardon, which has the legal effect of invalidating and erasing his conviction. A pardon is not a finding made by a judge or a court of

15

law; it is issued by the Connecticut Board of Pardons within the state executive branch. Under Connecticut law, a pardon is not a finding of innocence. There is no statutory provision under Connecticut law to obtain a pardon that includes a finding of innocence.

You have also heard evidence that Mr. Morant's sentence was modified in 2015, before he received a pardon. A judge may reduce a sentence under Connecticut law. A sentence modification does not overturn a conviction or establish that a person is innocent.

Within the judicially noticed facts that I have read at trial—and of which you will have a copy during your deliberations—there has also been reference to the convictions of other people being "vacated" and their sentences being "commuted." To vacate a conviction means to overturn a conviction. A conviction may be vacated due to a defect in the legal proceeding. A sentence commutation is an act of the Connecticut Board of Pardons to reduce or modify a criminal sentence. Like a sentence modification ordered by a judge, a commutation does not overturn a conviction or establish that a person is innocent.

### T. Invocation of a Person's Fifth Amendment Right

During the testimony presented at trial, both Mr. Raucci and Jose Roque chose to invoke their Fifth Amendment right against self-incrimination. I will now repeat the same instructions I previously gave you about a person's invocation of their Fifth Amendment right against self-incrimination.

Mr. Raucci has a right under the Fifth Amendment to the United States Constitution to decline to answer questions on the ground that doing so may tend to incriminate him. He has chosen to invoke this right. You may, but are not required to, infer from such refusal that the answer would have been adverse to Mr. Raucci's interest. You should consider any inference you may or may not choose to draw from Mr. Raucci's refusal to testify on Fifth Amendment grounds together with all other evidence in the case.

16

Witness Jose Roque also has a right under the Fifth Amendment to the United States Constitution to decline to answer questions on the ground that doing so may tend to incriminate him. You may, but are not required to, infer from Mr. Roque's refusal to answer that the answer would have been adverse to his own interests. But you may not infer from Mr. Roque's refusal to answer certain questions that the answers would have been adverse to Mr. Morant's interests. That is, you may not draw any adverse inference against Mr. Morant based on Mr. Roque's refusal to answer questions. You should consider any inference against Mr. Roque that you may or may not choose to draw from his refusal to testify on Fifth Amendment grounds together with all other evidence in the case.

## III.    OVERVIEW OF CLAIMS IN THIS CASE

I am now going to discuss the issues in this case relating to liability and damages. Before I begin, it is important to distinguish between liability and damages. When I use the word "liability," I mean the legal obligation that any particular Defendant has allegedly violated with respect to the specific claims Mr. Morant has made. This is different from "damages," which are an award of money to compensate Mr. Morant if you find any Defendant liable for the harm Mr. Morant alleges any such Defendant caused. Liability may be premised on the different claims or counts that Mr. Morant has brought. I will use the words "claims" and "counts" interchangeably, and they have the same meaning.

If you find by a preponderance of the evidence that Mr. Morant has proven a count against the applicable Defendant or Defendants, then that Defendant or those Defendants are liable as to that count. If one or more Defendant is liable on a count, you may then proceed to consider whether to award Mr. Morant damages as compensation for such liability. You may not consider the

question of damages unless you first determine that one or more Defendants is liable on at least one count.

I will instruct you on damages later.  For now, please focus your attention only on Mr. Morant's claims of liability, a list of which was provided to you over the course of the trial.  Mr. Morant's claims are split into two broad categories:  his federal law claims that all arise under Title 42 U.S.C. § 1983, which I will call "Section 1983," and his state law claims.  I will now read that list of claims that I provided to you during the trial to you again:

<u>Mr. Morant's Federal Section 1983 Claims</u>:

- **Count One**:  *Malicious Prosecution* against Mr. Raucci and Mr. Maher.

- **Count Three**:  *Failure to Disclose Exculpatory Evidence* against Mr. Raucci, Mr. Maher, and Mr. Sweeney.

- **Count Four**:  *Fabrication of Evidence* against Mr. Raucci and Mr. Maher.

- **Count Five**:  *Coercion of Statements* against Mr. Raucci and Mr. Maher.

- **Count Two**:  *Civil Rights Conspiracy* against Mr. Raucci and Mr. Maher.  You may only reach this Count if you find that one of the Individual Defendants committed the constitutional violations described in Counts One, Three, Four, or Five.

- **Count Six**:  *Failure to Intercede* against Mr. Maher.  You may only reach this Count if you find that one of the individual Defendants committed the constitutional violations described in Counts One, Three, Four, or Five.

- **Count Seven**:  *Municipal Liability* against the City of New Haven.

<u>Mr. Morant's State Law Claims</u>

- **Count Eight**:  *Negligence* against Gail Lawlor as Administratrix of the Estate of Robert Lawlor.

- **Count Nine**: *Assumption of Liability* against the City of New Haven.

- **Count Ten**: *Direct Action* against the City of New Haven.

As I mentioned in the preliminary instructions, Defendants have advanced defenses that you will be instructed about in these instructions.

I will now explain the law applicable to Section 1983. After that, I will proceed to explain the law applicable to each of Mr. Morant's individual state law claims.

## IV.    MR. MORANT'S FEDERAL SECTION 1983 CLAIMS

All of Mr. Morant's federal law claims are brought pursuant to a federal civil rights statute, Section 1983. Section 1983 permits a plaintiff to seek money damages in a federal court if he has been deprived of rights protected by the Constitution or laws of the United States. Section 1983, by itself, does not establish or create any federally protected right. Rather, this statute allows Mr. Morant to enforce rights guaranteed to him by the United States Constitution or other laws of the United States.

For each claim he brings under Section 1983, Mr. Morant must prove, by a preponderance of the evidence, three elements.

First, he must prove that the Defendants were acting under color of law, meaning for the individual Defendants that they were acting as New Haven Police officers and for the City that it was acting as a governmental body. This element is undisputed by the parties, so I instruct you to find it has been met.

Second, Mr. Morant must prove that the relevant Defendant's conduct intentionally or recklessly deprived Mr. Morant of a right secured by the Constitution or laws of the United States. An act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or other innocent reason. An act is reckless if done in conscious disregard of its known

19

probable consequences.  In other words, even if a Defendant did not intentionally seek to deprive Mr. Morant of his rights, if nevertheless he purposely disregarded the high probability that his actions would deprive Mr. Morant of his rights, then this element would be satisfied.  Intent can be proved directly or it can be proved by reasonable inference from circumstantial evidence.  Mr. Morant alleges several different deprivations of his rights here, which I will explain to you further in a moment.  You must find at least intentionality or recklessness for all of Mr. Morant's Section 1983 claims, though some of the claims below may require a finding of a specific higher level of intent.  If so, follow the applicable instructions for that claim.

Third, Mr. Morant must prove that the applicable Defendant(s)' acts caused Mr. Morant's injuries.  To show Defendant(s)' acts caused Mr. Morant's injuries, Mr. Morant must establish "but for" and "proximate" causation.  But for causation is established whenever a particular outcome would not have happened "but for" the purported cause.  In other words, a but for test directs us to change one thing at a time and see if the outcome changes.  If it does, there is a but for cause.  Often, events have multiple but for causes.  So, for example, if a car accident occurred *both* because the defendant ran a red light *and* because the plaintiff failed to signal his turn at the intersection, we might call each a but for cause of the collision.  Here, so long as the relevant Defendant's violation was one but for cause of Mr. Morant's deprivation of liberty, that is enough.

An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the relevant Defendant's actions.  To constitute a "substantial factor," Mr. Morant must prove that the relevant Defendant's actions contributed materially and not just in a trivial or inconsequential manner to his injuries— specifically, his conviction.  If you find that the relationship between the relevant Defendant's

actions and Mr. Morant's injuries is too remote, Mr. Morant will not have established proximate cause by a preponderance of the evidence as to that Defendant.

If you find that Mr. Morant has established each of these elements as to any of his federal counts, you may proceed with considering whether Mr. Morant is entitled to damages.  I will now describe each of Mr. Morant's claims in more detail.

### A.  <u>Count One:  Malicious Prosecution against Mr. Raucci and Mr. Maher</u>

For his Section 1983 malicious prosecution claim against Mr. Raucci and Mr. Maher, the constitutionally secured right Mr. Morant alleges was violated is his Fourth Amendment right to be free from unreasonable or unwarranted restraints on his personal liberty.

To succeed on his malicious prosecution claim, Mr. Morant must prove by a preponderance of the evidence that:  (1) the relevant Defendant(s) initiated or continued the criminal proceeding against him; (2) the criminal proceedings terminated in his favor; (3) the Defendant(s) acted without probable cause; (4) the Defendant(s) acted maliciously, or for a purpose other than bringing Mr. Morant to justice; (5) Mr. Morant suffered a post-arraignment deprivation of his liberty; and (6) Mr. Morant's deprivation of liberty occurred as a result of the malicious prosecution.

#### 1.  *Initiated or Continued the Criminal Proceeding*

As to the first element, Mr. Morant may prove that the relevant Defendant initiated or continued a criminal proceeding against him by showing that the Defendant played an active role in the prosecution, such as giving advice and encouragement or prompting the prosecutor to act. This may include filing the charges, seeking the arrest of Mr. Morant, or forwarding false information to the prosecutor, which information is then instrumental in bringing about or continuing the charges.

## 2. The Criminal Proceedings Terminated in Mr. Morant's Favor

I instruct you that a pardon by the State of Connecticut Board of Pardons and Paroles is a termination of criminal proceedings in Mr. Morant's favor as a matter of law. As the parties have stipulated that Mr. Morant received an absolute pardon, you must consider this element to have been met as to both Mr. Raucci and Mr. Maher.

## 3. The Defendant(s) Acted without Probable Cause

As to the third element, Mr. Morant must prove that the relevant Defendant lacked probable cause to initiate or continue the criminal proceedings against him. Probable cause exists when a police officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person committed the crime charged.

The issuance of an arrest warrant by a judge typically carries with it a rebuttable presumption of probable cause. But that presumption goes away if Mr. Morant shows that the person who swore to the information contained in the affidavit that was presented to the judge knowingly and intentionally, or with reckless disregard for the truth, made a false statement or material omission in the affidavit that was necessary to the finding of probable cause.

The existence of probable cause is a complete defense to a malicious prosecution claim. If you find that the relevant Defendant had probable cause to initiate or continue the criminal proceedings against Mr. Morant, you must stop here and find that Mr. Morant has not established his malicious prosecution claim.

## 4. The Defendant(s) Acted With Malice

If you find that Mr. Raucci and/or Mr. Maher did not have probable cause to initiate or continue the prosecution of Mr. Morant, then you may proceed to determine whether each Defendant acted with malice. Malice is not just hatred or ill will. You may find a Defendant acted

out of malice if you find any of the following:  the Defendant acted with reckless disregard for Mr. Morant's rights; the Defendant used the prosecution of Mr. Morant for an improper purpose; the Defendant did not actually believe Mr. Morant was guilty; or the Defendant intentionally misrepresented the facts to the prosecutor or intentionally withheld favorable information from the prosecutor that was helpful to Mr. Morant.  You can also infer malice from the absence of probable cause to prosecute Mr. Morant.  You do not need to find that all of these were the case; a single basis for finding malice is sufficient.

### 5. *Post-Arraignment Deprivation of Liberty*

There is no dispute in this case that Mr. Morant suffered a post-arraignment deprivation of liberty through imprisonment.  Therefore, I instruct you as a matter of law to find that Mr. Morant has proven this element.

### 6. *Causation*

As described above, Mr. Morant must show his deprivation of liberty occurred as a result of the malicious prosecution.  That means but for and proximate cause, as I have already instructed you.

### B.  Count Three:  Failure to Disclose Exculpatory Evidence Against Mr. Raucci, Mr. Maher, and Mr. Sweeney

In Count Three, Mr. Morant alleges his Fourteenth Amendment right to due process and a fair trial was violated by Mr. Raucci, Mr. Maher, and Mr. Sweeney, because they withheld material information that was favorable to him.  In describing this claim, I will use the terms "information" and "evidence" interchangeably.

A claim of withholding of favorable evidence is also known as a "*Brady*" claim, named after the 1963 Supreme Court case *Brady v. Maryland*.  You will have heard lawyers on both sides

refer to this claim as Mr. Morant's "*Brady* claim" throughout the trial.  I, too, will refer to this claim as a "*Brady* claim" or "alleged *Brady* violation" in these instructions.

To prove a *Brady* claim, Mr. Morant must prove each of the following elements by a preponderance of the evidence:  (1) the relevant Defendant was aware of information that was favorable to Mr. Morant; (2) the relevant Defendant deliberately withheld the favorable information from the prosecutor; (3) the withheld information, taken all together, was "material" to Mr. Morant's criminal trial; (4) Mr. Morant suffered a deprivation of liberty; and (5) Mr. Morant's deprivation of liberty was as a result of the withholding of the favorable information.

As to the first element, information can be favorable in many ways.  First, information is favorable if it is exculpatory, which means it tends to show that the accused did not commit the crime.  Second, information is favorable if it could be used to undermine the credibility of a witness who provides information against the accused (known as impeachment evidence).  Another type of favorable information is information that calls into question the integrity of the police investigation.

As to the second element, Mr. Morant must prove that the relevant Defendant intentionally did not disclose the favorable information to the prosecutor.

As to the third element, the favorable information is material if there is a reasonable probability that, had the information been disclosed, the outcome of the trial would have been different.  In other words, the information is material if its absence from the criminal trial undermines confidence in the trial's outcome.  In assessing materiality, the suppressed information must be considered collectively, not item by item.

As to the fourth element, there is no dispute in this case that Mr. Morant suffered a deprivation of liberty through imprisonment. Therefore, I instruct you as a matter of law to find that Mr. Morant has proven this element.

As to the fifth element, you must determine whether Mr. Morant suffered a deprivation of liberty as a result of the relevant Defendant's withholding of the favorable information, which requires finding that the relevant Defendant's actions were a but for and a proximate cause of Mr. Morant's deprivation of liberty, as I have previously instructed you.

You are to consider all elements of the *Brady* claim with respect to Mr. Raucci and Mr. Maher.

With respect to Mr. Sweeney, I instruct you that, as a matter of law, Mr. Morant has proven elements one through four of his *Brady* claim against Mr. Sweeney. As a result, your only task as to Mr. Sweeney is to consider the fifth element of causation—that is, whether Mr. Morant has proven, by a preponderance of the evidence, that Mr. Sweeney's withholding of information that was favorable to Mr. Morant was a but for and proximate cause of Mr. Morant's deprivation of liberty.

### C. <u>Count Four: Fabrication of Evidence against Mr. Raucci and Mr. Maher</u>

In Count Four, Mr. Morant alleges that his Fourteenth Amendment right to due process of law was violated by Mr. Raucci and Mr. Maher, by their alleged fabrication of evidence. In describing this claim, I use the words "information" and "evidence" interchangeably.

To succeed on his fabrication of evidence claim, Mr. Morant must prove by a preponderance of the evidence each of the following elements against the relevant Defendant: (1) the Defendant was an investigating official; (2) the Defendant fabricated information, such as by knowingly making false statements or material omissions; (3) such fabricated information was likely to influence a jury's verdict; (4) the investigating official forwarded, or caused to be

25

forwarded, the fabricated information to the prosecutor(s); (5) Mr. Morant suffered a deprivation of liberty; and (6) Mr. Morant's deprivation of liberty was as a result of the fabricated information.

I instruct you as a matter of law to find that Mr. Morant has established that both Mr. Raucci and Mr. Maher are investigating officers (element one), and that Mr. Morant has suffered a deprivation of liberty through his imprisonment (element five). Accordingly, you must decide only elements two, three, four, and six.

As to the sixth element, you must determine by a preponderance of the evidence whether the relevant Defendant's alleged fabrication of evidence was a but for and proximate cause of Mr. Morant's deprivation of liberty.

### D. Count Five:  Coercion of Statements against Mr. Raucci and Mr. Maher

In Count Five, Mr. Morant alleges that his Fifth Amendment right against self-incrimination and Fourteenth Amendment right to due process of law were violated by Mr. Raucci and Mr. Maher, when they allegedly coerced his statement.

The Fifth Amendment to the United States Constitution provides that no person shall be compelled in any criminal case to be a witness against himself.  Thus, the Constitution prohibits the use of an involuntary statement against a criminal suspect in a criminal proceeding.  The use of an involuntary statement against a criminal suspect in a criminal proceeding also violates a person's right to the due process of law.  A statement is voluntary when it is the product of the person's free choice.  On the other hand, a statement is involuntary if it is obtained under circumstances that overbear the person's will at the time he gave it.

To succeed on this claim, Mr. Morant must prove by a preponderance of the evidence (1) that the relevant Defendant caused Mr. Morant to give an involuntary statement; (2) that statement was used against Mr. Morant in a criminal proceeding; (3) Mr. Morant suffered a

deprivation of liberty; and (4) the deprivation of liberty was as a result of the involuntary statement's use against him in a criminal proceeding.

There is no single criterion for you to use to determine whether Mr. Morant was caused to give an involuntary statement.  Instead, in considering whether a statement was involuntary, you must consider the totality of the circumstances, including (1) the characteristics of Mr. Morant (such as experience, age, intelligence, education or lack thereof, and background); (2) the conditions of interrogation (such as its location, length, and the presence or absence of an attorney); and (3) the conduct of law enforcement officials (including whether there was repeated and prolonged questioning; a failure to inform Mr. Morant of his constitutional rights; clear promises of leniency or benefits; use of psychologically coercive techniques; physical mistreatment such as physical abuse or long restraint in handcuffs; and any physical deprivations of food, water, sleep, or clothing for long periods of time).

As to the second element, I instruct you that Mr. Morant's statement was used against him in his criminal trial.  Thus, you must find that this element has been met.

As to the third element, there is no dispute in this case that Mr. Morant suffered a deprivation of liberty through imprisonment.  Therefore, I instruct you as a matter of law to find that Mr. Morant has proven this element.

As to the fourth element, you must find that the use of the involuntary statement in criminal proceedings was a but for and proximate cause of Mr. Morant's deprivation of liberty.

### E.  Count Two:  Conspiracy to Violate Mr. Morant's Constitutional Rights Against Mr. Raucci & Mr. Maher

In Count Two, Mr. Morant alleges that Mr. Raucci and Mr. Maher conspired amongst themselves and with others to violate his civil rights.  In order for you to consider whether these Defendants are liable for a conspiracy to violate Mr. Morant's civil rights, you must first find that

Mr. Morant was deprived of at least one other constitutional right by Mr. Raucci or Mr. Maher, as he alleges in Counts One (malicious prosecution), Three (*Brady* violation), Four (fabrication of evidence), and Five (coercion of statements).

To establish his conspiracy claim, Mr. Morant must demonstrate by a preponderance of the evidence:  (1) there was an agreement between the relevant Defendant and one or more other Defendants, other officers, or private actors, such as Frank Parise, Ovil Ruiz a/k/a Augustin Castro, or Hector Ortiz; (2) to act in concert to deprive Mr. Morant of his civil rights; (3) an overt act was taken to further the goal of depriving Mr. Morant of a constitutional right, which caused Mr. Morant harm; (4) Mr. Morant suffered a deprivation of liberty; and (5) the deprivation of liberty was as a result of actions taken in furtherance of the conspiracy, which means but for and proximate cause.

As to the first element, you do not have to find that there was an express verbal or written agreement.  An agreement between conspirators can be tacit and reached without any written statement or express spoken words communicating the agreement.  You may infer that there was an agreement and that a given Defendant or private actor participated in it based on circumstantial evidence.  Further, you do not need to reach unanimous agreement on the issue of with whom Mr. Raucci and/or Mr. Maher conspired in order to find either or both of them liable for conspiracy.

I instruct you to find as a matter of law that Mr. Morant suffered a deprivation of liberty, the fourth element.  Thus, you must decide only elements one, two, three, and five.

### F.  Count Six:  Failure to Intercede against Mr. Maher

In Count Six, Mr. Morant alleges that Mr. Maher failed to intercede in constitutional violations committed by Mr. Raucci.  You should only reach this count if you have found that Mr. Raucci is liable as to at least one of the following four counts:  Count One (malicious prosecution), Count Three (*Brady* violation), Count Four (fabrication of evidence), or Count Five (coercion of

statements).  If you have not found Mr. Raucci liable on one of these four counts, then you may not reach the failure to intercede count against Mr. Maher.

All law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers.  The constitutional violation must be of sufficient duration to support a conclusion that an officer who stood by without trying to assist the citizen became a tacit collaborator.

In addition to finding that Mr. Raucci is liable on at least one of the four counts described above, Mr. Morant must also demonstrate, by a preponderance of the evidence, that:  (1) Mr. Maher observed or had reason to know of one or more of Mr. Raucci's constitutional violations; (2) Mr. Maher had a realistic opportunity to intervene to prevent the harm from occurring; (3) Mr. Maher failed to intervene to prevent the harm; (4) Mr. Morant suffered a deprivation of liberty; and (5) the deprivation of liberty was as a result of Mr. Maher's failure to intervene.

As to the second element, if Mr. Maher had witnessed prior unconstitutional conduct by Mr. Raucci that would have alerted him to a likelihood of further unconstitutional conduct, this may be considered a realistic opportunity to intervene.

As to the fourth element, there is no dispute in this case that Mr. Morant suffered a deprivation of liberty through imprisonment.  Therefore, I instruct you as a matter of law to find that Mr. Morant has proven this element.

As to the fifth element, you must find that Mr. Maher's failure was a but for and proximate cause of Mr. Morant's deprivation of liberty.

### G.  Count Seven:  Municipal Liability Against the City of New Haven

In a U.S. Supreme Court case called *Monell v. Department of Social Services of the City of New York*, the Supreme Court held that local government units, including cities, may be liable under Section 1983 for unconstitutional actions taken by municipal employees under certain

circumstances.  The fact that an employee of a municipality deprived the plaintiff of a federal right is not alone a sufficient basis for holding the municipality liable to the plaintiff.  Before you can hold the municipality liable, the plaintiff must establish by a preponderance of the evidence that the action of the employee that deprived him of his federal right was the result either of an official policy of the municipality or a municipal custom that was in place even though such a custom had not necessarily received formal approval through the body's official decision-making channels.

You have heard this claim referred to during trial as Mr. Morant's "*Monell* claim," or alternatively, Mr. Morant's claim for municipal liability against the City of New Haven.  Through this claim, Mr. Morant alleges that the City is responsible for the violations of his constitutional rights.  As you have heard me say throughout the trial, there are particular pieces of evidence that you may only consider with respect to Mr. Morant's *Monell* claim.

You may only reach Mr. Morant's Section 1983 *Monell* claim if you have already found that at least one individual Defendant has violated at least one of Mr. Morant's constitutional rights in Counts One, Three, Four, Five, or Six.  If you have not so found, you may not reach this count.

The elements of a *Monell* claim are:  (1) the existence of a municipal policy or custom; and (2) the municipal policy or custom caused Mr. Morant to suffer the deprivation of a constitutional right.

To show a policy or custom justifying municipal liability, Mr. Morant need not identify an express rule or regulation.  Rather, Mr. Morant may prove the existence of a municipal policy or custom in one of the following three ways:  (1) a widespread practice or custom; (2) deliberate indifference to the need to supervise or discipline; or (3) ratification.  I will explain each theory in more detail in a moment.  Mr. Morant need only prove one of these theories by a preponderance of the evidence to establish the first element of his *Monell* claim.

In addition to proving a municipal policy or custom through one of these theories, Mr. Morant must also prove that the policy or custom caused the deprivation of his constitutional rights, meaning that the policy was the "moving force" behind what happened in Mr. Morant's case, which I will explain in a moment. To show that the policy was the moving force behind the alleged violations of Mr. Morant's constitutional rights, Mr. Morant must prove that the municipal policy or custom existed before his conviction. However, you may consider evidence of events that occurred after Mr. Morant's conviction as circumstantial evidence of what policies or customs existed before his conviction.

### 1. Municipal Policy or Custom

I will now go through what is needed to prove each of the three options for a municipal policy or custom by a preponderance of the evidence.

### a. Option One: Widespread Practice or Custom

Mr. Morant alleges that at the time of his conviction, the New Haven Police Department had a widespread practice or custom of suppressing evidence that was favorable to criminal defendants.

To succeed on this theory of *Monell* liability, Mr. Morant does not have to establish that there was an express rule or regulation in place; it is enough that he prove by a preponderance of the evidence that the practice or custom was so persistent and widespread, so as to effectively have had the force of law behind it. Isolated acts by lower-level employees are not enough to establish a practice or custom. Rather, the practice or custom must be so widespread as to imply the constructive acquiescence of Chief of Police Nicholas Pastore.

            *b.*  *Option Two:  Deliberate Indifference to the Need to Supervise and Discipline*

As a second option, Mr. Morant alleges that a municipal policy existed because the City, through its policymaker, Chief of Police Nicholas Pastore, made a deliberate choice not to provide appropriate supervision and discipline of the New Haven police.

To demonstrate a municipal policy through this deliberate indifference theory, Mr. Morant must prove, by a preponderance of the evidence, that (1) Chief Pastore knew to a "moral certainty" that its officers would confront a given situation; (2) the situation presents an officer with a difficult choice of the sort that supervision or discipline would make less difficult, *or* there is a history of officers mishandling the situation; (3) the wrong choice by the officer will frequently cause the deprivation of a citizen's constitutional rights; and (4) Chief Pastore failed to make meaningful efforts to address the risk of harm.

Deliberate indifference is a stringent standard of fault, requiring that a municipal actor disregarded a known or obvious consequence of his action.  Mr. Morant's evidence must establish that Chief Pastore had notice of a potentially serious problem of unconstitutional conduct, such that the need for corrective action or supervision was obvious, and his failure to investigate or rectify the situation evinces deliberate indifference, rather than mere negligence or mere bureaucratic inaction.  In other words, Mr. Morant must show that based on the facts available to Chief Pastore, he knew or should have known that the particular omission was substantially certain to result in a constitutional violation.  Deliberate indifference requires more than mere negligence by the City; it requires a conscious choice not to act.

Deliberate indifference can be shown through expert testimony that a practice condoned by Chief Pastore was contrary to the practice of most police departments and was particularly dangerous because it presented an unusually high risk that constitutional rights would be violated.

The means of proving deliberate indifference vary from case to case; you should consider Chief Pastore's conduct as a whole.

### c. Option Three: Ratification

As a final option, Mr. Morant alleges that a municipal policy existed because Chief Pastore ratified the individual Defendants' alleged unconstitutional conduct.

To succeed on his ratification theory, Mr. Morant must prove, by a preponderance of the evidence, that Chief Pastore was aware of, and consciously chose to ignore, one or more unconstitutional actions taken by one or more of the Defendants, effectively ratifying them. Chief Pastore's knowledge and intent may be proven by circumstantial evidence, and even a single decision to ignore an unconstitutional action in Mr. Morant's case is enough to demonstrate this theory.

### 2. Causation

If Mr. Morant proves the existence of a municipal policy or custom through at least one of the theories I have just discussed by a preponderance of the evidence, you may move on to considering whether he has demonstrated that the municipal policy or custom at issue caused the violation of his constitutional rights.

To show causation, Mr. Morant must prove, by a preponderance of the evidence, that the alleged City policy or custom was the "moving force" behind the constitutional violation. "Moving force" means but for and proximate cause. Post-conviction events cannot be the moving force behind Mr. Morant's alleged constitutional violations, because they occurred after those alleged violations.

* * *

V.    **MR. MORANT'S STATE LAW CLAIMS**

Having completed the discussion of all of Mr. Morant's federal law counts, I will now turn to Mr. Morant's state law claims. As with Mr. Morant's federal law counts, he must prove each element of his state law counts by a preponderance of the evidence.

A.    **Count Eight:  Negligence Against Gail Lawlor, as the Administratrix of the Estate of Robert Lawlor**

Mr. Morant alleges that Robert Lawlor was negligent under Connecticut state law. Because Mr. Lawlor is deceased, Gail Lawlor, as the administratrix of his estate, has been substituted for Robert Lawlor in this action. The substitution of Gail Lawlor as a party has no legal impact on your analysis of this claim. For simplicity, I will continue to refer to the Defendant whom Mr. Morant alleges was negligent as "Mr. Lawlor."

Negligence is the violation of a legal duty which one person owes to another. To succeed on this claim, Mr. Morant must prove, by a preponderance of the evidence, that:  (1) Mr. Lawlor owed Mr. Morant a duty of care; (2) Mr. Lawlor breached his duty to use reasonable care under the circumstances; (3) Mr. Lawlor's negligence caused harm to Mr. Morant; and (4) Mr. Morant suffered damages.

As to the first element, a duty to use care exists when a reasonable person, knowing what Mr. Lawlor here either knew or should have known at the relevant time, would foresee that harm of the same general nature as that which occurred here was likely to result from that conduct. If harm of the same general nature as that which occurred here was foreseeable, it does not matter if the manner in which the harm that actually occurred was unusual, bizarre, or unforeseeable.

As to the second element, reasonable care is the care that a reasonably prudent person would use in the same circumstances. In determining the care that a reasonably prudent person would use in the same circumstances, you should consider all of the circumstances which were

34

known or should have been known to Mr. Lawlor at the time of the conduct in question.  Whether the care is reasonable depends upon the dangers that a reasonable person would perceive in those circumstances.  It is common sense that the more dangerous the circumstances, the greater the care that ought to be exercised.  Mr. Morant need only prove that Mr. Lawlor failed to use reasonable care in one way.

As to the third element, Mr. Morant must prove that he was harmed in some way by Mr. Lawlor's negligence—meaning there is some harm that would not have occurred if Mr. Lawlor had used reasonable care.  Mr. Morant is not required to prove that Mr. Lawlor's negligence was the only cause of the harm, or even the most significant cause.  Mr. Morant does have to prove, however, that Mr. Lawlor's negligence was a substantial factor in producing the harm, meaning that Mr. Lawlor's negligence contributed materially and not just in a trivial or inconsequential manner.

As to the fourth element, Mr. Morant is not required to prove that Mr. Lawlor actually foresaw or should have foreseen the extent of the harm suffered or the manner in which it occurred.  Instead, Mr. Morant must prove that the harm he suffered was of the same general nature as that which a reasonably prudent person in Mr. Lawlor's position should have anticipated, in view of what Mr. Lawlor knew or should have known at the time of the negligent conduct.

### 1. *Defense to Mr. Morant's Negligence Claim:  Governmental Immunity*

Mr. Lawlor was a municipal employee at the time of the events giving rise to his alleged liability for negligence.  So, if you find the elements of Mr. Morant's negligence claim satisfied as to Mr. Lawlor, you must then consider whether he would nevertheless be immune from negligence liability.

Ordinarily, a municipal employee has immunity from liability for negligence in connection with discretionary acts performed within the scope of his employment.  However, a municipal

35

employee is not immune from liability for such acts if his actions were likely to cause imminent harm to an identifiable person.  I will call this the "identifiable person, imminent harm" exception.

I have determined as a matter of law that Mr. Lawlor's conduct in the investigation of Mr. Morant was a discretionary act within the scope of his employment, so he would be entitled to governmental immunity unless the "identifiable person, imminent harm" exception applies.

To invoke this exception to immunity, Mr. Morant must prove, by a preponderance of the evidence, that each of the following elements existed at the time of his alleged injury: (1) Mr. Morant was an identifiable person; (2) that the harm which Mr. Morant claims befell him was imminent when Mr. Lawlor acted or failed to act; and (3) that it would have been apparent to Mr. Lawlor that his conduct was likely to subject Mr. Morant to the particular harm alleged.

As to the first element (identifiable person), you must determine whether Mr. Morant was an identifiable person.  Mr. Morant alleges that no later than at the time of his conviction, he was a readily identifiable person, such that a person in Mr. Lawlor's shoes could understand that he may be subjected to imminent harm.

The second element of this exception (imminent harm) requires you to determine whether Mr. Morant has proven that the harm to which he was subjected, if any, was imminent.  A harm is imminent if a dangerous condition existed and that the dangerous condition was so likely to cause harm to Mr. Morant that Mr. Lawlor had a clear and unequivocal duty to act immediately to prevent the harm.  A harm is not imminent if it could have occurred at any future time or not at all.  For the harm to be deemed imminent, the potential for harm must be sufficiently immediate.

The third element (apparentness) is that the particular, imminent danger to which Mr. Morant claims that he was exposed would have been apparent to a reasonable person in Mr. Lawlor's position.  The risk must have been sufficiently great so that it must have been apparent

36

to Mr. Lawlor that there was a clear and unequivocal need to act promptly.  "Apparent" means easily observed and understood.

You must refrain from resorting to the clarity of hindsight when evaluating the situation of Mr. Lawlor.  Also, you must use only the information that was available to Mr. Lawlor at the time.

Although the components have been identified separately, they are interconnected.  The criteria of identifiable person and imminent harm must be evaluated with reference to each other. An allegedly identifiable person must be identifiable as a potential victim of specific imminent harm.  Likewise, the alleged imminent harm must be imminent in terms of its impact on a specific identifiable person.

Unless you find that Mr. Morant has proved all of the elements of this exception as I have explained them to you, Mr. Lawlor retains immunity from Mr. Morant's negligence claim.  If you find that Mr. Morant has not proven all of the elements of this exception, you must return a verdict for Mr. Lawlor on the negligence claim.  If, however, you find that Mr. Morant has proven the elements of the "identifiable person, imminent harm" exception by a preponderance of the evidence, then Mr. Lawlor has no immunity, and you must return a verdict in favor of Mr. Morant on this claim, and proceed to considering the issue of damages.

### B.  Count Nine:  Assumption of Liability

I will decide this claim, if it is necessary to reach it.  You need not make any findings as to this count.

### C.  Count Ten:  Direct Action Against the City

Finally, in Count Ten, Mr. Morant brings a claim of direct action negligence against the City of New Haven.

The City's liability on Count Ten flows from your finding in Count Eight as to Mr. Lawlor's negligence.  If you found that Mr. Lawlor did not act negligently in Count Eight or that

the "identifiable person, imminent harm" exception does not apply to Mr. Lawlor,[3] you must, in turn, return a verdict for the City on Count Ten. If you found that Mr. Lawlor acted negligently in Count Eight and that the "identifiable person, imminent harm" exception applies to Mr. Lawlor, then you must, in turn, return a verdict for Mr. Morant on Count Ten.

## VI.    DAMAGES

### A.  General Instructions

If you find that any Defendants are liable to Mr. Morant on any of his claims, then you must determine the amount of money to award to Mr. Morant as damages.

Before I instruct you on the issue of damages, a few words of caution are in order. The fact that I am telling you about the law of damages does not mean that I believe that you will, or should, find damages for Mr. Morant. Rather, my instructions include both liability and damages because I must give you instructions on all the issues in the case. With respect to the damages claimed, as with every other matter before you, you can award only such damages as are justified by the proof and the law.

I will now explain the types of damages that apply here. Plaintiff seeks only compensatory damages.

### B.  Compensatory Damages

If you find for Mr. Morant on any claim, then you must then decide the amount of damages that will reasonably and fairly compensate him for any harm caused by any Defendant's unlawful actions. These damages are known as compensatory damages. Compensatory damages seek to make Mr. Morant whole—that is, to compensate for the losses or injuries suffered. Keep in mind,

---

[3] On May 26, 2026, after reading this portion of the instructions to the jury, counsel for Plaintiff and for the City alerted the Court to an error. The instructions previously read " . . . the 'identifiable person, imminent harm' exception applies to Mr. Lawlor," when it should have read " . . . the 'identifiable person, imminent harm' exception does not apply to Mr. Lawlor." With the consent of counsel, the Court then instructed the jury on the record to write this change into their copies of the instructions.

however, that compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize any Defendant. Mr. Morant must prove his damages by a preponderance of the evidence.

The law places the burden on Mr. Morant to prove facts that will enable you to arrive at the amount of damages with reasonable certainty. This is not a requirement of mathematical precision, and you are permitted to determine the amount of damages by estimation or approximation, as long as Mr. Morant provides you with a reasonable basis for such estimation or approximation, such that you are not required to make a calculation by guessing or speculation. You should be guided by dispassionate common sense. Compensatory damages must not be based on speculation or sympathy. They must be based solely on evidence presented at trial. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the issues in this case based on the evidence presented here in this courtroom.

You shall award damages only for those injuries that you find Mr. Morant has proven by a preponderance of the evidence. Moreover, you may not simply award damages for any injury suffered by Mr. Morant—you must award damages only for those injuries that are caused by any Defendant's conduct. However, for any and all injuries you do find were caused by Defendants' conduct, you must fully assess damages as required by law.

The source of payment of any damages you may award, if you find for Mr. Morant, is not an appropriate matter of concern for you. You are not to speculate about the source of payment of any damages you may find it appropriate to award.

Mr. Morant seeks non-economic damages. Non-economic damages are monies awarded as compensation for all non-monetary losses and injuries that Mr. Morant has suffered, or is reasonably likely to suffer in the future, as a result of the Defendants' violation of his constitutional

39

rights and/or negligence.  They are awarded for such things as loss of liberty, physical pain and suffering, mental and emotional pain and suffering, and loss or diminution of the ability to enjoy life's pleasures.

In determining the measure of compensatory damages, you may consider the following:

- The loss of liberty for the period Mr. Morant spent in wrongful confinement.  You may consider the loss of time and the sense of loss of freedom, which is inherent in any wrongful confinement, separate and apart from any other particular harms you may find Mr. Morant suffered as a result of Defendants' conduct.  In other words, loss of liberty damages compensate Mr. Morant for the reasonable value of each day of freedom lost.

- Mr. Morant's emotional pain and suffering beginning with the constitutional violations and continuing through to today and into the future, including fear, humiliation, or mental anguish Mr. Morant has already experienced, and the fear, humiliation, or mental anguish he is reasonably certain to experience in the future;

- Physical harm to Mr. Morant during and after the events at issue, including ill health, physical pain, disability, or discomfort, and any such physical harm Mr. Morant is reasonably certain to experience in the future; and

- Mr. Morant's loss of a normal life, including his loss of family connections and family interactions, loss of relationships, loss of companionship, and loss of enjoyment of life's activities.

No evidence of the dollar value of loss of liberty, physical or mental and emotional pain and suffering, or loss of a normal life has been or needs to be introduced.  There is no exact standard for setting the damages to be awarded on account of these factors.  You are to determine an amount

40

that will fairly compensate Mr. Morant for the injury he has sustained. Any award you make should be fair and reasonable in light of all of the evidence presented at trial, and should be guided by common sense, not bias, passion, sympathy, speculation, or guesswork. You must use your best judgment, remembering always that it is incumbent upon Mr. Morant to prove his damages by a preponderance of the evidence.

Counsel for the parties may suggest to you a dollar figure for compensatory damages. Any such suggestion is only a suggestion, or the attorney's comment on the evidence. It is not itself evidence. You should give any such comment or suggestion whatever weight you decide; you are not required to adopt it. Any award of damages should be based on the evidence and is within your discretion.

## VII.   CLOSING ARGUMENTS

At this point, we will interrupt the instructions to hear closing arguments of counsel. I will conclude the instructions after those summations. Remember, what the lawyers say in their closing arguments is not evidence, but it is merely argument about what the evidence shows.

## VIII.   INSTRUCTIONS FOR DELIBERATIONS (AFTER CLOSING ARGUMENTS)

You have just heard closing arguments of counsel. I want to remind you that what the lawyers have just said is not evidence, even if it seemed at times as if they were testifying. The lawyers merely presented their arguments about what the evidence presented to you over the course of the trial has shown. Their credibility is not an issue that should enter into your decision in this case.

I must add a few general instructions concerning your deliberations. You were permitted to take notes during the course of the trial. Any notes you have taken should be used only as memory aids; do not give your notes more importance than your independent recollection of the

evidence. If you did not take notes, you should rely on your own memory of the proceedings and should not be unduly influenced by the notes of other jurors. The fact that a particular juror has taken notes entitles that juror's opinions to no greater weight than those of any other juror, and your notes are not to be shown to any other juror during the course of deliberations.

Your verdict must be based solely upon the evidence, or lack thereof, developed at this trial. Please bear in mind that all litigants are equal before the law. You should not, therefore, consider any personal feelings you may have about the race, religion, national origin, sex, age, wealth, lifestyle, or other features of the parties. Similarly, it would be wrong for you to allow feelings you might have about the nature of the claim to influence you in any way.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence presented here. If you let sympathy or prejudice interfere with your clear thinking about the facts, there is a risk that you will not arrive at a just verdict.

In reaching your verdict, you are not to be affected by sympathy for, or prejudice against, any of the parties. You are not to be affected by what the reaction of the parties or the public to your verdict may be, whether it will please or displease anyone, be popular or unpopular or, indeed, any consideration outside the case as it has been presented to you in this courtroom. Finally, each of the parties to this case must be regarded as equals by you.

Your verdict must be unanimous and represent the considered judgment of each juror. Each of you must make your own decision, but you must consider impartially all of the evidence and the views of your fellow jurors. It is your duty to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with the individual judgment of each juror. Until a verdict is agreed to by each juror, it is not a unanimous verdict.

42

In the course of your discussion, do not hesitate to re-examine your own individual views, or to change your opinions, if the deliberations and the views of your fellow jurors convince you to do so. But you should not surrender your honest convictions about the facts or about the weight or effect of the evidence solely because of the opinions of your fellow jurors or merely to bring an end to deliberations.

Remember at all times that you must do everything possible to avoid any bias; you are the judges of the facts, and your sole interest is to seek the truth from the evidence in this case.

When you return to the jury room, you should first elect one person to act as your foreperson who will preside over your deliberations and be your spokesperson.

A verdict form has been prepared for your convenience. Focusing on the questions set forth in the verdict form will assist you in your deliberations. You must complete and return the verdict form in Court when you have reached your decision. You will be asked to answer the questions in the order in which they appear on the form, and each answer <u>must be unanimous</u>. When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, and date and sign the verdict form. You will then inform the Court Security Officer or Courtroom Deputy that you have reached a verdict. The verdict form must be used only in connection with the charge I have just given to you. The terms used in the verdict form are discussed in my instructions, and these instructions must govern your deliberations.

I want to caution you now to take your time when completing the verdict form. As you will see when you retire to the jury room, the form consists of several questions. Each question calls for either a "yes" or "no" answer or a monetary amount. Answer each question as it appears and only those questions. As you review the form, you will see that there are instructions printed in italics after each question. Please read these instructions and follow them carefully. Depending

on your answer to a particular question, it may not be necessary to answer a later question.  The italicized instructions will guide you through the verdict form.  Finally, be consistent in your responses.

When you go into the jury room to begin your deliberations, you will be able to review the exhibits, but you will not have a transcript of the testimony.  If you want any of the testimony read to you, that can be done and will occur in open court.  I encourage you to limit the recitation of testimony.  It is not easy to locate specific portions of the testimony, and reading the testimony is a time-consuming process, so please be as specific as possible if you decide to request a reading of portions of the testimony.

Requests that testimony be read back, as well as any other communication with the Court, should be made in writing, signed by your foreperson, and given to the Courtroom Deputy, Ms. Denault, or a Court Security Officer.  I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

I also must warn you that in your communications with the Court you should never reveal your numerical division at any time.  In other words, you should not indicate how many jurors are in favor of returning a verdict in favor of one party or the other.

It is proper to add a final caution.  Nothing that I have said in these instructions—and nothing that I have said or done during the trial—has been said or done to suggest to you what I think your verdict should be.  What the verdict shall be is your exclusive duty and responsibility.

Tomorrow, you may proceed to your deliberations in the jury room.  You will not be called into the courtroom in the morning, but may begin deliberating in the jury room when you have all arrived.  Throughout your deliberations, deliberate only when all of you are present.  No deliberations may take place without all jurors being present.  If you bring your cell phones into

44

the jury room, you must turn them off during deliberations.  You must not research any issue nor communicate with each other or with anyone about the case through the Internet, e-mail, your smartphone, text messaging, through any blog or website, through any internet chat room, or by way of any applications, including Facebook, Instagram, Twitter/X, TikTok, LinkedIn, and YouTube.  Furthermore, if at any time a juror is using the restroom facilities or on a cell phone, the other jurors must cease deliberations immediately and may not begin deliberations again until all jurors are present and all cell phones are off.  After you begin your deliberations, you are not to leave the jury room without first notifying the Court Security Officer.

As you deliberate, determine the facts on the basis of the evidence as you have heard it and apply the law as I have outlined it for you.  Render your verdict fairly, uprightly, and without a scintilla of prejudice.  Take as long as you think is necessary to fairly and impartially reach your verdict.

The Court operates on your schedule while you are deliberating.  Thus, if you wish to stay past 4:00 p.m. on any deliberation day and you are *all* able to do so, the Court and the parties are able to stay until 5:00 p.m.  Likewise, if you wish to modify your time of arrival in the morning on any deliberation day and you are *all* able to do so, please just let Ms. Denault know, and we will be happy to accommodate your schedule.  Before you leave today, please decide your timing for deliberations tomorrow, and inform Ms. Denault of the schedule you have chosen.

Thank you for your attention.