**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

STEFON MORANT,

        Plaintiff,

    v.

CITY OF NEW HAVEN, et. al.,

        Defendants.

Civil Action No. 3:22-cv-00630 (SVN)

**PLAINTIFF'S NOTICE REGARDING REQUEST FOR CRIMINAL REFFERAL OF VINCENT RAUCCI**

Under our legal system, courts preside over cases, they do not initiate prosecutions. However, in appropriate cases the presiding court can refer cases of possible criminal misconduct to prosecutors for them to investigate and determine whether prosecution is appropriate. For example, in *United States v. Cornielle*, the Second Circuit affirmed a criminal conviction for perjury committed during a civil trial; the court noted that the prosecution had been initiated after the judge who presided over the civil trial "referred the matter to the United States Attorney's Office for it to consider whether to prosecute . . . for perjury." 171 F.3d 748, 750 (2d Cir. 1999).

There are many other examples of presiding courts making formal referrals to the U.S. Attorney's Office to investigate whether prosecution is appropriate based on conduct that came to light during proceedings before the court. *See, e.g.*, *Neal v. LaRiva*, 765 F.3d 788, 791 (7th Cir. 2014); *Benthos Master Fund, Ltd. v. Etra*, No. 20 Civ. 3384, 2023 WL 4350594, at *2 (S.D.N.Y. July 5, 2023); *Shayler v. Unlimited, Ltd. Liab. Co.*, No. 20 Civ. 11605, 2021 WL 5046434, at *6 (C.D. Cal. June 3, 2021); *Ades v. 57th St. Laser Cosmetica, LLC*, No. 11 Civ.

1

8800, 2013 WL 2449185, at *13 (S.D.N.Y. June 6, 2013); *Brown & Brown, Inc. v. Ali*, 592 F.

Supp. 2d 1009, 1051 (N.D. Ill. 2009); *see also In re Gorsoan Ltd.*, No. 17 Civ. 5912, 2020 WL

3172777, at *4 (S.D.N.Y. June 15, 2020) (noting the court had "raised the prospect of referring

[witness's] conduct at her deposition to the U.S. Attorney's Office for a potential perjury

investigation and prosecution").

Plaintiff respectfully requests that the Court make such a referral here with respect to

apparently criminal conduct by Vincent Raucci in connection with these proceedings. The first

such conduct is witness tampering. *See* 18 U.S.C. § 1512. The Court has already recognized

evidence presented to the Court suggested Defendant Raucci engaged in witness tampering:

> On the morning of April 27, 2026, Plaintiff's counsel alerted the Court to what
> appears to be an instance of witness intimidation by Defendant Raucci as to one of
> Plaintiff's proposed witnesses—Raucci's ex-wife, Donna Desai. On April 26,
> 2026, at 11:57 p.m. (EST), an individual using the Facebook account V Incent
> Raucci sent a Facebook message to Donna Desai's son that read: "TELL YOUR
> MOTHER IF SHE TALKS ABOUT NARCOTICS THE HOUSE WILL BE
> TAKEN AWAY... GOOD LUCK..." To the extent it is proven that Defendant
> Raucci was the person who sent the message, this appears to be clear and entirely
> impermissible witness tampering.

ECF No. 405; *see also* ECF No. 448 at 2. Plaintiff suggested at the time this was first

raised that a criminal referral may be appropriate, but, during trial, the Court deferred judgment

on that request. *See* ECF No. 405. Plaintiff submits that the record developed during trial,

including Ms. Desai's testimony and Mr. Raucci's testimony, only further demonstrates that a

criminal referral is appropriate.

Second, Plaintiff submits that the record supports investigation into whether a perjury

prosecution of Mr. Raucci is likewise appropriate. *See* 18 U.S.C. § 1623. Of course, the Court

observed Mr. Raucci's testimony and thus is presumably aware how problematic it was. To

highlight just a few examples of the most glaring issues: there were multiple direct

inconsistencies in Mr. Raucci's own testimony on the same subjects—between his testimony at different days of his deposition; between his testimony at deposition and his testimony at trial; and between different portions of his trial testimony even on the same day. There were also numerous direct contradictions between Mr. Raucci's testimony and other trial evidence, including reliable forensic evidence and the testimony of numerous witnesses. Indeed, Mr. Raucci testified that at least a dozen people were all telling terrible lies about him. Mr. Raucci also provided a number of brand new explanations at trial on subjects regarding which he had previously testified repeatedly under oath.[1] In sum, Plaintiff submits there were many, consistent indications that Mr. Raucci's testimony was not only false but perjured.

Plaintiff respectfully requests the Court make a formal referral to the U.S. Attorney's Office to investigate whether prosecution of Mr. Raucci is appropriate for crimes including witness tampering and perjury.

Dated: June 26, 2026

Respectfully Submitted,

*/s/ Anna Benvenutti Hoffmann*
Nick Brustin, phv08609
Anna Benvenutti Hoffmann, phv208203
Emma Freudenberger, phv08602
Amelia Green, phv208992
Elsa Mota, phv208184
Grace Paras, phv208762
Katie Cion, phv20899
Neufeld Scheck Brustin
Hoffmann & Freudenberger, LLP
200 Varick Street, Suite 800
New York, NY 10014
Tel: (212) 965-9081
Fax: (212) 965-9084
anna@nsbhf.com

---

[1] Plaintiff can provide further briefing describing these inconsistencies in more detail should the Court wish.

nick@nsbhf.com
emma@nsbhf.com
amelia@nsbhf.com
elsa@nsbhf.com
grace@nsbhf.com
kcion@nsbhf.com

Kenneth Rosenthal, ct05944
Law Office of Kenneth Rosenthal
One Audubon Street, 3d Fl.
New Haven, CT 06511
(203) 915-4235
krosenthal@gs-lawfirm.com

*Attorneys for Plaintiff Stefon Morant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

*/s/ Jackie Ochoa Acevedo*
Paralegal