# Exhibit 1

# RULE FIFTEEN

## RULES OF THE DEPARTMENT

Employees of the Department shall observe the following regulations as to conduct and deportment and may be punished by reprimand, suspension, reduction in rank or grade, or by dismissal from the department on conviction of any of the following:

1. All employees of the Department must be punctual in their attendance, and shall promptly obey, without reservation, the rules, directives, regulations and orders of the Department and all lawful orders of a superior officer.

2. All employees of the Department shall answer questions from citizens in a courteous manner and if unable to supply an answer, shall make every effort to obtain the answer for the citizen, avoiding argument and unnecessary conversation. If requested, a member of the Department shall give his name and badge number in a courteous manner to any person who so requests.

3. Employees of the Department shall not divulge to any unauthorized person, in or out of the Department (i.e. one who does not have an official "need to know"), any confidential information, and shall not talk for publication, be interviewed, make public speeches on police business or impart information relating to the official business of the Department unless authorized by the Chief of Police or, in his absence, the Deputy Chief of Police.

4. On or off duty, in uniform or out of uniform, employees of the Department shall extend the proper courtesy and respect toward all superior officers of the Department.

5. Employees of the Department shall not engage in any conduct that would cause to discredit, lower or injure the morale of the personnel of the Department or that of any individual of the Department.

6. Employees of the Department shall not engage in political activity in behalf of, or against, any candidate or political question. Employees of the Department shall have the right to entertain political or partisan opinion, to express same freely when such expression shall not effect the discharge of official duties and to exercise the right of elective franchise. No employee of the Department shall be a delegate or representative to any political convention held for the nomination of candidate officers or be a candidate for or hold elective public office.

Defendants' Exhibit 565
2:22-cv-00630 (SVN)

7. Employees of the Department shall not seek or be obliged to make contributions in money, service or otherwise, for political purpose.

8. Employees of the Department shall not bring, place or permit to be brought or placed, or allow to be kept in any building location or vehicle within the Department any intoxicant, exhilarant, hypnotic, hallucinogen, or narcotic, except in the strict performance of police duty as required by regulations or orders when it is needed for prompt administration by a licensed physician.

9. Employees of the Department shall not drink intoxicating beverages or use intoxicants in any manner while on duty or in uniform. When off duty, employees of the Department shall not drink intoxicating beverages to an extent that it would render one unfit when reporting to duty.

10. Employees of the Department shall not use or render himself or herself unfit for duty through the use of narcotics, exhilarants, hypnotics or hallucinogens or other toxic drugs unlawfully administred.

11. No employees of the Department shall smoke while in uniform while involved in a complaint, performing traffic control or otherwise in contact with the public. Officers assigned to foot patrol shall not smoke while on street patrol. Employees of the Department in uniform and assigned to a police building shall not smoke while at their desks conversing with the public.

12. Employees of the Department on duty, shall not drive a private vehicle to his beat or assignment or patrol his beat to cover his assignment with a private vehicle unless he is authorized to do so by his commanding officer.

13. No game of chance, or gambling of any kind shall be permitted in any police building. Card games, pool and like games social in nature in which a skill is involved and in which no money is exchanged, shall not be subject to the provision of this item (13).

14. No employee of the Department shall send any written communication about police business to any person, firm or other law enforcement or public agency without the consent of the Chief of Police or in his absence the Deputy Chief of Police.

15. No employee of the Department shall make false official reports or knowingly or willingly enter or cause to be entered into any department books, records or reports, any inaccurate, false or improper police information or material matter.

16. Employees of the Department shall not appropriate for his own use any lost, found, or stolen property nor convert to his own use any property of the City of New Haven or property held by the Department for evidence.

Exhibit 1

17. Employees of the Department shall not mark, mar or deface any printed or written notice, memorandum, general order or directive relating to police business. Employees shall not mark, alter, mar or deface any notice posted on any bulletin board or blackboard maintained by the Department. All notices of a derogatory character regarding any employee or unit of the Department are prohibited.

18. Except in the line of duty employees of the Department shall not visit or loiter near any bar, tavern, tap, lounge or other establishment suspected by the police as being a place of actual or probable law violations or a place that is frequented by known hoodlums or other unsavory characters.

19. Employees of the Department shall not consort with hoodlums, criminals or other unsavory characters unless such association is specifically required as a matter of police duty.

20. During his or her tour of duty, employees of the Department shall not loiter in cafes, saloons, restaurants, drive-in theaters, service stations or other public places, except for the purpose of police business. Persons other than those transacting police business shall not be permitted to loiter in or about the police buildings.

21. Employees of the Department shall not shop while on duty nor devote any of their "on duty" time to any activity other than that which relates to police work and shall not perform any police duty in uniform for the purpose of private gain, unless properly authorized.

22. Employees of the Department shall not make recommendations for the disposition of any case pending in the courts without the consent of the Chief or Deputy Chief of Police.

23. Employees of the Department shall not fabricate, withold or destroy any evidence of any kind.

24. Employees of the Department when notified to appear before a court trial board or other official body shall be punctual in attendance and in proper dress. They shall testify with strict accuracy, confining themselves to the case before the court or other official body, neither supressing nor overstating the facts.

25. No employee of the Department shall solicit anyone to intercede with the Board of Police Commissioners, Chief of Police or any Superior Officer, in relation to promotion or to pending charges or findings in connection with a violation of police rules and regulations.

26. No employee of the Department shall seek, directly or indirectly, any gift, present, or gratuity from any person, firm, group of persons, on the basis of his employment in the Department.



Exhibit 1

27. No employee of the Department shall accept, directly or indirectly, any figt, present, or gratuity from any person, firm, or group of persons, who might conceivably come to expect or seek preferential treatment, whether in the nature of extra police services or exemption from police enforcement measures.

28. No employee of the Department shall seek or accept any money, gift, gratuity, reward or compensation for any service rendered or expense incurred in the line of duty without the written consent of the Chief of Police.

29. No employee of the Department shall recommend to any prisoner the employment of any person as bondsman, attorney or counsel.

30. No employee of the Department shall become bondsman or surety for any person arrested upon a criminal charge except a relative within the class of parent, child, brother, sister, or wife.

31. No sworn member of the Department shall make an arrest in a quarrel in which he or a member of his immediate family are involved, except under grave and exceptional circumstances.

32. Sworn members of the Department may wear mustaches as prescribed by the Chief at his discretion. All other facial hair shall be prohibited.

33. No sworn member of his Department shall leave his home of record for any period in excess of 24 hours without first notifying a superior officer of his division, unit or bureau, or in the event this is impractical any superior officer of this Department on-duty at the time advising him of his intent to so leave.

ABOVE #33 ELIMINATED

34. No employee of the Department shall influence or attempt to influence by threat or otherwise the business of any citizen or group.

35. Employees of the Department will promptly pay all debts contracted while in the service of the Department.

36. Employees of the Department shall report immediately to his Superior Officer any information he has concerning the violation of any law or ordinance or any matter that should properly come to the attention of the department.

37. No employee of the Department shall endorse any application for a license permitting the sale of alcoholic liquor, become surety or bondsman for any person obtaining such license or have an interest in any such license, directly or indirectly.

38. No sworn member of the Department [illegible] shall [illegible] Their [illegible] properly [illegible] [illegible] [illegible]

Exhibit 1

39. No employee of the Department shall commit any act contrary to good order and discipline or constituting neglect of duty.

40. No employee of the Department shall be absent from duty without approved leave.

41. No employee of the Department shall be a principal of or a party to any criminal offense.

42. No employee of the Department shall engage in any act which would constitute conduct unbecoming an officer.

43. All employees of the Department shall remain in good physical condition and shall adhere to medically accepted standards of physical condition, including weight and endurance standards commensurate with age and other medical factors.

44. No employee of the Department shall under any circumstances whatsoever loan money to or borrow money from or otherwise become indebted to, directly or indirectly any other member of the Department.

45. No employee of the Department shall commit any act of insubordination or disrespect toward a superior officer.

46. Any sworn or non-sworn member employee of the Department who fails to satisfactorially perform the task or tasks set forth in his/her job description or the Department Manual may be dismissed from the Department or otherwise disciplined after a hearing before and upon conviction by the Board of Police Commissioners.

47. Any sworn or non-sworn employee of the Department who has accumulated a record indicative of non-compliance with the Rules, Regulations and/or Orders of the Department, based on written documentation or testimony, may, after a hearing before and upon conviction by the Board of Police Commissioners be dismissed from the Department or otherwise disciplined.

# RULE SIXTEEN
# COMPLAINTS, HEARINGS, PUNISHMENTS
# RE: CIVILIAN COMPLAINTS

1. Receipt of Complaints

### A. General

1. Civilian complaints against any member of the department for violation of Rule Fifteen, may be made at any public facility of the Police Department.

2. A complaint shall be accepted whether from the victim, an eyewitness, or other aggrieved person.

3. Complaints shall be accepted in person, by letter, or by telephone, whether or not the complainant offers his name.

4. A copy of Rule Fifteen and Sixteen shall be given to any person requesting same.

5. If the complainant or accused officer is a defendant in a directly related criminal action, the police department shall not hold a hearing to handle the civilian complaint unless the complainant/defendant, or officer/defendant agrees that the complaint procedures shall not be delayed until completion of the related judicial action. If the complainant is not the victim of the alleged police misconduct, but is an eyewitness or other aggrieved person, and if the victim is a defendant in a directly related criminal action, the police department shall not hold a hearing to handle the civilian complaint unless the victim agrees that the complaint procedure shall not be delayed until completion of the related judicial action. Findings made by a court shall not in any way be binding upon the complaint procedure.

6. A civilian complaint shall be made within one year of the date of the alleged incident or incidents.

### B. Complaints Received

1. When a complaint is made the member of the department to whom it is made shall furnish the complainant with one blank copy of the Civilian



Exhibit 1

Complaint Form No. CC-1. The complainant shall be requested to prepare this copy in his own handwriting. (If the complainant declines to fill out the form, the officer receiving the complaint should fill out the form taking down all pertinent information, including an explanation as to why he filled out the form.) The complainant should be requested to sign the statement, stating his address. If the complainant declines to sign the statement, the officer receiving the complaint should write down the complainant's name, address and telephone number, if the complainant will disclose such information. If the complainant is given assistance in making out his complaint, he, or the person assisting (such as the complainant's representative) shall include under "Details of Complaint" a brief statement as to why such assistance is given.

**C. The member of the Department who receives a complaint shall:**

1. Cause the required number (4) of type written copies of Civilian Complaint Form No. CC-1 to be prepared.

2. Review the typewritten copies of the complaint for completeness, attesting to same by his signature.

3. Record in the precinct records a brief entry consisting of the name and address of the complainant, his time of arrival and departure, the identity of the member of the department complained of, if known.

4. Give to the complainant a typewritten copy of the Civilian Complaint Form No. CC-1, to serve for his receipt.

5. Notify the Chief of Police or the Department Chief, as soon as possible, of the details of the complaint.

6. The first typewritten Civilian Complaint Form No. CC-1 (2 copies) and the copy of the form on which the complainant lodged his complaint in his own handwriting shall be forwarded as quickly as possible to the Officer in Charge of Complaints.



**Exhibit 1**

**D. Identification of the Member or Members Complained of.**

1. A. If there is any substantial issue as to the identification of the member or members complained of the department to whom the complaint is made shall immediately bring this fact to the attention of the Officer in charge of complaints.

   B. The Officer in Charge of Complaints shall immediately take appropriate action.

2. Assignment of Personnel

   A. The Chief shall assign a ranking officer, entitled the Officer in Charge of Complaints, who shall be charged with the prompt, thorough, and objective investigation of any civilian complaint. The Officer in Charge of Complaints will be directly responsible to the Chief.

   B. The Officer in Charge of Complaints will be empowered to assign as many investigators as he deems necessary for a prompt, thorough and objective investigation of any complaint.

3. Fees and Counsel

   A. Whenever a civilian complaint is made against a member of the department, the member of the department shall be entitled to be represented by an attorney or union representative.

   B. Any negotiated agreement between the city and the department employees shall be binding insofar as it relates to the employee being the subject to a civilian complaint.

4. Preliminary Hearing

   A. A soon as possible after the receipt of a complaint interviews with the complainant and the accused officer shall be held by the officer in Charge of Complaints.

1. Such interviews may be held separately with each party.

2. Such interviews will be informal, the purpose being to allow the parties the opportunity to examine the situation in a calm and objective fashion.

B. The Officer in Charge of Complaints shall be empowered to make final disposition is agreed upon by the complainant, by the accused officer, and by the Chief of Police. Such disposition may include issuance of an apology in the name of the accused officer and/or in the name of the department, or withdrawal of the complaint.

C. No preliminary hearing shall be held if either the complainant or accused declines to participate in such hearing.

5. Investigation of Complaint

A. The Officer in Charge of Complaints will begin an investigation of a civilian complaint shortly after receipt of the complaint. Such investigation shall, when practicable, be completed within thirty days of receipt of the complaint by the department.

B. The Office in Charge of Complaints shall try to locate all witnesses to the incident complained about and ask them if they would fill out a statement of witness form. The Officer in Charge of Complaints can ask for an ex parte written statement from the accused officer explaining in detail what occurred at the incident. The complainant shall subsequently be permitted to view this document; likewise, the officer shall be permitted, after giving his written statement, to view the complainant's statement. The Officer in Charge of Complaints shall take whatever additional steps are necessary to insure a thorough and impartial investigation.

C. The complainant and accused officer shall be free at any time during the course of the



**Exhibit 1**

investigation to supply information relevant to the investigation.

D. The Officer in Charge of Complaints shall, after his investigation is completed, compile a report which shall be forwarded to the Chief of Police and other person designated by the Chief.

6. Resolution of Complaints

A. Conciliation

1. Within five days of submission of the report of the Officer in Charge of Complaints, unless not practicable, an informal conciliation meeting will be held if the complainant, the accused officer, and the Chief of Police do so agree.

2. An officer designated by the Chief of Police shall preside at such conciliation meeting and shall be empowered to make final disposition of a compliant, provided such disposition is agreed upon by the accused officer, and by the Chief of Police, who shall so inform the Board of Police Commissioners at the next regular meeting. Such dispositions may include issuance of an apology in the name of the accused officer and/or in the name of the department or withdrawal of the complaint. Such final disposition shall be a matter of public record.

B. Formulation of Charges

1. When in the opinion of the Chief of Police, a rule of the department has been violated by a sworn or civilian employee, and resolution pursuant to 6-A has not been achieved, the Chief of Police shall do one of the following:

a. If, in the opinion of the Chief of Police, appropriate discipline for the violation would consist of suspension

for fifteen days, or any lesser penalty, the Chief shall administer said penalty pursuant to the revisions of Sec. 111 of the City Charter, except that prior to administering said penalty, the Chief shall advise the Reviewing Commissioner is of the opinion that appropriate discipline upon conviction would consist of a penalty greater that suspension for 15 days, discipline for the violation shall not be administered by the Chief of Police, but the reviewing Commissioner shall instruct the Chief of Police that he formally prefer charges against the accused officer or employee for a hearing pursuant to Part C of this section; or

b. If, in the opinion of the Chief of Police, appropriate discipline for the violation would consist of a penalty greater than a suspension for 15 days, the Chief shall forward a copy of the investigative report to the Reviewing Commissioner for the proceedings under Part 4 of this Section.

2. The Board of Police Commissioners shall, from time to time, designate one member of the Board of Police Commissioners as Reviewing Commissioner for matters provided for in Subsection 1 (b) and the following Subsections. The board shall also designate an alternate for the Reviewing Commissioner who will act as Reviewing Commissioner when the

Reviewing Commissioner is not available.

3. When, in the opinion of the Chief of Police, the investigative report submitted to him by the Officer in Charge of Complaints does not clearly indicate that a rule of the department has been violated or that there is a conflict of evidence requiring resolution by proceedings under Part C of this subsection, the Chief shall forward a copy of the investigative report to the Reviewing Commissioner for evaluation.

4. The Reviewing Commissioner shall review the file on the complaint submitted by the Office in Charge of Complaints. If the Reviewing Commissioner determines that there is probable cause to believe that a rule of the department has been violated by a sworn or civilian employee, the Reviewing Commissioner makes a finding of no probable cause, or finds that the evidence is insufficient to sustain a conviction, the Reviewing Commissioner shall dismiss the complaint, subject to ratification by majority of the Board of Police Commissioners at the next regular meeting. Such dismissal shall be a matter of public record. If ratification is not forthcoming, the board shall instruct the Chief of Police to formally prefer charges against that employee.

5. In the event of dismissal of the complaint by the Reviewing Commissioner, the commissioner shall issue a full and detailed statement explaining the reason for such dismissal. Such statement shall be forwarded to the Chief of Police, the Complainant and the accused employee.



**Exhibit 1**

6. The complainant and the accused employee shall be free at any time during the course of the review to supply information to the Review Committee.

C. Hearing

1. Upon receipt of charges formally preferred by the Chief of Police against an officer as the result of a civilian complaint, the Board of Police Commissioners shall set a time and place for a formal hearing before the Board. Notice of the time and place of such hearing shall be served on the accused party and complainant at least forty-eight hours before the time of the hearing, including the day of service. Such notice shall be served on the parties by delivering it to them in person or by leaving it at the last usual place of residence. For good reason, either party shall have the right of rescheduling the hearing.

2. The person designated by the Chief of Police to represent the Department at he Hearing, and the accused officer may each submit to the President or Vice-President of the Board of Police Commissioners, at least five days prior to the date of the hearing, a list of those individuals who should be compelled to attend the hearing as witnesses and the reasons therein. The President or Vice-President of the Board of Police Commissioners shall issue subpoenas to compel the attendance of such person listed, except that no person shall be compelled to attend if the President of the Board of Police Commissioners determines that a person has been listed merely to harass that person or to impair the proceedings.

3. The person designated by the Chief of Police shall call and examine witnesses and present other evidence on behalf of the Department.

4. In any hearing before the Board of Police Commissioners which was initiated by the Chief of Police as the result of a civilian complaint, or a violation of a Department rule, the Chief of Police shall designate a person of his own choosing to represent him and present the Departments case to the Board. He shall also have the right to cross-examine all witnesses presented on behalf of the Department or the accused officer and/or to call additional witnesses to be examined directly and/or to present other evidence. The defendant officer or his representative shall have the right to cross examine all witnesses presented by the Department or the complainant and/or to call additional witnesses to be examined directly and/or to present other evidence.

5. The formal rules of evidence as used in courts of law in Connecticut shall not be binding in the hearing. The Chairman may admit any evidence whose probative value outweighs its prejudicial value. All testimony will be given under oath. Mechanical recording equipment will be used to record the proceeding.

6. After all evidence has been presented, the Board shall privately reach a decision by a majority vote, voting "guilty" or "not guilty". If the officer is found guilty, the Board shall decide whether to officially reprimand, suspend without pay, reduce in rank, or dismiss from the force such officer.

7. After a finding of "guilty", the Board of Police Commissioners shall consult with the Chief of Police before setting any punishment. Any recommendations by the Chief of Police as to punishment shall not be binding on the Bard of Police Commissioners.

8. All judgments of the Board of Police Commissioners shall be in writing and shall be made within ten days of the date of the hearing. If an officer is found guilty, the

factual conduct which constituted the violation of the rules shall also be contained. The judgment shall be a matter of public record.

9. Any member of the Department aggrieved by an action of the Board of Police Commissioners may appeal the decision of the Board in accordance with Rule One, Section 129.

D. Notification

1. Complainant

(A) The complainant (if known) shall be sent by U.S. registered mail a copy of the decision of the Board of Police Commissioners

2. Defendant

(A) The officer shall be sent by U.S. registered mail a copy of the decision of the Board of Police Commissioners.

(B) If the officer was represented by an attorney (or other representative) a copy of the decision of the Board of Police Commissioners shall be sent by U.S. registered mail to the officer's representative.

3. Public

(A) The decision of the Board of Police Commissioners shall be a matter of public record.

4. Department

(A) A copy of the decision of the Board of Police Commissioners shall be sent to the Chief, to the commander of the defendant officer's unit, and to the Office in Charge of Complaints



**Exhibit 1**