# Exhibit C



## General Indemnity Agreement

This General Indemnity Agreement, hereinafter referred to as the "Agreement," is made and entered into by the undersigned individuals, partnerships, corporations, and/or other business entities, hereinafter referred to, individually and/or collectively, as "Indemnitors."

Whereas, the Indemnitors hereby request, have requested and/or will request Atlantic Specialty Insurance Company, any of their future direct or indirect affiliates or subsidiaries of such companies, and any company joining any such companies in executing any bonds or which may be procured by any such company to execute any Bonds, either as a direct writing company or as a co-surety or reinsurer, and/or any of the aforementioned entities' successors or assigns, hereinafter referred to, individually and/or collectively, as the "Surety," to execute or procure bonds, undertakings, guarantees, and/or contractual obligations, including renewals, endorsements, reinstatements, replacements and extensions thereof, whether before or after the date of this Agreement, hereinafter referred to, individually and/or collectively, as the "Bonds" on their behalf and/or on behalf of any of its present or future, directly or indirectly majority-owned or controlled subsidiaries or affiliates, whether alone or in joint venture with others whether or not named herein, and any corporation, partnership or person upon the written request of any of the undersigned, hereinafter referred to individually and/or collectively, as the "Principal."

Now, therefore, in consideration of the Surety executing the Bonds on behalf of the Indemnitors and/or Principal, the Indemnitors hereby jointly and severally agree to the following:

1) Premiums – The Indemnitors shall pay to the Surety, promptly upon demand, all premiums, costs and charges for any Bonds requested from and/or issued by the Surety.  To terminate Bonds the Indemnitors shall deliver evidence satisfactory to the Surety of their discharge or release from the Bonds and all liability by reason thereof.

2) Indemnity – The Indemnitors shall exonerate, hold harmless, indemnify, and keep indemnified the Surety from and against any and all liability for losses, fees, costs and expenses of any kind or nature, including but not limited to, court costs, attorney's fees, accounting, and any other outside consulting fees and from and against any such losses and expenses which the Surety may sustain or incur, plus interest thereon, arising out of, directly or indirectly: (1) the Surety being requested by the Indemnitors to execute or procure the execution of any Bonds; or (2) the Surety having executed or procured the execution of any Bonds on behalf of Principal; or (3) the failure of the Indemnitors to perform or comply with any of the terms and conditions of this Agreement and/or (4) the Surety enforcing any of the terms and conditions of this Agreement.

3) Collateral – The Indemnitors upon demand of the Surety, at any time and for any reason, including but not limited to Surety's receipt of a claim, shall deliver to the Surety collateral in the form and amounts acceptable to the Surety in its sole and absolute discretion.  Any acceptable collateral provided to the Surety by the Indemnitors or any third party or the proceeds thereof, in whole or in part, may be held in the name of Surety and applied to any obligations of Indemnitors under this Agreement.  The Surety shall not have any obligation to release such collateral until it has received a written release and conclusive evidence of its discharge without loss in the form and substance satisfactory to the Surety with respect to the Bonds and fulfillment by Indemnitors of all obligations owed under this Agreement.  Indemnitors agree that their failure to immediately deposit with Surety any sums demanded under this section shall cause irreparable harm to Surety for which it has no adequate remedy at law, and Surety shall be entitled to injunctive relief for specific performance of such obligation.

4) Settlement of Claims – The Surety shall have the exclusive right to adjust, settle, or compromise any claims, demand, suit or any other proceeding, arising out of any Bonds, and the Surety's determination shall be binding and conclusive upon the Indemnitors.  In the event of any payment by the Surety, an itemized statement of the amount of any such payment sworn to by any officer or authorized representative of the Surety shall be *prima facie* evidence of the fact and the amount of such payment and of the extent of the liability of the Indemnitors to the Surety, and shall be final, conclusive and binding upon the Indemnitors.

5) Other Agreements – The rights, powers and remedies given the Surety under this Agreement shall be and are in addition to, and not in lieu of, any and all other rights, powers, and remedies which the Surety may have or acquire against the Indemnitors or others, whether by the terms of any agreement or by operation of law or otherwise.  The Indemnitors shall continue to remain bound under the terms of this Agreement even though the Surety may have heretofore or may hereafter accept or release any Indemnitors or other agreements of indemnity or collateral.

6) Notice, Changes and Execution – Indemnitors hereby waive notice of the execution of any Bonds, of any changes in the creditworthiness of any Indemnitors, of any release by Surety of any Indemnitors or collateral, and of any defaults. Assent by the Surety to changes in any Bonds and/or in any obligations covered by any Bonds or refusal so to assent shall not release or in any way affect the obligations of the Indemnitors to the Surety.  The Surety shall have the right, at its option and sole discretion, to execute or decline any Bonds.

3548002.4

**Exhibit C**

7) Termination – This Agreement can be terminated by the Indemnitors effective upon 30 days written notice sent by registered mail to the Surety at its home office, One State Street Plaza, 31st Floor, New York, NY, 10004, but any such notice of termination shall not operate to modify, bar, or discharge the Indemnitors as to the Bonds executed or approved prior to the effective date of such termination, and this Agreement shall remain in full force and effect as to all such Bonds.

8) Choice of Law and Venue- This Agreement shall be governed by, construed and enforced in accordance with the laws of the State of New York without regard to its conflict of laws principles. Any dispute arising under or in connection with this Agreement or related to any matter which is the subject of this Agreement shall be subject to the exclusive jurisdiction of the state and/or federal courts located in the State of New York.

9) Severability – If any provision of this Agreement is held unenforceable or deemed invalid for any reason, such determination shall not affect the enforceability or validity of any other provision of this Agreement, which will remain in full force and effect as though such provision, or portion thereof, were omitted.

10) Representation – The signatory to this Agreement represents and warrants he/she has full power and authority to execute this Agreement on behalf of the Indemnitors.

11) Counterparts – This Agreement may be executed in counterparts, all of which taken together shall constitute and be considered one and the same agreement, and it shall become effective when one or more of the counterparts have been signed.

12) Copies – A duplicate or facsimile copy or electronic copy of this Agreement shall have the same force and effect as the original Agreement.

13) Amendments, Entire Agreement – This Agreement may not be changed or modified orally. No change or modification shall be effective unless agreed to in writing by a duly authorized officer of the Surety as an amendment hereto. This Agreement constitutes the entire agreement among the Parties, and there are no other understandings or agreements, conditions or qualifications relative to this Agreement. Indemnitors acknowledge and warrant that no oral representations have been made to them by or on behalf of the Surety to induce them to sign this Agreement.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement on this _____ day of _____, 20_____.

City of New Haven _____

165 Church Street _____

New Haven, CT 06510 _____

06-6001876 _____
(Federal Tax ID)

By:_____

Justin M. Elicker, Mayor _____
(Print or Type Name and Title)

**Approved as to Form and Correctness**

_____, corporation counsel

ACKNOWLEDGEMENT

STATE OF _CONNECTICUT_____     County of _NEW HAVEN_____

On this _23RD_ day of _JUNE_____, 20_26_, before me personally appeared_____, known or proven to me to be the_____ of the entity executing the foregoing instrument ("Entity") and he/she acknowledged said instrument to be the free and voluntary act and deed of said Entity, for the uses and purposes therein mentioned and he/she executed said instrument by authority of the Entity.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my OFFICIAL SEAL the day and year first above written.

_____

(Commission expires_____)

Sulmann El-Mammann, Notary Public
State of Connecticut
My Commission Expires 04/30/2027

3548002.4

**Exhibit C**