UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEFON MORANT,                          :          CIV. NO. 3:22-cv-00630 (SVN)
     Plaintiff,                      :
                                  :
vs.                                     :
                                  :
CITY OF NEW HAVEN, ET AL.,              :          JULY 17, 2026
     Defendants.

## DEFENDANT VINCENT RAUCCI'S OBJECTION TO REQUEST FOR CRIMINAL REFERRAL

Defendant Vincent Raucci respectfully objects to Plaintiff's Notice Regarding Request for Criminal Referral, dated June 26, 2026, [ECF No. 616]. By way of background, plaintiff has requested that the Court make a formal referral of Mr. Raucci to the United States Attorney regarding two issues: 1) alleged witness tampering; and 2) alleged perjury. For the reasons below, the request should be denied.

**I.     A Criminal Referral for Witness Tampering is not Warranted**

Mr. Raucci agrees with plaintiff that courts preside over cases, and courts do not initiate prosecutions. Mr. Raucci also agrees that there have been instances in the Second Circuit in which federal criminal prosecutions have been initiated based on a referral from a presiding judge concerning events that have occurred during the course of litigation. See United States v. Cornielle, 171 F3d. 748, 750 (2d Cir. 1999) (affirming perjury conviction arising from plaintiff's testimony in civil rights action that directly contradicted his plea allocution in an underlying proceeding). That said, this is not one of

1

**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

those rare cases in which the alleged conduct that occurred during the course of the trial should result in a criminal referral.

First, none of the decisions from within the Second Circuit cited by plaintiff arose from instances of alleged witness tampering, so none of those decisions provide guidance for this situation. Instead, the Second Circuit based decisions cited by plaintiff all arose from glaring examples of perjured testimony, or worse, including theft. For example, in Ades v. 57th St. Laser Cosmetica, LLC, No. 11 Civ. 8800 (KNF), 2013 WL 2449185, at *1 (S.D.N.Y. June 6, 2023) the defendant in a negligence and fraud case arising from a botched laser surgery treatment produced a falsified esthetician's license at her deposition, and testified falsely that she held a valid license, which claim was demonstrably false. There was similarly egregious criminal conduct in Benthos Master Fund, Ltd. v. Etra, No. 20-CV-3384(VEC), 2023 WL 4350594, at 2* (S.D.N.Y. July 5, 2023), in which the defendant was accused of stealing $5 million in funds related to a cryptocurrency sale and then violating contempt orders that required disclosure of documents regarding the transactions.

No such alleged criminal conduct occurred in this civil action. Instead, on May 5, 2026, Mr. Raucci's ex-wife, Donna Desai, was called by plaintiff as a trial witness and testified in support of plaintiff's theory of the case. Notably, Ms. Desai admitted during her trial testimony that she has not had any contact with Mr. Raucci for more than twenty years and that she blocked Mr. Raucci, preemptively, so he would not be able to contact her via Facebook. Excerpt of Testimony of Donna Desai, May 5, 2026, at 37-38 (Ex. A). Ms. Desai cannot be described as a "key" witness for the

**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

plaintiff; she was instead a peripheral witness with no direct knowledge regarding plaintiff's arrest or criminal prosecution.  Id.  Her testimony was short and cumulative of other witness testimony.

In addition, plaintiff swiftly turned this issue to his advantage during the trial by highlighting this allegation against Mr. Raucci and introducing evidence regarding the claim, which prompted Mr. Raucci to assert his Fifth Amendment privilege.  The issue was resolved with the Court directing the jury that they could draw an adverse inference from Mr. Raucci's invocation of his Constitutional rights.

Thus, while plaintiff's allegation that Mr. Raucci utilized Facebook to attempt to engage in witness tampering admittedly raises a serious matter, when viewed in the full context of how this issue played out at trial, it is a red herring that deserves no further consideration or judicial resources.  In sum, based on the facts and circumstances presented by Ms. Desai's testimony, a referral of Mr. Raucci to the United States Attorney is not warranted.

## II.    A Criminal Referral for Perjury is not Warranted

On a similar note, numerous witnesses were called to testify at the trial of this matter regarding events that occurred more than thirty-five years prior.  Many of these witnesses, including but not limited to co-defendant Michael Sweeney, Ovil Ruiz a/k/a Agustin Castro, plaintiff's expert, Bruce Koenig, and others, were either impeached, or gave conflicting testimony that contradicted their prior testimony at depositions or in earlier court hearings.[1]  But none of that conflicting testimony, including the trial testimony of Mr. Raucci, rises to the level that should warrant a criminal referral.

---

[1] As suggested by plaintiff, should the Court wish to go down this rabbit hole, Mr. Raucci can provide pin-point citations to the trial transcript regarding the many witnesses whose testimony has varied over the decades that this matter has been litigated.  Since the jury returned a substantial verdict that is now the subject of post-verdict motions and anticipated appeals, it is respectfully submitted that this would not be a productive use of judicial resources.

**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

As the Court observed in <u>Cornielle</u>:

> [I]t is undoubtedly the case that a good many untruthful statements occur during the course of a civil trial, many such falsehoods essentially are resolved by adverse jury verdicts, leaving for criminal prosecution only those few instances where a witness' lie is so material to the truth-seeking function of a trial that the prosecutor (sometimes, upon the referral of the trial judge) elects to seek an indictment.

<u>United States v. Cornielle</u>, 171 F3d. at 751.

Simply put, this was a hotly contested and emotional trial that lasted five weeks and included testimony that spanned many decades reaching back to October 1990.  Most witnesses, including Mr. Raucci, are now quite elderly and many years removed from active employment and the murder investigation at issue.  It should be no surprise that there were contradictions and differing recollections of events by multiple witnesses, including Mr. Raucci.  But that does not require converting this civil action into a criminal proceeding.

## III.    Conclusion

Unless the jury's verdict $38,000.000 verdict is set aside, or significantly reduced, plaintiff will be deemed the prevailing party in this action.  Granting plaintiff's request for a criminal referral of Mr. Raucci, and piling criminal charges on top of the verdict, is not warranted.  Therefore, it is respectfully submitted that the Court should decline to refer Mr. Raucci to the United States Attorney.

**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

DEFENDANT, VINCENT RAUCCI

BY/ss/ James N. Tallberg
    James N. Tallberg
    Federal Bar No.: ct17849
    Kimberly A. Bosse
    Federal Bar No.: ct31063
    Karsten & Tallberg, LLC
    500 Enterprise Drive, Ste. 4B
    Rocky Hill, CT 06067
    T: (860)233-5600
    jtallberg@kt-lawfirm.com
    kbosse@kt-lawfirm.com

## CERTIFICATION

I hereby certify that on July 17, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

/ss/James N. Tallberg
James N. Tallberg

**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030